UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, et al.,

Plaintiffs,

- against -

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-2, et al.,

Defendant.

---

CHRISTINA BIFULCO, et al.,

Plaintiffs,

- against -

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2004-2, et al.,

Defendants.

18 Civ. 1781 (PGG)
18 Civ. 7692 (PGG)

---

**DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, NATIONAL
COLLEGIATE STUDENT LOAN TRUST 2004-2 AND NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2006-4'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants National Collegiate Student Loan Trust 2007-2 (the "2007-2 Trust"), National

Collegiate Student Loan Trust 2007-3 (the "2007-3 Trust"), National Collegiate Student Loan

Trust 2004-2 (the "2004-2 Trust") and National Collegiate Student Loan Trust 2006-4 (the "2006-

4 Trust," collectively, the "Trust Defendants") answer Plaintiffs' Consolidated Class Action

Complaint (ECF 124, the "CCAC") as follows:

## NATURE OF THE CASE[1]

1.  The Trust Defendants deny the allegations in Paragraph 1 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 to the extent they relate to persons or entities other than the Trust Defendants.

2.  The Trust Defendants deny the allegations in Paragraph 2, including footnote 1, to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Transworld services student loans for the Trust Defendants.  The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 to the extent they relate to persons or entities other than the Trust Defendants.

3.  The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.  The Trust Defendants deny the allegations in Paragraph 4, including footnote 2, to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 to the extent they relate to persons or entities other than the Trust Defendants.

5.  The Trust Defendants deny the allegations in Paragraph 5 as they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 to the extent they relate to persons or entities other than the Trust Defendants.

6.  The Trust Defendants deny the allegations in Paragraph 6, including footnote 3.

---

[1] The Trust Defendants include Plaintiffs' headings from the CCAC for ease of reference only and without admitting any factual assertions or allegations contained therein.  The Trust Defendants deny any factual assertions or allegations not expressly admitted.

7.      The Trust Defendants deny the allegations in Paragraph 7 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 to the extent they relate to persons or entities other than the Trust Defendants.

8.      The Trust Defendants deny the allegations in Paragraph 8 to the extent that they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 to the extent they relate to persons or entities other than the Trust Defendants.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required.  To the extent that a response is required, the Trust Defendants deny the allegations in Paragraph 9 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 to the extent they relate to persons or entities other than the Trust Defendants.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required.  To the extent that a response is required, the Trust Defendants deny the allegations in Paragraph 10 to the extent they relate to the Trust Defendants, except admit that they do not originate student loans.  The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 to the extent they relate to persons or entities other than the Trust Defendants.

11.     The allegations in Paragraph 11 are legal conclusions to which no response is required.  To the extent that a response is required, the Trust Defendants deny the allegations in Paragraph 11 to the extent they relate to the Trust Defendants and lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 11 to the extent they relate to persons or entities other than the Trust Defendants.

12.      The Trust Defendants deny the allegations in Paragraph 12, including footnote 6, to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, including footnote 6, to the extent they relate to persons or entities other than the Trust Defendants.

13.      The Trust Defendants deny the allegations in Paragraph 13, including footnote 7, to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, including footnote 7, to the extent they relate to persons or entities other than the Trust Defendants.

14.      The Trust Defendants deny the allegations contained in Paragraph 14, except admit that a lawsuit is pending in the Delaware Court of Chancery styled *Nat'l Collegiate Master Student Loan Trust I, et al. v. U.S. Bank Nat'l Assoc., et al.*, No. 2018-0167 that was commenced by persons and/or entities who were not authorized by the Trust Defendants or by any other National Collegiate Student Loan Trust to commence that action or act on their behalf.

15.      The Trust Defendants deny the allegations in Paragraph 15 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 to the extent they relate to persons or entities other than the Trust Defendants.

16.      The Trust Defendants deny the allegations in Paragraph 16 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 to the extent they relate to persons or entities other than the Trust Defendants.

17.      The Trust Defendants deny the allegations in Paragraph 17 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 to the extent they relate to persons or entities other than the Trust Defendants.

## JURISDICTION AND VENUE

18.      The allegations in Paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 18 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 to the extent they relate to persons or entities other than the Trust Defendants.

19.      The allegations in Paragraph 19 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 19 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 to the extent they relate to persons or entities other than the Trust Defendants.

20.      The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 20 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 to the extent they relate to persons or entities other than the Trust Defendants.

21.      The allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 21.

## PARTIES

**Plaintiffs**

22.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22.  The allegations in the second sentence of Paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 22.  The 2007-2 Trust admits that it filed at least one action against Michelo related to her payment defaults.  The Trust Defendants deny any remaining allegations in Paragraph 22 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 to the extent they relate to persons or entities other than the Trust Defendants.

23.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23.  The allegations in the second sentence of Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 23.  The 2007-3 Trust admits that it filed at least one action against Katherine Seaman related to her payment defaults.  The Trust Defendants deny any remaining allegations in Paragraph 23 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 to the extent they relate to persons or entities other than the Trust Defendants.

24.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24.  The allegations in the second sentence of Paragraph 24 are legal conclusions to which no response is required.  To the extent a

response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 24. The 2007-3 Trust admits that it filed at least one action against Mary Re Seaman related to her payment defaults. The Trust Defendants deny any remaining allegations in Paragraph 24 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 to the extent they relate to persons or entities other than the Trust Defendants.

25. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25. The allegations in the second sentence of Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 25. The 2007-2 Trust admits that it filed at least one action against Tabar related to her payment defaults. The Trust Defendants deny any remaining allegations in Paragraph 25 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 to the extent they relate to persons or entities other than the Trust Defendants.

26. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26. The allegations in the second sentence of Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 26. The 2004-2 Trust admits that it filed at least one action against Bifulco related to her payment defaults. The Trust Defendants deny any remaining allegations in Paragraph 26 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 26 to the extent they relate to persons or entities other than the Trust Defendants.

27.      The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 27.  The allegations in the second sentence of Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 27.  The 2004-2 Trust admits that it filed at least one action against Butry related to his payment defaults.  The Trust Defendants deny any remaining allegations in Paragraph 27 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 to the extent they relate to persons or entities other than the Trust Defendants.

28.      The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28.  The allegations in the second sentence of Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in the second sentence of Paragraph 28.  The 2006-4 Trust admits that it filed at least one action against Frauenhofer related to her payment defaults.  The Trust Defendants deny any remaining allegations in Paragraph 28 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 to the extent they relate to persons or entities other than the Trust Defendants.

**Defendants**

29.      The 2007-2 Trust denies the allegations in the first sentence of Paragraph 29.  The 2007-2 Trust denies the allegations in the second sentence of Paragraph 29, except admits that

Wilmington Trust Company is its agent for service of process.  With respect to the allegations in the third sentence of Paragraph 29, the 2007-2 Trust admits that a Prospectus Supplement dated June 12, 2007 and filed with the Securities and Exchange Commission contains a table titled "Distribution of the Trust Student Loans by Borrower State (as of April 30, 2007)" that includes a row for "New York" that lists the "Number of Loans" as "3,950" and "Outstanding Principal Balance" as "$42,449,751," and denies any remaining allegations in Paragraph 29.

30.     The 2007-3 Trust denies the allegations in the first sentence of Paragraph 30.  The 2007-3 Trust denies the allegations in the second sentence of Paragraph 30, except admits that Wilmington Trust Company is its agent for service of process.  With respect to the allegations in the third sentence of Paragraph 30, the 2007-3 Trust admits that a Prospectus Supplement dated September 17, 2007 and filed with the Securities and Exchange Commission contains a table titled "Distribution of the Trust Student Loans by Borrower State (as of August 31, 2007)" that includes a row for "New York" that lists the "Number of Loans" as "4,894" and "Outstanding Principal Balance" as "$70,351,488" and denies any remaining allegations in Paragraph 30.

31.     The 2004-2 Trust denies the allegations in the first sentence of Paragraph 31.  The 2004-2 Trust denies the allegations in the second sentence of Paragraph 31, except admits that Wilmington Trust Company is its agent for service of process.   With respect to the allegations in the third sentence of Paragraph 31, the 2004-2 Trust admits that a Prospectus Supplement dated October 6, 2004 and filed with the Securities and Exchange Commission contains a table titled "Distribution of the Trust Student Loans by Borrower State (as of September 30, 2004)" that includes a row for "New York" that lists the "Number of Loans" as "3,259" and "Outstanding Principal Balance" as "$39,932,453," and denies any remaining allegations in Paragraph 31.

32.     The 2006-4 Trust denies the allegations in the first sentence of Paragraph 32.  The 2006-4 Trust denies the allegations in the second sentence of Paragraph 32, except admits that Wilmington Trust Company is its agent for service of process.   With respect to the allegations in the third sentence of Paragraph 32, the 2006-4 Trust admits that a Prospectus Supplement dated September 7, 2006 and filed with the Securities and Exchange Commission contains a table titled "Distribution of the Trust Student Loans by Borrower State (as of September 30, 2006)" that includes a row for "New York" that lists the "Number of Loans" as "2,977" and "Outstanding Principal Balance" as "$37,549,021," and denies any remaining allegations in Paragraph 32.

33.     The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, except the Trust Defendants admit that they have retained Forster & Garbus LLP to provide legal services.

## **CLASS ALLEGATIONS**

36.     The Trust Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class, but deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.   The Trust Defendants further deny any and all remaining allegations in Paragraph 36.

37.     The Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims

are otherwise appropriate for class treatment.  The Trust Defendants further deny any and all remaining allegations in Paragraph 37.

38.      The allegations in Paragraph 38 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Trust Defendants deny any and all remaining allegations in Paragraph 38.

39.      The allegations in Paragraph 39 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Trust Defendants deny any and all remaining allegations in Paragraph 39.

40.      The allegations in Paragraph 40 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Trust Defendants further deny any and all remaining allegations in Paragraph 40.

41.      The allegations in Paragraph 41 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.  The Trust Defendants further deny any and all remaining allegations in Paragraph 41.

42.     The Trust Defendants deny that such putative class, or any putative class, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.   The Trust Defendants further deny any and all remaining allegations in Paragraph 42.

## FACTS

**National Collegiate**

43.     The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, except the Trust Defendants admit that they hold student loan debt.

44.     The Trust Defendants deny the allegations in Paragraph 44.

45.     The Trust Defendants deny the allegations in Paragraph 45.

46.     The Trust Defendants deny the allegations in the first sentence of Paragraph 46, except admit that they were formed in 2007.  The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 46. The Trust Defendants deny the allegations in the third sentence of Paragraph 46, except admit that National Collegiate Funding LLC deposited loans into the Trust Defendants pursuant to Deposit and Sale Agreements.   The Trust Defendants deny the allegations in the fourth sentence of Paragraph 46 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that they issued asset-backed securities at some time.  The Trust Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of Paragraph 46 to the extent they relate to persons or entities other than the Trust Defendants.

**NCO and Transworld**

47.     The Trust Defendants deny the allegations in Paragraph 47 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that they retain servicers to service loans.  The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 to the extent they relate to persons or entities other than the Trust Defendants.

48.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except the Trust Defendants admit that they retain servicers to service loans.

49.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, except the Trust Defendants admit that NCO was a servicer for the Trust Defendants "[a]s of 2013."

50.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, except the Trust Defendants admit that Transworld was a servicer for the Trust Defendants "on…November 1, 2014."

51.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, except the Trust Defendants admit that they retain servicers to service loans, including at certain points in time, NCO and Transworld.

52.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. The Trust Defendants deny the allegations in Paragraph 54 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 to the extent they relate to persons or entities other than the Trust Defendants.

55. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

**Forster**

58. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. The Trust Defendants deny the allegations in Paragraph 59 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 to the extent they relate to persons or entities other than the Trust Defendants.

60. The Trust Defendants deny the allegations in Paragraph 60 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 to the extent they relate to persons or entities other than the Trust Defendants.

61.     The Trust Defendants deny the allegations in Paragraph 61 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 to the extent they relate to persons or entities other than the Trust Defendants.

62.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     The Trust Defendants deny the allegations in Paragraph 63 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 to the extent they relate to persons or entities other than the Trust Defendants.

64.     The allegations in Paragraph 64 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     The Trust Defendants deny the allegations in Paragraph 65 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 to the extent they relate to persons or entities other than the Trust Defendants.

66.     The Trust Defendants deny the allegations in Paragraph 66 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 to the extent they relate to persons or entities other than the Trust Defendants.

67.     The Trust Defendants deny the allegations in Paragraph 67 to the extent they relate to the Trust Defendants, except the Trust Defendants admit that Forster sometimes files lawsuits against debtors with regard to student loan debt held by the Trust Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 to the extent they relate to persons or entities other than the Trust Defendants..

**Defendants Target Plaintiffs**

*Plaintiff Mutinta Michelo*

68.     The Trust Defendants admit the allegations in Paragraph 68.

69.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     The Trust Defendants deny the allegations in Paragraph 70 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 to the extent they relate to persons or entities other than the Trust Defendants.

71.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689-15/BX, which speaks for itself as to its contents.

72.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, except refer to the complaint in the action styled

*National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689-15/BX, which speaks for itself as to its contents.

73.     The allegations in Paragraph 73 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 73 to the extent they relate to the Trust Defendants, except admit that they do not originate education loans.

74.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2002-2 v. Michelo*, No. 10689-15/BX, which speaks for itself as to its contents.  The Trust Defendants respond that footnote 14 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 14.

75.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689-15/BX, which speaks for itself as to its contents.

76.     The allegations in Paragraph 76 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

77.     The allegations in Paragraph 77 are legal conclusions to which no response is required.

78.     The allegations in Paragraph 78 are legal conclusions to which no response is required.

79.     The allegations in Paragraph 79 are legal conclusions to which no response is required.

80.     The allegations in Paragraph 80, including footnote 15, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 80, including footnote 15.

81.     The Trust Defendants admit the allegations in Paragraph 81.

82.     The Trust Defendants deny the allegations in Paragraph 82.

83.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689-15/BX, which speaks for itself as to its contents.

84.     The Trust Defendants deny the allegations in Paragraph 84 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 to the extent they relate to persons or entities other than the Trust Defendants.

85.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, except refer to the referenced Notice in the action styled National Collegiate Student Loan Trust 2007-2 v. Michelo, No. 10689-15/BX, which speaks for itself as to its contents.

86.     The Trust Defendants admit that they "did not report … to credit bureaus" concerning Michelo, but deny that Michelo's student loan debt was not "valid and owed."  The

Trust Defendants deny the remaining allegations in Paragraph 86 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 to the extent they relate to persons or entities other than the Trust Defendants.

87.     The Trust Defendants deny the allegations in Paragraph 87.

**Plaintiffs Katherine Seaman and Mary Re Seaman**

88.     The Trust Defendants admit the allegations in Paragraph 88.

89.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     The Trust Defendants deny the allegations in Paragraph 90 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 to the extent they relate to persons or entities other than the Trust Defendants.

91.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

92.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

93.     The allegations in Paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in

Paragraph 93 to the extent they relate to the Trust Defendants, except admit that they do not originate education loans.

94.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents. The Trust Defendants respond that footnote 16 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 16.

95.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

96.     The allegations in Paragraph 96 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

97.     The allegations in Paragraph 97 are legal conclusions to which no response is required.

98.     The allegations in Paragraph 98 are legal conclusions to which no response is required.

99.     The allegations in Paragraph 99 are legal conclusions to which no response is required.

100.    The allegations in Paragraph 100, including footnote 17, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 100, including footnote 17.

101.    The Trust Defendants admit the allegations in Paragraph 101.

102.    The Trust Defendants deny the allegations in Paragraph 102.

103.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

104.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, including footnote 18, except refer to the application in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

105.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

106.    The Trust Defendants deny the allegations in Paragraph 106.

107.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, except refer to the affidavit in the action styled

*National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

109.     The Trust Defendants deny the allegations in Paragraph 109.

110.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

111.     The allegations in Paragraph 111 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, except the Trust Defendants deny "notarization was defective for various reasons."

112.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except refer to the application in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

113.     The Trust Defendants deny the allegations in Paragraph 113.

114.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, including footnote 19.

115.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, except refer to the judgment in the action styled *National Collegiate Student Loan Trust 2007-3 v. Seaman*, No. 15713-14/QU, which speaks for itself as to its contents.

116.     The Trust Defendants admit the allegations in Paragraph 116.

117.    The Trust Defendants deny the allegations in Paragraph 117, except the Trust Defendants admit that "Plaintiff Re Seaman's wages have been garnished."

118.    The Trust Defendants deny the allegations in Paragraph 118 and further state that Katherine Seaman's sole claim against the Trust Defendants was dismissed by the Court's Order dated October 1, 2019.

### Plaintiff Sandra Tabar

119.    The Trust Defendants admit the allegations in Paragraph 119.

120.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.    The Trust Defendants deny the allegations in Paragraph 121 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 to the extent they relate to persons or entities other than the Trust Defendants.

122.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

123.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

124.    The allegations in Paragraph 124 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in

Paragraph 124 to the extent they relate to the Trust Defendants, except admit that they do not originate education loans.

125.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.  The Trust Defendants respond that footnote 20 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 20.

126.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

127.    The allegations in Paragraph 127 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

128.    The allegations in Paragraph 128 are legal conclusions to which no response is required.

129.    The allegations in Paragraph 129 are legal conclusions to which no response is required.

130.    The allegations in Paragraph 130 are legal conclusions to which no response is required.

131.    The allegations in Paragraph 131, including footnote 21, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 131, including footnote 21.

132.    The Trust Defendants admit the allegations in Paragraph 132.

133.    The Trust Defendants deny the allegations in Paragraph 133.

134.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

135.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, except refer to the summons in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

136.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

137.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.

138.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, except refer to the application in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

139.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

140.     The Trust Defendants deny the allegations in Paragraph 140.

141.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

143.     The Trust Defendants deny the allegations in Paragraph 143.

144.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

145.     The allegations in Paragraph 145 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, except the Trust Defendants deny "notarization was defective for various reasons."

146.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, except refer to the application in the action styled

*National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

147.    The Trust Defendants deny the allegations in Paragraph 147.

148.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, including footnote 22.

149.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, except refer to the judgment in the action styled *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14/BX, which speaks for itself as to its contents.

150.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, except refer to the order to show cause which speaks for itself as to its contents.

151.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, except refer to the affidavit which speaks for itself as to its contents.

152.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, except refer to the affidavit which speaks for itself as to its contents.

153.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, except refer to the affidavit which speaks for itself as to its contents.

154.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, except refer to the affidavit which speaks for itself as to its contents.

155.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, except refer to the affidavit which speaks for itself as to its contents.

156.     The Trust Defendants admit the allegations in Paragraph 156.

157.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, except refer to the stipulation which speaks for itself as to its contents.

160.     The Trust Defendants deny the allegations in Paragraph 160.

*Plaintiff Christina Bifulco*

161.     The Trust Defendants admit the allegations in Paragraph 161.

162.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.

163.     The Trust Defendants deny the allegations in Paragraph 163 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 to the extent they relate to persons or entities other than the Trust Defendants.

164. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

165. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents. The Trust Defendants respond that footnote 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 23.

166. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 166, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents. The allegations in the second sentence of Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

167. The allegations in Paragraph 167 are legal conclusions to which no response is required.

168. The allegations in Paragraph 168 are legal conclusions to which no response is required.

169.    The allegations in Paragraph 169 are legal conclusions to which no response is required.

170.    The allegations in Paragraph 170, including footnote 24, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 170, including footnote 24.

171.    The Trust Defendants admit the allegations in Paragraph 171.

172.    The Trust Defendants deny the allegations in Paragraph 172.

173.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

174.    The Trust Defendants lack knowledge or information sufficient  to form a belief as to the truth of the allegations in Paragraph 174, except refer to the application in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

175.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

176.    The Trust Defendants deny the allegations in Paragraph 176.

177.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177.

178.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

179.    The Trust Defendants deny the allegations in Paragraph 179.

180.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

181.    The allegations in Paragraph 181 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, except the Trust Defendants deny "notarization was defective for various reasons."

182.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

183.    The Trust Defendants deny the allegations in Paragraph 183.

184.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, including footnote 25.

185.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, except refer to the application in the action styled

*National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.

186.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 that the affirmation "described Trust 2004-2 as 'an original creditor,'" except refer to the affirmation in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself as to its contents.  The remaining allegations in Paragraph 186, including footnote 26, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the making of any false statement.

187.     The allegations in Paragraph 187 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 187 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 to the extent they relate to persons or entities other than the Trust Defendants.

188.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, except refer to the judgment in the action styled *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13/BU, which speaks for itself.

189.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190.     The Trust Defendants admit the allegations in Paragraph 190.

191.     The Trust Defendants admit the allegations in Paragraph 191.

192.     The Trust Defendants deny the allegations in Paragraph 192.

*Plaintiff Francis Butry*

193.    The Trust Defendants admit the allegations in Paragraph 193.

194.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194.

195.    The Trust Defendants deny the allegations in Paragraph 195 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 to the extent they relate to persons or entities other than the Trust Defendants.

196.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

197.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents. The Trust Defendants respond that footnote 28 contains legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 28.

198.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 198, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.  The allegations in the second sentence of Paragraph 198

are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

199.    The allegations in Paragraph 199 are legal conclusions to which no response is required.

200.    The allegations in Paragraph 200 are legal conclusions to which no response is required.

201.    The allegations in Paragraph 201 are legal conclusions to which no response is required.

202.    The allegations in Paragraph 202, including footnote 29, are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 202, including footnote 29.

203.    The Trust Defendants admit the truth of the allegations in Paragraph 203.

204.    The Trust Defendants deny the allegations in Paragraph 204.

205.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

206.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, except refer to the application in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself.

207.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, except refer to the affidavit filed on the docket in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

208.    The Trust Defendants deny the allegations in Paragraph 208.

209.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209.

210.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

211.    The Trust Defendants deny the allegations in Paragraph 211.

212.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

213.    The allegations in Paragraph 213 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, except the Trust Defendants deny "notarization was defective for various reasons."

214.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, except refer to the affidavit in the action styled

*National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents.

215.    The Trust Defendants deny the allegations in Paragraph 215.

216.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, including footnote 30.

217.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 that the affirmation "described Trust 2004-2 as 'an original creditor,'" except refer to the affirmation in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself as to its contents. The remaining allegations in Paragraph 217, including footnote 31, are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the making of any false statement.

218.    The allegations in Paragraph 218 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 218 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 to the extent they relate to persons or entities other than the Trust Defendants.

219.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 219, except refer to the judgment in the action styled *National Collegiate Student Loan Trust 2004- 2 v. Butry*, No. 264-13/TO, which speaks for itself.

220.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 220.

221.    The Trust Defendants deny the allegations in Paragraph 221.

*Plaintiff Cori Frauenhofer*

222.    The Trust Defendants admit the allegations in Paragraph 222.

223.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223.

224.    The Trust Defendants deny the allegations in Paragraph 224 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 to the extent they relate to persons or entities other than the Trust Defendants.

225.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

226.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.  The Trust Defendants response that footnote 33 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the allegations in footnote 33.

227.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 227, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.  The allegations in the second sentence of

Paragraph 227 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny any false statement, deny that they were required "to file a certificate of designation with the New York State Department of State," and deny that they were "not permitted to maintain a lawsuit in New York."

228.    The allegations in Paragraph 228 are legal conclusions to which no response is required.

229.    The allegations in Paragraph 229 are legal conclusions to which no response is required.

230.    The allegations in Paragraph 230 are legal conclusions to which no response is required.

231.    The allegations in Paragraph 231, including footnote 34, are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 231, including footnote 34.

232.    The Trust Defendants admit the allegations in Paragraph 232.

233.    The Trust Defendants deny the allegations in Paragraph 233.

234.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, except refer to the complaint in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

235.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, except refer to the application in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

236.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

237.     The Trust Defendants deny the allegations in Paragraph 237.

238.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238.

239.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

240.     The Trust Defendants deny the allegations in Paragraph 240.

241.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, except refer to the affidavit in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

242.     The allegations in Paragraph 242 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, except the Trust Defendants deny "notarization was defective for various reasons."

243.     The Trust Defendants admit the allegations in Paragraph 243.

244.     The Trust Defendants deny the allegations in Paragraph 244.

245.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, including footnote 35.

246.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 that the affirmation "described Trust 2006-4 as 'an original creditor,'" except refer to the affirmation in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents. The remaining allegations in Paragraph 246, including footnote 36, are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the making of any false statement.

247.    The allegations in Paragraph 247 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 247 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 to the extent they relate to persons or entities other than the Trust Defendants.

248.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, except refer to the judgment in the action styled *National Collegiate Student Loan Trust 2004-2 v. Frauenhofer*, No. 4454-13/BU, which speaks for itself as to its contents.

249.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249.

250.    The Trust Defendants admit the allegations in Paragraph 250.

251.    The Trust Defendants admit allegations in Paragraph 251.

**Defendants' Scheme Unravels**

252.    The Trust Defendants deny the allegations in Paragraph 252.

***Donald Uderitz Speaks Out***

253.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253.

254.    The Trust Defendants deny the allegations in Paragraph 254, except admit that Donald Uderitz was interviewed by the New York Times in the referenced article.

255.    The Trust Defendants deny the allegations in Paragraph 255 to the extent they relate to the Trust Defendants, except admit that Donald Uderitz was interviewed by the New York Times in the referenced article, and they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 255 to the extent they relate to persons or entities other than the Trust Defendants.

256.    The Trust Defendants deny the allegations in Paragraph 256 to the extent they relate to the Trust Defendants, except admit that Donald Uderitz was interviewed by the New York Times in the referenced article, and they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 256 to the extent they relate to persons or entities other than the Trust Defendants.

***The CFPB's Findings***

257.    The Trust Defendants deny the allegations in Paragraph 257 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 to the extent they relate to persons or entities other than the Trust Defendants.

258.     The Trust Defendants deny the allegations in Paragraph 258 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 to the extent they relate to persons or entities other than the Trust Defendants.

259.     The Trust Defendants deny the allegations in Paragraph 259 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 to the extent they relate to persons or entities other than the Trust Defendants.

260.     The Trust Defendants deny the allegations in Paragraph 260 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 to the extent they relate to persons or entities other than the Trust Defendants.

261.     The Trust Defendants deny the allegations in Paragraph 261, including footnote 41, to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, including footnote 41, to the extent they relate to persons or entities other than the Trust Defendants.

262.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262.

### *The Trusts Admit That Consumers Were Defrauded*

263.     The Trust Defendants deny the allegations contained in paragraph 263, except admit that a lawsuit is pending in the Delaware Court of Chancery, styled *Nat'l Collegiate Master Student Loan Trust I et al. v. U.S. Bank Nat'l Assoc. et al.*, No. 2018-0167, that was commenced

by persons and/or entities who were not authorized by the Trust Defendants or by any other National Collegiate Student Loan Trust to commence that action or act on their behalf.

264.    The Trust Defendants deny the allegations contained in paragraph 264, except admit that a lawsuit is pending in the Delaware Court of Chancery, styled *Nat'l Collegiate Master Student Loan Trust I et al. v. U.S. Bank Nat'l Assoc. et al.*, No. 2018-0167, that was commenced by persons and/or entities who were not authorized by the Trust Defendants or by any other National Collegiate Student Loan Trust to commence that action or act on their behalf.

265.    The Trust Defendants deny the allegations contained in paragraph 265, except admit that a lawsuit is pending in the Delaware Court of Chancery, styled *Nat'l Collegiate Master Student Loan Trust I et al. v. U.S. Bank Nat'l Assoc. et al.*, No. 2018-0167, that was commenced by persons and/or entities who were not authorized by the Trust Defendants or by any other National Collegiate Student Loan Trust to commence that action or act on their behalf and the Trust Defendants do not recognize as legitimate and are not bound by any statement in that lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION

### (FAIR DEBT COLLECTION PRACTICES ACT)
### (Against Transworld, NCO, EGS, & Forster)

266.    The First Cause of Action is not asserted against the Trust Defendants.  Therefore, the allegations in Paragraphs 266 through 275 do not require a response.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 266 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 to the extent they relate to persons or entities other than the Trust Defendants.

267.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 267 to the extent they relate to the Trust Defendants and lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 267 to the extent they relate to persons or entities other than the Trust Defendants.

268.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 268 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 to the extent they relate to persons or entities other than the Trust Defendants.

269.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 269 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 to the extent they relate to persons or entities other than the Trust Defendants.

270.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 270 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 to the extent they relate to persons or entities other than the Trust Defendants.

271.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 271 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 to the extent they relate to persons or entities other than the Trust Defendants.

272.    To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 272 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 to the extent they relate to persons or entities other than the Trust Defendants.

273.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 273 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 to the extent they relate to persons or entities other than the Trust Defendants.

274.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 274 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 to the extent they relate to persons or entities other than the Trust Defendants.

275.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 275 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 to the extent they relate to persons or entities other than the Trust Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

**(N.Y. GEN. BUS. LAW § 349)**
**(Against All Defendants)**

276.     In response to Paragraph 276, the Trust Defendants repeat their answers set forth above and incorporate them by reference.

277.     The allegations in Paragraph 277 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 277 and further state that Katherine Seaman's claim against the Trust Defendants was dismissed by the Court's Order dated October 1, 2019.

278.     The allegations in Paragraph 278 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants admit that the statute is accurately quoted but deny that Plaintiffs are entitled to any relief under the referenced statute.

279.    The allegations in Paragraph 279 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 279.

280.    The allegations in Paragraph 280 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 280 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 to the extent they relate to persons or entities other than the Trust Defendants.

281.    The allegations in Paragraph 281 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 281 to the extent they relate to the Trust Defendants and further state that Katherine Seaman's claim against the Trust Defendants was dismissed by the Court's Order dated October 1, 2019.  The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 to the extent they relate to persons or entities other than the Trust Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION

### (VIOLATIONS OF NEW YORK JUDICIARY LAW § 487)
### (Against Forster)

282.    The Third Cause of Action is not asserted against the Trust Defendants.  Therefore, the allegations in Paragraphs 282 through 285 do not require a response.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 282 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 to the extent they relate to persons or entities other than the Trust Defendants.

283.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 283 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 to the extent they relate to persons or entities other than the Trust Defendants.

284.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 284 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 to the extent they relate to persons or entities other than the Trust Defendants.

285.     To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 285 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 to the extent they relate to persons or entities other than the Trust Defendants.

## TOLLING OF THE STATUTES OF LIMITATION

**Discovery Rule Tolling**

286.     The allegations in Paragraph 286 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 286 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 to the extent they relate to persons or entities other than the Trust Defendants.

287.     The allegations in Paragraph 287 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 287 to the extent they relate to the Trust Defendants and lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 287 to the extent they relate to persons or entities other than the Trust Defendants.

288.    The allegations in Paragraph 288 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 288 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 to the extent they relate to persons or entities other than the Trust Defendants.

**Fraudulent Concealment Tolling**

289.    The allegations in Paragraph 289 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 289 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 to the extent they relate to persons or entities other than the Trust Defendants.

290.    The allegations in Paragraph 290 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 290 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 to the extent they relate to persons or entities other than the Trust Defendants.

291.    The allegations in Paragraph 291 are legal conclusions to which no response is required.  To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 291 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 to the extent they relate to persons or entities other than the Trust Defendants.

## GENERAL DENIAL AND PRAYER FOR RELIEF

The Trust Defendants deny each and every allegation, statement and matter not expressly admitted.  The Trust Defendants deny that Plaintiffs are entitled to the relief requested at the conclusion of Plaintiffs' CCAC, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the CCAC, the Trust Defendants hereby assert and allege the following separate and additional defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs, and without prejudice to the Trust Defendants' right to argue that Plaintiffs bear the burden of proof as to any one or more of said defenses.  Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.  The Trust Defendants presently have insufficient knowledge or information as to whether they may have additional, yet unasserted, defenses.  The Trust Defendants therefore reserve the right to assert additional defenses in the event discovery or further proceedings indicate such additional defense would be appropriate:

1.      The CCAC fails to state a claim upon which relief can be granted.

2.      The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the applicable statute of limitation, time limits to exercise rights, and/or statutes of repose.

3.      The Court lacks jurisdiction over Plaintiffs' claims.

4.      The CCAC and each and every claim against the Trust Defendants are barred and precluded, in whole or in part, by the doctrines of waiver, estoppel, res judicata, collateral estoppel and ratification.

5.      The CCAC and each and every claim against the Trust Defendants are barred and precluded, in whole or in part, by the doctrine of laches.

6.      The CCAC and each and every claim against the Trust Defendants are barred and precluded, in whole or in part, because Plaintiffs do not have standing.

7.      The CCAC and each and every claim against the Trust Defendants are barred and precluded, in whole or in part, by Plaintiffs' failure to mitigate any alleged loss, injury or damages. To the extent that Plaintiffs failed to mitigate, minimize or avoid any damages they allegedly sustained, recovery against the Trust Defendants, if any, must be reduced by that amount.

8.      If and to the extent that Plaintiffs have suffered damages recoverable from the Trust Defendants, which the Trust Defendants deny, those damages may be set-off with respect to any amounts that Plaintiffs may owe on debts or other liabilities to the Trust Defendants.

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were indirect and not actually or proximately caused by the Trust Defendants.

10.     Plaintiffs' claims are barred, in whole or in part, because none of Plaintiffs' claimed injuries were caused by an act or omission of the Trust Defendants.

11.     Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent they exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Trust Defendants.

12.     Plaintiffs' claims are barred, in whole or in part, because the Trust Defendants are not liable for any alleged violative acts or omissions, if any, of any parties other than the Trust Defendants.

13.     Plaintiffs' claims are barred, in whole or in part, by their own lack of diligence, wrongdoing or negligence.

14.     Plaintiffs' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich Plaintiffs.

15.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiffs are not entitled to damages, costs or fees, whether compensatory, punitive or otherwise.

16.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because the Trust Defendants did not violate any legal duty allegedly owed to Plaintiffs.

17.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole it in part, by any and all applicable statutory defenses.

18.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by applicable public policy.

19.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because the CCAC does not allege injuries sufficient for plaintiffs to maintain a claim under the statutes, laws and/or provisions relied upon in the CCAC.

20.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiffs' CCAC lacks the requisite specificity or particularity.

21.     The CCAC and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because the Trust Defendants have not committed any deceptive act, misrepresented any fact or otherwise engaged on any wrongdoing.

22.     The CCAC fails to adequately plead the requirements for a class action.

23.     The damages alleged by Plaintiffs and the members of the putative class, if any, are too remote, speculative and uncertain to be recoverable.

24.     Plaintiffs' claims under N.Y. GBL § 349 fail because the acts and practices at issue are not consumer-oriented.

25.     Plaintiffs' claims under N.Y. GBL § 349 fail because the relevant transactions are private transactions.

26.     Plaintiffs' claims are barred by the Rooker-Feldman doctrine.

27.     Plaintiffs' claims are barred, in whole or in part, because the CCAC fails to plead that the Trust Defendants engaged in any unfair or deceptive actions.

28.     To the extent that the Trust Defendants become aware of additional defenses not cited to above, whether based upon facts currently known or facts discovered subsequent to the filing of the Answer, the Trust Defendants reserve the right to assert additional affirmative defenses in this matter.

**WHEREFORE**, the Trust Defendants respectfully request that this action be dismissed with prejudice, that the Trust Defendants receive all of its costs and reasonable attorneys' fees, and that the Court award such other and further relief to the Trust Defendants as it deems just and proper.

Dated: New York, New York                LOCKE LORD LLP
      December 20, 2019

By:   */s/ Gregory T. Casamento*_____
        Gregory T. Casamento
        R. James DeRose, III
        Brookfield Place
        200 Vesey Street, 20th Floor
        New York, NY 10281
        (212) 415-8600
        gcasamento@lockelord.com
        rderose@lockelord.com

        J. Matthew Goodin
        111 South Wacker Drive, Suite 4100
        Chicago, IL 60606
        (312) 443-0700
        jmgoodin@lockelord.com

        *Attorneys for Defendants National Collegiate*
        *Student Loan Trust 2007-2, National Collegiate*
        *Student Loan Trust 2007-3, National Collegiate*
        *Student Loan Trust 2004-2, and National Collegiate*
        *Student Loan Trust 2006-4*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of December, 2019, I caused a true and correct copy of the foregoing document to be served via CM/ECF upon all parties entitled to notice.

_/s/ Gregory T. Casamento_____
Gregory T. Casamento