UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>                v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>                     Defendants. | No. 18-cv-1781 (PGG) |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>                v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>                     Defendants. | No. 18-cv-7692 (PGG) |

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, on April 30, 2019, the Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") (*Michelo* ECF No. 92; *Bifulco* ECF No. 48) in the above-captioned actions;

WHEREAS, in October and November of 2019, Plaintiffs in the above-captioned actions served subpoenas on non-parties VCG Securities, LLC, VCG Owners Trust, and Pathmark Associates LLC (the "Subpoenas");

WHEREAS, Rule 45 of the Federal Rules of Civil Procedure requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena;"

WHEREAS, the non-parties that have received the Subpoenas (the "Responding Non-Parties") are preparing to make a voluminous production and have indicated that the documents requested by the Subpoenas contain information that can be designated as "Confidential" under the terms of the Protective Order;

WHEREAS, Plaintiffs agree to provide the Parties to this action with copies of all documents produced in response to the Subpoenas within twenty-four (24) hours of Plaintiffs' receipt of such documents from the Responding Non-Parties, barring unforeseen circumstances including technical problems with file-sharing, in which event Plaintiffs will provide immediate notice of any such issues within that twenty-four (24) hour period and will provide such copies as soon as feasible;

WHEREAS, the Responding Non-Parties have requested certain accommodations that will allow the Responding Non-Parties to make their productions more promptly and at a substantially decreased cost;

WHEREAS, the Responding Non-Parties have represented that if a Party to this action notifies the Responding Non-Parties of a need to file or use a redacted public version of a specific document, or up to 25 specific documents, that the Responding Non-Parties have designated as confidential, the Responding Non-Parties will provide a redacted public version of such document or documents, in accordance with Paragraph 3 of the Protective Order, within five (5) business days of such notification, and that if a Party to this action notifies the Responding Non-Parties of a need to file or use a redacted public version of any additional specific documents, exceeding 25 documents, the Responding Non-Parties will provide the redacted public versions of those additional requested documents within twenty (20) days of such notification;

WHEREAS, the Parties to this action agree that the terms of this Stipulation are binding on all Parties hereto upon execution of the Stipulation;

IT IS HEREBY ORDERED that:

1. The Responding Non-Parties may designate a document as Confidential pursuant to the terms of the Protective Order by stamping or clearly marking the document as "Confidential": (a) without providing a redacted public version of such document or documents in accordance with Paragraph 3 of the Protective Order, (b) unless or until a Party notifies the Responding Non-Parties that such a version is needed for a reasonably limited number of specific documents.

Dated: February 6, 2020

FRANK LLP

By: /s/ *Gregory A. Frank*
Gregory A. Frank
Marvin L. Frank
Asher Hawkins
370 Lexington Avenue, Suite 1706
New York, NY 10017
Telephone: (212) 682-1853

*Attorneys for Plaintiffs*

LOCKE LORD LLP

By: /s/ *Gregory T. Casamento*
Gregory T. Casamento
R. James DeRose, III
Brookfield Place, 20th Floor
200 Vesey Street
New York, NY 10281
Telephone: (212) 415-8600

J. Matthew Goodin
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
Telephone: (312) 443-0700

*Attorneys for Nat'l Collegiate Student Loan Trust 2004-2, Nat'l Collegiate Student Loan Trust 2006-4, Nat'l Collegiate Student Loan Trust 2007-2, and Nat'l Collegiate Student Loan Trust 2007-3*

SESSIONS, FISHMAN NATHAN &
ISRAEL LLC

By: ___/s/ Morgan I. Marcus___
Morgan Ian Marcus
141 W. Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone: (312) 578-0985

*Attorneys for EGS Financial Care, Inc. and Transworld Systems, Inc.*

RIVKIN RADLER LLP

By: ___/s/ Carol A. Lastorino___
Carol A. Lastorino
Amanda Rae Griner
926 Rexcorp Plaza
Uniondale, New York 11556
Telephone: (516) 357-3101

*Attorneys for Forster & Garbus LLP*

Dated: Feb. 21, 2020

_____
Paul G. Gardephe
United States District Judge

5