

**JAMES K. SCHULTZ**
Direct:  (619) 296-2018
jschultz@sessions.legal

<u>**Via ECF**</u>                              May 6, 2020

Judge Barbara Moses
United States District Court Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

      Re:   *Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
            Case No.: 1:18-cv-01781-PGG

Dear Judge Moses:

We write on behalf of defendant TSI in response to Plaintiffs' letter dated May 1, 2020 (Dkt. 146), and pursuant to Rule 2.b of this Court's Individual Practices.

Initially, Plaintiffs' accusations that TSI has stalled "meaningful" discovery, and committed discovery "misconduct," is not accurate. TSI has not stalled discovery in any way or engaged in any misconduct.[1] TSI has continued to timely supplement its production based upon requests, and has, to date, produced 2,260 pages of discovery. TSI has not withheld any documents, aside from those predicated upon privilege,[2] nor has it blocked any depositions. If anything, Plaintiffs have been dilatory in prosecuting their case, and now seek refuge from this Court to cure their eleventh hour demands. Moreover, Plaintiffs' characterization of TSI's corporate representative testimony are categorically false. Plaintiffs entire lawsuit is predicated upon conclusory and speculative allegations regarding a consent order entered into by TSI, where there was no admission of liability.[3] Plaintiffs suggestion in their letter of admissions of liability being made by TSI are not actually supported by the record or deposition testimony.

Plaintiffs' request should be denied for at least three reasons:

1. Plaintiffs ask this Court to require TSI to produce a TSI employee for a deposition that Plaintiffs acknowledge is a low level employee not subject to notice, but also alludes to the

---

[1] Indeed, the corporate representative for TSI and for the National Collegiate Trust entities was deposed in February, 2020. Only one of the plaintiffs have been produced for a deposition. Prior to depositions being stayed due to the coronavirus, the deposition of Kathleen Seaman was scheduled for March 9, 2020, but was cancelled the night before by Plaintiffs' counsel – after TSI's counsel had already traveled.
[2] TSI has produced a privilege log.
[3] Specifically, TSI did not admit to any findings of fact, conclusions of law or any violation of the law as alleged in the Order, other than to concede that the CFPB had jurisdiction.

1545 Hotel Circle South, Suite 150, San Diego, CA 92108-3426
Tel: (619) 296-2018    Fax: (877) 334-0661    www.sessions-law.com
CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • PENNSYLVANIA • TEXAS

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
May 6, 2020 – Page 2

> very legitimate medical condition identified by TSI that makes deposing such individual a threat to his physical health. Other than the individual identified, Plaintiffs have subpoenaed four other current or former TSI employees who acted as affiants for their deposition testimony related to the same topics sought for the individual identified in Plaintiffs' letter. TSI has not in any way obstructed Plaintiffs attempts to depose these witnesses, and Plaintiffs have not explained why they cannot seek the same testimony from the four other subpoenaed witnesses.[4]

2. Plaintiffs seek to compel documents regarding TSI's affidavit process that TSI has already produced, and seek to compel a PHEAA glossary of codes that is not in TSI's possession or control as PHEAA is a third-party. TSI cannot produce what it does not have.
3. Plaintiffs seek to compel documents related to the CFPB consent order. TSI has maintained through the duration of the case that any documents related to the consent order are confidential pursuant to 12 U.S.C. § 5562(d). TSI has no authority to waive the CFPB's confidentiality requirements. More, at the status hearing on October 11, 2019, the Court discussed how it would entertain a request for such documents, and noted that any motion was to be brought immediately. This Plaintiffs did not do. As such, Plaintiffs request is also untimely.

### History of Discovery Dispute

Plaintiffs contend that TSI has attempted to stall discovery, but that simply is inaccurate, and a short history of discussions reveals Plaintiffs misrepresentations. Plaintiffs served document requests,[5] which were timely responded to on May 20, 2019. The parties then held meet and confer conferences on August 14 and August 29, 2019, and further met and conferred regarding the scope of Plaintiffs' deposition notice. There was no further complaint or follow up from Plaintiffs in advance of the deposition of the TSI deponent held on February 13, 2020. TSI at no time refused to produce documents made upon reasonable request, aside from the documents related to the consent order entered into with the CFPB, to which TSI has maintained its objections.

In response to Plaintiffs' letter dated March 1, 2020, TSI made supplemental document productions on March 20, 2020, March 27, 2020, and April 17, 2020, and supplemented its discovery responses. TSI did not hear anything further after its production on April 17, 2020.

### Plaintiffs' Request is Not Ripe, and any Subpoena Should Be Quashed

Initially, Plaintiffs have not issued a subpoena for the individual identified, so Plaintiffs request is not even ripe. "An issue is ripe for judicial resolution only if it presents a real, substantial controversy, not a mere hypothetical question. Pursuant to ripeness doctrine, we must avoid

---

[4] Indeed, at least one of those individuals possessed the title of "case manager" and would have knowledge of the processes in place for affiants during the duration of when affidavits were executed for Plaintiffs' loans.

[5] Plaintiffs never served interrogatories.

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
May 6, 2020 – Page 3

entangling ourselves in abstract disagreements and engaging in premature adjudication." *United States v. Broad. Music, Inc.*, 275 F.3d 168, 178 (2d Cir. 2001). Plaintiffs issued a deposition notice on June 27, 2019, and were subsequently advised multiple times that the individual is not subject to notice. Under FRCP Rule 30(b)(1), "a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002). Plaintiffs' counsel acknowledge that they have been made aware that the individual is not subject to Rule 30(b)(1), yet they continue to argue the witness must be produced in response to that notice. This is wrong. The individual has to be served with a subpoena, and given the opportunity to appear to potentially oppose the subpoena. Thus, this issue is not yet ripe.

Even assuming that this Court considers the issue ripe, TSI, and the individual, have a proper basis to oppose a subpoena because the individual identified has a serious medical condition that has been identified to Plaintiffs' counsel - stress induced epilepsy.[6] Counsel for TSI has advised that TSI could provide a neurologist's note regarding the condition. That note can be produced to this Court under seal for consideration as well.

"Federal Rule 45(c) permits the court to quash or modify [a] subpoena if it ... subjects a person to undue burden." *Sperano v. Invacare Corp.*, No. 03-CV-6157T, 2006 WL 8456080, at *2 (W.D.N.Y. Apr. 13, 2006). "[I]f an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order." *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988); *see also Sperano*, 2006 WL 8456080, at *2 (granting motion to quash and limiting a deposition to written questions where "the stress of a deposition may have substantial risks resulting in irreversible physical and emotional harm from seizures"). Here, there is good cause to either quash the subpoena (if it is issued), or require Plaintiffs to issue questions for a deposition upon written questions. Plaintiffs have issued subpoenas to four other TSI current or former employees who executed affidavits related to Plaintiffs' loans – it is unclear why Plaintiffs cannot get the information they seek from these witnesses without jeopardizing a redundant witness' health.

### TSI has Produced the Documents in its Possession Regarding the Affiant Team Manual and the PHEAA Documents

Initially, it should be noted that Plaintiffs accuse TSI of supposed deficiencies in its production. As noted above, that argument is baseless, as TSI has continued to produce documents based upon reasonable requests from Plaintiffs' counsel. Beyond that, TSI's witness testified at his deposition that affiants were required to execute batch cover sheets, which was a reconciliation for the loans

---

[6] In the event Plaintiffs decide to issue a proper subpoena, then TSI, and likely the individual, will file a motion to quash the subpoena and/or seek a protective order.

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
May 6, 2020 – Page 4

that the particular affiant reviewed in a particular batch of loans when executing affidavits. The witness did not discuss separate "checklists" because he was not asked about them; however, TSI has produced all batch cover sheets and checklists in its possession or control related to Plaintiffs' loans. Plaintiffs claim that the witness testified inconsistently with that is misleading.

TSI also produced historical versions of the NCSLT Affidavit Verification, Signing and Notarization Job Aids from 2013-2019, and supplemented its discovery responses, as reflected in Plaintiffs Exhibits A and B. TSI has been unable to locate the cover sheets other than the ones produced; however, investigation continues to determine if others may exist. To the extent that Plaintiffs seek other documents beyond what was previously produced, the request is overly broad and vague, there was never a meet and confer, and the request is thus not ripe for hearing.

As to Plaintiffs' demand for the PHEAA glossary, TSI produced the general guide for navigating PHEAA's system. To the extent that Plaintiffs seek documents beyond that, TSI is not in possession or control of any further PHEAA documents, and PHEAA is an unrelated third party. Plaintiffs were previously advised that TSI would produce documents in its possession and control. TSI has fulfilled that obligation.

### Documents and Information Related to the TSI Consent Order are Confidential

Pursuant to the TSI consent order, TSI entered into a consent order with the CFPB. The order asserted violations of the Consumer Financial Protection Act (CFPA) related to, among other things, affidavits filed nationwide from November 1, 2014 through April 25, 2016. Under the CFPA, materials submitted in response to a Civil Investigative Demand ("CID") are deemed confidential. 12 U.S.C. § 5562(d). "Materials submitted in response to a CID are considered confidential, *id.* § 5562(d), and a recipient may withhold responsive material based on a 'claim of privilege.'" *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 979 F. Supp. 2d 104, 108 (D.D.C. 2013), *aff'd*, 785 F.3d 684 (D.C. Cir. 2015) (citing 12 C.F.R. § 1080.8(a)).

Beyond the confidentiality privilege, Plaintiffs document request also is irrelevant to the current litigation. Unlike the consent order arising from the CFPA, Plaintiffs allege in this lawsuit violations of different statutes - the FDCPA, General Business Law § 349, and Judiciary Law § 487. More, only one of the seven Plaintiffs had an affidavit filed within the relevant time frame in the consent order. The FRCP offer far greater protection than those under the CFPA. *See* 12 U.S.C. § 5562. As such, documents that TSI produced to the CFPB pursuant to the CID are not related in any way to Plaintiffs' claims, and Plaintiffs request is, at best, harassing, and at worst, a fishing expedition meant to try to solicit further claims. Plaintiffs' counsel made a similar attempt to obtain documents provided by Midland to the CFPB related to the Encore Capital Group, Inc. consent order in *Italiano et al v. Midland Funding, LLC, et al.*, 2:14-cv-00018. The court there denied the request. *See* Dkt. 87, 106. This Court should do the same.

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
May 6, 2020 – Page 5

                                                      Respectfully submitted,

                                                      /s/ James K. Schultz
                                                      *Counsel for Transworld Systems Inc.*

cc:      All counsel of record (via ECF)