UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

CHRISTINA BIFULCO, FRANCIS BUTRY,
and CORI FRAUENHOFER, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

    v.

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2004-2; NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2006-4;
TRANSWORLD SYSTEMS, INC., in its own right
and as successor to NCO FINANCIAL SYSTEMS,
INC.; EGS FINANCIAL CARE INC., formerly
known as NCO FINANCIAL SYSTEMS, INC.; and
FORSTER & GARBUS LLP,

                    Defendants.
---------------------------------------------------------------- X

18-cv-07692

**DEFENDANT NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-4'S FIRST SET OF REQUESTS FOR THE
<u>PRODUCTION OF DOCUMENTS TO PLAINTIFF CORI FRAUENHOFER</u>**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, National Collegiate Student Loan Trust 2006-4 ("2006-4 Trust"), requests that Plaintiff Cori Frauenhofer produce the following documents and materials, together with a written response to these Production Requests, at the offices of Locke Lord LLP within 30 days of service of these Production Requests.

**DEFINITIONS**

      1.     The terms "you" and "your" refer to Plaintiff Cori Frauenhofer, and to her agents or any other persons acting or purporting to act on her behalf.

1

2. The term "Complaint" as used herein refers to the Class Action Complaint filed in this matter on August 23, 2018.

3. The term "State Court Action" refers to the lawsuit described in paragraph 123 of the Complaint, which is captioned *National Collegiate Student Loan Trust 2006-4, a Delaware Statutory Trust(s), v. Cori Frauenhofer*, CV-004454-13/BU, filed on June 19, 2013 in the Civil Court of the City of Buffalo, Erie County.

4. The term "Loan" refers to the loan transaction that was the subject of the State Court Action and described in paragraph 126 of the Complaint.

5. The words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, computer generated, electronic, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored, computer-readable or computer-generated data, computer programs, computer printouts, telegrams, telexes, facsimiles, tapes, transcripts, recordings, stickers, tags and all other sources or formats from

America:1008615/00001:70515445v1

which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

7. "Relate to," "related to," "relating to," "regarding," "refer to," "referring to" and "respecting" mean comprising, mentioning, or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

## **INSTRUCTIONS**

1. If any document or electronic data identified in response to a Production Request was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it and the purpose or circumstances surrounding that disposition.

2. All Production Requests are intended to refer to documents in your possession, care, custody, or control, whether or not this is specifically stated within the Request.

3. These Production Requests are intended to create a continuing obligation and require supplementation in the event any new or additional responsive documents are identified,

3

America:1008615/00001:70515445v1

discovered or become available at any time after these Production Requests are answered but before entry of a final judgment in this action.

4. If any documents or electronic data responsive to the following Production Requests are withheld pursuant to a claim of privilege, work-product immunity, or any other ground, respond to the request by providing the following information: (a) identify the individual(s) with knowledge of the subject matter of the documents or electronic data, and his or her title or position; (b) describe the general subject matter of the documents or electronic data; and (c) identify, with specificity, the privilege or other basis upon which the documents or electronic data were withheld.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request For Production No. 1:**

Documents related to any agreements under which you borrowed money or guaranteed or co-signed a loan for educational purposes as reflected in your responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 2:**

Documents you submitted to or received from any lender identified in your responses to Interrogatory Nos. 2 through 4 in connection with an application for a loan.

**Request For Production No. 3:**

Documents related to payments made or owed under any agreements identified in your responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 4:**

Documents related to the current status of your repayment or guarantor obligations under any agreements identified in your responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 5:**

Documents you sent to or received from any educational institutions identified in your response to Interrogatory No. 1 in connection with any agreements identified in your responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 6:**

Communications you have received from or sent to any persons asserting rights and/or seeking payment under the agreements identified in your responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 7:**

Documents identified in your response to Interrogatory No. 9 regarding communications you received prior to June 19, 2013 from any persons regarding the State Court Action or the Loan.

**Request For Production No. 8:**

Documents regarding communications you received prior to June 19, 2013 from any persons regarding any agreements identified in the responses to Interrogatory Nos. 2 through 4.

**Request For Production No. 9:**

Documents related to how you found out about the State Court Action.

**Request For Production No. 10:**

Documents related to your decision not to appear in the State Court Action.

**Request For Production No. 11:**

Documents related to any actions you took, prior to filing the Complaint, in response to the State Court Action.

**Request For Production No. 12:**

Documents showing that during the time period of June 19, 2013 and December 10, 2013 you were aware of the State Court Action.

**Request For Production No. 13:**

Any documents you received from Foster & Garbus LLP regarding any agreements identified in your responses to Interrogatory Nos. 2 through 4, the Loan, or the State Court Action.

**Request For Production No. 14:**

Any documents you received from the Civil Court of the City of New York regarding the Loan or the State Court Action.

**Request For Production No. 15:**

Documents supporting the factual basis for the allegations in paragraphs 138-139 and 141 of the Complaint alleging that Ms. Alphabet lacked personal knowledge.

**Request For Production No. 16:**

Documents supporting the factual basis for the allegations in paragraphs 143 and 145 of the Complaint.

**Request For Production No. 17:**

Documents related to any steps you have taken to vacate or reverse the judgment identified in paragraph 149 of the Complaint.

**Request For Production No. 18:**

Documents related to your decision whether to seek to vacate the judgments identified in paragraph 149 of the Complaint.

**Request For Production No. 19:**

Documents related to your wages that have been garnished as alleged in paragraph 152 of the Complaint.

**Request For Production No. 20:**

Documents related to any steps you have taken to recover or be reimbursed for the wages you allege in paragraph 152 of the Complaint have been garnished.

**Request For Production No. 21:**

Documents supporting the factual basis for the suggestion in paragraphs 175 and 181 of the Complaint that the 2006-4 Trust filed the State Court Action against you "for the sole purpose of procuring [a] default judgment … and/or extracting [a] settlement" from you.

**Request For Production No. 22:**

Documents related to damages you allege you suffered as a result of the 2006-4 Trust's conduct alleged in the Complaint.

**Request For Production No. 23:**

Documents regarding any legal advice or representation you sought or received in the State Court Action or in this case, including agreements or engagement letters with your counsel in either case, any documents reflecting the terms of your agreement with your counsel in either case, such as letters, e-mails, notes, or other documents, and any documents you exchanged with persons—other than your attorneys in either case—including but not limited to any housing counselors, debt-relief agencies, loss mitigation providers, or public assistance organizations, regarding either case.

**Request For Production No. 24:**

Documents constituting, referring or relating to interactions between you and your counsel and any state or regulatory enforcement body in relation to the claims asserted in this case or in the State Court Action.

**Request For Production No. 25:**

Documents related to communications you had with any persons regarding settlement of the claims asserted in the State Court Action.

**Request For Production No. 26:**

Documents related to any lawsuits identified in your response to Interrogatory No. 19.

**Request For Production No. 27:**

Documents you may offer as evidence at any hearing or trial in this action.

**Request For Production No. 28:**

Documents received from third-parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.

**Request For Production No. 29:**

Documents relating in any way to communications by you or your counsel with any potential class member about this lawsuit or any of the allegations set forth in the Complaint.

**Request For Production No. 30:**

Documents upon which you relied in responding to the 2006-4 Trust's Interrogatories served at the same time as these Requests for the Production of Documents.

America:1008615/00001:70515445v1

**Request For Production No. 31:**

Documents relating to compensation, promises of compensation, or discounted or free services that you have received or expect to receive for serving as representative of the purported class.

**Request For Production No. 32:**

Documents upon which you intend to rely to support Plaintiffs' motion for class certification, including any documents you provided to any expert witness who may provide any testimony or other evidence related to Plaintiffs' motion for class certification.

**Request For Production No. 33:**

To the extent not produced in response to the foregoing Production Requests, any and all documents that support or provide a basis for any of the allegations in the Complaint.

Dated: New York, New York
January 7, 2019

LOCKE LORD LLP

By: */s/ Gregory T. Casamento*
Gregory T. Casamento
R. James DeRose, III
Brookfield Place, 20th Floor
200 Vesey Street
New York, NY 10281
(212) 415-8600
gcasamento@lockelord.com
rderose@lockelord.com

J. Matthew Goodin
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
(312) 443-0700
jmgoodin@lockelord.com

*Attorneys for Defendant National Collegiate Student Loan Trust 2006-4*

9

# **CERTIFICATE OF SERVICE**

   I hereby certify that on the 7th day of January, 2019, I caused a true and correct copy of the foregoing document to be served by Email upon the following:

FRANK LLP
Gregory Alan Frank
Marvin Lawrence Frank
Asher Hawkins
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com
*Attorneys for Plaintiffs Christina Bifulco, Francis Butry, and Cori Frauenhofer*

SESSIONS, FISHMAN NATHAN & ISRAEL LLC
Aaron R. Easley
3 Cross Creek Drive
Flemington, New Jersey 08822
Tel: (908) 237-1660
aeasley@sessions-law.biz

Morgan Ian Marcus
120 S. Lasalle Street, Suite 1960
Chicago, Illinois 60603
Tel: (312) 578-0990
mmarcus@sessions.legal
*Attorneys for Defendants EGS Financial Care, Inc. and Transworld Systems, Inc.*

RIVKIN RADLER LLP
Carol A. Lastorino
Amanda Rae Griner
926 Rexcorp Plaza
Uniondale, New York 11556
Tel: (516) 357-3101
carol.lastorino@rivkin.com
amanda.gurman@rivkin.com
*Attorneys for Defendant Forster & Garbus LLP*

              */s/ Gregory T. Casamento*
               Gregory T. Casamento

America:1008615/00001:70515445v1