```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
CHRISTINA BIFULCO, FRANCIS BUTRY,            :
and CORI FRAUENHOFER, individually and on    :
behalf of all others similarly situated,     :
                                             :
                                             :  18-cv-07692
                                             :
                  Plaintiffs,                :
       v.                                    :
                                             :
                                             :
                                             :
NATIONAL COLLEGIATE STUDENT LOAN             :
TRUST 2004-2; NATIONAL COLLEGIATE            :
STUDENT LOAN TRUST 2006-4;                   :
TRANSWORLD SYSTEMS, INC., in its own right   :
and as successor to NCO FINANCIAL SYSTEMS,   :
INC.; EGS FINANCIAL CARE INC., formerly      :
known as NCO FINANCIAL SYSTEMS, INC.; and    :
FORSTER & GARBUS LLP,                        :
                                             :
                  Defendants.                :
---------------------------------------------------------------- X
```

**DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CORI FRAUENHOFER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, National Collegiate Student Loan Trust 2006-4 ("2006-4 Trust"), requests that Plaintiff Cori Frauenhofer respond to the following interrogatories propounded by the 2006-4 Trust.

**DEFINITIONS**

1. The terms "you" and "your" refer to Plaintiff Cori Frauenhofer, and to her agents or any other persons acting or purporting to act on her behalf.

2. "Relate to," "related to," "relating to," "regarding," "refer to," "referring to" and "respecting" mean comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

1

3. "Person" means any natural person or any entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

4. To "identify" a person, state with respect to each such person:

   a. The full name, and in the case of entities other than natural persons, the nature of the entity (i.e. corporation, partnership, etc.); and

   b. The person's present residence and business addresses and telephone numbers, or if unknown, the person's last known residence and business addresses and telephone numbers.

5. To "identify" a communication, state with respect to each such communication:

   a. the date and time it occurred;

   b. the place it occurred;

   c. the complete substance of the communication;

   d. the identity of each person, including but not limited to whom the communication was made, by whom the communication was made, and who was present when the communication was made, if by telephone, the identity of each person, including but not limited to who made each telephone call and who participated in each telephone call; and

   e. the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

6. The term "Complaint" as used herein refers to the Class Action Complaint filed in this matter on August 23, 2018.

70514711v.2 1008615/00001

7. The term "State Court Action" refers to the lawsuit described in paragraph 123 of the Complaint, which is captioned *National Collegiate Student Loan Trust 2006-4, a Delaware Statutory Trust(s), v. Cori Frauenhofer*, CV-004454-13/BU, filed on June 19, 2013 in the Civil Court of the City of Buffalo, Erie County.

8. The term "Loan" refers to the loan transaction that was the subject of the State Court Action and described in paragraph 126 of the Complaint.

**INSTRUCTIONS**

1. In answering the interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of anyone subject to your control.

2. In construing the interrogatories, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter term shall include all other genders.

3. In answering these interrogatories, you must make a diligent search of your records and of your other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each subpart separately and in full, and do not limit your answer to the interrogatory as a whole. If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4. You are hereby requested to supplement each and every response as new information is discovered or becomes available as responsive to the interrogatories, from now until trial. You are also under a continuing duty to correct any incorrect responses.

3

70514711v.2 1008615/00001

5.      If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you.  As to the unknown information, also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

6.      In answering each of these interrogatories, if you rely on information provided by any person other than yourself, identify the person or persons.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all educational institutions you have attended after high school, including but not limited to college, community college, trade or vocational schools, and any other degree, certificate, professional skills, or continuing education program, and for each, specify the purpose of your attendance, your dates of attendance, and whether you completed the educational program for which you enrolled.

**Interrogatory No. 2:**

If you borrowed money from any person or any entity to pay for any of your costs—including but not limited to tuition, textbooks, or living expenses—associated with attending any of the institutions identified in your response to Interrogatory No. 1, identify each person or entity from which you borrowed money and the financial terms associated with your borrowing of money—including the term and interest rate of any loan.

**Interrogatory No. 3:**

For each instance of borrowing money identified in your response to Interrogatory No. 2, explain the current status of your repayment obligations (*i.e.*, whether you are current on your payment obligations, are in default on your repayment obligations, or you have completed your

repayment obligations) ("Repayment Status").

**Interrogatory No. 4:**

Identify any loan agreements—including the loan's originator, lender, the loan terms, and the loan's Repayment Status—you have signed for purposes of borrowing money for educational purposes or guaranteeing or co-signing another person's repayment of a loan obtained for educational purposes.

**Interrogatory No. 5:**

State whether you were ever served with any process, including a summons and complaint, in connection with the State Court Action.

**Interrogatory No. 6:**

Explain when and how you found out about the State Court Action.

**Interrogatory No. 7:**

Explain whether you were aware of the State Court Action between June 19, 2013 and December 10, 2013.

**Interrogatory No. 8:**

Explain why you did not appear in the State Court Action.

**Interrogatory No. 9:**

Identify all communications you received prior to June 19, 2013 from any persons regarding the Loan or the State Court Action.

**Interrogatory No. 10:**

Describe any actions you took, prior to filing the Complaint, in response to the State Court Action.

70514711v.2 1008615/00001

**Interrogatory No. 11:**

Identify any attorneys you hired in connection with issues arising from or conduct occurring in the State Court Action—including your attorneys in this case—and specify the dates on which you hired the attorneys.

**Interrogatory No. 12:**

Explain the factual basis for the allegations in paragraphs 138-139 and 141 of the Complaint alleging that Ms. Alphabet lacked personal knowledge.

**Interrogatory No. 13:**

Explain the factual basis for the allegations in paragraphs 143 and 145 of the Complaint.

**Interrogatory No. 14:**

Describe and quantify the amount of wages you allege have been garnished as alleged in paragraph 152 of the Complaint.

**Interrogatory No. 15:**

Describe any efforts you have made or actions you have taken to recover or be reimbursed for the wages you allege in paragraph 152 of the Complaint have been garnished.

**Interrogatory No. 16:**

Describe any efforts you have made or actions you have taken to vacate or reverse the judgment identified in paragraph 149 of the Complaint.

**Interrogatory No. 17:**

Describe and quantify all of the damages you allege you suffered as a result of the 2006-4 Trust's conduct alleged in the Complaint, including but not limited to an itemization of all alleged damages and all facts supporting the claimed damages.

70514711v.2 1008615/00001

**Interrogatory No. 18:**

Describe any communications you had with any persons regarding settlement of the claims asserted in the State Court Action, including identifying the persons with whom you communicated, the contents of the communications, and the dates of the communications.

**Interrogatory No. 19:**

Identify each and every lawsuit that you have ever been involved in (*i.e.*, as a plaintiff, defendant or witness), including but not limited to bankruptcies and any lawsuits making claims brought under the FDCPA, N.Y. Gen. Bus. Law § 349, or New York Judiciary Law § 498, and for each, state the caption, the court, the date the action was filed, the case number, summarize the nature of the lawsuit, and state whether the lawsuit sought and/or received class action status.

Dated: New York, New York  
January 7, 2019

LOCKE LORD LLP

By: */s/ Gregory T. Casamento*  
    Gregory T. Casamento  
    R. James DeRose, III  
    Brookfield Place, 20th Floor  
    200 Vesey Street  
    New York, NY 10281  
    (212) 415-8600  
    gcasamento@lockelord.com  
    rderose@lockelord.com

    J. Matthew Goodin  
    111 South Wacker Drive  
    Suite 4100  
    Chicago, IL 60606  
    (312) 443-0700  
    jmgoodin@lockelord.com

*Attorneys for Defendant National Collegiate Student Loan Trust 2006-4*

# **CERTIFICATE OF SERVICE**

   I hereby certify that on the 7th day of January, 2019, I caused a true and correct copy of the foregoing document to be served by Email upon the following:

FRANK LLP
Gregory Alan Frank
Marvin Lawrence Frank
Asher Hawkins
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com
*Attorneys for Plaintiffs Christina Bifulco, Francis Butry, and Cori Frauenhofer*

SESSIONS, FISHMAN NATHAN & ISRAEL LLC
Aaron R. Easley
3 Cross Creek Drive
Flemington, New Jersey 08822
Tel: (908) 237-1660
aeasley@sessions-law.biz

Morgan Ian Marcus
120 S. Lasalle Street, Suite 1960
Chicago, Illinois 60603
Tel: (312) 578-0990
mmarcus@sessions.legal
*Attorneys for Defendants EGS Financial Care, Inc. and Transworld Systems, Inc.*

RIVKIN RADLER LLP
Carol A. Lastorino
Amanda Rae Griner
926 Rexcorp Plaza
Uniondale, New York 11556
Tel: (516) 357-3101
carol.lastorino@rivkin.com
amanda.gurman@rivkin.com
*Attorneys for Defendant Forster & Garbus LLP*

               */s/ Gregory T. Casamento*
                Gregory T. Casamento

70514711v.2 1008615/00001