UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,

                Plaintiffs,

  v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

                Defendants.
------------------------------------------------------------------ X

18-cv-1781-PGG

**DEFENDANT NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-2'S FIRST SET OF INTERROGATORIES
TO PLAINTIFFS MUTINTA MICHELO AND SANDRA TABAR**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, National Collegiate Student Loan Trust 2007-2 ("2007-2 Trust"), requests that Plaintiffs, Mutinta Michelo ("Michelo") and Sandra Tabar ("Tabar"), respond to the following interrogatories propounded by the 2007-2 Trust.

**DEFINITIONS**

1. The terms "you" and "your" refer to Plaintiffs Mutinta Michelo, Sandra Tabar, and to their agents or any other persons acting or purporting to act on their behalf.

2. "Relate to," "related to," "relating to," "regarding," "refer to," "referring to" and "respecting" mean comprising, mentioning, describing, containing, enumerating, involving or in

1

any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

3. "Person" means any natural person or any entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

4. To "identify" a person, state with respect to each such person:

   a. The full name, and in the case of entities other than natural persons, the nature of the entity (i.e. corporation, partnership, etc.); and

   b. The person's present residence and business addresses and telephone numbers, or if unknown, the person's last known residence and business addresses and telephone numbers.

5. To "identify" a communication, state with respect to each such communication:

   a. the date and time it occurred;

   b. the place it occurred;

   c. the complete substance of the communication;

   d. the identity of each person, including but not limited to whom the communication was made, by whom the communication was made, and who was present when the communication was made, if by telephone, the identity of each person, including but not limited to who made each telephone call and who participated in each telephone call; and

   e. the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

2

6. The term "Complaint" as used herein refers to the Amended Class Action Complaint filed in this matter on September 14, 2018.

7. The term "Michelo State Court Action" refers to the lawsuit described in paragraph 63 of the Complaint, which is captioned *National Collegiate Student Loan Trust 2007-2, a Delaware Statutory Trust(s), v. Mutinta Michelo, Derek L Chestnut*, CV-010689-15/BX, filed on July 14, 2015 in the Civil Court of the City of New York, Bronx County.

8. The term "Tabar State Court Action" refers to the lawsuit described in paragraph 114 of the Complaint, which is captioned *National Collegiate Student Loan Trust 2007-2, a Delaware Statutory Trust(s), v. Jaelysabel Villasante, Sandra Tabar*, No. 761-14/BX, filed on January 14, 2014 in the Civil Court of the City of New York, Bronx County.

9. The Michelo State Court Action and the Tabar State Court Action shall together be referred to as the "State Court Actions."

10. The term "Michelo Loan" refers to the loan transaction that was the subject of the Michelo State Court Action and described in paragraph 66 of the Complaint.

11. The term "Tabar Loan" refers to the loan transaction that was the subject of the Tabar State Court Action and described in paragraph 117 of the Complaint.

**INSTRUCTIONS**

1. In answering the interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of anyone subject to your control.

2. In construing the interrogatories, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter term shall include all other genders.

69668850v.4 1008445/00001

3. In answering these interrogatories, you must make a diligent search of your records and of your other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each subpart separately and in full, and do not limit your answer to the interrogatory as a whole. If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4. You are hereby requested to supplement each and every response as new information is discovered or becomes available as responsive to the interrogatories, from now until trial. You are also under a continuing duty to correct any incorrect responses.

5. If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you. As to the unknown information, also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

6. In answering each of these interrogatories, if you rely on information provided by any person other than yourself, identify the person or persons.

## **INTERROGATORIES**

**Interrogatory No. 1:**

Identify all educational institutions you have attended after high school, including but not limited to college, community college, trade or vocational schools, and any other degree, certificate, professional skills, or continuing education program, and for each, specify the purpose of your attendance, your dates of attendance, and whether you completed the educational program for which you enrolled.

69668850v.4 1008445/00001

**Interrogatory No. 2:**

If you borrowed money from any person or any entity to pay for any of your costs—including but not limited to tuition, textbooks, or living expenses—associated with attending any of the institutions identified in your response to Interrogatory No. 1, identify each person or entity from which you borrowed money and the financial terms associated with your borrowing of money—including the term and interest rate of any loan.

**Interrogatory No. 3:**

For each instance of borrowing money identified in your response to Interrogatory No. 2, explain the current status of your repayment obligations (*i.e.*, whether you are current on your payment obligations, are in default on your repayment obligations, or you have completed your repayment obligations) ("Repayment Status").

**Interrogatory No. 4:**

Identify any loan agreements—including the loan's originator, lender, the loan terms, and the loan's Repayment Status—you have signed for purposes of borrowing money for educational purposes or guaranteeing or co-signing another person's repayment of a loan obtained for educational purposes.

**Interrogatory No. 5:**

Identify any loans or financial agreements you have signed with Derek L. Chestnut or Jaelysabel Villasante or Jael Ysabel Villasante in any capacity, including as a co-borrower or a guarantor or co-signer of Mr. Chestnut's or Jaelysabel Villasante or Jael Ysabel Villasante's repayment obligations under those loans or financial agreements.

**Interrogatory No. 6:**

Explain the nature of any past or present relationship you had or have with Derek L.

Chestnut or Jaelysabel Villasante or Jael Ysabel Villasante.

**Interrogatory No. 7:**

State whether you were ever served with any process, including a summons and complaint, in connection with the State Court Actions.

**Interrogatory No. 8:**

Explain when and how you found out about the Michelo State Court Action and Tabar State Court Action.

**Interrogatory No. 9:**

Explain whether, during the time period of July 14, 2015 through December 9, 2016, Michelo was aware of the Michelo State Court Action and whether, during the time period of January 14, 2014 through March 27, 2014, Tabar was aware of the Tabar State Court Action.

**Interrogatory No. 10:**

Explain why Michelo did not appear in the Michelo State Court Action.

**Interrogatory No. 11:**

Identify all communications you received prior to July 14, 2015 from any persons regarding the Michelo Loan or the Michelo State Court Action and all communications you received prior to January 14, 2014 from any persons regarding the Tabar Loan or the Tabar State Court Action.

**Interrogatory No. 12:**

Describe any actions you took, prior to filing the Complaint, in response to the State Court Actions.

**Interrogatory No. 13:**

Identify any attorneys you hired in connection with issues arising from or conduct

6

69668850v.4 1008445/00001

occurring in the State Court Actions—including your attorneys in this case—and specify the dates on which you hired you hired the attorneys.

**Interrogatory No. 14:**

Explain the basis for the allegation in paragraph 81 of the Complaint that "despite having discontinued the lawsuit against Plaintiff Michelo, these Defendants falsely reported to credit bureaus that the underlying alleged debt was valid and owed," including identifying which of the Defendants "falsely reported" to the credit bureaus, identifying the credit bureaus that received the alleged reporting, and explaining why the credit reporting indicating that the "debt was valid and owed" was false.

**Interrogatory No. 15:**

Explain the factual basis for the allegations in paragraphs 135, 136, and 138 of the Complaint alleging that Mr. Turner lacked personal knowledge.

**Interrogatory No. 16:**

Explain the factual basis for the allegations in paragraphs 140 and 142 of the Complaint.

**Interrogatory No. 17:**

Explain any steps Michelo has taken to correct the credit reporting alleged in paragraphs 79 and 81-82 of the Complaint.

**Interrogatory No. 18:**

Identify all applications for credit that Michelo has submitted since July 14, 2015, including a description of the decision by each lender, the credit terms proposed by each lender or the lender's stated reason for the denial if Michelo was denied credit, and whether Michelo accepted the credit terms.

**Interrogatory No. 19:**

Identify all potential creditors that have accessed Michelo's credit reports since July 14, 2015.

**Interrogatory No. 20:**

Describe and quantify all of the damages you allege you suffered as a result of the 2007-2 Trust's conduct alleged in the Complaint, including but not limited to, an itemization of such alleged damages and all facts supporting your claimed damages.

**Interrogatory No. 21:**

Describe any communications you have had with any persons regarding settlement of the claims asserted in the State Court Actions, including identifying the persons with whom you communicated, the contents of the communications, and the dates of the communications.

**Interrogatory No. 22:**

Identify each and every lawsuit that you have ever been involved in (*i.e.*, as a plaintiff, defendant or witness), including but not limited to bankruptcies and any lawsuits making claims brought under the FDCPA, N.Y. Gen. Bus. Law § 349, or New York Judiciary Law § 498, and for each, state the caption, the court, the date the action was filed, the case number, summarize the nature of the lawsuit, and state whether the lawsuit sought and/or received class action status.

Dated: New York, New York  
January 7, 2019

LOCKE LORD LLP

By: */s/ Gregory T. Casamento*  
Gregory T. Casamento  
R. James DeRose, III  
Brookfield Place, 20th Floor  
200 Vesey Street  
New York, NY 10281  
(212) 415-8600  
gcasamento@lockelord.com

rderose@lockelord.com

J. Matthew Goodin
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
(312) 443-0700
jmgoodin@lockelord.com

*Attorneys for Defendant National Collegiate Student Loan Trust 2007-2*

# CERTIFICATE OF SERVICE

       I hereby certify that on the 7th day of January, 2019, I caused a true and correct copy of the foregoing document to be served by Email upon the following:

FRANK LLP
Gregory Alan Frank
Marvin Lawrence Frank
Asher Hawkins
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com
*Attorneys for Plaintiffs Katherine Seaman, Mary Re Seaman, Sandra Tabar, and Mutinta Michelo*

SESSIONS, FISHMAN NATHAN & ISRAEL LLC
Aaron R. Easley
3 Cross Creek Drive
Flemington, New Jersey 08822
Tel: (908) 237-1660
aeasley@sessions-law.biz

Morgan Ian Marcus
120 S. Lasalle Street, Suite 1960
Chicago, Illinois 60603
Tel: (312) 578-0990
mmarcus@sessions.legal
*Attorneys for Defendants EGS Financial Care, Inc. and Transworld Systems, Inc.*

RIVKIN RADLER LLP
Carol A. Lastorino
Amanda Rae Griner
926 Rexcorp Plaza
Uniondale, New York 11556
Tel: (516) 357-3101
carol.lastorino@rivkin.com
amanda.gurman@rivkin.com
*Attorneys for Defendant Forster & Garbus LLP*

                                                */s/ Gregory T. Casamento*
                                                Gregory T. Casamento

69668850v.4 1008445/00001