UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>     Defendants. | Case No.18-cv-07692-PGG |
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>     Defendants. | Case No. 18-cv-1781-PGG |

**DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS MUTINTA MICHELO, MARY RE SEAMAN, CHRISTINA BIFULCO AND CORI FRAUENHOFER**

Defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2 and National Collegiate Student Loan Trust 2007-3 (collectively the "Trust Defendants"), pursuant to Federal Rule of Civil Procedure 34, request that plaintiffs Christina Bifulco, Cori Frauenhofer, Mutinta Michelo and Mary Re Seaman produce the following documents and materials, together with a written response to these requests, at the offices of Locke Lord LLP within 30 days of service of these requests.

## DEFINITIONS

1. The terms "you" and "your" refer to plaintiffs Christina Bifulco, Cori Frauenhofer, Mutinta Michelo and Mary Re Seaman and to their agents or any other persons acting or purporting to act on their behalf.

2. The words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, computer generated, electronic, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. Any draft or non-identical copy is a separate document within the meaning of this term. The term "document" is defined in accordance with Local Rule 26.3(c)(2).

3. The words "communication" or "communications" shall have the definition set forth in Local Rule 26.3(c)(1).

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

5. "Relate to," "related to," "relating to," "regarding," "refer to," "referring to" and "respecting" mean comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

## **INSTRUCTIONS**

1. If any document or electronic data identified in response to a Production Request was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it and the purpose or circumstances surrounding that disposition.

2. All Production Requests are intended to refer to documents in your possession, care, custody, or control, whether or not this is specifically stated within the Request.

3. These Production Requests are intended to create a continuing obligation and require supplementation in the event any new or additional responsive documents are identified, discovered or become available at any time after these Production Requests are answered but before entry of a final judgment in this action.

4. If any documents or electronic data responsive to the following Production Requests are withheld pursuant to a claim of privilege, work-product immunity, or any other ground, respond to the request by providing the following information: (a) identify the

individual(s) with knowledge of the subject matter of the documents or electronic data, and his or her title or position; (b) describe the general subject matter of the documents or electronic data; and (c) identify, with specificity, the privilege or other basis upon which the documents or electronic data were withheld.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request For Production No. 1:**

Documents relating in any way to communications by you or your counsel with any potential putative class member about this lawsuit or any of the allegations set forth in the Complaint.

**Request For Production No. 2:**

Documents upon which you intend to rely to support Plaintiffs' motion for class certification, including, but not limited to, any documents you provided to any expert witness who may provide any testimony or other evidence related to Plaintiffs' motion for class certification.

**Request For Production No. 3:**

Documents sufficient to show your participation in any litigation, other than this lawsuit, in which there was a proposed or certified class of plaintiffs.

**Request For Production No. 4:**

Documents relating to the identity of the members of the putative class that you purport to represent in this lawsuit, including, but not limited to, (a) any and all lists of such members or potential members; and (b) communications between you and any such members.

**Request For Production No. 5:**

Documents relating to the monetary or other damages or relief that you will seek on behalf of any putative class, including, but not limited to, the manner or method that you will employ to determine the amount of such damages.

Dated: New York, New York
       February 20, 2020

LOCKE LORD LLP

By: */s/ Gregory T. Casamento*
     Gregory T. Casamento
     R. James DeRose, III
     Brookfield Place
     200 Vesey Street, 20th Floor
     New York, NY 10281
     (212) 415-8600
     gcasamento@lockelord.com
     rderose@lockelord.com

     J. Matthew Goodin
     111 South Wacker Drive
     Suite 4100
     Chicago, IL 60606
     (312) 443-0700
     jmgoodin@lockelord.com

*Attorneys for Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3*