UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>             Defendants. | Case No.18-cv-07692-PGG |
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>             Defendants. | Case No. 18-cv-1781-PGG |

# DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS MUTINTA MICHELO, MARY RE SEAMAN, SANDRA TABAR AND CORI FRAUENHOFER

Defendant National Collegiate Student Loan Trust 2004-2, pursuant to Federal Rule of Civil Procedure 33, requests that plaintiffs Mutinta Michelo, Mary Re Seaman, Sandra Tabar and Cori Frauenhofer respond to the following interrogatories.

## DEFINITIONS

1. The terms "you" and "your" refer to plaintiffs Mutinta Michelo, Mary Re Seaman, Sandra Tabar and Cori Frauenhofer and to their agents or any other persons acting or purporting to act on their behalf.

2. "Relate to," "related to," "relating to," "regarding," "refer to," "referring to" and "respecting" mean comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

3. "Person" means any natural person or any entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

4. To "identify" a person, state with respect to each such person:

    a. The full name, and in the case of entities other than natural persons, the nature of the entity (i.e. corporation, partnership, etc.); and

    b. The person's present residence and business addresses and telephone numbers, or if unknown, the person's last known residence and business addresses and telephone numbers.

5. To "identify" a communication, state with respect to each such communication:

a. the date and time it occurred;

b. the place it occurred;

c. the complete substance of the communication;

d. the identity of each person, including but not limited to whom the communication was made, by whom the communication was made, and who was present when the communication was made, if by telephone, the identity of each person, including but not limited to who made each telephone call and who participated in each telephone call; and

e. the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## **INSTRUCTIONS**

1. In answering the interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of anyone subject to your control.

2. In construing the interrogatories, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter term shall include all other genders.

3. In answering these interrogatories, you must make a diligent search of your records and of your other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each subpart separately and in full, and do not limit your answer to the interrogatory as a whole. If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4. You are hereby requested to supplement each and every response as new information is discovered or becomes available as responsive to the interrogatories, from now until trial. You are also under a continuing duty to correct any incorrect responses.

5. If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you. As to the unknown information, also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

6. In answering each of these interrogatories, if you rely on information provided by any person other than yourself, identify the person or persons.

## INTERROGATORIES

### Interrogatory No. 1

Identify and describe the putative class(es) that you will seek to certify, including, but not limited to, the provision of Rule 23 under which you will seek certification and the method or mechanism you will employ to ascertain the identity of the putative class members.

### Interrogatory No. 2

Describe any method or mechanism that you will employ to determine the specific outcome in each underlying state court lawsuit relating to the collection of each putative class member's student debt.

### Interrogatory No. 3

Describe any method or mechanism that you will employ to determine whether each putative class member's wages were garnished as a result of any underlying state court lawsuit relating to the collection of each putative class member's student debt.

**Interrogatory No. 4**

Describe any method or mechanism that you will employ to determine whether each putative class member was subject to negative credit reporting as a result of any underlying state court lawsuit relating to the collection of each putative class member's student debt.

**Interrogatory No. 5**

Describe in detail your trial plan for this action, including, but not limited to, the common proof you will employ to establish liability and damages.

**Interrogatory No. 6**

Identify and describe any monetary damages that you will seek on behalf of any putative class(es), including, but not limited to, the manner or mechanism you will employ to determine the amount of such damages.

**Interrogatory No. 7**

Identify and describe any communications with potential putative class members about this lawsuit or any or the allegations in plaintiffs' Consolidated Class Action Complaint.

| | |
|---|---|
| Dated: New York, New York<br>February 20, 2020 | LOCKE LORD LLP<br><br>By: */s/ Gregory T. Casamento*<br>Gregory T. Casamento<br>R. James DeRose, III<br>Brookfield Place, 20th Floor<br>200 Vesey Street<br>New York, NY 10281<br>(212) 415-8600<br>gcasamento@lockelord.com<br>rderose@lockelord.com<br><br>J. Matthew Goodin<br>111 South Wacker Drive<br>Suite 4100<br>Chicago, IL 60606 |

(312) 443-0700
jmgoodin@lockelord.com

*Attorneys for Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2*