UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al., | |
| Plaintiffs, | 18-CV-1781 (PGG) (BCM) |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al., | |
| Defendants. | |
| CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al., | 18-CV-7692 (PGG) (BCM) |
| Plaintiffs, | **ORDER** |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the telephonic discovery conference held on May 12, 2020, it is hereby ORDERED that:

1. <u>Unauthorized Filings</u>. The parties are reminded that the Court will disregard supplemental filings and sur-replies submitted without advance permission. (*See, e.g.*, Dkt. Nos. 152, 154 in Case No. 18-CV-1781; Dkt. Nos. 95, 97 in Case No. 18-CV-7692.)

2.   <u>Trust Defendants' Letter-Motion Dated April 17, 2020</u> (Dkt. No. 140 in Case No. 18-CV-1781; Dkt. No. 83 in Case No. 18-CV-7692).

a.   <u>Trust Defendants' Written Discovery to Plaintiffs.</u>[1]

i.   <u>Discovery Concerning Plaintiffs' Factual Allegations.</u> Plaintiffs shall promptly produce all non-privileged documents responsive to the Trust Defendants' Requests for Production (RFPs) No. 16, 17, and 24. The fact that responsive documents may have been obtained by counsel "from sources other than Plaintiffs" does not make such documents privileged nor shield them from production as attorney work product. *See S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009) ("producing the compilations of documents that support the factual allegations of a complaint reveals no more than that already revealed by the filing of the complaint"); *In re Grand Jury Subpoenas*, 2002 WL 31040322, at *5 (S.D.N.Y. Sept. 12, 2002) (rejecting argument that "merely by gathering pre-existing materials, even as part of a far-ranging and diligent investigation, an attorney transforms them into work product"), *aff'd sub nom. In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379 (2d Cir. 2003). Plaintiffs need not further respond to RFP No. 27, which is vague, overbroad, and incomprehensible, nor to Interrogatories No. 14-16, which are

---

[1] This Order refers (by number) to one set of the Trust Defendants' document requests and interrogatories: those addressed to plaintiffs Christina Bifulco and Francis Butry. (Dkt. Nos. 150-1, 150-5 in Case No. 18-CV-1781; Dkt. Nos. 93-1, 93-5 in Case No. 18-CV-7692). However, the Court's rulings apply equally to the corresponding discovery requests addressed to the other named plaintiffs.

compound and function, in part, as premature contention interrogatories.

ii.  <u>Discovery Concerning Plaintiffs' Damages</u>. Plaintiffs shall promptly produce nonprivileged documents responsive to RFP No. 25 to the extent those documents are or were in plaintiffs' personal possession or were obtained by plaintiffs or their counsel through means other than party or nonparty discovery in this action. Plaintiffs need not re-produce documents obtained by them in this action pursuant to, *e.g.*, Fed. R. Civ. P. 34 or 45. Plaintiffs shall also promptly respond to Interrogatory No. 23 to the extent of (A) itemizing and "describ[ing] in writing their damages as to which Plaintiffs themselves [are] the best source of knowledge" (Dkt. No. 141 at 3 in Case No. 18-CV-1781; Dkt. No. 84 at 3 in Case No. 18-CV-7692) and (B) listing in general terms, by category: the other damages that they claim; their estimate, if one can be made, of the amount of those damages; and the source(s) of the information upon which plaintiffs expect to rely to quantify those damages. The Court notes that the documents and information sought in RFP No. 25 and Interrogatory No. 23, as limited by this Order, are comparable to the documents and information that plaintiffs are required to provide automatically and supplement seasonably pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and 26(e).

b.  <u>Plaintiffs' Privilege Log</u> (Dkt. No. 151-1 in Case No. 18-CV-1781; Dkt. No. 94-1 in Case No. 18-CV-7692).

      i.   No later than **May 28, 2020**, plaintiffs shall serve an amended privilege log.

     ii.   The amended privilege log shall not include (A) documents previously withheld as privileged but produced pursuant to ¶ 2(a) above, or (B) any other documents as to which plaintiffs' assertion of work product protection arises only from the fact that plaintiffs or their counsel obtained and possess them for purposes of this litigation (*e.g.*, court filings, news articles, and other publicly-available documents gathered by plaintiffs or their counsel for use in this action). Those documents may not be withheld as work product, *see In re Grand Jury Subpoenas*, 2002 WL 31040322, at *5, and must be promptly produced. Plaintiffs need not produce any annotations, labels, metadata, or other information added by counsel to the documents they gathered, and may, if necessary, redact such annotations, labels, metadata or other such information before production. To the extent plaintiffs produce documents in redacted form, to protect the attorney-client privilege or attorney work product, they shall log those documents as redacted on their amended privilege log in compliance with Local Civil Rule 26.2.

c.   With regard to the ninth and tenth categories of documents withheld as privileged (notes regarding and communications with the "potential Class members"), the amended privilege log shall individually list and describe every such note or communication, in accordance with Local Civil Rule 26.2,

if and to the extent the relevant "potential Class member" is now a named plaintiff. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse)*, 220 F. Supp. 2d 283, 288 (S.D.N.Y. 2002) (requiring service of privilege log including "names of clients" with whom law firm communicated in confidence).

d. <u>Other Issues Raised by the Trust Defendants.</u> The Court defers ruling on whether and when plaintiffs must respond to the Trust Defendants' February 20, 2020 Interrogatories. (Dkt. Nos. 150-9, 150-10, 150-11 in Case No. 18-CV-1781; Dkt. Nos. 92-9, 92-10, 92-11 in Case No. 18-CV-7692). The parties shall meet and confer regarding that dispute, and any other disputes remaining open from the Trust Defendants' April 17, 2020 letter-motion, on the scheduled provided below in paragraph 3.

2. <u>Plaintiffs' Letter-Motion Dated May 1, 2020</u> (Dkt. No. 146 in Case No. 18-CV-1781; Dkt. No. 89 in Case No. 18-CV-7692).

a. <u>"Affiant X."</u> No later than **May 15, 2020**, counsel for defendant TSI (who acknowledge that they will serve as counsel for TSI employee "Affiant X" if and when he sits for deposition) shall advise plaintiffs' counsel whether they will accept service of a deposition subpoena on behalf of Mr. X (reserving all rights to object to the deposition on grounds other than service). If TSI's counsel decline to accept service on behalf of Mr. X, they shall immediately provide plaintiffs' counsel with his current or last known home and work addresses. Promptly after service of the subpoena, the parties shall meet and confer in good faith to determine the extent of Mr. X's disability and explore

methods of securing his testimony that would accommodate his medical issues. Should the parties fail to reach agreement, TSI shall file any motion to quash or modify Mr. X's subpoena no later than **one week after service of that subpoena**, supported by properly authenticated medical records evidencing the medical condition(s) upon which Mr. X relies for any claim that his health prohibits him from sitting for a (remote) deposition.

b.  <u>Documents Related to Consumer Financial Protection Bureau (CFPB) Investigation and Consent Order</u>. Documents submitted by defendant TSI to the Consumer Financial Protection Bureau (CFPB or Bureau) pursuant to a Civil Investigative Demand (CID) may not for that reason alone be withheld from discovery. The authorities cited by TSI for the proposition that materials submitted to the CFPB in response to a CID are subject to a "confidentiality privilege," TSI Ltr. dated May 6, 2020 (Dkt. No. 148 in Case No. 18-CV-1781; Dkt. No. 91 in Case No. 18-CV-7692), at 4, are inapposite.[2] If and to the extent TSI relies on the qualified "bank examination privilege" to shield communications between it and the CFPB, it must identify such

---

[2] 12 U.S.C. § 5562(d)(1) requires the CFPB to comply with its own rules regarding the confidentiality of materials gathered by it from regulated entities or others. Those rules govern the circumstances under which the CFPB itself may disclose material received in the course of an investigation. *See* 12 C.F.R. §§ 1070.1-1070.63, 1080.14. They also permit the recipient of a CID to withhold documents from the Bureau based on a claim of privilege. *See* 12 C.F.R. § 1080.8(a); *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 979 F. Supp. 2d 104, 108 (D.D.C. 2013) (noting in *dicta* that "[m]aterials submitted in response to a CID are considered confidential" pursuant to 12 U.S.C. § 5562(d) and that "a recipient may withhold responsive material based on a 'claim of privilege,' 12 C.F.R. § 1080.8(a)"), *aff'd*, 785 F.3d 684 (D.C. Cir. 2015). The Court has been unable to locate any statute, rule, or case that requires or permits the recipient of a CID to withhold otherwise discoverable documents from production in private civil litigation because they were previously submitted to the CFPB pursuant to a CID.

communications on its privilege log, in accordance with Local Civil Rule 26.2, and promptly notify the Bureau of the dispute so that it can determine whether to assert a claim of privilege. *See Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 286 (S.D.N.Y. 2013) ("The bank examination privilege must be asserted by the banking regulator, and the regulator has the burden of establishing that the privilege applies to the documents at issue.").

    c.  <u>Other Issues Raised by Plaintiffs</u>. The Court defers ruling on plaintiffs' assertion that "Defendants have failed to produce multiple categories of documents clearly responsive to Plaintiffs' document requests." Pl. Ltr. Mtn. at 2. The parties shall meet and confer regarding that dispute, and any other disputes remaining open from plaintiffs' May 1, 2020 letter-motion, on the scheduled provided below in paragraph 3.

3.  <u>Procedure for Remaining Disputes and Case Scheduling</u>.

    a.  No later than **June 4, 2020**, the parties shall meet and confer in good faith regarding (i) any remaining unresolved disputes raised by the letter-motions addressed above in paragraphs 1 and 2, and (ii) a proposed revised discovery schedule for the remainder of discovery, including fact depositions and class discovery.

    b.  No later than **June 11, 2020**, the parties shall file a joint letter, limited to six pages in total (exclusive of attachments), updating the Court on which of their disputes, if any, remain unresolved, succinctly describing those areas of disagreement, and attaching the relevant portions (and only the relevant portions) of the underlying discovery demands and responses. If the same or

similar discovery demands and responses have been served on or by multiple parties, only one exemplar set need be attached. The joint letter shall also propose a revised schedule for the remainder of fact and class discovery. If the parties disagree as to an element of that schedule, they may submit separate proposals as to such element, without argument.

c.  Judge Moses will conduct a further telephonic discovery conference on **June 18, 2020, at 10:30 a.m.** At that time, the parties shall dial in to the following teleconference: call in number: **888-557-8511**; access code: **7746387**.

The Clerk of Court is respectfully directed to terminate the letter-motions at Dkt. Nos. 140 and 146 in Case No. 18-CV-1781, and Dkt. Nos. 83 and 89 in Case No. 18-CV-7692.

Dated: New York, New York
     May 15, 2020                    **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**