


Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-812-8325
Direct Fax: 212-812-8385
gcasamento@lockelord.com

**MEMO ENDORSED**

May 13, 2020

BY CM/ECF

Honorable Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application GRANTED. Dkt. Nos. 156, 157, 158, 159, 160, 161, 162, 163, 164, and 165 shall remain under seal. SO ORDERED.
>
> Barbara Moses, U.S.M.J.
> May 18, 2020

Re:   *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-cv-1781 (PGG)
       *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2006-4 et al.,* 18-cv-7692 (PGG)

Dear Judge Moses:

We represent National Collegiate Student Loan Trusts 2007-2, 2007-3, 2006-4 and 2004-2 (the "Trusts") in the above-referenced consolidated action. Pursuant to Your Honor's directive yesterday during the parties' conference before the Court, and Your Honor's Individual Practice No. 3, the Trusts write to request permission to file certain documents under seal in connection with their pending motion to compel against plaintiffs.

As set forth in the Trusts' May 7, 2020 Letter enclosing the discovery requests at issue in this motion, plaintiffs have designated the entirety of each of their responses to the Trusts' discovery requests, including non-substantive responses to production requests, as "Confidential" under the terms of the Protective Order in this case (Dkt. No. 92). Although the Trusts disagree with plaintiffs' confidentiality designations, the Protective Order mandates that the Trusts file these responses under seal unless the parties can either reach agreement that the materials are not confidential or the parties address the dispute over confidentiality with the Court. (Dkt. No. 92, ¶ 12). The parties have not reached an agreement nor have they yet addressed the issue of confidentiality with the Court.[1]   Accordingly, the Trusts request permission to file plaintiffs'

---

[1] Paragraph 2 of the Protective Order sets forth the limits on what may be designated as confidential. (Dkt. No. 92, ¶ 2). The categories are generally limited to non-disclosed business information and personal information, and may be applied to "only the portion of [discovery] material that [the producing party] reasonably and in good faith believes consists of …" confidential information as defined in Paragraph 2 of the Protective Order. Non-substantive objections

Hon. Barbara Moses, U.S.M.J.
May 13, 2020
Page 2

Responses and Objection to the Trusts' discovery requests under seal in order for the Court to rule on the pending motion to compel.

Your Honor also indicated that the Court requires the Trusts submit for the Court's review, in connection with the Trusts' pending motion, the Affidavit of Plaintiff Sandra Tabar. Because plaintiffs have also marked this document as "Confidential", the Trusts seek permission to file this Affidavit under seal as well.

In sum, the Trusts request permission to file the following documents under seal:

1. Plaintiffs Bifulco's & Butry's Responses and Objections to the 2004-2 Trust's First Set of Requests for Production;
2. Plaintiff Frauenhofer's Responses and Objections to the 2006-4 Trust's First Set of Requests for Production;
3. Plaintiffs Michelo's & Tabar's Responses and Objections to the 2007-2 Trust's First Set of Requests for Production;
4. Plaintiffs K. Seaman's & Re Seaman's Responses and Objections to the 2007-3 Trust's First Set of Requests for Production;
5. Plaintiffs Bifulco's & Butry's Responses and Objections to the 2004-2 Trust's First Set of Interrogatories;
6. Plaintiff Frauenhofer's Responses and Objections to the 2006-4 Trust's First Set of Interrogatories;
7. Plaintiffs Michelo's & Tabar's Responses and Objections to the 2007-2 Trust's First Set of Interrogatories;
8. Plaintiffs K. Seaman's & Re Seaman's Responses and Objections to the 2007-3 Trust's First Set of Interrogatories;
9. Plaintiffs Michelo's, Re Seaman's, Bifulco's, & Frauenhofer's Responses and Objections to the Trusts' Second Set of Requests for Production; and
10. Affidavit of Plaintiff Sandra Tabar, dated March 4, 2020.

Pursuant to Your Honor's Individual Practices, each of these documents are being contemporaneously filed under seal in the ECF system and electronically related to the instant letter-motion.

Thank you for Your Honor's attention to this matter.

---

to requests for production and interrogatory responses that do not contain substantive information do not appear to be confidential under the Protective Order. Nonetheless, plaintiffs have designated the entirety of each of their responses as Confidential. The Trusts have requested that plaintiffs' counsel withdraw the designations because the Trusts do not believe that the responses contain any information that warrants a "Confidential" designation under the Protective Order. Plaintiffs have refused to do so.

Hon. Barbara Moses, U.S.M.J.
May 13, 2020
Page 3

                                                Respectfully,

                                                */s/ Gregory T. Casamento*

                                                Gregory T. Casamento

cc: All counsel of record (by CM/ECF)