# Plaintiffs' Exhibit B

**FRANK** LLP

Morgan I. Marcus
March 1, 2020
Page 2

allegedly owed to a Trust," including, without limitation, "job-description documents, training manuals, checklists, and protocols governing the actions of Your employees who performed tasks in connection with the Subject Debt Collection Lawsuits." (Req. No. 17).

TSI never produced any such documents concerning the Subject Affiants' job duties. Defense Counsel represented that you were gathering, and then that you had produced, every existing document responsive to Plaintiffs' RFP,[5] pursuant to meet-and-confers on August 14 and August 29 of 2019.

During the Deposition, your representations were exposed as untrue. Contrary to Defense Counsel's representations but consistent with common sense, TSI did provide written guidance to its affiant employees on how to conduct their job responsibilities. Mr. Luke stated without equivocation that (1) such a manual for the members of the "Affiant Team" (including the Subject Affiants) has existed since at least 2012, (2) the manual was originally referred to as the "Procedure" and later was known as the "Job Aid", (3) the manual has gone through various revisions, (4) it changed in length from 20 to 40 pages during the time period relevant to the Subject Debt Collection Lawsuits (2012 to 2016), (5) the manual was the subject of question-and-answer sessions between Affiant Team members and their supervisor (namely, Mr. Luke), and (6) Mr. Luke still has copies of the Procedure/Job Aid in its various iterations. (Dep. Tr. 159:17–172:23).

As this case centers around the alleged systemic misconduct of TSI's affiants, the manual governing those affiants is plainly a central piece of evidence. Request No. 17—which calls for any such manuals—is clearly written and impossible to misinterpret.

You must immediately produce all versions of the Affiant Team manual, including those known as Procedure or Job Aid; and all emails, memoranda, notes (electronic or handwritten), and other writings concerning those documents.[6] We reserve the right to re-call Mr. Luke for further deposition testimony after we review the documents that you produce to cure these discovery deficiencies.

---

[5] These August 2019 discussions were prompted by Plaintiffs' concerns that there were gaping holes in your initial production of May 20, 2019, which included <u>only</u> documents that appeared to be specific to individual Plaintiffs, and <u>none</u> of TSI's internal manuals and protocols governing employees' duties and activities. When you did ultimately produce internal TSI manuals and protocols, they consisted <u>only</u> of Standard Operating Procedures ("SOPs") governing Law Firms' work on accounts referred by TSI, and various appendices thereto.

[6] When testifying about the Affiant Team, Mr. Luke was unsure about which members of the Affiant Team (including the Subject Affiants) were part of that team at which times, but that this information could be ascertained through TSI's human resources personnel files. (Dep. Tr. 139:14–141:11). The RFP called for such organization information, (Req. No. 1), and it should have been produced long ago.