# Plaintiffs' Exhibit G

March 12, 2020
Page 2

that has been produced thus far as well as the written objections that were served by the Trust Defendants on February 19, 2019.[1] We have also reviewed your communication from August 20, 2019, which contrary to your characterization is simply an email comprised of three bullet points, and your September 3, 2019 email, to which we previously responded. Notwithstanding Plaintiffs' silence for the past five months (since September) that any other assignment documentation was outstanding, and although responsive documents have already been produced to Plaintiffs, the Trust Defendants are willing to also produce the Schedules to each of the relevant Pool Supplements, which you now contend should have been included with prior productions. These schedules will be produced with necessary redactions. The metadata will be intact, demonstrating relevant historical information concerning these documents. As to Plaintiffs' contention that placeholder pages referencing the Schedules were not provided for certain of the Pool Supplements, the Trust Defendants will also produce copies of those particular Pool Supplements containing the placeholder pages, although other duplicative information and documentation were previously produced. Despite this willingness to provide you with these additional documents that are redundant and unnecessary, we should again be clear that your accusation that the Trust Defendants have spoliated any assignment documentation is misplaced and based on a gross distortion of Mr. Luke's deposition testimony as well as a mischaracterization of the discovery that has been produced in this litigation.

In addition, the document entitled "TPW_Roster_NCSLT 2006-4" was produced to Plaintiffs many months ago on September 4, 2019 in response to your August 20, 2019 email requesting certain loan "schedules". (*See* NCSLT_00805-002052). As you well know, at no time following its production did you raise any questions or issues about the content of this document or the manner in which it was produced by the Trust Defendants. Had you done so, the Trust Defendants would have promptly responded. Despite Plaintiffs' failure to also timely raise any issue with this document, we will reproduce it to you in the format that it was received with its metadata intact, which will provide any historical information that you now contend is somehow relevant. If you have any additional questions regarding the document, you should let us know immediately upon receipt rather than waste any additional time.

The Trust Defendants are also willing to provide you with the attachments to the "Servicer Consent Letters" that were produced on February 3, 2020, subject to any necessary redactions as to borrowers other than Plaintiffs and with metadata intact.

And as to the "Amended and Restated Note Purchase Agreement dated as of July 26, 2002" referenced in NCSLT_000102 that you also failed to raise before now, Mr. Luke's testimony is that this document is not relevant to this litigation. Indeed, it is neither relevant nor proportional to the needs of the case. As such, this document is not properly discoverable and was not "missing"

---

[1] As to your demand for discs or correspondence concerning the transmission of those discs to Mr. Luke from First Marblehead in 2016, we have now confirmed that none of those discs relate to the Trust Defendants. And in any event, any request for those materials would be properly directed to TSI rather than the Trust Defendants, as Mr. Luke testified that he received those discs in his capacity as an employee of TSI.