# Trusts Ex. A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

No. 18-cv-1781 (PGG)

CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

No. 18-cv-7692 (PGG)

**PLAINTIFFS MUTINTA MICHELO, MARY RE SEAMAN, CHRISTINA BIFULCO AND CORI FRAUENHOFER'S RESPONSES AND OBJECTIONS TO THE TRUST DEFENDANTS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**CONFIDENTIAL**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules applicable to the Southern District of New York ("Local Rules"), Plaintiffs Mutinta Michelo, Mary Re Seaman ("Re Seaman"), Christina Bifulco, and Cori Frauenhofer (together referred to herein as "Plaintiffs") hereby respond and object as follows to Defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3's (the "Trust Defendants" or "Defendants") Second Set of Production Requests (the "RFP").

**PRELIMINARY STATEMENT**

Plaintiffs' investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

By making the responses and objections herein to the RFP, Plaintiffs do not waive, and hereby expressly reserve, the right to assert any objections as to the admissibility of documents and information into evidence in this action, or in any other proceeding, on any grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

Further, Plaintiffs make the responses and objections herein without in any way implying that they consider the RFP, and documents and information responsive the requests therein, to be relevant or material to the subject matter of this action.

Plaintiffs will produce responsive documents only to the extent that such documents are in their possession, custody, or control, and are reasonably accessible, as set forth in the Federal Rules of Civil Procedure. To the extent that Plaintiffs produce responsive documents that they have received from Plaintiffs' Counsel, such production does not constitute waiver of any privilege or protection from disclosure.

A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiffs performed any of the acts described in the document request, or definitions and/or instructions applicable to the document request, or that Plaintiffs acquiesce in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

Plaintiffs expressly reserve the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) at any time up to and including during trial.

No objection made herein, or lack thereof, shall be deemed an admission by Plaintiffs as to the existence or non-existence of any documents.

Plaintiffs will make available for inspection at Plaintiffs' Counsel's offices responsive documents. Alternatively, Plaintiffs will produce copies of the documents.

This preliminary statement shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages.

## GENERAL OBJECTIONS

1. Plaintiffs object to the "Definitions" and "Instructions" sections of the RFP to the extent that they impose any obligations beyond those which are required by the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law.

2. Plaintiffs object to the RFP to the extent that Defendants seek disclosure of information beyond that which is required to be disclosed by the Federal Rules of Civil Procedure or the Local Rules.

**CONFIDENTIAL**

3. Plaintiffs object to the RFP to the extent that Defendants seek information protected from disclosure by the right to privacy of any person under the laws, by the rights and privileges afforded by Article I, Section 1 of the New York constitution, or by any other applicable privilege or immunity.

4. Plaintiffs object to the RFP to the extent that its requests are duplicative or redundant.

5. Plaintiffs object to the RFP to the extent that Defendants purport to seek disclosure of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, or any other applicable privilege or immunity. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege.

6. Plaintiffs object to the RFP to the extent that Defendants seek discovery of documents not relevant to any party's claims or defenses.

7. Plaintiffs object to the RFP to the extent that Defendants seek documents that are publicly available, or that are otherwise a matter of public record.

8. Plaintiffs object to the RFP to the extent that Defendants seek documents that may be more expeditiously obtained by Defendants.

9. Plaintiffs object to the RFP to the extent that the burden of obtaining responsive documents is substantially the same for Defendants as it is for Plaintiffs, and to the extent that Defendants seek information that is within the custody or control of, or might otherwise be obtained by, Defendants.

10. Plaintiffs object to the RFP to the extent that Defendants seek documents that are not proportional to the needs of the case, considering the importance of the issues at stake in this

action, the amount in controversy, the parties' relevant access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiffs' General Objections are not waived, or in any way limited, by the following Specific Responses and Objections, and are hereby incorporated in full into each Response to each Request set forth in the RFP.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 1**

Documents relating in any way to communications by you or your counsel with any potential putative class member about this lawsuit or any of the allegations set forth in the Complaint.

**Response to Request No. 1**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs respond and object that:

a) This request seeks documents that are not relevant to any claims or defenses in this case.

b) This overbroad request is an improper attempt by Defendants to procure privileged communications and work product.

c) This overbroad request is an improper attempt by Defendants to compel Plaintiffs' Counsel to violate the professional and ethical duties they owe to prospective clients with whom they might have communicated.

Subject to and without waiving these objections, Plaintiffs state that no nonprivileged documents responsive to this request are in their possession, custody, or control; however,

**CONFIDENTIAL**

nothing in this response constitutes a statement that Plaintiffs' Counsel have or have not communicated with members of the Class here, or will or will not do so.

[redacted]

**CONFIDENTIAL**

Dated: New York, New York
April 7, 2020

**FRANK LLP**

By: *__/s/ Gregory A. Frank____*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

***Attorneys for Plaintiffs***