# Trusts Ex. C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 18-cv-1781 (PGG) |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 18-cv-7692 (PGG) |

**PLAINTIFFS MUTINTA MICHELO AND SANDRA TABAR'S
RESPONSES AND OBJECTIONS TO
DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2'S
FIRST SET OF INTERROGATORIES**

CONFIDENTIAL

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules applicable to the Southern District of New York ("Local Rules"), Plaintiffs Mutinta Michelo and Sandra Tabar (together referred to herein as "Plaintiffs") hereby respond and object as follows to Defendant National Collegiate Student Loan Trust 2007-2's ("Trust 2007-2" or "Defendant") First Set of Interrogatories (the "Interrogatories").

## **PRELIMINARY STATEMENT**

Plaintiffs' investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

By making the responses and objections herein to the Interrogatories, Plaintiffs do not waive, and hereby expressly reserve, the right to assert any objections as to the admissibility of documents and information into evidence in this action, or in any other proceeding, on any grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

Further, Plaintiffs make the responses and objections herein without in any way implying that they consider the Interrogatories, and information responsive to the requests therein, to be relevant or material to the subject matter of this action.

Plaintiffs will provide information only to the extent that same is in their knowledge.

A response to an interrogatory stating objections and/or disclosing information shall not be deemed or construed that there is, in fact, responsive information, that Plaintiffs performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Plaintiffs acquiesce in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to it. By responding to an interrogatory, Plaintiffs do not acknowledge or concede the truth or accuracy of any

**CONFIDENTIAL**

characterization, allegation, or statement made in that interrogatory, and Plaintiffs object generally to such characterizations, allegations, or statements.

Plaintiffs expressly reserve the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) at any time up to and including during trial.

No objection made herein, or lack thereof, shall be deemed an admission by Plaintiffs as to the existence or non-existence of any items of information.

This preliminary statement shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages.

**GENERAL OBJECTIONS**

1. Plaintiffs object to the "Definitions" and "Instructions" sections of the Interrogatories to the extent that they impose any obligations beyond those which are required by the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable law.

2. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks disclosure of information beyond that which is required to be disclosed by the Federal Rules of Civil Procedure or the Local Rules.

3. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks information protected from disclosure by the right to privacy of any person under the laws, by the rights and privileges afforded by Article I, Section 1 of the New York constitution, or by any other applicable privilege or immunity.

4. Plaintiffs object to the Interrogatories to the extent that they are duplicative or redundant.

**CONFIDENTIAL**

5. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 purports to seek disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, or any other applicable privilege or immunity. The inadvertent production of any privileged item of information shall not be deemed a waiver of any applicable privilege.

6. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks discovery of information not relevant to any party's claims or defenses.

7. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks information that is publicly available, or otherwise a matter of public record.

8. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks information that may be more expeditiously obtained by Trust 2007-2.

9. Plaintiffs object to the Interrogatories to the extent that the burden of obtaining responsive information is substantially the same for Trust 2007-2 as it is for Plaintiffs, and to the extent that Trust 2007-2 seeks information that is within the custody or control of, or might otherwise be obtained by, Trust 2007-2.

10. Plaintiffs object to the Interrogatories to the extent that Trust 2007-2 seeks information that is not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relevant access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

11. Plaintiffs object to the Interrogatories to the extent that they exceed the number allowable under Rule 33(a)(1), which imposes a limit of 25 written interrogatories, including all discrete subparts.

**CONFIDENTIAL**

12.  Plaintiffs further object to the Interrogatories to the extent that they are compound, making them indecipherable and further violating Rule 33(a)(1). Plaintiffs, without waiving this objection, nevertheless have answered all Interrogatories.

13.  Plaintiffs object to the Interrogatories to the extent they are improper and premature, and reserve the right to supplement their interrogatory responses pursuant to Rule 26, among other law.

Plaintiffs' General Objections are not waived, or in any way limited, by the following Specific Responses and Objections, and are hereby incorporated in full into each Response to each Request set forth in the Interrogatories.

**SPECIFIC RESPONSES AND OBJECTIONS**

[redacted]

5



**Interrogatory No. 20**

Describe and quantify all of the damages you allege you suffered as a result of the 2007-2 Trust's conduct alleged in the Complaint, including but not limited to, an itemization of such alleged damages and all facts supporting your claimed damages.

**Response to Interrogatory No. 20**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object that this interrogatory is premature.

**CONFIDENTIAL**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████

Dated:   New York, New York
         May 17, 2019

**FRANK LLP**

By:   */s/ Gregory A. Frank*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

***Attorneys for Plaintiffs***

17