UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court having carefully reviewed (a) the portions of the parties' joint letter dated June 15, 2020 (Dkt. No. 182 in Case No. 18-CV-1781, Dkt. No. 122 in Case No. 18-CV-7692) addressing plaintiffs' request that defendant Transworld Systems Inc. (TSI) produce various categories of documents concerning its relationship with defendant Forster & Garbus (Forster); and (b) TSI's letter dated June 19, 2020, which attached the relevant portions of its privilege log (Dkt. No. 186 in Case No. 18-CV-1781, Dkt. No. 125 in Case No. 18-CV-7692); it is hereby ORDERED that:

    1.    TSI shall produce the documents described in category 1, modified as follows: "Documents concerning how TSI ~~selects Law Firms such as~~ <u>selected</u> Forster for inclusion in its nationwide 'Attorney Network' of local counsel to which Trust accounts are referred."

2. TSI shall produce the documents described in category 2: "Documents concerning Forster's 'market share'—a Law Firm's fixed percentage of TSI account referrals for litigation, within the jurisdiction where it litigates."

3. TSI shall produce the documents described in category 3: "Documents concerning TSI's annual audits of Forster's work for the benefit of Trusts."

4. TSI need not produce the documents described in category 4: "Documents reflecting instances in which TSI called back a Trust account that had been referred to a Law Firm, because TSI lacked proof of indebtedness."

5. TSI need not produce the documents described in category 5: "Documents reflecting Law Firm requests to TSI for additional documents in connection with state-court consumer-defendants' demands for discovery against the Trusts."

6. With respect to the documents described in category 6 ("Documents reflecting instances in which members of the Affiant Team testified in state court as the Trusts' witness. Such documents (1) include, without limitation, transcripts of state-court testimony, and (2) must reflect details including, without limitation, the costs of such appearances, and whether the outcome was dismissal."), TSI is not required to prepare documents or compile data for the purpose of responding to this category, but must produce any extant documents or compilations that summarize or track state court testimony by members of the Affiant Team (including transcripts if part of or appended to the document or compilation); the cost of such testimony; and/or the outcome of the cases where such testimony was presented.

If and to the extent TSI contends that specific portions of the documents that the Court has directed it to produce reveal attorney-client privileged communications, it may redact those portions, but must then serve an amended privilege log establishing, for each such redaction, "the privilege's 'essential elements'—that the communications at issue were '(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice.'" *In re Aenergy, S.A.*, 2020 WL 1659834, at *1 (S.D.N.Y. Apr. 3, 2020) (quoting *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). To that end, the amended log must list, for each such redaction, the information required by Local Civil Rule 26.2(a)(2)(A) or (B), as applicable.

Dated: New York, New York
       July 17, 2020

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**