UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

　　　　Plaintiffs,

　-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

　　　　Defendants.

18-CV-1781 (PGG) (BCM)

---

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

　　　　Plaintiffs,

　-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

　　　　Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER**

---

**BARBARA MOSES, United States Magistrate Judge.**

　　The Court held a telephonic discovery conference in these actions on August 4, 2020. Prior to the conference, the Court received and reviewed the parties' joint letter, dated July 28, 2020 (Joint Ltr.) (Dkt. No. 198 in Case No. 18-cv-1781; Dkt. No. 135 in Case No. 18-cv-7692) outlining several discovery disputes among the parties. For the reasons stated on the record during the August 4 conference, it is hereby ORDERED that:

　　1. <u>CFPB Documents</u>. Plaintiffs and defendant TSI shall meet and confer promptly in an effort to resolve or narrow their remaining disputes concerning plaintiffs' Document Request No. 19, which seeks all documents that TSI produced to the CFPB in connection with the CFPB investigation and legal action specified in the request. To

the extent that TSI objects to the request as overbroad and/or disproportionate to the needs of the case, TSI must disclose the CFPB's underlying document requests, interrogatories, and/or other information requests, as well as the volume of documents and/or other information produced in response thereto. *See generally Munoz v. PHH Corp.*, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013). If the parties are unable to resolve their remaining disputes, TSI shall file its motion for a protective order no later than **August 18, 2020**. Plaintiffs shall file their opposition papers no later than **September 1, 2020**, and TSI shall file its optional reply papers no later than **September 8, 2020**.

2. Affiant Checklists. No later than **August 28, 2020**, TSI shall either produce the missing checklists or state under oath that it cannot produce them and explain why not.

3. Missing Emails. On a rolling basis, but no later than **August 28, 2020**, TSI shall produce all remaining emails concerning the manual and checklists referenced in the January 6, 2020 affidavit of James Cummins.

4. Schedule CD and "Rosters" Listings. Plaintiffs and defendant Trusts together shall coordinate with the counterparties in possession of: (1) the missing "Schedule CD" listing individual loans purportedly assigned from banks to the Trusts' pass-through entity, for subsequent assignment to Trust 2004-2; and (2) the missing "Rosters" listing which individual loans purportedly owned by Trusts 2004-2 and 2007-2 were to be serviced by which servicer. The Trusts shall disclose to plaintiffs the identities of the individuals at the counterparties with whom they have been working to obtain the missing documents; however, plaintiffs shall not contact those individuals except in the presence of or with the express consent of the Trusts. No later than **August 28,**

**2020**, the Trusts shall produce the missing listings or state under oath that it cannot produce them and explain why not.

5. Class Discovery. The parties have agreed in principle to conduct class discovery "via a sampling of Defendants' documents concerning state-court actions against unnamed members of the putative classes," Joint Ltr. at 4, but disagree as to an appropriate sample size. Plaintiffs assert that "the case law on point dictates a minimum 10% sampling," citing *Hallmark v. Midland Funding LLC*, 304 F.R.D. 165 (W.D.N.Y. 2015) and similar cases. *Id*. Defendants contend that 10% would be overly burdensome and propose a 3.5% sample, citing an unpublished order in *Williams v. Rushmore Loan Svcs, LLC*, No. 3:17-CV-538-RNC, ECF No. 158 (D. Conn. April 24, 2020). *Id*. at 6. During the August 4 discovery conference, defendants' counsel advised the Court that there were approximately 1,250 members of the proposed New York class, but did not provide any estimate for the proposed nationwide class.

In *Hallmark*, where the court authorized discovery concerning 10% of approximately "6,800 sets of records," 304 F.R.D. at 169, a class had already been certified pursuant to Fed. R. Civ. P. 23. *Id*. at 167. The discovery at issue was core merits discovery and concerned an issue as to which defendants bore the burden of proof. *Id*. at 168. Here, by contrast, the discovery goes to whether a class should be certified in light of the criteria set forth in Rule 23, including commonality, typicality, and whether common questions predominate over questions affecting only individual class members. The sample need only be large enough to reliably answer those questions. In *Williams* – which, like this case, involved a request for pre-certification discovery involving

multiple underlying state-court litigations – the court concluded that a sample of "25 Connecticut foreclosure files" was sufficient. However, the proposed class period in that case was only approximately one year. On balance, considering the needs of this case and the breadth and scope of the documents requested for each potential class member in the sample (*see* Joint Ltr. Ex. A), the Court concludes that a random sample of 5% of the proposed New York class would reasonably accommodate plaintiffs' need for pre-certification discovery (as to that proposed class) without overburdening defendants. The parties shall promptly meet and confer concerning (a) the sampling methodology to be employed in New York, and (b) the estimated size of the potential nationwide class, as well as any anticipated state to state differences, in a good faith effort to negotiate a protocol for further sampling, on a staged basis, beyond New York.

6. Plaintiffs' Interrogatory Responses. Plaintiff Bifulco shall promptly amend her response to Interrogatory No. 7 to state whether she (or counsel on her behalf) communicated with potential putative class members and the number of individuals with whom such communications occurred. In accordance with this Court's prior rulings, plaintiffs need not identify each such individual.

Dated: New York, New York
August 6, 2020

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**