USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 14, 2020, defendant Transworld Systems Inc. (TSI) filed a letter-motion (TSI Ltr.) (Dkt. No. 211 in Case No. 18-CV-1781, Dkt. No. 144 in Case No. 18-CV-7692) that the Court has construed as a motion for reconsideration of ¶ 1 of its Order dated August 6, 2020 (Aug. 6 Order) (Dkt. No. 204 in Case No. 18-CV-1781, Dkt. No. 141 in Case No. 18-CV-7692), relating to plaintiffs' underlying Document Request No. 19 (Request No. 19). For the reasons discussed on the record at the August 26, 2020 hearing on TSI's motion, and summarized below, the motion will be granted in part, to the extent described below, and otherwise denied.

**Background**

Request No. 19 (s*ee* Dkt. No. 190 in Case No. 18-CV-1781, at 2; Dkt. No. 127 in Case No. 18-CV-7692, at 2) is a "cloned" discovery demand, *see Munoz v. PHH Corp.*, 2013 WL 684388, at *4 (E.D. Cal. Feb. 22, 2013), in that it asks TSI to produce the same documents that

TSI previously produced to the Consumer Financial Protection Bureau (the CFPB or Bureau) in two related proceedings brought by the Bureau: (1) an investigation of TSI, which ended in 2017 with the entry of a consent order finding that TSI engaged in various unlawful practices while attempting to collect and collecting student loan debt on behalf of certain of its codefendants herein (the Trust Defendants), *see* Consent Order, *In re Transworld System, Inc.*, File No. 2017-CFPB-0018 (CFPB Sept. 15, 2017), available at https://www.consumerfinance.gov/policy-compliance/enforcement/actions/national-collegiate-student-loan-trusts-and-transworld-systems-inc/; and (2) a still-pending CFPB enforcement action against the Trust Defendants, titled *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 17-CV-01323-UNA (D. Del.), arising out of the same alleged conduct. The claims in this case – a putative class action brought by student loan borrowers allegedly victimized by defendants' unlawful debt-collection practices – overlap substantially with the issues investigated and/or sanctioned by the CFPB in these two proceedings. *See*, *e.g.*, Consol. Compl. (Dkt. No. 124 in Case No. 18-CV-1781, Dkt. No. 72 in Case No. 18-CV-7692) ¶¶ 4, 5, 13, 15, 257-265.

TSI has refused to produce documents in response to Request No. 19, and since May of this year has offered an evolving list of reasons why it should not be required to do so. First, in a letter dated May 6, 2020 (May 6 Ltr.) (Dkt. No. 148 in Case No. 18-CV-1781, Dkt. No. 91 in Case No. 18-CV-7692), filed in response to plaintiffs' May 1, 2020 letter-motion to compel additional discovery (Dkt. No. 146 in Case No. 18-CV-1781, Dkt. No. 89 in Case No. 18-CV-7692), TSI argued that 12 U.S.C. § 5562(d), which governs CFPB investigations, creates a "confidentiality privilege" covering materials submitted in response to a CFPB civil investigative demand (CID), which in turn permitted it to refuse to respond to Request No. 19. May 6 Ltr. at 4.

2

Following a discovery hearing on this and other issues, this Court rejected TSI's argument, explaining that 12 U.S.C. § 5562(d) and related regulations, *see* 12 C.F.R. § 1080.8(a), govern "the circumstances under which the CFPB itself may disclose material received in the course of an investigation," as well as the circumstances under which the recipient of a CID may assert a claim of privilege to withhold material from disclosure *to the CFPB*, but do not require or permit "the recipient of a CID to withhold otherwise discoverable documents from production in private civil litigation because they were previously submitted to the CFPB pursuant to a CID." Order dated May 15, 2020 (May 15 Order) (Dkt. No. 167 in Case No. 18-CV-1781, Dkt. No. 110 in Case No. 18-CV-7692), at 6 n.2. In a very recent, strikingly similar case, Judge Hummel made the same point, explaining that 12 U.S.C. § 5562(d) and 12 C.F.R. § 1080.8(a) are silent as to whether the recipient of a CID may or must refuse to further disclose the material that it produced to the CFPB in response to that CID. *See Chery v. Conduent Educ. Servs., LLC*, 2020 WL 4783167, at *10, 12 (N.D.N.Y. August 18, 2020) (holding that nothing in the statute or the regulation precluded plaintiff Chery from obtaining documents relating to consent orders entered into between defendant Conduent, which serviced his student loans, and the CFPB).

In the May 15 Order, this Court also noted that, "to the extent TSI relies on the qualified 'bank examination privilege' to shield communications between it and the CFPB . . . it must . . . promptly notify the Bureau of the dispute so that it can determine whether to assert a claim of privilege." May 15 Order at 6-7 (citing *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 286 (S.D.N.Y. 2013) ("The bank examination privilege must be asserted by the banking regulator, and the regulator has the burden of establishing that the privilege applies to the documents at issue.")).

Next, in a letter-motion dated June 30, 2020 (June 30 Ltr.) (Dkt. No. 190 in Case No. 18-CV-1781, Dkt. No. 127 in Case No. 18-CV-7692), in which it sought leave to file a formal protective order motion on the same issue, TSI presented a variant of its original argument, together with two new arguments, as follows: (a) that the CFPB's regulations at 12 C.F.R. §§ 1070, *et seq.*, oblige TSI to keep confidential the documents it previously produced to the CFPB pursuant to a CID; (b) that requiring TSI to respond to Request No. 19 would allow plaintiffs to "reverse engineer" the CFPB's "investigative techniques," which would "weaken the efficacy of the CID process" and "affect[] the integrity of the CFPB investigatory role"; and (c) that Request No. 19 is overbroad and not proportional to the claims in this case because the CFPB proceedings were broader in time and scope than this case. *See* June 30 Ltr. at 2-3; *id.* Ex. A (proposed protective order motion) at 11-16.

During a telephonic discovery conference held on August 4, 2020, the Court rejected TSI's first two arguments. The regulatory argument failed because, as the Court first ruled in May, nothing in the CFPB's regulations require the recipient of a CID to keep the contours of its document production secret. *See* Transcript of August 4, 2020 Tel. Conf. (Aug. 4 Tr.) (Dkt. No. 205 in Case No. 18-CV-1781) at 10:6-8 ("I don't think the documents are inherently confidential, as I previously ruled"); May 15 Order at 6 n.2.[1]

---

[1] In its proposed protective order motion, TSI highlighted 12 C.F.R. §§ 1070.30-1070.37, which generally require (a) that persons seeking documents or testimony from the CFPB, including for use in private civil actions, must request such documents or testimony from the Bureau's General Counsel (rather than, for example, serving a demand or subpoena on the CFPB employee with possession of the file or personal knowledge of the facts) and abide by the General Counsel's decision, *see* 12 C.F.R. §§ 1070.31-33, and (b) that individual CFPB employees, if not authorized to respond by the General Counsel, "shall decline to comply with the demand citing this subpart and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)." 12 C.F.R. § 1070.35. According to TSI, none of these regulations "give the CID respondent – like TSI – the right to provide documents previously produced to the CFPB to third parties . . . absent the

As to the "reverse engineering" argument, TSI failed to provide any case law to support its position. *See* Aug 4 Tr. at 7:24-8:9 ("I haven't found any cases that would support . . . the notion that there's something inherently improper or suspect about allowing a private party . . . to follow in the footsteps of the CFPB.").

With respect to the overbreadth argument, the Court suggested that the parties follow the approach noted with approval by Judge McAuliffe in *Munoz*, where, in response to a similar overbreadth argument, plaintiffs "narrowed" their cloned discovery request, agreeing to accept "production of only those documents that Defendants produced in response to thirteen (13) of the CFPB's thirty-three (33) Document Requests." 2013 WL 684388, at *2. *See* Aug. 4 Tr. at 7:15-24. TSI's counsel initially agreed with that approach. *See id*. 8:13-17 ("I believe what you're proposing as far as a meet and confer to identify specific requests . . . that TSI would respond to, is a good idea, and that's really what we've been asking for the whole time."). Consequently, the Court directed the parties as follows:

---

requesting party's compliance with § 1070.30, *et seq*." June 30 Ltr. Ex. A, at 10. In making this argument, TSI misses the forest for the trees. 12 C.F.R. §§ 1070.30-1070.37 comprise the CFPB's "*Touhy* regulations," which apply, by definition, only to subpoenas or other demands for "CFPB information," including documents contained "in the files of the CFPB" and information "acquired by a CFPB employee" within the scope of that employee's official duties. 12 C.F.R. § 1070.30(a). Like the *Touhy* regulations adopted by other federal agencies, these provisions function in large part to "centralize decision-making and reduce the burden on governmental agencies." *Manzo v. Stanley Black & Decker, Inc.*, 2017 WL 1194651, at *9 (E.D.N.Y. Mar. 30, 2017); *see also Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (*Touhy* regulations "conserve governmental resources where the United States is not a party to the suit, and . . . minimize governmental involvement in controversial matters unrelated to official business."); *Koopmann v. United States Dep't of Transportation*, 335 F. Supp. 3d 556, 558 (S.D.N.Y. 2018) (explaining purposes of *Touhy* regulations and holding that USDOT may not use such regulations to prohibit former employees from testifying in private litigation). Since §§ 1070.30-1070.37 say nothing about whether and when CID respondents may (or must) produce documents in their own files, it is hardly surprising that these provisions do not expressly give such respondents the "right" to comply with the Federal Rules of Civil Procedure.

> Plaintiffs and defendant TSI shall meet and confer promptly in an effort to resolve or narrow their remaining disputes concerning plaintiffs' Document Request No. 19, which seeks all documents that TSI produced to the CFPB in connection with the CFPB investigation and legal action specified in the request. To the extent that TSI objects to the request as overbroad and/or disproportionate to the needs of the case, TSI must disclose the CFPB's underlying document requests, interrogatories, and/or other information requests, as well as the volume of documents and/or other information produced in response thereto. *See generally Munoz v. PHH Corp.*, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013). If the parties are unable to resolve their remaining disputes, TSI shall file its motion for a protective order no later than August 18, 2020. Plaintiffs shall file their opposition papers no later than September 1, 2020, and TSI shall file its optional reply papers no later than September 8, 2020.

Aug. 6 Order ¶ 1.

### **The Present Motion**

Since August 4, TSI has had a change of heart. In the letter-motion now before the Court, filed on August 14, 2020, TSI seeks "clarification" concerning the Aug. 6 Order in light of *Frank LLP v. Consumer Financial Protection Bureau*, 2020 WL 4500999 (D.D.C. Aug. 5, 2020). TSI Ltr. at 1. In *Frank Law*, which was brought by the law firm representing plaintiffs here against the CFPB under the Freedom of Information Act (FOIA), Judge Mehta held that the Bureau properly denied the firm's request for the "investigational transcripts" compiled by the CFPB in *In re TSI* and *CFPB v. Nat'l Collegiate Master Student Loan Trust* pursuant to FOIA exemption 7(A), which protects "documents compiled for law enforcement purposes" that "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C § 552(b)(7)(A), and that portions were also protected by other FOIA exemptions. 2020 WL 4500999, at *3-10. TSI argues that *Frank Law* strengthens its argument that its CFPB production is "confidential," as well as its claim that "producing the materials would improperly reveal the investigatory strategies of the CFPB by reverse engineering," and that Judge Mehta's opinion "cast[s] doubt on TSI's ability to comply with this Court's August 6 order" without "directly violating the CFPB's edicts and undermining the CFPB's objection by producing the CID, the investigatory transcripts

(if they had them), or disclosing who was deposed (to the extent that they have any knowledge)." TSI Ltr. at 4-5. Recognizing that it might lack the "ability to raise a confidentiality objection on behalf of the CFPB," TSI advised that if the Court so found it intended "to request that the CFPB itself intervene." *Id*. at 5 n.7.

By Order dated August 17, 2020 (Aug. 17 Order) (Dkt. No. 212 in Case No. 18-CV-1781, Dkt. No. 145 in Case No. 18-CV-7692), the Court temporarily stayed compliance with ¶ 1 of the August 6 Order and asked for additional information, including the Bureau's position on Request No. 19. To ensure that the Bureau was aware of the dispute, the Court directed TSI to serve the August 17 Order on the CFPB. Aug. 17 Order ¶ 6.

By letter dated August 20, 2020 (Aug. 20 Ltr.) (Dkt. No. 214 in Case No. 18-CV-1781, Dkt. No. 147 in Case No. 18-CV-7692), TSI conceded that it did not inform the CFPB about Request No. 19, nor seek the agency's position as to whether it could or should produce the requested documents, until August 17 – and that as of August 20, the CFPB "has not yet taken any direct position." Aug. 20 Ltr. at 1. Additionally, TSI confirmed that, in its view, Request No. 19 does not call for the production of investigational transcripts, because they are not "[d]ocuments that TSI produced to the [CFPB]." *Id*. at 3.

On August 24, 2020, plaintiffs filed a letter in opposition (Dkt. No. 215 in Case No. 18-CV-1781, Dkt. No. 148 in Case. No. 18-CV-7692), arguing that TSI does not have the authority to "speak on the CFPB's behalf" and that *Frank Law* "does not apply here," because an agency's obligations under FOIA and a defendant's discovery obligations in civil litigation "are governed by totally different statutes."

During the August 26 hearing, TSI's counsel clarified the relief sought from this Court. Implicitly conceding that TSI's reverse-engineering argument, like its confidentiality argument,

7

must be asserted by the CFPB if at all, counsel requested that the Court stay compliance with ¶ 1 of the Aug. 6 Order for another 30 days, to see if the CFPB wished to take a position.

## **Analysis**

The Court will not further extend TSI's deadline for making its protective order motion on the premise offered by TSI, namely, that additional time is needed for the Bureau to determine whether to intervene in a manner that could assist it in resisting Request No. 19. Plaintiffs' discovery request, as noted above, asks only for TSI's own documents previously produced to the CFPB. It does not request investigational transcripts or other documents that could credibly be characterized as having been created by the Bureau. *See Frank Law*, 2020 WL 4500999, at *5 (describing the investigational transcripts as "witness statements in the traditional sense," prepared by the CFPB itself "as part of an investigation and in anticipation of possible law enforcement actions").

Moreover, while Judge Mehta credited the Bureau's assertion that release of the transcripts could "reveal the direction of the government so far," thus potentially disclosing the "focus and scope" of the agency proceedings "and result in premature disclosures," *id.* (internal quotation marks and citations omitted), it is difficult to imagine that the "tens of thousands" of documents that TSI says it previously produced to the CFPB, *see* June 30 Ltr. Ex. A, at 3, 17, would, on inspection by plaintiffs herein, reveal any useful details about the Bureau's direction, focus, or scope, much less (now that three years have passed since the consent order was issued in *In re TSI*) disclose that information "prematurely."

The Court further notes that the Bureau did not intervene in *Munoz*, 2013 WL 684388, or *Chery*, 2020 WL 4783167, where similar "cloned" requests were made for documents previously produced to the CFPB. Indeed, it appears that the defendant in *Munoz* also shared the CFPB's

underlying CIDs with the plaintiffs, *see* 2013 WL 684388, at *2-3, which likewise did not prompt the agency to intervene.[2]

Here, the fact that TSI failed to tell the CFPB about Request No. 19 until this Court directed it to suggests, if anything, that TSI itself has no confidence that the Bureau will step in on its behalf. Nor should it. In *Frank Law*, the CFPB was the defendant and the issue was whether it was required to produce its own work product under a statute generally governing the right of the public at large to access government files. In this case – as in *Munoz* and *Chery* – the CFPB is neither a party nor the target of any discovery request, and the issue is whether a defendant in private civil litigation, governed by the Federal Rules of Civil Procedure, may refuse to produce otherwise relevant and non-privileged[3] documents from its own files simply because the request was "cloned" from, and would thus reveal the extent of, that defendant's prior production to the CFPB. *See Chery,* 2020 WL 4783167, at *10 (noting the limited relevance of FOIA litigation to the same confidentiality argument that TSI made here).

## Conclusion

For the reasons set forth above, it is HEREBY ORDERED that the August 6 Order is modified only to the extent that (a) TSI need not disclose the CIDs served upon it by the CFPB during the parties' meet-and-confer process; and (b) TSI's protective order motion, should the

---

[2] Out of an abundance of caution, however – recognizing that the CIDs were crafted by the CFPB and might reveal more about its investigatory strategies than the resulting document production – this Court will not *require* TSI to produce the CIDs to plaintiffs as a precondition to making an overbreadth argument.

[3] It appears that TSI withheld and logged any privileged documents within the scope of the CFPB's CIDs. *See* Aug. 20 Ltr. Ex. 1, at ECF page 3 ("any privilege log that would be produced in response to Request No. 19 would be identical to the privilege log that TSI provided to the Bureau in response to one or more CIDs served on TSI in that matter.").

9

parties be unable to resolve their remaining disputes, is due by **September 14, 2020**. This schedule will also allow the CFPB adequate time to move to intervene should it wish to do so.

The Court reminds TSI that, to the extent it objects to Request No. 19 as overbroad, disproportionate to the needs of the case, and/or unduly burdensome, it must "substantiate" that claim, *Munoz*, 2013 WL 684388, at *5 (concluding that defendants "have not met their burden of showing that producing documents that have already been produced a third party is unduly burdensome"); *see also* Fed. R. Civ. P. 26(c) (party seeking protective order must show "good cause"); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) ("the burden is on the movant to establish good cause for the entry of a protective order"), and should be prepared to discuss sensible means of narrowing or limiting the request to alleviate the problem. The Court notes, in this regard, that although TSI has indicated that it could have difficulty reconstructing its CFPB production, nothing before the Court suggests that it would be any easier for TSI to produce *part* of that production – or, for that matter, to respond to an entirely new set of document demands, unlinked to the agency production – than to produce all of it.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 190 in Case No. 18-CV-1781 and Dkt. No. 127 in Case No. 18-CV-7692.

Dated: New York, New York
      August 31, 2020               **SO ORDERED**.

                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**