Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 18-cv-1781 (PGG) |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 18-cv-7692 (PGG) |

**PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT TRANSWORLD SYSTEMS, INC.**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Mutinta Michelo, Katherine Seaman, Mary Re Seaman, Sandra Tabar, Christina Bifulco, Francis Butry, and Cori Frauenhofer hereby request that Defendant Transworld Systems, Inc. ("TSI") produce the following documents and things at the offices of Frank LLP, 370 Lexington Avenue, Suite 1706, New York, New York 10017, in accordance with the following definitions and instructions, within thirty (30) days of service hereof.

I. **DEFINITIONS**

The definitions and rules of construction of Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are hereby incorporated by reference. In addition, the past tense shall include the present tense where the clear meaning is not distorted.

1. "Acquired" means purchased, assigned, or obtained in any way.

2. "Affidavit" means those affidavits, declarations, verifications, or any other sworn statements, including drafts thereof, that are used with respect to a Debt Collection Lawsuit.

3. "Assignment Documentation" means Documents that provide proof or evidence of the transfer of property rights in a Loan, or are a record of any such transfer. "Assignment Documentation" does not include Documents that You created or caused to be created.

4. "Complaints" means the Amended Class Action Complaint filed in *Michelo* on September 14, 2018, as ECF No. 60 on that matter's docket, and the Class Action Complaint, filed in *Bifulco* on August 23, 2018, as ECF No. 1 on that matter's docket.

5. "Communication" means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs, signals or code, including oral, written or electronic communications, such as face-to-face meetings,

electronic communications, emails, facsimiles, telephone communications, correspondence, or other exchange of written or recorded information.

6. "Consumer" means any natural person obligated or allegedly obligated to pay any Debt, as defined by 15 U.S.C. § 1692a(3).

7. "Debt" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as defined by 15 U.S.C. § 1692a(5).

8. "Debt Collection Lawsuit" means any lawsuit filed by any Trust, or on behalf of any Trust by a Law Firm, against any Consumer for the purpose of collecting any Debt.

9. "Document" or "Documents" means every original, and every copy of any original or copy which differs in any way from any original, including drafts, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, letters, facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, computer disks or diskettes, disk archive files, metadata, data contained in computers, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments,

applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memoranda of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, electronic mail, voicemail, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers, and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

10. "Forster" means Defendant Forster & Garbus, LLP, and its present and former attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, affiliates, representatives, heirs, successors or assigns, and any other person acting or purporting to act on its behalf.

11. "Law Firm" means any third-party law firm, including without limitation Forster, retained to conduct debt collection activities for the benefit of any Trust, including, but not limited to, litigation.

12. "Loan" means the furnishing of money or purported furnishing of money to a Person upon the agreement that the Person will return a like sum of money to the Person who furnished it, at a specified time or according to a schedule of repayment; and includes, but is not limited to, money furnished or purported to be furnished in connection with educational expenses.

13. "Loan Documentation" means Documents that provide proof or evidence of a Loan, or are a record of Loan. "Loan Documentation" does not include Documents that You created or caused to be created.

14. "Person" or "persons" shall mean, without limitation, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture, association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition, including, but not limited to, heirs, successors or assigns.

15. "Relate," "related," "relating to," "refer," "referring to," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, in connection with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

16. "Subject Affiants" means James H. Cummins, Colleen Y. Morgan, Jonathan Boyd, Chandra Alphabet, and Dudley Turner.

17. "Subject Debts" means the following Debts:

a. Debt alleged to be owed in connection with the "EDUCATIONAL LOAN" described in the Formal Complaint dated July 6, 2015, in *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689/15 (N.Y. Civ. Ct. Bronx Cnty.).

    b. Debt alleged to be owed in connection with the "education loan[s]" described in the Subject Debt Collection Affidavits.

18. "Subject Debt Collection Lawsuits" means the following Debt Collection Lawsuits:

    a. *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689/15 (N.Y. Civ. Ct. Bronx Cnty.).

    b. *National Collegiate Student Loan Trust 2007-2 v. Seaman*, No. 15713/14 (N.Y. Civ. Ct. Queens Cnty.).

    c. *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14 (N.Y. Civ. Ct. Bronx Cnty.).

    d. *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13 (N.Y. City Ct., City of Buffalo).

    e. *National Collegiate Student Loan Trust 2004-2 v. Butry*, No. 264-13 (N.Y. City Ct., City of Tonawanda).

    f. *National Collegiate Student Loan Trust 2006-4 v. Frauenhofer*, No. 4454-13 (N.Y. City Ct., City of Buffalo).

19. "Subject Debt Collection Affidavits" means the following Affidavits:

    a. The Affidavit and Verification of Account dated March 20, 2015, in *National Collegiate Student Loan Trust 2007-2 v. Seaman*, No. 15713/14 (N.Y. Civ. Ct. Queens Cnty.).

    b. The Affidavit and Verification of Account dated February 18, 2014, in *National Collegiate Student Loan Trust 2007-2 v. Villasante*, No. 761-14 (N.Y. Civ. Ct. Bronx Cnty.).

    c.    The Affidavit and Verification of Account dated May 7, 2013, in *National Collegiate Student Loan Trust 2004-2 v. Bifulco*, No. 2399-13 (N.Y. City Ct., City of Buffalo).

    d.    The Affidavit and Verification of Account dated September 3, 2014, in *National Collegiate Student Loan Trust 2004-2 v. Butry*, No. 264-13 (N.Y. City Ct., City of Tonawanda).

    e.    The Affidavit and Verification of Account dated August 15, 2013, in *National Collegiate Student Loan Trust 2006-4 v. Frauenhofer*, No. 4454-13 (N.Y. City Ct., City of Buffalo)

20.   "Subject Loans" means the following Loans:

    a.    The "EDUCATIONAL LOAN" described in the Formal Complaint dated July 6, 2015, in *National Collegiate Student Loan Trust 2007-2 v. Michelo*, No. 10689/15 (N.Y. Civ. Ct. Bronx Cnty.).

    b.    The "education loan[s]" described in the Subject Debt Collection Affidavits.

21.   "Trust" means any Trust Defendant and present and former administrators, attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, affiliates, representatives, servicers, subservicers, and any other person acting or purporting to act on their behalf.

22.   "TSI" means Transworld Systems, Inc., including in its own right and as successor to NCO Financial Systems, Inc. ("NCO"). and present and former attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, affiliates, representatives, and any other person acting or purporting to act on their behalf.

23.   "You" and "Your" means TSI and/or NCO as defined above.

24. Definitions given to terms in the Complaints also apply to those terms when used in these Requests.

## II. INSTRUCTIONS

1. You shall produce all of the requested Documents that are in Your possession, custody, or control, including (by way of illustration only and not limited to) Documents in the possession, custody, or control of Your divisions, subdivisions or subsidiaries, and Your present or former attorneys, accountants, directors, officers, partners, employees, and other representatives and agents, as well as Your present or former independent contractors over which or whom You have had control, and any other Persons acting on Your behalf. Excluded from these Requests are all Documents Acquired by You, or that came into Your possession, custody, or control, on or after February 28, 2018.

2. All Documents shall be produced in the order they are kept in the ordinary course of business, or organized and labeled to correspond to the Request number and to any categories in the Request.

3. If You object to the production of any Document or portion thereof, You must set forth the legal basis and the grounds for such objection, including a description of the Document or portion thereof that You are not producing pursuant to the objection, described with sufficient particularity that a court could rule on the objection.

4. In the event that You claim that a Document or any portion thereof is privileged, you must set forth in your response: (1) the exact privilege claimed; (2) the factual basis for the claimed privilege; and (3) a sufficient description of each Document or portion thereof to enable a court to adequately rule on the objection, including:

   a.  The name, employer, and business address of the person who prepared and authored the Document;

   b.  The name, employer, and business address of all recipients of the Document;

   c.  The name, employer, and business address of all Persons in possession of the original or any duplicate of the Document; and

   d.  The date(s) the Document was prepared.

  5.  In conjunction with any claimed privilege, You shall also proffer a privilege log to Plaintiffs, pursuant to Rule 26(b)(5). You shall produce privilege logs on a rolling basis and shall not delay the production of non-privileged Documents because of the preparation of a privilege log. A privilege log for Documents redacted on privilege or attorney work product grounds shall, however, generally be produced within ten (10) days of production of the redacted materials. Privilege logs shall be produced in both .PDF and Excel Spreadsheet format, and shall contain, at least, the following information for each Document withheld or redacted on the grounds of privilege or as asserted attorney work product: Bates Range, Date, Applicable Privilege, Subject, and Names associated with the Document (with Author, Recipient, Carbon Copy Recipient, and Blind Carbon Copy Recipient, if apparent from the Document).

  6.  Notwithstanding the assertion of an objection, any purportedly privileged or otherwise protected Document containing non-privileged or otherwise unprotected information shall be produced, with the purportedly privileged or otherwise protected portion excised (and clearly marked to so indicate).

7.  If a Document responsive to these requests was at any time in Your possession, custody, or control but now is no longer available for production, as to each such Document state the following information:

    a.  Whether the Document is missing or lost;

    b.  Whether the Document has been destroyed;

    c.  Whether the Document has been transferred or delivered to another Person and, if so, at whose request and to whom was it transferred;

    d.  Whether the Document has been otherwise disposed of; and

    e.  A precise statement of the circumstances surrounding the disposition of the Document and the date of its disposition.

8.  These Requests shall be deemed continuing so as to require the production of any additional responsive Documents that You may become aware of between the time of Your initial responses and the time of trial.

## III. RELEVANT TIME PERIOD

Unless otherwise specified herein, You shall produce Documents, dated, prepared, obtained, used, or reviewed during the time period of February 28, 1998 through the present day, or which refer or relate to all or any portion of that period, whenever prepared (the "Relevant Time Period").

## IV. REQUESTS FOR PRODUCTION

Plaintiffs hereby request that You produce the items specified in the following Requests for Production.

**Document Request No. 1.**  All of Your organization charts or flow charts for the Relevant Time Period, including, but not limited to, organization charts and flow charts for:

10

      a. employees who review, maintain, manage, organize and/or distribute information concerning Debt allegedly owed to a Trust; and

      b. employees who prepare, review, and/or sign Documents, including, but not limited to, affidavits of fact, or any other Affidavits, prepared in support of and/or submitted in relation to Debt Collection Lawsuits filed in any court in the State of New York during the Relevant Time Period in which a Trust was the Plaintiff.

**Document Request No. 2.** All Documents reflecting Communications between You and Forster in connection with any of the Subject Debts, including, but not limited to, Communications concerning the Subject Debt Collection Lawsuits.

**Document Request No. 3.** All Documents reflecting the date (or dates) on which You Acquired any item (or items) of Assignment Documentation concerning any of the Subject Loans. Such Documents include, but are not limited to, metadata reflecting each item's date and time of Acquisition.

**Document Request No. 4.** All Documents reflecting the date (or dates) on which You Acquired any item (or items) of Loan Documentation concerning any of the Subject Loans. Such Documents include, but are not limited to, metadata reflecting each item's date and time of Acquisition.

**Document Request No. 5.** All Documents reflecting the Assignment Documentation concerning a Subject Loan that was/were reviewed by the Subject Affiant prior to his signing the Subject Debt Collection Affidavit. Such Documents include, but are not limited to, metadata reflecting the Subject Affiant's review of each item of Loan Documentation.

**Document Request No. 6.** All Documents reflecting the Loan Documentation

concerning a Subject Loan that was/were reviewed by the Subject Affiant prior to his signing the Subject Debt Collection Affidavit. Such Documents include, but are not limited to, metadata reflecting the Subject Affiant's review of each item of Loan Documentation.

**Document Request No. 7.**   All Documents reflecting the amount of time that the Subject Affiant spent reviewing any Assignment Documentation concerning a Subject Loan before signing the Subject Debt Collection Affidavit. Such Documents include, but are not limited to, metadata reflecting the Subject Affiant's time spent reviewing each item of Assignment Documentation.

**Document Request No. 8.**   All Documents reflecting the amount of time that the Subject Affiant spent reviewing any Loan Documentation concerning a Subject Loan before signing the Subject Debt Collection Affidavit. Such Documents include, but are not limited to, metadata reflecting the Subject Affiant's time spent reviewing each item of Loan Documentation.

**Document Request No. 9.**   All Documents concerning Communications with any Trust that were made in connection with any of the Subject Loans and Subject Debt Collection Lawsuits.

**Document Request No. 10.**   All financial statements, bills, or invoices exchanged between You and Forster regarding the collection of Debt purportedly owed by any Plaintiff in this Action.

**Document Request No. 11.**   All financial statements, bills, or invoices exchanged between You and any Trust regarding the collection of Debt purportedly owed by any Plaintiff in this Action.

**Document Request No. 12.**   All Communications sent by or between You and any other Person responsible for reviewing, maintaining, managing, organizing and/or distributing information concerning the collection of Debt purportedly owed by any Plaintiff herein.

**Document Request No. 13.**   All Communications sent by You to any Plaintiff herein.

**Document Request No. 14.**  All Communications received by You from any Plaintiff herein.

**Document Request No. 15.**  All Documents that refer or relate to all attempts by You to communicate with any Plaintiff herein.

**Document Request No. 16.**  All Documents that refer or relate to any computer systems, programs, and/or software used by You to receive, review, maintain, manage, organize, or transmit information concerning Debt Collection Lawsuits and/or potential debt collection claims against any Plaintiff herein.

**Document Request No. 17.**  All Documents disseminated by You that refer or relate to the protocols and procedures concerning debt collection activities in connection with any Debt allegedly owed to a Trust.  Such Documents include, but are not limited to: protocols and manuals provided to counsel retained to conduct litigation activities in connection with any Debt allegedly owed to a Trust; and job-description documents, training manuals, checklists, and protocols governing the actions of Your employees who performed tasks in connection with the Subject Debt Collection Lawsuits.

**Document Request No. 18.**  All Documents provided to You concerning protocols and procedures for collecting any Debt allegedly owed to a Trust.

**Document Request No. 19.**  All Documents that You produced to the Consumer Financial Protection Bureau in connection with the following administrative proceedings or legal actions:

    a. *In re Transworld Systems, Inc.*, File No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau); and

    b. *Consumer Fin. Prot. Bureau v. Nat't Collegiate Master Student Loan Trust et*

*al.*, No. 17-cv-01323-UNA (D. Del.).

**Document Request No. 20.**  All Documents sufficient to identify the names, addresses, and/or telephone numbers of individuals who have knowledge of the information received, reviewed, maintained, managed, organized, and/or distributed by You concerning Debt Acquired during the Relevant Time Period.

**Document Request No. 21.**  All Documents that refer or relate to Your Document retention policies.

**Document Request No. 22.**  All Documents sufficient to show the manner in which Your records (relating to any Request herein) are maintained, including electronic database documents.

Dated:    New York, New York
          January 7, 2019

                                            **FRANK LLP**

                                            By:   */s/ Gregory A. Frank*
                                            Gregory A. Frank (GF0531)
                                            Marvin L. Frank (MF1436)
                                            Asher Hawkins (AH2333)
                                            370 Lexington Avenue, Suite 1706
                                            New York, New York 10017
                                            Tel: (212) 682-1853
                                            Fax: (212) 682-1892
                                            gfrank@frankllp.com
                                            mfrank@frankllp.com
                                            ahawkins@frankllp.com

                                            *Attorneys for Plaintiffs*