## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MUTINTA MICHELO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | 18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | ) | 18 Civ. 7692 (PGG) |
| LOAN TRUST 2007-2, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### TRANSWORLD SYSTEMS INC.'S MOTION
### FOR PROTECTIVE ORDER

NOW COMES Transworld Systems Inc. ("TSI"), through undersigned counsel, and for its Motion for Protective Order, pursuant to Federal Rule of Civil Procedure 26, states as follows:

## I.   INTRODUCTION

On May 12, 2020, this Court held a discovery conference to resolve Plaintiffs' Letter-Motion dated May 1, 2020 (Dkt. No. 146 in Case No. 18-CV-1781; Dkt. No. 89 in Case No. 18-CV-7692).

Plaintiffs' Letter-Motion raised three distinct discovery disputes they had with TSI, including plaintiffs' request that TSI produce all documents that TSI produced to the Consumer Financial Protection Bureau ("CFPB") in connection with the following administrative proceedings or legal actions: *In re Transworld System, Inc.,* File No. 2017-CFPB-0018 and *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.,* No. 17-cv-01323-UNA (D. Del.).

On May 6, 2020, TSI filed a response to Plaintiffs' May 1, 2020 letter-motion arguing generally that the documents were privileged under 12 U.S.C. § 5562(d) (Dkt. No. 148 in Case No. 18-CV-1781, Dkt. No. 91 in Case No. 18-CV-7692).

On May 15, 2020, this Court entered an Order providing the following specifically as to the requested production of the materials submitted to the CFPB:

> Documents submitted by defendant TSI to the Consumer Financial Protection Bureau (CFPB or Bureau) pursuant to a Civil Investigative Demand (CID) may not for that reason alone be withheld from discovery. The authorities cited by TSI for the proposition that materials submitted to the CFPB in response to a CID are subject to a "confidentiality privilege," TSI Ltr. dated May 6, 2020 (Dkt. No. 148 in Case No. 18-CV-1781; Dkt. No. 91 in Case No. 18-CV-7692), at 4, are inapposite. If and to the extent TSI relies on the qualified "bank examination privilege" to shield communications between it and the CFPB, it must identify such communications on its privilege log, in accordance with Local Civil Rule 26.2, and promptly notify the Bureau of the dispute so that it can determine whether to assert a claim of privilege. *See Wultz v. Bank of China Ltd.,* 61 F. Supp. 3d 272, 286 (S.D.N.Y. 2013) ("The bank examination privilege must be asserted by the banking regulator, and the regulator has the burden of establishing that the privilege applies to the documents at issue.").

Dkt. 167 in Case No. 18-CV-1781; Dkt. 110 in Case No. 18-CV-7692.

On June 30, 2020, TSI filed a Letter-Motion seeking leave to file a motion for protective order (Dkt. No. 190 in Case No. 18-CV-1781, Dkt. No. 127 in Case No. 18-CV-7692), arguing: (a) that the CFPB's regulations at 12 C.F.R. §§ 1070, *et seq.*, require TSI to keep the documents it previously produced to the CFPB confidential; (b) that requiring TSI to respond to Request No. 19 would allow

plaintiffs to "reverse engineer" the CFPB's "investigative techniques"; and (c) that Request No. 19 is overbroad and not proportional to the claims in this case.

On August 6, 2020, this Court entered an Order that provided, in pertinent part:

> Plaintiffs and defendant TSI shall meet and confer promptly in an effort to resolve or narrow their remaining disputes concerning plaintiffs' Document Request No. 19, which seeks all documents that TSI produced to the CFPB in connection with the CFPB investigation and legal action specified in the request. To the extent that TSI objects to the request as overbroad and/or disproportionate to the needs of the case, TSI must disclose the CFPB's underlying document requests, interrogatories, and/or other information requests, as well as the volume of documents and/or other information produced in response thereto. *See generally Munoz v. PHH Corp.*, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013). If the parties are unable to resolve their remaining disputes, TSI shall file its motion for a protective order no later than August 18, 2020.

Dkt. No. 204 in Case No. 18-CV-1781, Dkt. No. 141 in Case No. 18-CV-7692.

On August 14, 2020, TSI filed a letter-motion to clarify the Court's August 6, 2020 Order based upon information discovered by TSI subsequent to the August 4, 2020 conference that the Court construed as a motion for reconsideration (Dkt. No. 211 in Case No. 18-CV-1781, Dkt. No. 144 in Case No. 18-CV-7692).

The need for clarification arose because TSI was made aware after the August 4 conference, and for the first time, that Plaintiffs counsel here, Frank LLP, filed a lawsuit on April 24, 2019 in the United States District Court for the District of Columbia entitled *Frank Law v. CFPB* pursuant to the Freedom of Information Act ("FOIA Action"). The FOIA Action challenged the CFPB's

earlier response to Frank LLP's 2018 FOIA request, which was denied in full. In its FOIA request to the CFPB, Frank LLP sought the exact same documents from the CFPB as Plaintiffs now seek from TSI.  Specifically, Frank LLP's FOIA stated as follows:

> This request pertains to the following matters:
>
> • *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 1:17-cv-01323-UNA (D. Del. 2017) [hereinafter "NCSLT Action"].
> • *In re Transworld Sys., Inc.*, Admin. Proc. No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau 2017) [hereinafter "Transworld Action"].
>
> We request that the Bureau provide us with copies of the documents in the Bureau's possession that pertain to the facts set forth in (1) the Complaint in the NCSLT Action (entered therein at Dkt. No. 1), (2) the Proposed Consent Judgment in the NCSLT Action (entered therein at Dkt. No. 3-1), and (3) the Consent Order in the Transworld Action (entered therein at Doc. 1.  Such documents in the Bureau's possession include, but are not necessarily limited to, transcripts of any investigation-hearing testimony by the following individuals….

On August 31, 2020, this Court entered an order requiring TSI to file its motion for protective order by September 14, 2020 (Dkt. No. 219 in Case No. 18-CV-1781, Dkt. No. 150 in Case No. 18-CV-7692).

On September 4, 2020, TSI met and conferred with Plaintiffs about possible narrowing of Plaintiffs Request No. 19 to the actual claims against TSI, in this case, and Plaintiffs refused to agree to any limitation or modification to Request No. 19.[1]

---

[1] Indeed, Plaintiffs continued to argue that TSI should turn over CFPB investigatory transcripts, despite this Court's order and the ruling in *Frank LLP*.

As such, TSI now moves for a protective order regarding Plaintiffs' exceedingly overbroad discovery request for documents that are only, and at best, tangentially related to this litigation, and requests that this Court balance Plaintiffs general right to discovery with TSI's rights under Federal Rule 26.[2]  TSI should not be required to respond to the request as currently drafted given the limited overlap between the Consent Order – which, given the Bureau's oversight function, was not limited to allegations involving borrowers in New York state – and Plaintiffs' claims *in this case¸* which is limited to allegations involving borrowers in New York state.   Furthermore, Request No. 19 contemplates documents that contain personal identifying information of non-parties, which Plaintiffs improperly seek in order to identify putative class members or fish for other plaintiffs or claims.

---

[2] As discussed extensively in TSI's Response to Plaintiffs' Objections to Your Honor's July 17, 2020 Order (Dkt. No. 222 in Case No. 18-CV-1781; Dkt. No. 153 in Case No. 18-CV-7692), Plaintiffs request is completely untethered to the actual claims in this case. Here, Plaintiffs claims, as to TSI, relate to allegedly false affidavits submitted in New York state courts the by law firm F&G, and claims that TSI violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and New York General Business Law § 349 ("GBL").  Yet, Plaintiffs Request No. 19, on its face, broadly seeks information related to actions across the entire country, entirely unrelated to Plaintiffs, or their actual claims here, and without any time limitations whatsoever.  As noted in greater detail *infra*, <u>Munoz v. PHH Corp.</u>, No. 1:08-CV-0759-AWI-BAM, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013) is distinguishable to the extent that the "cloned" discovery request there was in the context of plaintiff's claims under the Real Estate Settlement Procedures Act, and the CFPB's investigation was similarly related to the same practices at issue in the RESPA claim.  *Id.* at *4.  Here, as reflected in the TSI Consent Order alone, the investigation was far broader than TSI's processes and procedures for affiants to review and execute affidavits.

Beyond TSI's overbreadth objections, the request that TSI produce its entire responsive production (thousands of documents, and tens of thousands of pages) to the Bureau's CID implicates: (a) the landscape of the CID process, (b) the scope of confidentiality obligations provided for by a CID, and (c) Plaintiffs' attempts to reverse engineer the CID process.[3]   Here, even with the CFPB not asserting any privilege, production of the materials submitted by TSI to the CFPB would force TSI to violate the process for the treatment of confidential information produced pursuant to a CFPB CID.  *See* 12 C.F.R. § 1070, *et seq*.  If TSI is required to produce all materials that it provided to the CFPB in response to its CID, the Court will functionally enable a private party to reverse engineer the CFPB's entire investigation.  Such an outcome would harm the efficacy of the CFPB's CID process where materials are produced voluntarily with the expectation that those materials will remain confidential to encourage the free flow of information between the CFPB and CID responders.

## I. A PROTECTIVE ORDER IS NEEDED TO PROTECT THE CONFIDENTIAL NATURE OF THE CID PROCESS AND TSI'S RIGHTS UNDER FED. R. CIV. P. 26(B)

### A. Protective Order Standard

Rule 26(b) allows parties to seek discovery that is both relevant to the party's claim or defense and proportional to the needs of the case.  Under Rule

---

[3] While TSI acknowledges this Court's prior rulings on these issues, to preserve its appeal rights, TSI renews and preserves the arguments as to "reverse engineering" and the applicability of the CFPB Regulations for this motion for protective order.

26(c), "the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005) (quoting *Apex Oil Co. v. DiMauro,* 110 F.R.D. 490, 496 (S.D.N.Y. 1985)).   Fed. R. Civ. P. 26(b)(2) specifically provides that a court may limit disclosure if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  *Id.*

The term "burden" in Rule 26(b)(2) may be construed to limit disclosure "where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material." *Id.* (quoting *Johnson v. Nyack Hosp*., 169 F.R.D. 550, 561-62 (S.D.N.Y. 1996)).  "*Apex Oil* sets forth the following framework for analyzing claims for protective relief under Rule 26(c): [W]here a party establishes that disclosure of requested information could cause injury to it or otherwise thwart desirable social policies, the discovering party will be required to demonstrate that its need for the information, and the harm that it would suffer from the denial of such information, outweigh the injury that disclosure would cause either the other party or the interests cited by it." *Id.*  "A court's duty to balance these competing interests arises from its broad authority to limit or prevent

discovery even in instances where the materials sought are relevant and within the scope of Rule 26(b)." *Id.* "District courts have "broad powers…to regulate or prevent discovery even though the materials sought are within the scope of 26(b)." *Johnson*, 169 F.R.D. at 562 (quoting Advisory Committee Note to the 1970 amendment to Rule 26(b)).

**B.** **The CFPA Provides the CFPB Broad Authority to Investigate Potential Violations of Consumer Financial Laws Before the Institution of Any Actual Proceeding**

Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act")—the Consumer Financial Protection Act ("CFPA")— established the CFPB to "regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws," and "to implement and….enforce Federal consumer financial law." *Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colleges & Sch.,* 854 F.3d 683, 687 (D.C. Cir. 2017) (quoting 12 U.S.C. § 5491(a) and 12 U.S.C. § 5511(a)). "The CFPA vests the Bureau with broad rulemaking, supervisory, investigatory, adjudicatory, and enforcement authority." *Id.* Pursuant to its investigative authority, the CFPB may issue CIDs "requiring the production of documents and oral testimony from 'any person' that it believes may be in possession of 'any documentary material or tangible things, or may have any information, relevant to a violation' of the laws that the Bureau enforces." *Id.* (quoting 12 U.S.C. §

5562(c)(1)).[4]   "Materials submitted in response to a CID are considered confidential, *id.* § 5562(d).'" *Id.*

Pursuant to 12 C.F.R. § 1080.14:

(a)    Documentary materials, written reports, answers to questions, tangible things or transcripts of oral testimony the Bureau receives in any form or format pursuant to a civil investigative demand are subject to the requirements and procedures relating to the disclosure of records and information set forth in part 1070 of this title.

(b)    Bureau investigations generally are non-public....

## C. <u>Plaintiffs' Request No. 19 Seeks Documents that are Irrelevant, Request No. 19 is Overbroad, and Plaintiffs Are Able To Obtain Potentially Relevant Documents Through Other Means</u>

Plaintiffs' attempt to piggy-back off of CFPB's investigation, rather than attempting to seek discovery related to the specific allegations in their case, is improper.  Plaintiffs' request is overbroad and not proportionate to the needs of this case because it seeks information that does not relate to the factual or statutory allegations in this matter.  To require TSI to respond to it would impose an undue burden.

---

[4] The CFPB's power to issue CIDs is derived from 12 U.S.C. § 5562(c) and 12 C.F.R. § 1080.6.  *See* 12 U.S.C. § 5562(c) ("Whenever the Bureau has reason to believe that any person may be in possession, custody, or control of any documentary material or tangible things, or may have any information, relevant to a violation, the Bureau may, before the institution of any proceedings under the Federal consumer financial law, issue in writing, and cause to be served upon such person, a civil investigative demand…."); 12 C.F.R. 1080.6(a) ("In accordance with section 1052(c) of the Act, the Director of the Bureau, the Assistant Director of the Office of Enforcement, and the Deputy Assistant Directors of the Office of Enforcement, have the nondelegable authority to issue a civil investigative demand….").

The cases relied upon by plaintiffs show the problems with plaintiffs' approach here.  In *Munoz*, as noted *supra*, the plaintiffs sought discovery related to a RESPA claim where the CFPB was investigating the exact same claim, and their requests were tied to the same allegations the Bureau was investigating, unlike here. *Id.* at *4. As a guiding principle here, the *Munoz* court confirmed that "[r]elevant information is ultimately defined by a [p]laintiff's claims."  *Id.* Plaintiffs' claims in this case are not the same as the claims made by the CFPB.

In *Chery v. Conduent Educ. Servs., LLC*, No. 1:18-CV-75 (DNH/CFH), 2020 WL 4783167, at *1 (N.D.N.Y. Aug. 18, 2020), the plaintiff alleged that defendant violated the GBL and related New York state law related to Conduent's processing of loan verification certificates.  Like here, the plaintiff broadly sought in discovery all documents concerning consent orders entered into by Conduit with the CFPB and New York State.  *Id.*  The *Chery* Court ultimately agreed that the documents were discoverable; however, it noted that the breadth of the request was overbroad:

> **The undersigned finds that Request Nos. 15-17, as stated in plaintiff's demand for production, are overbroad;** however, the undersigned concludes that plaintiff is entitled to documents relating to the Consent Orders to the extent limited by his motion as "documents concerning Consent Orders [Conduent] entered into with the CFPB and the [NYS]DFS resolving investigations into CES's student loan servicing, including allegations of delays in providing LVCs." Dkt. No. 55-1 at 14. The undersigned agrees with plaintiff that, "[t]o the extent that the documents produced to CFPB and [NYS]DFS concern [d]efendants' practices for servicing student loans and responding to LVC requests, the documents are ... relevant," as they address Conduent's student loan servicing and LVC processing practices during the remediation—the period of

10

time in which defendants have conceded that plaintiff's LVC request was made. Dkt. No. 56 at 9. **The undersigned finds that plaintiff is entitled to discovery of these documents only to the extent that such production (a) is not duplicative of documents previously disclosed by defendants; (b) does not contain personal identifying information of non-parties or confidential settlement information or such information has been sufficiently redacted; and (c) does not require defendants to produce documents that are subject to a claim of privilege, such as the attorney-client privilege.** To the extent that defendants contend that any of the documents they are being ordered to produce are subject to privilege, they may withhold production of those documents, but must provide plaintiff with a privilege log in compliance with Fed. R. Civ. P. 26(b)(5).

*Id.* at *10 (emphasis added).[5]

Here, plaintiffs are requesting in discovery the production of *all* of the documents that TSI produced to the CFPB pursuant to a CID in connection with the administrative proceeding of *In re Transworld System, Inc.,* File No. 2017-CFPB-0018. That proceeding ended when TSI, without admitting any liability or violation, agreed to enter into a consent order on September 15, 2017 (the "Consent Order"). The Consent Order alleged, *inter alia*, violations of ***the CFPA***

---

[5] As such, *Chery* reinforces the concept that some control over this case and discovery is warranted. Here, Plaintiffs simply seek *everything* that TSI produced to the CFPB without any condition or limitation. That was not the conclusion of *Chery*, where Judge Hummel tailored the request to the actual claims in the case, and also sought to protect the interests of the defendants, so there was some balancing. *See Chery,* 2020 WL 4783167, at *12 ("the undersigned has explicitly conditioned defendants' disclosure obligation to documents that either do not contain personal/private identifying information of non-parties or confidential settlement documents or have been sufficiently redacted to remove such information."). Additionally, TSI likely has previously provided Plaintiffs many documents that would be duplicative of information sought, the documents sought would contain private information of non-parties, and documents that are not related to New York consumers are entirely irrelevant here where Plaintiffs claims are entirely dependent upon alleged violations of New York law and Plaintiffs were all sued in New York state courts.

by TSI related to affidavits filed *nationwide* by TSI from November 1, 2014 through April 25, 2016 in support of lawsuits filed on behalf of the National Collegiate Trust entities.[6]

Conversely, plaintiffs' Complaint alleges violations of the FDCPA, New York GBL, and New York Judiciary Law § 487 against TSI, and co-defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, and Forster & Garbus LLP.[7]

In particular, and as relevant here, plaintiffs allege that TSI executed affidavits not based on personal knowledge in support of motions seeking default judgments in collection lawsuits filed and prosecuted *in New York courts*.  These allegedly false affidavits were filed in the state court collection cases against Plaintiffs on December 6, 2013, March 24, 2014, April 3, 2014, September 18, 2014, and March 30, 2015.  Notably, all but one affidavit was filed prior to the time period covered by the Consent Order.

Plaintiffs Request No. 19 seeks the following:

---

[6] In the Consent Order, TSI did not admit to any findings of fact, conclusions of law, or any violation of the law as alleged in the Consent Order, other than to concede that the CFPB had jurisdiction over TSI.

[7] Plaintiffs have not limited their request to New York residents, despite the fact that the GBL only applies to acts or practices in the state of New York, *see* GBS § 349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service <u>in this state</u> are hereby declared unlawful."), the New York Judiciary Law § 487 regulates New York attorneys and the content of filings <u>in New York</u>, and the FDCPA claims are predicated specifically upon alleged violations of New York law in New York state courts.

All Documents that You produced to the Consumer Financial Protection Bureau in connection with the following administrative proceedings or legal actions:

a. *In re Transworld System, Inc.,* File No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau); and
b. *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.,* No. 17-cv-01323-UNA (D. Del.).

As such, Plaintiffs Request No. 19, in and of itself, seeks documents well outside the scope of this lawsuit.

Plaintiffs make an indiscriminate, blanket request for an entire production to a government agency, rather than identifying specific documents, or categories of documents, that are relevant to their FDCPA and GBL claims in this case.[8]

Judge Gardephe recognized that such a request was not proper, during a case management conference on October 11, 2019 where the discoverability of the CFPB submission as discussed:

> Well, I don't know what the difficulty would be in specifying the documents rather than saying give me all the documents that you gave to the CFPB. I really have no way of judging the difficulty level of that. All I can really say to you is that it seems to me that if you are interested in discovery proceeding swiftly, it seems to me you would be better advised to serve specific document requests rather than pursuing solely down the road of "*give me all the*

---

[8] As noted in *Heerwagen v. Clear Channel Commc'ns,* 435 F.3d 219, 233 (2d Cir. 2006) "[t]he amount of discovery is generally left to the trial court's considerable discretion." "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Id.* (quoting *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985)). Here, it is Plaintiffs' burden to explain why the documents and information are in fact relevant to their claims, and to their attempts to certify a New York class, before this Court even gets to TSI's reasons to oppose the request. That first step has never been met.

*documents you gave to the CFPB*" because you are going to get involved in litigation if that's the way you choose to proceed. Of course you have the right to do that if you want to, but it is just going to delay your ultimately getting the documents that you want to get. I leave that entirely up to you.

Here, as Judge Gardephe stated, plaintiffs should simply make specific requests for production on specific categories of documents, and not rely on a blanket request. Such a process permits TSI to meaningfully respond to individual requests, while addressing specific privilege issues, and the overburdensome nature of a request broadly seeking thousands of documents that are largely irrelevant to Plaintiffs' claims *in this case*. However, plaintiffs should not be able to make an end-around of Judge Gardephe's assessment of the issue and bypass the traditional discovery process.

### D.  The CFPB's Rules Relating to the Confidential Treatment of Information Under 12 C.F.R. § 1070 Dictates that the Materials Requested by Plaintiffs be Maintained by TSI as Confidential[9]

Section 1070 addresses the confidentiality dictates regarding documents produced to the CFPB pursuant to a CID and the mechanisms to be utilized by parties, including Plaintiffs here, seeking such documents. Section 1070 directs that the documents TSI produced to the CFPB are to be maintained by TSI as confidential.

Pursuant to §§ 1070.2(e), (f) and (h):

**Civil investigative demand material** means *any documentary material, written report, or answers to questions, tangible thing, or*

---

[9] As noted *supra*, TSI raises this argument to preserve its appellate rights.

> *transcript of oral testimony received by the CFPB in any form or format pursuant to a civil investigative demand, as those terms are set forth in 12 U.S.C. 5562,....*
>
> **Confidential information** means confidential consumer complaint information, *confidential investigative information*, and confidential supervisory information, as well as any other CFPB information that may be exempt from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. 552(b)....[10]
>
> **Confidential investigative information** means:
>
> (1) *Civil investigative demand material*; and
>
> (2) Any documentary material prepared by, on behalf of, received by, or for the use by the CFPB or any other Federal or State agency in the conduct of an investigation of or enforcement action against a person, and any information derived from such documents.

(emphasis added). As such, all documents produced by TSI to the CFPB, including any deposition testimony, would be considered confidential information pursuant to the CFPA.

More pertinent to this Court's analysis, §§ 1070.30-1070.37 provides for procedures regarding "disclosures *of CFPB information* in connection with legal proceedings."

None of these regulations give the CID respondent – like TSI - the right to provide documents previously produced to the CFPB to third parties, or be compelled to produce such documents, absent the requesting party's compliance

---

[10] The reference to "confidential information" is broader than simply documents protected by an asserted privilege under the Federal Rules of Civil Procedure or Federal Rules of Evidence. This makes sense given that the CID process provides broad investigative rights and affords parties subject to a CID substantially less protections than afforded pursuant to the Federal Rules of Civil Procedure. *See* 12 U.S.C. § 5562(c)(13)(D). The CFPB takes the position that documents produced pursuant to a CID are their property rather than the CID responders.

with § 1070.30, *et seq*.  If it was otherwise permitted, there would be no need for §§ 1070.30-1070.37 (or, at least it would expressly provide such a right), and parties would just go directly to the CID responders to demand documents and information produced.

Most importantly, as the CFPA expressly provides, once provided to the CFPB, TSI's documents produced pursuant to the CID then belong to the CFPB, and TSI cannot produce those documents as it would violate § 1070.

As such, § 1070 dictates that the documents that TSI produced to the CFPB pursuant to the CID are to be maintained as confidential absent Plaintiffs following the procedures identified in § 1070 to seek the documents directly from the CFPB.

### E. <u>Plaintiffs' Request Improperly Seeks to Reverse Engineer Much of the Bureau's Investigation</u>[11]

As noted, the CID process affords CID responders substantially less protections than those available under the Federal Rules of Civil or Criminal Procedure.  If this Court allows Plaintiffs to obtain all documents produced to the CFPB pursuant to the CID, it effectively shatters any protections provided for by the federal rules.

Upon receipt of a CID, parties are given three options: (1) to voluntarily respond, (2) to file a petition to set the CID aside, or (3) to do nothing and have the CFPB seek an order compelling the responses and document production.

---

[11] As noted *supra*, TSI raises this argument to preserve its appellate rights.

If non-parties to the CID proceedings, like Plaintiffs in the lawsuit, are able to have judges force CID responders to produce all documents they produced to the CFPB, then it will have a chilling effect on any voluntary compliance with a CID.  More, companies subject to a CID will be more reticent to voluntary participate, and instead will likely either file a petition to set the CID aside or force the CFPB to file an enforcement action and obtain an order compelling the responses. Finally, and perhaps more importantly, it will affect the free flow of documents and candor the CFPB expects when engaging in its CID investigations in the future, as companies will be more resistant to share potentially privileged or confidential documentation that otherwise would not be discoverable in a state or federal lawsuit and reluctant to voluntarily participate in any fact-finding with the CFPB.

In facing similar challenges, courts have erred on the side of protecting the free flow of information between a company and a regulatory agency *See In re Subpoena Served Upon Comptroller of Currency, & Sec'y of Bd. of Governors of Fed. Reserve Sys.,* 967 F.2d 630, 634 (D.C. Cir. 1992) ("Because bank supervision is relatively informal and more or less continuous, so too must be the flow of communication between the bank and the regulatory agency. Bank management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged."); *United States v. Buco*, No. CRIM.

90-10252-H, 1991 WL 82459, at *2 (D. Mass. May 13, 1991) ("I find that the public interest served by encouraging the free flow of information between the banks and their federal regulators is substantial; a rule which provided that a bank generally waived its attorney-client privilege as to materials submitted to federal regulators would substantially impair that interest."); *Consumers Union of U. S., Inc. v. Heimann,* 589 F.2d 531, 534 (D.C. Cir. 1978) ("a secondary purpose in enacting exemption 8 appears to have been to safeguard the relationship between the banks and their supervising agencies. If details of the bank examinations were made freely available to the public and to banking competitors, there was concern that banks would cooperate less than fully with federal authorities.").

Should this Court decline to enter a protective order barring TSI from producing the documents it produced to the CFPB pursuant to the CID, it will weaken the efficacy of the CID process, as CID responders will inevitably be reluctant to voluntarily participate in any fact-finding with the CFPB absent an enforcement proceeding.

Most importantly, if Congress wanted to allow private parties to simply request all documents submitted pursuant to a CID to the CFPB, it would have provided that right.  In the absence of providing such a right, the courts should not create a judicial avenue for obtaining such documents where the CFPB itself,

pursuant to its delegated rights, dictates procedures to follow when making document requests to the CFPB.[12]

By allowing private parties to reverse engineer the CID process, and simply request all documents submitted to a regulatory agency once they have completed their investigation, this Court would be undermining the free flow of information depended upon by government enforcement agencies pursuant to their enforcement and investigatory powers.

WHEREFORE, Transworld Systems Inc., respectfully request that this Honorable Court enter a protective order, deny Plaintiffs' request for documents and information produced by TSI to the CFPB as requested, and for all other and further relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ James K. Schultz*
James K. Schultz
Sessions, Fishman, Nathan & Israel
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone:   (619) 296-2018
Email:        jschultz@sessions.legal

Bryan Shartle
Sessions, Fishman, Nathan & Israel
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone:   (504) 846-7917
E-mail:       bshartle@sessions.legal

Morgan I. Marcus
Sessions, Fishman, Nathan & Israel

---

[12] And, indeed, the CFPB spoke to the issue in the FOIA Action.

141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:   (312) 578-0990
E-mail:       mmarcus@sessions.legal

Aaron R. Easley
Sessions, Fishman, Nathan & Israel
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone:   (908) 237-1660
E-mail:       aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2020 a true and correct copy of the foregoing was served upon the attorneys of record by operation of the ECF filing system, including:

> Gregory A. Frank
> Marvin L. Frank
> Asher Hawkins
> FRANK LLP
> 370 Lexington Avenue, Suite 1706
> New York, New York 10017
> gfrank@frankllp.com
> mfrank@frankllp.com
> ahawkins@frankllp.com

<u>/s/ James K. Schultz</u>