UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, | ) ) ) ) ) ) ) ) ) ) | No. 18-cv-1781 |
| Defendants. | ) ) | |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, | ) ) ) ) ) ) ) ) ) ) | No. 18-cv-7692<br><br>**FILED VIA ECF** |
| Defendants. | ) ) | |

---

# PLAINTIFFS' OPPOSITION
## TO TSI'S MOTION FOR PROTECTIVE ORDER
## CONCERNING PRODUCTION OF DOCUMENTS PROVIDED TO CFPB

Plaintiffs[1] hereby oppose TSI's[2] motion for a protective order (the "Motion"). TSI's motion again hopes to avoid its discovery obligation to produce documents that it has already provided to the Consumer Financial Protection Bureau in connection with the agency's investigation of the exact same violations at issue in this action (the "CFPB documents").[3]

Having already denied TSI's nearly identical request twice, the Court's generous permission to file a third motion on this issue was premised on assumptions that: (1) the CFPB would intervene to block TSI's producing the CFPB documents per agency privilege; and (2) TSI would meaningfully meet-and-confer with Plaintiffs about the contents of the CFPB documents, such that Plaintiffs could understand which (if any) are irrelevant to this litigation and need not be produced.

TSI's Motion conceals that the CFPB already sent the Parties correspondence specifically stating it was refusing to intervene on TSI's behalf. TSI's Motion also conceals TSI refused to provide Plaintiffs with additional detail concerning the nature of the CFPB documents. Plaintiffs have therefore been unable to narrow their request to resolve TSI's concerns. Finally, the Motion does not identify any error in this Court's multiple, well-reasoned orders explaining why TSI cannot refuse Plaintiffs access to the CFPB documents. In short, the Motion is merely a sur-reply brief without legal support while concealing its multiple additional failures.

This Court should deny the Motion.

---

[1] Mutinta Michelo, Katherine Seaman, Mary Re Seaman, Sandra Tabar, Christina Bifulco, Francis Butry, and Cori Frauenhofer, in their own rights and on behalf of the classes of similarly situated individuals (the "Class") (together, "Plaintiffs").

[2] "TSI" as used herein collectively refers to Defendants Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[3] The Motion appears at Dkt. No. 227 in Case No. 18-CV-1781, and Dkt. No. 158 in Case No. 18-CV-7692.

## I. BACKGROUND

The facts of the instant discovery dispute have been thoroughly documented in numerous submissions to and rulings from this Court, most recently the Order of August 31, 2020. (Dkt. No. 219 in Case No. 18-CV-1781; Dkt. No. 150) (the "Aug. 31 Order"). Plaintiffs incorporate these by reference as if fully set forth herein.

The Aug. 31 Order has already explained why TSI's assertion of a "confidentiality privilege," like its "reverse engineering" argument was without merit. (*Id.* at 1–8). "<u>Implicitly conceding that TSI's reverse-engineering argument, like its confidentiality argument, must be asserted by the CFPB if at all</u>, [TSI] requested that the Court say compliance with [its then-controlling] Aug. 6 Order for another 30 days, to see if the CFPB wished to take a position." (*Id.* at 7–8 (emphasis added)).

The Aug. 31 Order: (1) granted TSI a final chance to have the CFPB intervene to block production of the CFPB documents in discovery here; (2) directed TSI to meet-and-confer with Plaintiffs to discuss in detail the CFPB documents, such that the Parties possibly could identify discrete portions of the CFPB documents that are irrelevant to this litigation and need not be produced. (*Id.* at 8–9). This dialogue, the Court stressed, would resolve TSI's contention that Plaintiffs' Rule 34 request for the CFPB documents was overbroad. (*Id.* at 4–5, 8–9 & n.2.)[4]

On September 4, Plaintiffs and TSI held a meet-and-confer call per the Aug. 31 Order. During the call, counsel for TSI (James Schultz of Sessions Fishman Nathan & Israel ) asserted he <u>would not</u> provide Plaintiffs details about the nature of the CFPB documents, because TSI's

---

[4] *See also* Tr. of Aug. 4, 2020 Status Conf., at 10:10–22 (Court instructs TSI that, "if you are going to make that [overbreadth] argument, the plaintiffs have to know something about what the CFPB actually asked for and what you actually gave to the CFB so that the two of you can narrow down that universe to the portions which are relevant here.").

counsel during the CFPB investigation (Venable LLP) had somehow lost a list of the CFPB documents, or the computer folder that would have been created at the time these documents were provided to the CFPB by TSI's counsel. Plaintiffs were not provided any documentation from Venable confirming these failures.[5] Plaintiffs thus were denied the opportunity for the resolution-minded dialogue ordered by this Court.

On September 11, the CFPB's Office of General Counsel wrote all Parties here to relate the agency "will not seek to assert any of its privileges that may apply to prevent disclosure of" the CFPB documents in this discovery. (CFPB Ltr. of Sept. 11, at 2) [attached as Exhibit A].

## II. LEGAL STANDARDS

Debt collectors like TSI may not resist discovery of documents previously provided to the CFPB by invoking a privilege belonging to the agency alone. *Chery v. Conduit Educ. Servs., LLC*, No. 18-cv-75, 2020 U.S. Dist. LEXIS 148764, at *30–31 (N.D.N.Y. Aug. 18, 2020) (Hummel, J.) (analyzing, inter alia, Fed. R. Civ. P. 26). Similarly, they may not obtain a protective order relieving them of such a discovery obligation by arguing production would be bad public policy—they must instead show definitively how the production would harm them directly. *Id.* at *35–36.

## III. ARGUMENT

### A. The CFPB Disavowed And Disallowed TSI's Withholding Bases

TSI's asserted bases for withholding the CFPB documents—that they are privileged, confidential communications between an agency and a regulated entity, and that disclosing them

---

[5] The Parties and the Court are entitled to written confirmation from Venable that it lost these documents, as this is an admission of a violation of their statutory duties to preserve, which must be reported to the relevant state bar. *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107–11 (2d Cir. 2001) (sanctioning party that fails to preserve documents it "should have known . . . may be relevant to future litigation" (case quotation omitted)); *accord, e.g., Moran v. Manos*, No. 04-cv-6896, 2009 U.S. Dist. LEXIS 61598, at *27–28 (S.D.N.Y. Apr. 15, 2009) (Gardephe, J.).

3

would undermine the CFPB's investigative capability by allowing for "reverse engineering" of the investigation into TSI—are invalid because only the CFPB may assert these arguments. *See* Aug. 31 Ord. at 4 & n.1; *accord Chery*, 2020 U.S. Dist. LEXIS 148764, at *30–36 (rejecting same assertions by CFPB-regulated defendant obligated to produce in private litigation documents previously provided to CFPB); *see also* Part I, *supra*, & Ex. A. The CFPB officially declined to exert these privileges in writing. TSI's hiding this fact from the Court does not somehow breathe new life into these arguments.

TSI's Motion re-raises the same, previously rejected arguments on this point, without addressing why they failed—indeed, TSI acknowledges it continues to push them only "to preserve its appeal rights." (Mot. at 6 n.3, 14 n.9, 16 n.11).

TSI's argument is without merit for a separate, independent reason as well. According to TSI, federal regulations 12 C.F.R. §§ 1070.30–.37, concerning CFPB investigative demands, preclude TSI from producing the CFPB documents here. (Mot. at 14–19). However, the cited regulations allow for prohibition on document production <u>only</u> in instances where the request for production was served upon <u>CFPB</u> personnel (current or former). *See* 12 C.F.R. § 1070.32(b). These regulations simply do not empower TSI to withhold anything in this discovery.

**B. TSI No Longer Can Accuse Plaintiffs Of Overbreadth**

TSI wrongly accuses Plaintiffs of pursuing their request for the CFPB documents in an overbroad manner which threatens production of irrelevant documents and thereby unduly burdens TSI. (Mot. at 9–14). In fact, Plaintiffs attempted to confer with TSI about the nature of the CFPB documents, that the Parties might agree on revised document-request language that would resolve this dispute without additional motion practice and court involvement as the Court so ordered. TSI sabotaged this process by asserting a dog-ate-homework excuse for its refusal to finally discuss

4

the CFPB documents in detail. *See* Part I, *supra*; *see also* Tr. of Aug. 4, 2020 Status Conf., at 12:19–13:3 (Court's instruction that the Parties discuss the CFPB documents in detail to identify any potentially irrelevant ones which need not be produced).[6]

Because TSI has not "in good faith conferred or attempted to confer" with Plaintiffs concerning the nature of the CFPB documents—despite clear instruction from this Court as to how such dialogue should proceed—TSI's Motion is procedurally and substantively defective. *See* Fed. R. Civ. P. 26(c)(1).

Further, TSI cannot argue Plaintiffs' request for the CFPB documents is overbroad insofar as it encompasses information concerning TSI's nationwide violations, as opposed to only those against New Yorkers. (Mot. at 11–12). Plaintiffs have defined a nationwide Class comprised of all consumers sued in <u>any</u> state in collection lawsuits prosecuted for the benefit of any Trust Defendant. *See* Consol. Am. Compl. ¶ 36. All Defendants, and this Court, have long recognized the Class here as a national one (until, at least, the class-certification phase of this litigation). *See* Tr. of Aug. 4, 2020 Status Conf., at 32:19–36:4. There is no justification for TSI's post hac attempt to re-define the Class narrowly, while continuing to withhold the CFPB documents. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) ("[T]he plaintiff is the master of the complaint . . . .").

---

[6] TSI argues Judge Gardephe agrees with TSI that Plaintiffs' request for the CFPB documents is overbroad. (Mot. at 13–14 (citing Tr. of Oct. 11, 2019 Status Conf.)). This badly takes out of context Judge Gardephe's comment, which addressed whether Plaintiffs might compel the Trust Defendants to produce documents they previously produced to the CFPB during the agency's investigation of those entities. *See* Tr. of Oct. 11, 2019 Status Conf., at 6:8–10:1. The Trust Defendants have taken the position any such documents were provided by Trust insiders not authorized to speak on the Trusts' behalf. *See id.* This potential dispute was resolved via Rule 45 demands to and production by those insiders. Judge Gardephe has never suggested Plaintiffs' discovery requests are overbroad and/or seek irrelevant documents.

## IV. CONCLUSION

For the reasons set forth above, TSI's Motion should be denied

Dated:  New York, New York
        September 21, 2020

Respectfully submitted,

**FRANK LLP**

By:   */s/ Gregory A. Frank*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007-1109
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Counsel for Plaintiffs and the Classes*