UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, *et al.*,   )<br>  )<br>              Plaintiffs,   )<br>v.   )<br>  )<br>NATIONAL COLLEGIATE STUDENT   )<br>LOAN TRUST 2007-2, *et al.*,   )<br>  )<br>              Defendants.   )<br>_____ | 18 Civ. 1781 (PGG)<br>18 Civ. 7692 (PGG) |

**REPLY IN SUPPORT OF TRANSWORLD SYSTEMS INC.'S
MOTION FOR PROTECTIVE ORDER**

NOW COMES Transworld Systems Inc. ("TSI"), through undersigned counsel, and for its Reply in Support of its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26, states as follows:

**I.   Introduction**

On August 31, 2020, this Court entered an Order modifying its August 6, 2020 Order so that TSI was not required to disclose the CIDs served upon it by the CFPB during the parties' meet-and-confer process and requiring TSI to file a motion for protective order, if any, by September 14, 2020 addressing its overbreadth objection as to plaintiffs' Request for Production No. 19. To that end, on September 4, 2020, counsel for TSI and for plaintiffs conducted a meet-and-confer conference to discuss a possible narrowing or limitation to Request No. 19.

During the meet-and-confer, plaintiffs' counsel requested confirmation as to the number of documents that were produced to the CFPB pursuant to the CIDs. The undersigned advised plaintiffs' counsel that Venable LLP represented TSI

with regard to the CFPB investigation, that TSI was re-assembling the production made to the CFPB, and that the undersigned was unaware as to the exact number of documents produced by TSI to the CFPB. The undersigned further stated that TSI would consider responding to a narrowed Request No. 19 that contemplated specific categories of documents that were produced to the CFPB.[1]

Initially, TSI is compelled to respond to specific claims made by plaintiffs related to alleged "admissions" made during the meet and confer conference. Specifically, plaintiffs assert in their brief that during that meet and confer call, counsel for TSI stated that TSI "<u>would not</u> provide Plaintiffs details about the nature of the CFPB documents, because TSI's counsel during the CFPB investigation (Venable LLP) had somehow lost a list of the CFPB documents, or the computer folder that would have been created at the time these documents were provided to the CFPB by TSI's counsel." Doc. 229 in Case 1:18-cv-01781-PCG-BCM, pp. 3-4 (emphasis in original). Plaintiffs double-down on this allegation by stating that an admission had been made during the meet and confer

---

[1] TSI did not refuse to provide information regarding the "details about the nature of the CFPB documents", but, instead, advised that undersigned counsel had not personally seen or reviewed the production, so was unable to state with any precision the number of documents or pages of documents that had been produced to the CFPB. *See Ex. A,* ¶ 7. Plaintiffs' counsel was also notified that all of the documents that had been produced to the CFPB by TSI during the course of a three year long investigation involved several separate productions, and that those documents were not stored in one central repository. *See Ex. A,* ¶ 7. Last, TSI has repeatedly requested a narrowing of the request by plaintiffs to consider the privacy implications (at a minimum, the documents seek private consumer information), and to determine whether such a narrowed request could be adequately responded to by TSI.

that Venable, LLP had breached a statutory duty to preserve documents. *Id, p. 3, fn. 5.*

No such statements or admissions were made by counsel for TSI. And to remove any potential ambiguity, TSI is submitting the Declaration of James K. Schultz to make clear that no such statements or admissions were made that any lists, documents or computer files have been lost. *See Declaration of James K. Schultz attached at Exhibit A.*

Counsel for TSI has never stated at any time that TSI had lost any list of documents or the actual documents that were submitted to the CFPB. *Ex. A, ¶ 5.* Moreover, TSI did not make any statements at any time to plaintiffs' counsel that any computer file that might have been created at the time of the production of the documents to the CFPB had been lost. *Ex. A, ¶ 6.*

Plaintiffs' statement in their opposition brief asserting that counsel for TSI made a statement that any documents, lists of documents or computer files had been lost is not correct. *Ex. A, ¶ 10.*

More substantive to the instant discovery dispute, and as has been discussed previously by TSI, Request No. 19 as currently constructed is overbroad and improper. TSI has repeatedly requested directly to plaintiffs, and now asks this Court, to narrow Request No. 19 to give TSI the opportunity to meaningfully address privacy and privilege concerns of numerous consumers[2] while at the same

---

[2] As this Court identified in its August 31, 2020 Order, TSI withheld documents in response to the CFPB CIDs as privileged.

3

time, to produce those documents that are relevant to and within scope of the claims of this case, and not the CFPB investigation. This simple and reasonable proposal is achieved simply by tying plaintiffs' document request to the actual claims they make in this case (i.e., documents provided to the CFPB regarding TSI's (or NCO's) affiants review of New York affidavits, or some iteration of that request), and not the alleged wrongdoing investigated years ago by the CFPB. Plaintiffs have continually refused any narrowing or limitation whatsoever, therefore requiring the bringing of this motion.

Further, TSI has not "concealed" anything from this Court as plaintiffs' suggest.[3] See *Dkt. 227, p. 2.* Initially, TSI highlighted in its motion[4] that the CFPB had not asserted a privilege (as of the filing of the motion); however, as noted in the CFPB's letter, the CFPB did not take any position regarding any privilege belonging to TSI that may apply. As such, TSI, in good faith, continued, and continues, to assert its "reverse-engineering" and "confidentiality" arguments. The CFPB's letter has not altered that position.

Moreover, TSI's motion did not "conceal" its position with regard to plaintiffs' Request No. 19. TSI's motion makes very clear that it "met and conferred with Plaintiffs about possible narrowing of Plaintiffs' Request No. 19 to

---

[3] Plaintiffs position is all the more hypocritical given that they failed to advise this Court, or any counsel to this case, that they had ongoing litigation pending against the CFPB for nearly two years in the FOIA litigation regarding the same documents that they now seek from TSI (and where they continue to seek the investigatory transcripts directly from TSI).

[4] *See* Dkt. Dkt. No. 227 in Case No. 18-CV-1781, and Dkt. No. 158 in Case No. 18-CV-7692, p. 6.

the actual claims against TSI, in this case, and Plaintiffs refused to agree to any limitation or modification to Request No. 19".[5]  This Court's August 31, 2020 Order did not require TSI to produce the CIDs, nor did it require TSI to "provide Plaintiffs with additional detail concerning the nature of the CFPB documents."[6] Rather, that Order required that the parties meet and confer in an effort "to resolve or narrow their remaining disputes concerning plaintiffs' Document Request No. 19".  *See* Dkt. 219 in Case No. 18-CV-1781, Dkt. 150 in Case No. 18-CV-7692, p. 6, 9-10.  TSI, in good faith, sought to narrow the request to categories of information relevant to this case; however, plaintiffs refused to agree to any limitations or narrowing of that request, prompting the filing of TSI's motion.[7]

---

[5] *See* Dkt. Dkt. No. 227 in Case No. 18-CV-1781, and Dkt. No. 158 in Case No. 18-CV-7692, p. 4.

[6] Indeed, if plaintiffs truly believe that the CFPB was investigating the exact same allegations at issue in this case, which is clearly not accurate, then it defies logic that they somehow need TSI to provide the CIDs issued by the CFPB regarding the content and nature of the documents produced to assist plaintiffs in tailoring their request in some way.  The CFPB issued the TSI Consent Order, and it is a public document so plaintiffs can literally make the determination of what was at issue simply by reading it.  The concept that TSI should be forced to determine how to narrow the request in a way so that plaintiffs' can build their case is illogical and skips the first step of plaintiffs explaining how their request is relevant to begin with.  *See* Fed. R. Civ. P. 26(b)(1) ("***Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u> and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).

[7] Plaintiffs argue that Judge Gardephe's consideration of the CFPB issue is irrelevant because it was discussed in the context of plaintiffs requests to the Trusts; however, TSI cited to Judge Gardephe's thoughts more generally for the position that narrowed and tailored requests should be submitted rather than a blanket request for all the documents given to the CFPB.  It is difficult to see how it does not apply equally to the request just because it went to TSI instead of the Trusts.

Plaintiffs' briefs suffers equally in substance.  Plaintiffs accuse TSI of not raising error with this Court's prior rulings and with filing a veiled sur-reply as the initial motion.  However, this Court requested that TSI address its overbreadth arguments, which it clearly did by addressing how the Court's decisions in *Chery v. Conduent Educ. Servs., LLC*, No. 1:18-CV-75 (DNH/CFH), 2020 WL 4783167, at *1 (N.D.N.Y. Aug. 18, 2020) and *Munoz v. PHH Corp.*, No. 1:08-CV-0759-AWI-BAM, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013) apply to the facts in this case.[8]

As TSI noted in its Motion, the ultimate take-away is that courts in *Chery* and *Munoz* tied the discovery sought there to the actual allegations in the case. Here, on the other hand, plaintiffs continue to simply and broadly request *all* documents that TSI produced to the CFPB with no connection whatsoever to New York (or any state at all), specific alleged violations, a specific time period, or a specific law firm or National Collegiate Trust.  As such, Request No. 19 is the epitome of a fishing expedition.  Where TSI has asserted meritorious defenses to plaintiffs' claims that it intends to fight on a dispositive motion (and at class certification), this Court should balance TSI's rights under Rule 26 with plaintiffs' rights to discovery that is actually relevant to their case, as the Court did in *Chery*. Plaintiffs have not explained how the *entire* production to the CFPB is somehow

---

[8] Plaintiffs position is all the more brazen given that they simply fail to address TSI's distinguishing of those cases, instead just relying upon their tired position that TSI is supposedly rehashing arguments.

6

relevant to plaintiffs' actual claims *in this case*. In fact, and tellingly, at no point in time does plaintiffs' brief make any argument or offer any explanation as to how the documents encompassed by Request No. 19 are relevant to their claims. Simply put, a request for the production of documents that is not relevant, and lacks the capacity to lead to the discovery of admissible documents, is an overbroad request.

Plaintiffs continue by contending that TSI "sabotaged" the meet-and-confer process. This too is wrong, as simply indicating that TSI was working to assemble the production, and that the undersigned was not aware as to the full scope of the CIDs is not sabotaging the meet-and-confer process. The undersigned requested that plaintiffs, in reliance upon their actual complaint, written and oral discovery in the case so far (which has been voluminous and involved the deposition of TSI and the Trusts's corporate representative), and the TSI Consent Order, narrow their request tied to the actual allegations in this case. Plaintiffs make this out to be a herculean effort because TSI has not provided to them the CIDs themselves. A simple review of the TSI Consent Order however makes clear as to what the CFPB was investigating (although, TSI did not make any admissions of any violations by entering into the consent order). Requesting that plaintiffs narrow their request is, and has always been, a reasonable request that plaintiffs have

7

unreasonably rejected as plaintiffs instead want to simply ride coattails on a CFPB investigation that was different from the claims made in this case.[9]

Plaintiffs again rely on *Chery* to argue, ineffectively, that this Court should broadly allow unfettered discovery, but, as noted in TSI's motion, that was not the result in *Chery* where Judge Hummel determined that the request *was overbroad*. Additionally, in *Munoz*, the plaintiffs sought discovery related to a RESPA claim where the CFPB was investigating the exact same claim, and their requests were tied to the same allegations that the CFPB was investigating, unlike here. Notably, plaintiffs failed to address TSI's arguments or these aspects of *Chery* and *Munoz* whatsoever.

Instead, plaintiffs argue that they are now entitled to *nationwide* class discovery to apparently justify their request for all CFPB documents. To that end, plaintiffs cite to their complaint to argue that the parties to this case, and this Court, should have known all along that they intended to represent a nationwide class, and astonishingly make the statement that "[a]ll Defendants, and this Court, have long recognized the Class here as a national one…". *See* Dkt. 229 in Case No. 18-CV-1781, Dkt. 160 in Case No. 18-CV-7692, p. 6. In their response brief,

---

[9] Plaintiffs contend that TSI's motion is somehow procedurally or substantively defective because "TSI has not 'in good faith conferred or attempted to confer' with Plaintiffs concerning the nature of the CFPB documents—despite clear instruction from this Court as to how such dialogue should proceed…"; however, this Court did not require TSI to produce the CIDs and simply required the parties to attempt to resolve or narrow the Request, which TSI did by requesting plaintiffs narrow their request as to specific categories of documents rather than *all* documents TSI produced to the CFPB. Again, plaintiffs' position has consistently been to produce *all* the documents (and the investigatory transcripts). It is difficult to see how TSI approached the meet-and-confer in anything other than good faith.

plaintiffs contend that they defined the class as "all consumers sued in <u>any</u> state in collection lawsuits prosecuted for the benefit of any Trust Defendant." (emphasis in original).  But that is not quite true.  The class definition in plaintiffs actual complaint is as follows: "(a) all persons sued in state-court lawsuits related to the collection of consumer debt, (b) in which any Trust Defendant was identified as plaintiff in the complaint, (c) within six years of the date of the filing of this action."  Dkt. 124 in Case No. 18-CV-1781, Dkt. 72 in Case No. 18-CV-7692, p. 9.  Plaintiffs addition of the word "any" is easily discernable.[10]

Plaintiffs suggestion that this Court, and the parties, have long recognized the class here as national in scope is not supported by the record, especially given that plaintiffs reliance on that statement is a short excerpt from the transcript from the recent August 4, 2020 hearing alone.  Simply put, the re-production of the documents submitted to the CFPB on a nationwide scale is improper here when the claims are predicated upon violations of New York law and are not applicable outside of New York.[11]  Additionally, plaintiffs request makes little sense in the

---

[10] Plaintiffs contend they are the master of their complaint; however, their complaint, on its face, does not contemplate a nationwide class.  It is, at best, ambiguous, and plaintiffs now are attempting to remove that ambiguity to support their claim for overbroad discovery on a national level.

[11] Indeed, TSI has continually taken this position in opposing plaintiffs' objections to this Court July 17, 2020 order regarding the Forster & Garbus LLP documents.  *See* Dkt. 222 in Case No. 18-CV-1781; Dkt. No. 153 in Case No. 18-CV-7692.  Amazingly, in plaintiffs Objections to this Court's July 17, 2020 Order, they have yet another interpretation of their defined class.  *See* Dkt. 202, p. 7 ("*Plaintiffs here constitute a nationwide Class of* '(a) all persons sued in state-court lawsuits related to the collection of consumer debt, (b) in which any Trust Defendant was identified as plaintiff in the complaint . . . .'").

context of their actual claims, and, where, as here, all alleged acts occurred in the state of New York (and F&G only files lawsuits on behalf of the Trusts in New York).

The Trusts own debts for student loan borrowers nationwide, and TSI services such accounts as the post-default servicer; however, the claims *in this lawsuit* are only predicated upon actions taken *in New York courts*. As such, plaintiffs' accusation that TSI is attempting to re-define the class narrowly misses the mark because, as reflected in this brief, it is plaintiffs that have attempted to morph the actual allegations in their complaint to fit their desired discovery.

Finally, while the CFPB has taken the current position that it will not seek to assert any of its privileges in this case, it was also equally clear that TSI could assert its own. The CFPB did not "disavow" or "disallow" any arguments TSI has for withholding the production as plaintiffs suggest. TSI has a right, independent of the CFPB's position, to raise its "reverse-engineering" and "confidentiality" positions. TSI did so to preserve its right to a potential appeal. TSI has not hidden or concealed the CFPB's position and has only asserted what it considers to be its own rights to preclude the entry of a potential order requiring that it turn over its entire production to the CFPB to private plaintiffs.

WHEREFORE, Transworld Systems Inc., respectfully request that this Honorable Court enter a protective order, deny plaintiffs' request for documents

and information produced by TSI to the CFPB as requested, and for all other and further relief that this Court deems just and appropriate.

        Respectfully submitted,

        */s/ James K. Schultz*
        James K. Schultz
        Sessions, Fishman, Nathan & Israel
        1545 Hotel Circle South, Suite 150
        San Diego, California 92108
        Telephone:  (619) 296-2018
        Email:  jschultz@sessions.legal

        Bryan Shartle
        Sessions, Fishman, Nathan & Israel
        3850 N. Causeway Blvd., Ste. 200
        Metairie, LA 70002
        Telephone:  (504) 846-7917
        E-mail:  bshartle@sessions.legal

        Morgan I. Marcus
        Sessions, Fishman, Nathan & Israel
        141 W. Jackson Blvd., Ste. 3550
        Chicago, Illinois 60604
        Telephone:  (312) 578-0990
        E-mail:  mmarcus@sessions.legal

        Aaron R. Easley
        Sessions, Fishman, Nathan & Israel
        3 Cross Creek Drive
        Flemington, New Jersey 08822-4938
        Telephone:  (908) 237-1660
        E-mail:  aeasley@sessions.legal

        *Attorneys for Transworld Systems Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2020 a true and correct copy of the foregoing was served upon the attorneys of record by operation of the ECF filing system, including:

    Gregory A. Frank
    Marvin L. Frank
    Asher Hawkins
    FRANK LLP
    370 Lexington Avenue, Suite 1706
    New York, New York 10017
    gfrank@frankllp.com
    mfrank@frankllp.com
    ahawkins@frankllp.com


                                      /s/ James K. Schultz