Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MUTINTA MICHELO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | 18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | ) | 18 Civ. 7692 (PGG) |
| LOAN TRUST 2007-2, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>DECLARATION OF JAMES K. SCHULTZ</u>

I, James K. Schultz, hereby declare and state:

1.     I am over the age of 18 and competent to testify to the matters stated herein.

2.     I am an attorney for defendants Transworld Systems Inc. and EGS Financial Care, Inc. in reference to the above matters.

3.     This declaration is being submitted for the limited purpose of responding to claims made in plaintiffs' Opposition to TSI's Motion for Protective Order Concerning Production of Documents Provided to CFPB (Doc. 229 in Case 1:18-cv-01781-PCG-BCM).  In that brief, plaintiffs assert that during a meet and call conference, that I stated that TSI "<u>would not</u> provide Plaintiffs details about the nature of the CFPB documents, because TSI's counsel during the CFPB investigation (Venable LLP) had somehow lost a list of the CFPB documents, or the computer folder that would have been created at the time these documents were provided to the CFPB by TSI's counsel."  *Id, pp. 3-4* (emphasis in original).

4.      I am the attorney that participated in the referenced meet and confer conference on behalf of TSI and EGS with plaintiffs' counsel Asher Hawkins on September 4, 2020.

5.      At no time during that conference, or at any time, did I state that Venable LLP had lost any list of any documents, or any documents that were submitted to the CFPB.  In fact, at no time did I state that any list of the documents, or the documents that were submitted to the CFPB been lost by any person or entity.

6.      Moreover, at no time during that conference did I notify plaintiffs' counsel that any computer file that might have been created at the time of the production documents to the CFPB had been lost, either by Venable LLP or any other person or entity.

7.      Instead, I advised plaintiffs' counsel that I personally had not seen the documents that had been produced to the CFPB so was unable to state with any precision the number of documents or number of pages that had been submitted to the CFPB.  I further explained to plaintiffs' counsel that the entirety of the documents that had been submitted to the CFPB by TSI during the course of a three year long investigation involved several separate productions, and that those documents were not, as far as I understood, stored in one central repository.

8.      I further explained to plaintiffs' counsel that TSI was assembling the materials and that the assembly of the documents was ongoing.

9.      To be clear, at no point in time did I state, or imply in any way, that any documents, any list of any documents, or any computer folders had been lost by TSI, TSI's counsel, or any other person or entity.

10.      Plaintiffs' statement in their opposition brief asserting otherwise is false.

11.      Finally, at no time did I state, suggest or imply that Venable had committed a violation of any statutory duty to preserve or that Venable had lost any documents. Plaintiffs' statement in footnote 5 of their opposition that there was "an admission of a violation of [Venable LLP's] statutory duties to preserve, which must be reported to the relevant state bar" is not accurate as no such admissions were ever made, and even if had been made, which it was not, would not be true based upon my knowledge and understanding.  (Doc. 229 in Case 1:18-cv-01781-PCG-BCM, p. 3, fn. 5).


I declare under penalty of perjury under the laws of the United States of America and all other applicable laws in the present proceedings that the following is true and correct.

Executed on September 23, 2020.

s/ *James K. Schultz* _____
Attorney for TSI and EGS