

Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

R. James DeRose III
Direct Telephone: 212-812-8329
Direct Fax: 212-812-8379
rderose@lockelord.com

September 25, 2020

<u>BY ECF</u>

Hon. Paul G. Gardephe
Courtroom 705
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  <u>Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.</u>, No. 18-CV-1781 (PGG); and <u>Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.</u>, No. 18-CV-7692 (PGG)

Dear Judge Gardephe:

We represent the Trust Defendants[1] in the above matter. We write to address certain statements Plaintiffs have made in briefing in support of their Objections to the Magistrate's July 17, 2020 Order. While Plaintiffs' motion before the Court presents a dispute between Plaintiffs and TSI, a single defendant, Plaintiffs refer throughout their briefing to "Defendants," resulting in assertions against the Trust Defendants to which the Trust Defendants are compelled to respond.

First, Plaintiffs' assertion that "Defendants possess no proof Plaintiff Tabar owes them any debt," ECF 230, at 3, is simply not true. To be sure, this issue will be addressed at an appropriate stage in the litigation but, for now, the Trust Defendants flatly deny Plaintiffs' assertion that (a) Tabar did not owe them a debt at the time certain Trust Defendants brought actions against her to recover unpaid obligations; and (b) the same Trust Defendants did not and do not have proof that such debts are due and owing to them.

Second, Plaintiffs' assertions as to the intended scope of any putative class are certainly misplaced to the extent they are directed at the Trust Defendants.  The only cause of action against the Trust Defendants is one for violation of N.Y. General Business Law § 349. Consequently, any putative class on whose behalf this claim could be asserted would be tied to conduct in New York, the only jurisdiction where this law could have any application. *See, e.g.*, *Springer v. U.S. Bank Nat'l Ass'n*, No. 15-CV-1107(JGK), 2015 WL 9462083, at *10 (S.D.N.Y.

---

[1] The "Trust Defendants" are the National Collegiate Student Loan Trusts 2004-2, 2006-4, 2007-2, and 2007-3.

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | Morristown | New Orleans | New York | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

Hon. Paul G. Gardephe
September 25, 2020
Page 2

Dec. 23, 2015) ("To qualify as a prohibited act under the [General Business Law], the deception of a consumer must occur in New York …."); *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325 (2002) (holding that General Business Law § 349 does not apply to out of state transactions).

The Trust Defendants appreciate the Court's attention to this matter.

Respectfully submitted,

LOCKE LORD LLP


R. James DeRose III


cc: All parties entitled to notice (by ECF)