

305 BROADWAY
SUITE 700
NEW YORK, NY 10007
212 682 1853
212 682 1892   FAX
gfrank@frankllp.com
www.frankllp.com

October 16, 2020

**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

> Re:   *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781
>        *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.*, 18-CV-7692
>        *Butry et al. v. Nat'l Collegiate Student Loan Trust 2005-3 et al.*, 20-CV-5843

Dear Judge Moses:

      We represent Plaintiffs in the above-referenced actions, and write pursuant to Sections 1 & 2 of Your Honor's Individual Practices.  We request that the Court address case management issues affecting discovery in both the *Michelo-Bifulco* consolidated litigation and the recently filed *Butry* action.  The *Butry* action involves Plaintiffs who are already named Plaintiffs in the *Michelo-Bifulco* litigation and assert the same claims as in the *Michelo-Bifulco* action, only against additional Trust defendants represented by the same defense counsel.[1]

      The Parties have discussed these issues at length but are unable to resolve them without the Court's intervention.  Defendants' delays make it impossible to meet existing deadlines.  Defendants declined to join Plaintiffs in drafting this letter, instead asking only that we include their request that they be given one week's time to file a unified response to this letter.

**I.**   **The *Michelo-Bifulco* Discovery Deadline Is No Longer Feasible**

      The existing case management deadlines—including a discovery deadline of November 1[2]—are no longer feasible and must be extended.  Among other reasons, Plaintiffs <u>still</u> have not received documents Your Honor ordered produced <u>three months ago</u>.  These documents are key for Plaintiffs to understand how TSI and Forster managed the Trusts' debt collection practices.[3]  Once Plaintiffs finally receive the production, they must be able to review it before deposing TSI's "Affiant Team," and the Forster attorneys who worked on the underlying state-court collection suits.  Defendants have repeatedly attributed this delay to the process of privilege review.[4]  At this

---

[1] The same defense counsel who represent the Trust Defendants in *Michelo-Bifulco*, also now represent the additional Trust Defendants in *Butry*.  Counsel for Plaintiffs, and for TSI and Forster, are the same in all three actions.

[2] Ord. of June 24, 2020 (Dkt. No. 189 in Case No. 18-cv-1781; Dkt. No. 126 in Case No. 18-cv-7692).  This is the first request for extension of these deadlines.

[3] Ord. of July 17, 2020 (Dkt. No. 194 in Case No. 18-cv-1781; Dkt. No. 131 in Case No. 18-cv-7692).

[4] They most recently did so October 14, during a meet-and-confer call involving all counsel and lasting approximately 30 minutes.

point, even immediate production would not leave Plaintiffs time to analyze the documents and depose the witnesses.

In addition, the Parties await the Court's resolution of Defendants' repetitive motion practice asserting their already rejected arguments they need not (1) produce documents pertaining to the Consumer Financial Protection Bureau investigation or (2) make available for deposition a key member of the Affiant Team who has suddenly claimed an unsubstantiated inability to testify.[5] Defendants' undo delay makes it impossible to meet the present discovery deadline.

## II. Discovery In *Michelo-Bifulco* And *Butry* Must Be Coordinated

All three actions involve facts, claims, and parties that are identical.[6] As it has before with newly filed class actions concerning the National Collegiate Student Loan Trusts,[7] the Court should coordinate *Butry* with the ongoing actions. Failure to do so means multiple depositions—of the same Plaintiffs (three of the *Butry* Plaintiffs are also named Plaintiffs in *Michelo-Bifulco*); the same members of TSI's Affiant Team; and the same Forster employees—and all concerning essentially the same facts.[8]

Coordinating discovery in *Michelo-Bifulco* with discovery in *Butry* would yield substantial litigation efficiency and ensure judicial resources are not wasted. Almost all discovery for *Butry* will overlap with *Michelo-Bifulco* as it appears Defendants used identical procedures to manage all of the relevant trusts. Nevertheless, Defendants are strongly opposed to such coordination, instead insisting the Parties—all represented by the same counsel, and now appearing before the same District and Magistrate Judges—adopt a disjointed discovery approach.

Indeed, Defendants have already invited the coordination of discovery by (1) producing in *Michelo-Bifulco* numerous documents they say reflect loans Plaintiffs owe to Trusts not named in *Michelo-Bifulco*—but now named as defendants in *Butry*—and (2) interrogating Plaintiffs at deposition about alleged loans now at issue in *Butry*.

Defendants' rationale against discovery coordination is that they intend to file a Rule 12 motion in *Butry*. This Court has already rejected such inefficient logic, requiring discovery

---

[5] The currently controlling decisions granting Plaintiffs such discovery have been reported at: 2020 U.S. Dist. LEXIS 131372 (S.D.N.Y. July 17, 2020); 2020 U.S. Dist. LEXIS 140889 (S.D.N.Y. Aug. 6, 2020).

[6] Though the three actions involve Trust defendants that are technically separate entities, this is a distinction without practical difference, as all 15 of the "National Collegiate" Trusts—including the seven Trust Defendants here—have been created and managed identically.

[7] *See* Ord. & Case Mgmt. Plan of Nov. 28, 2018 (Dkt. Nos. 73–74 in Case No. 18-cv-1781; Dkt. Nos. 34–35 in Case No. 18-cv-7692) (Judge Gardephe consolidates *Michelo* and *Bifulco* and issues coordinated discovery plan).

[8] The reason for this overlap is that different Trusts often sued the same consumer in separate state-court actions filed at the same time with boilerplate documents prepared by the same TSI and Forster personnel. For example, Plaintiff Butry was sued twice in state court on Nov. 15, 2013, by both Trust 2004-2 and Trust 2005-3, with the same TSI and Forster employees signing in both the same boilerplate filings that used the same deceptive language. The violations against Mr. Butry concerning Trust 2004-2 are at issue in *Bifulco*; those concerning Trust 2005-3 are now asserted in *Butry*.

proceed in *Michelo* and then *Bifulco* even as motions to dismiss were pending.[9]  The Court should again include the new case (*Butry*) in the ongoing litigation.  *See* Fed. R. Civ. P. 16(b) & -(f), 26(d) (granting court broad authority to order expedited discovery and related case management).

### III.   Conclusion

For the reasons set forth above, this Court should immediately issue an order:

- Adjourning sine dine the deadlines set forth in the Court's Order of June 24,[10] to be re-set at such time as the issues addressed in this letter are resolved;

- Ordering Defendants to submit a letter explaining:

   (1) their failure to produce the documents they were ordered to produce; and

   (2) why *Butry* should not be consolidated with *Michelo-Bifulco* for coordinated discovery;[11] and

- Allowing Plaintiffs one week's time to reply to any such letter submitted by Defendants;

 

                                                  **FRANK LLP**

                                                  By:   */s/ Gregory A. Frank*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

cc:   Hon. Paul G. Gardephe, U.S.D.J.
      All counsel of record

---

[9] *See* Tr. of June 21, 2018 Conf., at 20:19–22 (Judge Gardephe orders discovery proceed in *Michelo* while he considers Rule 12 motion); *see also* Ord. & Case Mgmt. Plan of Nov. 28, 2018 (Dkt. Nos. 73–74 in Case No. 18-cv-1781; Dkt. Nos. 34–35 in Case No. 18-cv-7692) (Judge Gardephe consolidates *Michelo* and *Bifulco* and issues coordinated Rule 12 briefing plan).

[10]  (Dkt. No. 189 in Case No. 18-cv-1781; Dkt. No. 126 in Case No. 18-cv-7692).

[11] After Judge Gardephe accepted *Bifulco* as related to the first-filed *Michelo*, he directed the Parties submit letters providing any reason the cases should not be consolidated under Rule 42.  *See* Ord. of Nov. 7, 2018 (Dkt. No. 67 in Case No. 18-cv-1781; Dkt. No. 30 in Case No. 18-cv-7692).