October 21, 2020


**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re:     *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781
        *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.*, 18-CV-7692
        *Butry et al. v. Nat'l Collegiate Student Loan Trust 2005-3 et al.*, 20-CV-5843

Dear Judge Moses:

        We write on behalf of all defendants in the above-referenced actions in response to
plaintiffs' letter motion dated October 16, 2020, and in accordance with your October 19, 2020
Order.

## I.     The *Michelo-Bifulco* Plaintiffs' Request to Extend the Discovery Deadline

        As a general matter, the *Michelo-Bifulco* defendants agree that it is necessary for the
Court to extend the November 4, 2020 discovery deadline.  However, plaintiffs' assertion that
defendants' "undo delay makes it impossible to meet the present discovery deadline" is
inaccurate.  For several months, defendants have made repeated requests for the availability of
plaintiffs Michelo, Butry, Frauenhofer, and Bifulco to sit for remote depositions.  Up until this
afternoon, plaintiffs' counsel refused to provide any dates—citing generally to plaintiffs'
supposed inability to navigate technical challenges of remote depositions and taking time off
from work.  Conversely, after months of requesting dates for plaintiffs Katherine Seaman and
Mary Seaman, on short notice defendants conducted those plaintiffs' depositions remotely on
September 16 and 20, respectively.  Those depositions took place without any technical issues
whatsoever.  Remote depositions are the "new normal" and the remaining plaintiffs must comply
with their discovery obligations and commit to firm dates so that necessary discovery can be
completed and the case can move forward to class certification.  *Rouviere v. DePuy
Orthopaedics, Inc.*, No. 1:18-cv-04814-LJL-SDA, 2020 WL 3967665, at *3 (S.D.N.Y. July 11,
2020).  Alternatively, plaintiffs who are simply unwilling to be deposed remotely can dismiss
their claims.

        Accordingly, although the *Michelo-Bifulco* defendants agree that a modest extension of
60 days to the current discovery deadline is necessary,[1] they also request that, to ensure these
depositions are completed in a timely fashion, the Court require plaintiffs to provide dates of
availability that fall within the next 30 days so that defendants can finish the outstanding
depositions.

---

[1] Defendants also request the Court extend the current class certification deadlines an additional 60 days.

To the extent that plaintiffs reference the Transworld/Forster production, Transworld is in the process of completing its review of its audits for privilege, and contemplates production by the end of next week.  The audits, which span from 2014 to 2019, contain attorney-client communications, third-party consumer information, sensitive financial information, and information regarding entirely different creditors from those at issue in this lawsuit.  As such, Transworld is reviewing each audit to confirm such information has been appropriately logged.  Again, Transworld anticipates producing by the end of next week and considers this issue to be resolved.

## II.     The Court Should Deny Plaintiffs' Present Request For Coordinated Discovery in the *Michelo-Bifulco* and *Butry* Actions.

The Court should not order coordination of discovery in the *Michelo-Bifulco* and *Butry* actions as plaintiffs request.  Doing so would prejudice defendants in both cases and cause unnecessary delay in the *Michelo-Bifulco* action, which has been pending for over 2.5 years and is in an entirely different procedural posture than *Butry*, a case just recently filed and to which defendants have not even filed responsive pleadings.

As this Court is aware, discovery in *Michelo-Bifulco* has been ongoing for some time and other than a few remaining party depositions and the exchange of some final documents we are reaching the end of discovery.  When discovery finishes, the parties will move into class certification briefing as they previously contemplated and agreed to in a joint submission to Your Honor.  To connect the remaining *Michelo-Bifulco* discovery now, with the recently filed *Butry* action, would disrupt that process and unduly delay *Michelo-Bifulco* while discovery in the newly filed *Butry* action first commences.  Even if the Court concludes that discovery in the newly filed *Butry* action can proceed immediately, the cases are at such disparate stages that holding the pace of *Michelo-Bifulco* back makes little sense.

The current deadline for the *Butry* defendants to respond to the complaint also cuts against tying discovery in *Michelo-Bifulco* to that new action.  That deadline is December 4, 2020, by which time defendants intend to have on file motions to dismiss.  While discovery could take place once those motions are pending, defendants would argue it should not as there are arguments unique to the *Butry* action on statutes of limitations, improper claim splitting and possibly other grounds that could result in the dismissal or repleading of claims in that action.[2]

For the reasons articulated above, there is no reason to cause significant delay in *Michelo-Bifulco* so close to the end of discovery and commencement of class certification proceedings.  Accordingly, plaintiffs' request that *Michelo-Bifulco* discovery be coordinated with *Butry* discovery is unjustified and would prejudice defendants, and therefore both cases should proceed independent of one another.

---

[2] The Court previously dismissed certain of the *Michelo-Bifulco* plaintiffs' claims as time-barred.  *See* 1:18-cv-01781, Dkts. 107, 109.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Gregory T. Casamento*

Gregory T. Casamento

cc: All counsel of record