USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al., <br><br>   Plaintiffs,<br><br> -against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,<br><br>   Defendants. | 18-CV-1781 (PGG) (BCM) |
| CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,<br><br>   Plaintiffs,<br><br> -against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,<br><br>   Defendants. | 18-CV-7692 (PGG) (BCM)<br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated September 14, 2020 (TSI Mot.) (Dkt. No. 227 in *Michelo*, Case No. 18-CV-1781; Dkt. No. 158 in *Bifulco*, Case No. 18-CV-7692),[1] defendant Transworld Systems Inc. (TSI) seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), with respect to plaintiffs' Document Request No. 19 (Request No. 19), served pursuant to Fed. R. Civ. P. 34, that TSI produce all documents that it previously produced to the Consumer Financial Protection Bureau (CFPB or Bureau) in connection with *In re Transworld System, Inc.*, File No. 2017-CFPB-0018 and *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 17-CV-01323-UNA (D. Del.). TSI argues that Request No. 19 is overbroad, in that the CFPB's investigation extended beyond New York and beyond the time period at issue in these actions,

---

[1] For consistency and ease of reference, the remainder of this Order will identify record documents only by their docket numbers in the *Michelo* action, Case No. 18-CV-1781.

disproportionate to the needs of the case, and overly burdensome. TSI Mot. at 9-14. Additionally, in order to "preserve its appellate rights," *id*. at 14. n.9, 16 n.11, TSI argues that producing the requested documents "would force TSI to violate the process for the treatment of confidential information produced pursuant to a CFPB CID [Civil Investigative Demand]" and permit plaintiffs to "reverse engineer" the CFPB's investigatory process. TSI Mot. at 6, 19.

In their opposition brief dated September 21, 2020 (Pl. Opp.) (Dkt. No. 229), plaintiffs argue that TSI's confidentiality and reverse engineering arguments have already been rejected by this Court and in any event are "invalid" because the "CFPB officially declined to exert these privileges in writing." Pl. Opp. at 3-4. Plaintiffs attach a letter dated September 11, 2020, from Steven Y. Bressler, the CFPB's Assistant General Counsel for Litigation & Oversight, stating that "[t]he Bureau has determined, consistent with 12 C.F.R. § 1070.47, that it will not seek to assert any of its privileges that may apply to prevent disclosure of" these materials. Pl. Opp. Ex. A. As to TSI's overbreadth, proportionality, and burden arguments, plaintiffs assert that although they met and conferred with TSI on September 4, 2020, with regard to potentially narrowing the production, they were thwarted by TSI's refusal to "provide Plaintiffs details about the nature of the CFPB documents," because its prior counsel "somehow lost a list of the CFPB documents" or the corresponding "computer folder." *Id*. at 2-3. Plaintiffs also point out that, although no class has yet been certified in these actions, their pleadings "define[] a nationwide Class." *Id*. at 5.

TSI filed a reply on September 23, 2020 (Reply) (Dkt. No. 231), accompanied by a declaration from James Schultz (Schultz Decl.) (Dkt. No. 231-1) attesting that he was the TSI attorney who met and conferred with plaintiffs on September 4, and that he never stated that prior counsel (or anyone else) "lost any list" of documents submitted to the CFPB, any related computer file, or the documents themselves. Schultz Decl. ¶¶ 5-6, 9. Schultz acknowledged,

however, that he had not seen the CFPB production and was "unable to state with any precision the number of documents or the number of pages that had been submitted to the CFBP." *Id.* ¶ 7. TSI suggests that the Court narrow Request No. 19 to "documents provided to the CFBP regarding TSI's (or NCO's) affiants['] review of New York affidavits, or some iteration of that request." Reply at 4.

TSI's motion is DENIED.

Plaintiffs are correct that this Court has previously rejected TSI's confidentiality and "reverse engineering" arguments.[2] Moreover, the protections and privileges that TSI describes would be assertible, if at all, by the CFPB, which has now unequivocally declined to do so.

TSI's remaining arguments fail for lack of support. The Court previously reminded TSI that "to extent it objects to Request No. 19 as overbroad, disproportionate to the needs of the case, and/or unduly burdensome, it must 'substantiate' that claim." Aug. 31 Order at 10. The Court further noted that "although TSI has indicated that it could have difficulty reconstructing its CFPB production, nothing before the Court suggests that it would be any easier for TSI to produce part of that production – or, for that matter, to respond to an entirely new set of document demands, unlinked to the agency production – than to produce all of it." *Id.*

Despite the Court's express direction, TSI has failed to substantiate its claim of burden, and therefore has failed to substantiate its claim of disproportionality.[3] It asserts in vague terms that it produced "thousands" of documents to the CFPB, Pl. Mot. at 6, but makes no showing that it would be difficult, time-consuming, or expensive to re-produce the same documents to

---

[2] *See* Order dated August 6, 2020 (Aug. 6 Order) (Dkt. No. 204); Order dated Aug. 31, 2020 (Aug. 31 Order) (Dkt. No. 204).

[3] *See* Fed. R. Civ. P. 26(b)(1) (in assessing proportionality, courts should consider, *inter alia*, "whether the burden or expense of the proposed discovery outweighs its likely benefit").

3

plaintiffs here (or that it would be less difficult, less time-consuming, or less expensive to identify and produce only the documents relating to reviews of New York affidavits, as it suggests in its Reply). Moreover, this is not a new issue for TSI. It has been litigating Request No. 19 at least since May 6, 2020 (*see* Dkt. No. 148), and over the intervening months has repeatedly argued that the demand is, among other things, burdensome (or "overburdensome," *see* Dkt. No. 190-1, at 17). It has had more than sufficient time to back up that argument with specific facts, if indeed such facts exist.

To be sure, no evidence is required to assess TSI's contention that documents involving consumers outside of New York are not relevant to the parties' claims and defenses in this action. Plaintiffs are correct, however, that their Amended Consolidated Complaint (Dkt. No. 124), which alleges a nationwide class, *see id*. ¶ 36, is a sufficient ground on which to reject TSI's argument that non-New York documents are beyond the broad scope of Rule 26(b)(1), which permits discovery of any nonprivileged matter that is "relevant to any party's claim or defense" and proportional to the needs of the case. *See*, *e.g.*, *In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (rejecting overbreadth argument where appellant failed to make a "clear showing that the documents [] sought were so untethered to the allegations in the adversary proceeding complaint that the bankruptcy court was compelled to quash the subpoenas").[4]

---

[4] The issue of the putative nationwide class – and the need for nationwide class discovery – was raised in the parties' joint letter to the Court dated July 27, 2020 (Dkt. No. 198), which reported that they were agreed, in principle, that class discovery would include a sampling of defendants' documents concerning state-court actions "against unnamed members of the putative *classes*." *Id*. at 4 (emphasis added). During a telephonic conference on August 4, 2020, plaintiffs' counsel explained that "there would be two classes here, there's first all state courts across the nation, and then given the identities of our named plaintiffs there's a subclass of New York State actions and that's also relevant to the claims under New York General Business Law 349 and Judiciary Law 487." Aug. 4, 2020 Tr. (Dkt. No. 207) at 32:19-36:4. Following the August 4 conference, the Court ordered sampling to commence regarding the New York class and directed the parties to

Since TSI has not shown that it is entitled to a protective order, it must produce all documents responsive to Request No. 19 (including the privilege log or logs that it produced as to documents withheld from the Bureau on privilege grounds) no later than **November 6, 2020**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 227 in Case No. 18-CV-1781 and Dkt. No. 158 in Case No. 18-CV-7692.

Dated: New York, New York
October 23, 2020   **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

meet and confer regarding "a protocol for further sampling, on a staged basis, beyond New York." Aug. 6 Order at 4.