UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) 18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | ) consolidated with |
| LOAN TRUST 2007-2, *et al.*, | ) 18 Civ. 7692 (PGG) |
| | ) |
| Defendants. | ) |

**TRANSWORLD SYSTEMS INC.'S OBJECTION TO MAGISTRATE
JUDGE BARBARA MOSES'S OCTOBER 23, 2020 ORDER**

NOW COMES Transworld Systems Inc. ("TSI"), through undersigned counsel, and pursuant to Rule 72 of the Federal Rules of Civil Procedure, hereby objects to Magistrate Judge Barbara Moses's Order entered on October 23, 2020 (the "Order") (Dkt. 241 in Case No. 18-CV-1781; Dkt. 172 in Case No. 18-CV-7692). That Order denied TSI's Motion for Protective Order related to Plaintiffs' discovery request that TSI produce all documents, without limitation, that it previously produced to the Consumer Financial Protection Bureau ("CFPB") in connection with *In re Transworld System Inc.*, File No. 2017-CFPB-0018 and *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 17-cv-01323-UNA (D. Del.) (the "Motion").[1]

Specifically, TSI objects to the Order to the extent that Judge Moses:

---

[1] TSI incorporates its Motion (Dkt. 227 in Case No. 18-CV-1781; Dkt. 158 in Case No. 18-CV-7692), and reply (Dkt. 231 in Case No. 18-CV-1781; Dkt. 162 in Case No. 18-CV-7692), by reference.

(1) did not appropriately balance Plaintiffs' litigation needs with TSI's protectable interests where Plaintiffs did not demonstrate that the information sought in Request #19, as drafted, was relevant to their claims, likely to lead to the discovery of admissible information or proportional to the needs of the case; and

(2) did not adequately consider TSI's arguments (a) that requiring TSI to respond to Request #19, as drafted, would functionally enable a private party to reverse engineer the CFPB's entire investigation, and (b) that the CFPB Regulations themselves contemplate the preclusion of such production.

**Background**

On May 12, 2020, Judge Moses held a discovery conference to resolve Plaintiffs' Letter-Motion dated May 1, 2020 (Dkt. No. 146 in Case No. 18-CV-1781; Dkt. No. 89 in Case No. 18-CV-7692). On May 6, 2020, TSI filed a response to Plaintiffs' May 1, 2020 letter-motion arguing that the documents were privileged under 12 U.S.C. § 5562(d) (Dkt. No. 148 in Case No. 18-CV-1781, Dkt. No. 91 in Case No. 18-CV-7692).

On May 15, 2020, Judge Moses entered an order providing the following specifically as to the requested production of the materials submitted to the CFPB:

> Documents submitted by defendant TSI to the Consumer Financial Protection Bureau (CFPB or Bureau) pursuant to a Civil Investigative Demand (CID) may not for that reason alone be withheld from discovery. The authorities cited by TSI for the proposition that materials submitted to the CFPB in response to a CID are subject to a "confidentiality privilege," TSI Ltr. dated May 6, 2020 (Dkt. No. 148 in Case No. 18-CV-1781; Dkt. No. 91 in Case No. 18-CV-7692), at 4, are inapposite. If and to the extent TSI relies on the qualified "bank examination privilege" to shield

2

> communications between it and the CFPB, it must identify such communications on its privilege log, in accordance with Local Civil Rule 26.2, and promptly notify the Bureau of the dispute so that it can determine whether to assert a claim of privilege. *See Wultz v. Bank of China Ltd.,* 61 F. Supp. 3d 272, 286 (S.D.N.Y. 2013) ("The bank examination privilege must be asserted by the banking regulator, and the regulator has the burden of establishing that the privilege applies to the documents at issue.").

Dkt. 167 in Case No. 18-CV-1781; Dkt. 110 in Case No. 18-CV-7692.

On June 30, 2020, TSI filed a Letter-Motion seeking leave to file a motion for protective order (Dkt. No. 190 in Case No. 18-CV-1781, Dkt. No. 127 in Case No. 18-CV-7692), arguing that: (a) the CFPB's regulations at 12 C.F.R. §§ 1070, *et seq.*, require TSI to keep the documents it previously produced to the CFPB confidential; (b) requiring TSI to respond to Request No. 19 would allow plaintiffs to "reverse engineer" the CFPB's "investigative techniques"; and (c) Request No. 19 is irrelevant, overbroad and not proportional to the claims in this case.

On August 6, 2020, Judge Moses entered an order that provided, in pertinent part:

> Plaintiffs and defendant TSI shall meet and confer promptly in an effort to resolve or narrow their remaining disputes concerning plaintiffs' Document Request No. 19, which seeks all documents that TSI produced to the CFPB in connection with the CFPB investigation and legal action specified in the request. To the extent that TSI objects to the request as overbroad and/or disproportionate to the needs of the case, TSI must disclose the CFPB's underlying document requests, interrogatories, and/or other information requests, as well as the volume of documents and/or other information produced in response thereto. *See generally Munoz v. PHH Corp.*, 2013 WL 684388 (E.D. Cal. Feb. 22, 2013). If the

> parties are unable to resolve their remaining disputes, TSI shall file its motion for a protective order no later than August 18, 2020.

Dkt. No. 204 in Case No. 18-CV-1781, Dkt. No. 141 in Case No. 18-CV-7692.

On August 14, 2020, TSI filed a letter-motion to clarify Judge Moses' August 6, 2020 order based upon information discovered by TSI subsequent to the August 4, 2020 conference that Judge Moses construed as a motion for reconsideration (Dkt. No. 211 in Case No. 18-CV-1781, Dkt. No. 144 in Case No. 18-CV-7692).

The need for clarification arose because TSI was made aware after the August 4 conference, and for the first time, that Plaintiffs' counsel here, Frank LLP, filed a lawsuit on April 24, 2019 in the United States District Court for the District of Columbia entitled *Frank Law v. CFPB* pursuant to the Freedom of Information Act ("FOIA Action").[2] The FOIA Action challenged the CFPB's earlier response to Frank LLP's 2018 FOIA request, which was denied in full. In its FOIA request to the CFPB, Frank LLP sought the exact same documents from the CFPB as Plaintiffs now seek from TSI. Specifically, Frank LLP's FOIA stated as follows:

> This request pertains to the following matters:

---

[2] As made clear in the August 14th filing, as of the August 4th hearing the parties had held several conferences with this Court and Judge Moses, the parties had submitted several joint letters, and never once had Plaintiffs shared with this Court, Judge Moses, or with any of the parties, that they: (a) had previously made a FOIA request to the CFPB for the same documents sought from TSI in this case, (b) that Plaintiffs' counsel had filed a lawsuit to challenge the CFPB's denial of their FOIA request, and (c) and there was a pending motion for summary judgment filed by the CFPB opposing the production of the documents.

4

> • *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 1:17-cv-01323-UNA (D. Del. 2017) [hereinafter "NCSLT Action"].
>
> • *In re Transworld Sys., Inc.*, Admin. Proc. No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau 2017) [hereinafter "Transworld Action"].
>
> We request that the Bureau provide us with copies of the documents in the Bureau's possession that pertain to the facts set forth in (1) the Complaint in the NCSLT Action (entered therein at Dkt. No. 1), (2) the Proposed Consent Judgment in the NCSLT Action (entered therein at Dkt. No. 3-1), and (3) the Consent Order in the Transworld Action (entered therein at Doc. 1). Such documents in the Bureau's possession include, but are not necessarily limited to, transcripts of any investigation-hearing testimony by the following individuals….

On August 31, 2020, Judge Moses entered an order requiring TSI to file its motion for protective order by September 14, 2020 (Dkt. No. 219 in Case No. 18-CV-1781, Dkt. No. 150 in Case No. 18-CV-7692).

On September 4, 2020, TSI met and conferred with Plaintiffs about potentially narrowing Plaintiffs' Request No. 19 so that it related only to those actual claims against TSI in this case, or to revise the request to make specific requests for specific documents, as opposed to the blanket request made. Plaintiffs refused to agree to any limitation or modification to Request No. 19.[3]

As such, on September 14, 2020, TSI moved for a protective order regarding Plaintiffs' discovery request for documents that are only, and at best,

---

[3] Plaintiffs continue to argue that TSI should turn over CFPB investigatory transcripts, despite the District of D.C. ruling in *Frank LLP*.

5

tangentially related to this litigation, and requested that Judge Moses balance Plaintiffs' general right to discovery with TSI's rights under Federal Rule 26.

In its motion, TSI argued it should not be required to respond to the request as drafted (1) given the limited overlap between the consent order – which, given the CFPB's oversight function, was not limited to allegations involving borrowers in New York state – and Plaintiffs' claims *in this case¸* which are limited to allegations involving borrowers in New York state;[4] and (2) given that Request No. 19 contemplates documents that contain personal identifying information (PII) of non-parties, including borrowers who do not have any connection to New York state.  It is evident that Plaintiffs improperly seek this PII in order to fish for other plaintiffs and claims that have no relation to any of the claims in this case.  Beyond TSI's relevance and overbreadth objections, TSI argued in its motion that the request that TSI produce its entire production (thousands of documents, and tens of thousands of pages) in response to the Bureau's CID implicates: (a) the landscape of the CID process, (b) the scope of confidentiality obligations provided for by a CID, and (c) Plaintiffs' attempts to reverse engineer the CID process.

---

[4] As discussed extensively in TSI's Response to Plaintiffs' Objections to the July 17, 2020 Order (Dkt. No. 222 in Case No. 18-CV-1781; Dkt. No. 153 in Case No. 18-CV-7692), Plaintiffs' request is completely untethered to the actual claims in this case.  Here, Plaintiffs' claims as to TSI relate to allegedly false affidavits being submitted in New York state courts by law firm Forster & Garbus, LLP ("F&G), and claims that TSI violated the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law § 349 ("GBL").  Yet, Plaintiffs' Request No. 19, on its face, broadly seeks information related to actions across the entire country, entirely unrelated to Plaintiffs, or their actual claims here, and without any time limitations whatsoever.

On October 23, 2020, Judge Moses incorrectly entered the Order denying the Motion, concluding that TSI had not substantiated its overbreadth arguments. As shown in footnote 4 of that Order, the Court relied erroneously on a joint discovery letter and Plaintiffs' unsupported assertion during a telephonic conference that document sampling was not an appropriate compromise. Judge Moses mistakenly credited Plaintiffs' argument without proper analysis of Plaintiffs' claim that there were viable nationwide class claims here to reach the incorrect conclusion that Plaintiffs' Request No. 19 was not overbroad. TSI also has argued that Request No. 19 would impermissibly – and needlessly at that -- "reverse engineer" the CID and flout confidentiality rules.

Judge Moses' reliance on one word ("classes") from the July 27, 2020 joint discovery status report was taken out of context. Plaintiffs' suggestion that this Court, and the parties, have long recognized the class here as national in scope is not supported by the record, or by Plaintiffs' actual complaint. Judge Moses' reliance on this incorrect assumption to support production of TSI's entire response to the CFPB was clear error and contrary to law where Plaintiffs never demonstrated the request, as drafted, was relevant or proportional to the actual case they have filed.

Moreover, in her Order, Judge Moses erred by allowing a private party to "reverse engineer" an entire CFPB investigation – an outcome which will harm the efficacy of the CFPB's CID process where materials are produced voluntarily with the expectation that those materials will remain confidential, and by not

7

adequately considering the CFPB Regulations themselves which contemplate the preclusion of such production.[5]

## Standard of Review

"With respect to non-dispositive matters, such as the discovery orders at issue here, a district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *David v. Weinstein Co. LLC*, No. 18-CV-5414 (RA), 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020) (quoting Fed. R. Civ. P. 72(a)). "A magistrate judge's order is 'clearly erroneous' if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "An order is 'contrary to law' when it 'fail[s] to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016).

## Argument

**I.    The Order Was Entered in Error Because Plaintiffs' Request No. 19 Seeks Documents that are Irrelevant and is Overbroad**

---

[5] The fact that the CFPB has elected not to assert any privilege in this case is of no consequence. The CFPB's decision appears to have been reached because of the CFPB's inability to re-create and review the production that was made by TSI and specifically advised that it took "no position concerning any privilege belonging to TSI that may apply." Dkt. 229-1.

8

In her Order, Judge Moses seemingly recognized the potential overbreadth of Plaintiffs' request and relevance challenges, but overcame these valid objections by giving credit to Plaintiffs' belated suggestion that they have been asserting a nationwide class from the start in an attempt to create a relevance link. Judge Moses then concluded that production of the requested CFPB production, as defined by Plaintiffs, would not be burdensome to TSI. To that end, Judge Moses erred in her conclusion not only that Plaintiffs have been asserting a nationwide class, but also to the extent that her Order did not first require Plaintiffs to establish a prima facie showing that TSI's *entire* production to the CFPB was either relevant or reasonably calculated to lead to the discovery of admissible information. This Plaintiffs have not and cannot do.

That error was compounded when Judge Moses improperly shifted the burden to TSI to explain why the requested production was irrelevant. Here, it is Plaintiffs' burden to explain why the documents and information are in fact relevant to their claims, and to their attempts to certify a New York class (or a nationwide class, even though TSI disagrees one was ever pled), before this Court even gets to TSI's reasons to oppose the request. Plaintiffs have not met their prima facie burden.

As TSI has previously discussed extensively in its papers in opposing Plaintiffs' objections to Judge Moses' July 17, 2020 order regarding the F&G's documents, *see* Dkt. 222 in Case No. 18-CV-1781; Dkt. No. 153 in Case No. 18-CV-7692, pp. 12-16, and now in TSI's motion for protective order and reply brief,

Plaintiffs have, in the middle of this discovery dispute, tried to replead the allegations in their complaint through briefs in order to argue that the Court, and the parties, have long recognized that the putative class is national in scope. But this is, of course not true. Indeed, this post-hoc argument is simply a thinly veiled attempt to justify the blanket document requests sought in Request No. 19.

In her Order, to reach the conclusion that Request No. 19 was relevant and not overbroad, Judge Moses agreed that Plaintiffs' Complaint asserted a nationwide class. This was clear error where Plaintiffs' claims are predicated entirely upon New York law, and Plaintiffs did not make the predicate *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that the discovery sought was likely to produce substantiation of the class allegations (in New York, or nationwide). *See Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 233 (2d Cir. 2006) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, **the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations**.") (quoting *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985)) (emphasis added).

Indeed, TSI has cited *Chery v. Conduent Educ. Servs., LLC*, No. 1:18-CV-75 (DNH/CFH), 2020 WL 4783167, at *1 (N.D.N.Y. Aug. 18, 2020), which, while not dispositive, certainly informs the necessary analysis.

In *Chery*, the plaintiff alleged the defendant violated the GBL and related New York state law arising from defendant's processing of loan verification certificates. Like here, the plaintiff broadly sought in discovery all documents concerning consent orders entered into by defendant with the CFPB and New York State. *Id.* The *Chery* Court ultimately agreed that the documents were discoverable; however, it noted that the breadth of the request was overbroad:

> The undersigned finds that Request Nos. 15-17, as stated in plaintiff's demand for production, are overbroad; however, the undersigned concludes that plaintiff is entitled to documents relating to the Consent Orders to the extent limited by his motion as "documents concerning Consent Orders [Conduent] entered into with the CFPB and the [NYS]DFS resolving investigations into CES's student loan servicing, including allegations of delays in providing LVCs." Dkt. No. 55-1 at 14. The undersigned agrees with plaintiff that, "[t]o the extent that the documents produced to CFPB and [NYS]DFS concern [d]efendants' practices for servicing student loans and responding to LVC requests, the documents are ... relevant," as they address Conduent's student loan servicing and LVC processing practices during the remediation—the period of time in which defendants have conceded that plaintiff's LVC request was made. Dkt. No. 56 at 9. The undersigned finds that plaintiff is entitled to discovery of these documents only to the extent that such production (a) is not duplicative of documents previously disclosed by defendants; (b) does not contain personal identifying information of non-parties or confidential settlement information or such information has been sufficiently redacted; and (c) does not require defendants to produce documents that are subject to a claim of privilege, such as the attorney-client privilege….

*Id.* at *10.

*Chery* reinforces the concept that some control over discovery is warranted where, like here, the discovery sought is not tailored to the claims in the case. Here, Plaintiffs simply seek *everything* that TSI produced to the CFPB without

11

any condition or limitation whatsoever and have rejected all of TSI's efforts to compromise by more narrowly focusing the production request.

TSI agreed to enter into a consent order with the CFPB on September 15, 2017 (the "Consent Order"), but neither admitted nor denied any of the findings of fact or allegations in that Consent Order.[6] The Consent Order alleged violations of ***the CFPA*** mainly concerning certain alleged aspects of how affidavits that are filed by law firms nationwide in support of lawsuits filed on behalf of the National Collegiate Trust entities were executed. Conversely, in this case, Plaintiffs allege that TSI and co-defendants violated the Fair Debt Collection Practices Act (not alleged in the Consent Order), New York's General Business Law (also not alleged in the Consent Order) and New York Judiciary Law § 487 (also not alleged in the Consent Order).[7] There is no overlap of the underlying statutory basis for the respective cases.

In particular, and as relevant here, Plaintiffs allege that TSI executed affidavits not based on personal knowledge in support of motions seeking default judgments in collection lawsuits filed and prosecuted ***in New York courts***. These allegedly false affidavits were filed in the state court collection cases against

---

[6] In the Consent Order, TSI did not admit to any findings of fact, conclusions of law, or any violation of the law.

[7] The GBL **only** applies to acts or practices in the state of New York, *see* GBS § 349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."), the New York Judiciary Law § 487 regulates New York attorneys and the content of filings in New York, and the FDCPA claims are predicated specifically upon alleged violations of New York law in New York state courts.

Plaintiffs on December 6, 2013, March 24, 2014, April 3, 2014, September 18, 2014, and March 30, 2015. Critically, all but one affidavit was filed prior to the time period covered by the Consent Order.

Plaintiffs' Request No. 19 seeks the following:

All Documents that You produced to the Consumer Financial Protection Bureau in connection with the following administrative proceedings or legal actions:

*In re Transworld System, Inc.*, File No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau); and

*Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 17-cv-01323-UNA (D. Del.).

On its face, Plaintiffs' Request No. 19 seeks documents well outside the scope of this lawsuit.

Plaintiffs make an indiscriminate, blanket request for an entire production of thousands of pages of documents involving different law firms across the country[8], and different National Collegiate Trust entities, rather than identifying specific documents, or categories of documents, that are relevant to their FDCPA and GBL claims in this case. To be clear, non-New York residents would not have a claim under New York law against the National Collegiate Trust entities or F&G (unless they were sued in New York), the claims against TSI are predicated upon alleged violations of the FDCPA (which NCSLT is not subject to as the creditor), and F&G does not file lawsuits on behalf of the National Collegiate

---

[8] Transworld is the post-default servicer for 15 National Collegiate Trust entities, servicing thousands of loans across the country involving different law firms, different rules of civil procedure, and different venues. Only 4 of those trusts are defendants in this case but the production would include records of servicing work TSI did for all of the Trusts.

Trust entities outside of New York, so Plaintiffs entire purported theory of "nationwide" class is a mystery to the Defendants.[9] How production of documents related to student loan borrowers with debts owed to different Trusts in other states filed by other law firms is reasonably tailored to the discovery of admissible information is never explained by Plaintiffs, and never questioned by Judge Moses.

Conversely, and foreshadowing this exact fight, this Court recognized that such a request was not proper, during a case management conference on October 11, 2019 where the discoverability of the CFPB submission was discussed:

> Well, I don't know what the difficulty would be in specifying the documents rather than saying give me all the documents that you gave to the CFPB. I really have no way of judging the difficulty level of that. All I can really say to you is that it seems to me that if you are interested in discovery proceeding swiftly, it seems to me you would be better advised to serve specific document requests rather than pursuing solely down the road of "*give me all the documents you gave to the CFPB*" because you are going to get involved in litigation if that's the way you choose to proceed. Of course you have the right to do that if you want to, but it is just going to delay your ultimately getting the documents that you want to get. I leave that entirely up to you.

As this Court recognized more than one year earlier, Plaintiffs should propound requests for the production of specific documents, and not rely on a blanket request that is irrelevant, overly broad, unduly burdensome, and not

---

[9] Even if this Court considers the amendment of the pleading in the briefs proper, it defies credulity how this Court could even consider certifying a nationwide FDCPA class where Plaintiffs' FDCPA claims are predicated upon a theory of equitable tolling. If this Court allows such discovery, it is effectively just sanctioning a fishing expedition for new claims and new plaintiffs in other states that have no relation to this case.

14

related to the claims or putative class actually pled in this case. This process would permit TSI to meaningfully respond to individual requests, while addressing specific privilege issues that would apply here, and the overbroad nature of a request broadly seeking thousands of documents that are irrelevant to Plaintiffs' claims *in this case* could be avoided.

## II. Request No. 19 Improperly Seeks to Reverse Engineer the CFPB's Investigation and Regulations Preclude Such Production.

TSI respectfully submits that Judge Moses committed clear error by not giving weight to TSI's arguments that requiring it to produce its entire production to the CFPB would violate confidentiality rules and, allow private parties to reverse engineer entire regulatory investigations.

Section 1070 addresses the confidentiality dictates regarding documents produced to the CFPB pursuant to a CID and the mechanisms to be utilized by parties seeking such documents. Pursuant to §§ 1070.2(e), (f) and (h):

> **Civil investigative demand material** means *any documentary material, written report, or answers to questions, tangible thing, or transcript of oral testimony received by the CFPB in any form or format pursuant to a civil investigative demand, as those terms are set forth in 12 U.S.C. 5562,….*
>
> **Confidential information** means confidential consumer complaint information, *confidential investigative information*, and confidential supervisory information, as well as any other CFPB information that may be exempt from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. 552(b)….[10]

---

[10] The reference to "confidential information" is broader than simply documents protected by an asserted privilege under the Federal Rules of Civil Procedure or Federal Rules of Evidence. This makes sense given that the CID process provides broad investigative rights and affords parties subject to a CID substantially less protections than

15

> **Confidential investigative information** means:
>
> (1) *Civil investigative demand material*; and
>
> (2) Any documentary material prepared by, on behalf of, received by, or for the use by the CFPB or any other Federal or State agency in the conduct of an investigation of or enforcement action against a person, and any information derived from such documents.

(emphasis added).

Sections 1070.30-1070.37 provides for procedures regarding "disclosures *of CFPB information* in connection with legal proceedings." None of these regulations give the CID respondent – like TSI - the right to provide documents previously produced to the CFPB to third parties, or be compelled to produce such documents, absent the requesting party's compliance with § 1070.30, *et seq*. If it was otherwise permitted, there would be no need for §§ 1070.30-1070.37 (or, at least it would expressly provide such a right), and parties would just go directly to the CID responders to demand documents and information produced. As the CFPA expressly provides, once provided to the CFPB, TSI's documents produced pursuant to the CID then belong to the CFPB, and TSI cannot produce those documents as it would violate § 1070. As such, § 1070 dictates that the documents that TSI produced to the CFPB pursuant to the CID are to be maintained as confidential absent Plaintiffs following the procedures identified in

---

afforded under the Federal Rules of Civil Procedure. *See* 12 U.S.C. § 5562(c)(13)(D). The CFPB takes the position that documents produced pursuant to a CID are their property rather than the CID responders.

§ 1070 to seek the documents directly from the CFPB. Judge Moses finding otherwise was clear error.

Upon receipt of a CID, parties are given three options: (1) to voluntarily respond, (2) to file a petition to set the CID aside, or (3) to do nothing and have the CFPB seek an order compelling the responses and document production.

If non-parties to the CID proceedings, like Plaintiffs in the lawsuit, are able to have judges force CID responders to produce all documents they produced to the CFPB, especially without following the CFPB Regulations, then it will have a chilling effect on any voluntary compliance with a CID.

In facing similar challenges, courts have erred on the side of protecting the free flow of information between a company and a regulatory agency. *See In re Subpoena Served Upon Comptroller of Currency, & Sec'y of Bd. of Governors of Fed. Reserve Sys.,* 967 F.2d 630, 634 (D.C. Cir. 1992) ("Because bank supervision is relatively informal and more or less continuous, so too must be the flow of communication between the bank and the regulatory agency. Bank management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged."); *United States v. Buco*, No. CRIM. 90-10252-H, 1991 WL 82459, at *2 (D. Mass. May 13, 1991) ("I find that the public interest served by encouraging the free flow of information between the banks and their federal regulators is substantial; a rule which provided that a bank

17

generally waived its attorney-client privilege as to materials submitted to federal regulators would substantially impair that interest."); *Consumers Union of U. S., Inc. v. Heimann,* 589 F.2d 531, 534 (D.C. Cir. 1978) ("a secondary purpose in enacting exemption 8 appears to have been to safeguard the relationship between the banks and their supervising agencies. If details of the bank examinations were made freely available to the public and to banking competitors, there was concern that banks would cooperate less than fully with federal authorities.")

By allowing private parties to reverse engineer the CID process, and simply request all documents submitted to a regulatory agency once they have completed their investigation, this Court would be undermining the free flow of information depended upon by government enforcement agencies pursuant to their enforcement and investigatory powers.

WHEREFORE, Transworld Systems Inc., respectfully requests that this Court sustain its objections, enter an order denying Plaintiffs' request for documents and information produced by TSI to the CFPB as drafted,[11] order Plaintiffs to modify Request No. 19 to make specific requests for specific documents, and for all other and further relief that this Court deems just and appropriate.

---

[11] Or limit it as contemplated in the *Chery* decision.

Respectfully submitted,

*/s/ James K. Schultz*
James K. Schultz
Sessions, Israel & Shartle, LLC
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone:   (619) 296-2018
Email:         jschultz@sessions.legal

Bryan Shartle
Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone:   (504) 846-7917
E-mail:        bshartle@sessions.legal

Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:   (312) 578-0990
E-mail:        mmarcus@sessions.legal

Aaron R. Easley
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone:   (908) 237-1660
E-mail:        aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020 a true and correct copy of the foregoing was served upon counsel of record via ECF, and the following by U.S. Mail and email:

>Gregory A. Frank
>Marvin L. Frank
>Asher Hawkins
>FRANK LLP
>370 Lexington Avenue, Suite 1706
>New York, New York 10017
>gfrank@frankllp.com
>mfrank@frankllp.com
>ahawkins@frankllp.com

/s/ James K. Schultz