UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, KATHERINE SEAMAN, )
MARY RE SEAMAN, and SANDRA TABAR, )
individually and on behalf of all others similarly situated, )
)
      Plaintiffs, )
  v. )
)
NATIONAL COLLEGIATE STUDENT LOAN )  No. 18-cv-1781
TRUST 2007-2; NATIONAL COLLEGIATE )
STUDENT LOAN TRUST 2007-3; )
TRANSWORLD SYSTEMS, INC., in its own right and )
as successor to NCO FINANCIAL SYSTEMS, INC.; )
EGS FINANCIAL CARE INC., formerly known as )
NCO FINANCIAL SYSTEMS, INC.; and )
FORSTER & GARBUS LLP, )
)
      Defendants. )
)

---

CHRISTINA BIFULCO, FRANCIS BUTRY, )
and CORI FRAUENHOFER, individually and on )
behalf of all others similarly situated, )
)
      Plaintiffs, )
  v. )
)
NATIONAL COLLEGIATE STUDENT LOAN )  No. 18-cv-7692
TRUST 2004-2; NATIONAL COLLEGIATE )
STUDENT LOAN TRUST 2006-4; )
TRANSWORLD SYSTEMS, INC., in its own right and )
as successor to NCO FINANCIAL SYSTEMS, INC.; )
EGS FINANCIAL CARE INC., formerly known as )
NCO FINANCIAL SYSTEMS, INC.; and )
FORSTER & GARBUS LLP, )  **FILED VIA ECF**
)
      Defendants. )
)

---

**PLAINTIFFS' RESPONSES TO THE TRANSWORLD DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 23, 2020 ORDERING PRODUCTION OF DOCUMENTS CONCERNING THE CONSUMER FINANCIAL PROTECTION BUREAU INVESTIGATION**

Plaintiffs[1] hereby respond to TSI's[2] objections (the "Objections") to Magistrate Judge Moses's Order of October 23, 2020 (the "Order"), which for the third time ordered TSI to comply with its discovery obligation to produce documents that it has already provided to the Consumer Financial Protection Bureau in connection with the agency's investigation of the exact same violations at issue in this action (the "CFPB documents").[3]

As the Court has already held <u>six times,</u> a regulated entity like TSI enjoys neither privilege nor authority to refuse to produce discovery evidence like the CFPB documents—that authority belongs to the regulator alone. Here, the CFPB has already expressed it does not wish to exert any privileges to prevent production of these documents. For almost four months, Magistrate Judge Moses gave TSI the opportunity to persuade the CFPB to change its mind and TSI failed.

Even after the CFPB gave permission to produce the documents, TSI again demanded Magistrate Judge Moses allow it to refuse to produce the CFPB documents, <u>without</u> telling the Court of the CFPB's declination. The Court correctly denied TSI's third motion. The Objections must be overruled <u>again</u>.

---

[1] "Plaintiffs" as used herein collectively refers to Mutinta Michelo, Katherine Seaman, Mary Re Seaman, Sandra Tabar, Christina Bifulco, Francis Butry, and Cori Frauenhofer, in their own rights and on behalf of the classes of similarly situated individuals (the "Class").

[2] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[3] The Objections appear at Dkt. No. 243 in Case No. 18-cv-1781, and Dkt. No. 174 in Case No. 18-cv-7692. The Order appears at Dkt. No. 241 in Case No. 18-cv-1781, and Dkt. No. 172 in Case No. 18-cv-7692; the Order has been reported at: 2020 U.S. Dist. LEXIS 197630.

I.  **BACKGROUND**

The facts of the instant discovery dispute have been documented over and over again in numerous submissions to and rulings from Magistrate Judge Moses.[4] Plaintiffs incorporate these by reference as if fully set forth herein.

In short, TSI has refused to discuss the CFPB documents even in general terms, let alone produce them. TSI wrongly asserts the right to blanket refusal of production by attempting to co-opt privilege rights that are only available to the CFPB (if at all). Over the last two years, Plaintiffs' numerous attempts during meet-and-confers to resolve the situation cooperatively were rebuffed by TSI, even after Magistrate Judge Moses ordered TSI to meet and confer in good faith.

TSI thinks it can create a paradox by insisting Plaintiffs' request for the CFPB documents is overbroad, without giving any information with which that request may be narrowed. If TSI wishes to assert that, for instance, certain categories of the CFPB documents are irrelevant to the claims here, it must specify why. Such a categorical irrelevance is unlikely, as this action was a direct product of the CFPB's prosecution of TSI and the conclusions drawn therefrom. Yet, TSI refuses even to begin describing the CFPB documents in a manner that might let Plaintiffs or the Court consider any relevance objections. Magistrate Judge Moses rightly saw through, and rejected, the numerous flaws and circularities in TSI's arguments. *E.g.*, Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *3–8.

---

[4]  *See* Order of October 23, 2020 (Dkt. No. 241 in Case No. 18-CV-1781; Dkt. No. 172 in Case No. 18-CV-7692) (the "Oct. 23 Order") [reported at: 2020 U.S. Dist. LEXIS 197630]; Order of August 31, 2020 (Dkt. No. 219 in Case No. 18-CV-1781; Dkt. No. 150 in Case No. 18-CV-7692) (the "Aug. 31 Order") [not reported]; Order of August 6, 2020 (Dkt. No. 204 in Case No. 18-CV-1781; Dkt. No. 141 in Case No. 18-CV-7692) (the "Aug. 6 Order") [reported at: 2020 U.S. Dist. LEXIS 140889]; Tr. of June 18, 2020 Status Conf., at 28:7–29:13; Order of May 15, 2020 (Dkt. No. 167 in Case No. 18-cv-1781; Dkt. No. 110 in Case No. 18-cv-7692) (the "May 15 Order") [not reported]; *see also* Pls.' Opp'n re TSI's Mot. Prot. Ord. (Dkt. No. 229 in Case No. 18-CV-1781; Dkt. No. 160 in Case No. 18-CV-7692) ("Pls.' Sept. 21 Brief").

In denying TSI's third motion to withhold the CFPB documents, Magistrate Judge Moses observed that TSI has not made a good faith effort to resolve the overbreadth issue it asserted: (1) TSI failed to inform the Court that the CFPB's Assistant General Counsel for Litigation & Oversight officially confirmed to the Parties that the agency had no interest in intervening to assert any hypothetical privilege blocking production; and (2) TSI's current counsel claims not to know the number of CFPB documents or total pages therein, purportedly because TSI's prior counsel during the CFPB investigation lost the list of what was produced to the agency. *Id.*

## II. LEGAL STANDARDS

TSI's burden to overturn Magistrate Judge Moses' Order is high, as the Order must be shown clearly erroneous. "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion" in that it is "clearly erroneous." *Allianz Global Investors GmbH v. Bank of Am. Corp.*, No. 18-cv-10364, 2020 U.S. Dist. LEXIS 152191, at *71 (S.D.N.Y. Aug. 21, 2020) (Schofield, J.) (case quotation omitted). The "clearly erroneous" standard is a high one, requiring the objecting party show the magistrate judge misapplied controlling law or clearly misapprehended facts. *See id.* The standard cannot be satisfied by vaguely rehashing prior arguments, as TSI's Objections do. *E.g.*, *Phillips v. Reed Grp.*, 955 F. Supp. 2d 201, 211–12 (S.D.N.Y. 2013) (Owen, J.).

## III. ARGUMENT

### A. TSI Cannot, And Does Not, Speak For The CFPB

TSI's primary Objection is that the Court does not permit TSI to assert a withholding privilege that only the CFPB could invoke. (Objs. at 2, 15–18). This is because the purpose of

the privilege is to allow the CFPB to block from public review certain investigation methods, but the agency does not wish to do so here.

1. *The CFPB Has Disavowed TSI's Purported Bases For Withholding*

TSI may not designate itself the CFPB's representative while disclaiming its own discovery obligation, as this Court repeatedly has ruled.[5] Corporate documents that a regulated entity produces to the CFPB during agency investigation are relevant and discoverable in private litigation of related claims by consumers like Plaintiffs. *Chery v. Conduent Educ. Servs., LLC*, No. 18-cv-75 (DNH/CFH), 2020 U.S. Dist. LEXIS 148764, at *24–36 (N.D.N.Y. Aug. 18, 2020) (Hummel, J.); *Munoz v. PHH Corp.*, No. 08-cv-759, 2013 U.S. Dist. LEXIS 24671, at *10–19 (E.D. Cal. Feb. 22, 2013). Here, no valid ground for withholding these documents has been provided, despite their having been the subject of litigation for roughly two years. *See Chery*, 2020 U.S. Dist. LEXIS 148764, at *24–33 (defendant could not provide reason why documents provided to CFPB in investigation were irrelevant to the plaintiffs' claims or difficult to produce).

Further, the CFPB officially declined to exert any privileges that might prevent withholding. *See In re Bankers Trust Co.*, 61 F.3d 465, 467, 470 (6th Cir. 1995) (defendant in private action may not withhold documents by arguing regulator's rules seemingly restricting dissemination of regulation-related documents override the Federal Rules of Civil Procedure).

Because the CFPB officially declined to exert any privilege that might permit withholding of the CFPB documents, TSI's continued self-designation as defender of these privileges is irrelevant and unjustified. Moreover, TSI mischaracterizes the law that it claims justifies its

---

[5] *E.g.*, May 15 Ord. at 6–7 & n.2 (stressing that CFPB, not TSI, enjoys right to argue that documents generated during agency investigation are privileged and/or non-producible in civil discovery); Tr. of June 18, 2020 Status Conf., at 28:7–29:13) (reiterating this ruling); Aug. 31 Ord. at 3–6 & n.1 (same).

4

withholding. According to TSI, federal regulations 12 C.F.R. §§ 1070.30–.37, concerning CFPB investigative demands, preclude TSI from producing the CFPB documents here. (Objs. at 15–18). However, the cited regulations allow for prohibition of production <u>only</u> when the request for documents was served upon <u>CFPB</u> personnel (current or former). *See* 12 C.F.R. § 1070.32(b). These regulations simply do not empower TSI to withhold anything in this discovery.

### 2. *Even The CFPB Could Not Successfully Invoke The Privileges TSI Purports To Assert*

Even if TSI could stand in the CFPB's shoes to assert privileges arguably available to the agency—which TSI cannot—these still would not permit TSI to withhold, as they simply are not as broad as TSI depicts them. (Objs. at 17–18).

#### a) The "Bank Examination" Privilege

TSI's reliance on the so-called "bank examination" privilege, (Objs. at 17–18), is a flip-flop as TSI previously argued here that this privilege <u>does not</u> apply to production of the CFPB documents, *see* Tr. of June 18, 2020 Status Conf., at 25:14–15. TSI previously admitted that this privilege could not apply, because it knows any argument invoking this supposed privilege is weak. The "bank examination" privilege is confined to documents reflecting agencies' continuous oversight of banks <u>to head off financial panic</u>. *See In re Wilmington Trust Sec. Litig.*, No. 10-cv-990, 2016 U.S. Dist. LEXIS 189794, at *33–34 (D. Del. Aug. 16, 2016) (limiting bank examination privilege's scope to the "informal and more or less continuous" "iterative process of comment by the regulators and response by the bank" that ensures successful bank supervision).

In creating the CFPB, Congress explicitly chose not to empower the CFPB to invoke the bank examination privilege, as other agencies expressly may. *Compare Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 275–77 (S.D.N.Y. 2013) (Cote, J.) (stressing Congress expressly legislated FHFA be permitted to invoke bank examination privilege (though

5

to limited extent)), *with* 12 U.S.C. § 5481 et seq., *as enacted by* Pub. L. 111-203, 124 Stat. 1857 (July 21, 2010) (creating CFPB without giving it right to invoke this privilege).

Accordingly, the bank examination privilege cannot be asserted as to documents exchanged between a debt collector like TSI and the CFPB, as there is no threat to the banking system. Also, TSI's production will not offend the principles underlying this privilege. These documents were part of a one-time investigation in which the agency used its subpoena-like "civil investigative demand" ("CID") powers to gather evidence needed to penalize TSI in a public proceeding. Such exchange of documents implicates no privilege, as it lacks the expectation of privacy presumed by regulators like the Federal Reserve and the banks with which they interact daily as a matter of national financial safety. *In re Wilmington Trust Sec. Litig.*, 2016 U.S. Dist. LEXIS 189794, at *6.

Even if it applied here, the bank examination privilege is of limited scope, and would not block production per this Court's Orders. Documents within the privilege still must be produced in private litigation so long as the agency's interest in their confidentiality is protected. *See id.* at *35–36. At the outset of discovery this Court entered a protective order restricting and managing the dissemination of sensitive information that should not be made public. Producing documents as confidential pursuant to this case's robust protective order resolves any concerns underlying the privilege. *See id.* at *36; *see also Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 283 (S.D.N.Y. 2013) (Scheindlin, J.) (emphasizing utility of protective order).

### b) TSI's "Reverse Engineering" Argument

TSI asserts a purported privilege it says enables withholding where the production would allow a private party to "reverse engineer" a CFPB investigation. (Objs. at 7). If this Court has never before heard of the "reverse engineer" privilege, that is because TSI invented it during this

6

litigation.  As Magistrate Judge Moses noted, courts regularly ensure consumers like Plaintiffs have access to discovery into evidence like the CFPB documents where the claims reflect the CFPB's investigative findings.  What are known as "cloned" Rule 34 requests, like Plaintiffs for the CFPB documents, are frequent and valid.  *See* Aug. 31 Ord., at 8–9 (citing *Chery*, 2020 U.S. Dist. LEXIS 148764, at *24–36; *Munoz*, 2013 U.S. Dist. LEXIS 24671, at *10–19).[6]

TSI says that by adopting the Order, this Court "would be undermining the free flow of information depended upon by government enforcement agencies pursuant to their enforcement and investigatory powers." (Objs. at 18).  TSI seems to refer to the "law enforcement" privilege, which only <u>agencies</u> may invoke, when production would help those violating the law get away with it.  However, if production here truly did threaten the CFPB's investigative powers, the agency would have said so.  The law enforcement privilege is "weak[]" in that it precludes production only of documents revealing complex, generally unknown investigative techniques utilized by law enforcement.  *See Wells v. Connolly*, No. 07-cv-1390, 2008 U.S. Dist. LEXIS 78818, at *6 (S.D.N.Y. Sept. 25, 2008) (Freeman, Mag. J.).  And it does not encompass simple, widely known techniques, such as the CFPB's document demand and responses that the Court has ordered be produced here.  *See id.*

Further, the privilege is limited in that it does not override or preclude production of documents in civil discovery where they are necessary to proving or rejecting a private party's claims or defenses.  *Sec. & Exch. Comm'n v. Chakrapani*, Nos. 09-cv-325 & -1043, 2010 U.S. Dist. LEXIS 65337, at *20–21 (S.D.N.Y. June 28, 2010) (Sullivan, J.).  Any confidentiality

---

[6] *See generally Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 419 F. Supp. 3d 668, 684–85 (S.D.N.Y. 2019) (This Court credits CFPB's findings against Defendants, and Plaintiffs' related claims, in denying Rule 12 motions and ordering discovery proceed).

7

concerns may be resolved via a protective order like that already in place here. *See Wells*, 2008 U.S. Dist. LEXIS 78818, at *5.

### B. TSI Identifies No Fact The Magistrate Judge Misperceived Or Ignored

TSI wrongly accuses Magistrate Judge Moses of misperceiving or ignoring various facts or procedural circumstances that TSI says justify its chronic withholding. None of these points has merit.

*1. TSI Prevented The Parties From Possibly Narrowing The Challenged Request*

TSI claims Magistrate Judge Moses should have credited its arguments that Plaintiffs' Rule 34 request seeking the CFPB documents is overbroad. (Objs. at 9–14). The Court has repeatedly attempted to work with TSI and Plaintiffs in order to potentially narrow the document requests. Since May—even after TSI consistently refused for a year to confer with Plaintiffs to narrow the underlying request as originally drafted—the Court gave TSI multiple opportunities to meet and confer with Plaintiffs concerning the general nature of the CFPB documents, such that narrowing might be negotiated. TSI ultimately refused to engage in any such dialogue because its own counsel purportedly, but helpfully, "lost" the list of the CFPB documents. *See* Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *4–6.[7] It is unclear why TSI's spoliation should benefit TSI.[8]

---

[7] TSI argues Your Honor already agrees with TSI that Plaintiffs' request for the CFPB documents is overbroad. (Objs. at 14 (citing Tr. of Oct. 11, 2019 Status Conf.)). This argument badly takes out of context the Your Honor's comment, which addressed whether Plaintiffs might compel the Trust Defendants to produce documents they previously produced to the CFPB during the agency's investigation of those entities. *See* Tr. of Oct. 11, 2019 Status Conf., at 6:8–10:1. The Trust Defendants have taken the position any such documents were provided by Trust insiders not authorized to speak on the Trusts' behalf. *See id.* This potential dispute was resolved via Rule 45 demands to and production by those insiders. This Court never suggested Plaintiffs' discovery requests are overbroad and/or seek irrelevant documents. Moreover, this Court was not then aware of, among other facts, the CFPB's refusal to assert privilege here.

[8] Since TSI "lost" the list of CFPB documents and argues a narrowing is impossible absent such a list, no further meet-and-confer is warranted and all documents should be immediately produced.

TSI's accusation that Magistrate Judge Moses failed to apply *Chery* on this issue is without merit. (Objs. at 11–14). In fact, Magistrate Judge Moses expressly gave TSI the opportunity to do what the *Chery* defendants did—meet and confer with Plaintiffs about the nature of the documents provided to the CFPB during the investigation. Blaming its own prior bad acts—spoliation—TSI has made any such narrowing impossible.

    2. *Plaintiffs Have Always Pleaded A Nationwide Class*

TSI claims the Court erred in treating the Class here as national in scope, which was part of the Court's justification for ordering TSI produce CFPB documents not necessarily regarding actions in New York, the jurisdiction wherein Defendants targeted all current Named Plaintiffs. (Objs. at 7, 9–10). The record wholly contradicts this claim.

Plaintiffs have defined a nationwide Class comprised of all consumers sued in any state in collection lawsuits prosecuted for the benefit of any Trust Defendant. *See* Consol. Am. Compl. ("CAC") ¶ 36.[9] All Defendants, and this Court, have long recognized the Class here as a national one (until, at least, the class-certification phase of this litigation). *See* Tr. of Aug. 4, 2020 Status Conf., at 32:19–36:4 (Magistrate Judge Moses and the Parties discuss the nationwide Class, without objection from TSI). There is no justification for TSI's post hoc attempt to re-define the Class narrowly, while continuing to withhold the CFPB documents. It is black letter law that Plaintiffs are masters of their complaint. *See, e.g. Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) ("[T]he plaintiff is the master of the complaint . . . .").[10]

---

[9] The CAC incorporates, but does not alter, the original class definitions as asserted in both actions here (since Feb. 27 and Aug. 23 of 2018).

[10] The precedent TSI cites on this point does not support TSI's argument it somehow cannot be exposed to a national FDCPA class for debt-collection work it performed nationwide for the National Collegiate Student Loan Trusts. In *Heerwagen v. Clear Channel Commc'ns*, antitrust plaintiffs' class discovery was limited geographically after the plaintiffs failed to allege the defendant had monopolized a national, rather than regional, market. 435 F.3d 219, 229–233 (2d

### 3. *The Result In The FOIA Litigation Is Irrelevant To TSI's Withholding*

TSI's reference to the FOIA litigation is a red herring as TSI has abandoned its prior argument that it (1) need not produce the CFPB documents, because (2) the District for the District of Columbia separately ruled the CFPB need not comply with Plaintiffs' counsel's Freedom of Information Act ("FOIA") request for transcripts of CFPB interviews with Defendants' employees. *Compare* Aug. 31 Ord. at 9 (considering and rejecting this argument), *with* Objs. at 1–18 (not raising this argument).

Yet, TSI still persists in misrepresenting the FOIA dispute. (Objs. at 4). To correct TSI's misstatements: The recent "D.C. Ruling"[11] concerns only the CFPB's own duties under FOIA. There is simply no connection between what the CFPB must do under FOIA and what TSI must do pursuant to this Court's discovery rulings. Further, the D.C. Ruling addressed only the publication of transcripts of agency interviews with members of TSI's affiant team.[12] It did not address the CFPB documents at issue here, which are presumed discoverable. *See Chery*, 2020 U.S. Dist. LEXIS 148764, at *30–31 (rejecting the defendant's attempt to rely on the D.C. Ruling as basis for nonproduction of documents from CFPB investigation).[13]

---

Cir. 2006) (cited by Objs. at 10). In contrast, consumers like Plaintiffs, who sue national actors like TSI and National Collegiate for violations repeated in each state, are entitled to discovery national in scope. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, No. 16-cv-787, 2018 U.S. Dist. LEXIS 116384, at *22–24 (W.D.N.Y. July 12, 2018) (Scott, Mag. J.) (citing, inter alia, *Heerwagen*).

[11] References herein to "D.C. Ruling" are to the recent decision by the District Court for the District of Columbia in *Frank LLP v. Consumer Fin. Prot. Bureau*, No. 1:19-cv-01197-APM (D.D.C. Aug. 5, 2020) (ECF No. 18). The D.C. Ruling appears on this matter's docket at Dkt. No. 211-3 in Case No. 18-cv-1781, and Dkt. No. 144-3 in Case No. 18-cv-7692.

[12] *See* D.C. Ruling, at 1. Like many FOIA disputes, the one underlying the D.C. Ruling was narrowed by requester and agency to a discrete category of documents, prior to judicial intervention. *See* CFPB-FOIA Ltr. of Dec. 3, 2018, at Page 2 (Dkt. No. 211-2, at ECF Page 16 of 37, in Case No. 18-cv-1781; and Dkt. No. 144-2, at ECF Page 16 of 37, in Case No. 18-cv-7692).

[13] TSI says it only learned of the FOIA dispute, and litigation leading to the D.C. Ruling, on August 4. (Objs. at 4). This is false. The CFPB's regulations required the agency notify TSI of

10

### IV. CONCLUSION

For the reasons set forth above, the Court's October 23 Order should be adopted in its entirety, TSI ordered to produce the CFPB documents immediately, and sanctions imposed if TSI fails to do so again.[14]

Dated:   New York, New York
         November 20, 2020

Respectfully submitted,

**FRANK LLP**

By:   /s/ *Gregory A. Frank*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Counsel for Plaintiffs and the Classes*

---

both the FOIA request underlying the D.C. Ruling, and the ensuing litigation, at the time each was filed. 12 C.F.R. § 1070.20(d), -(h); *see also* Tr. of Aug. 4 Status Conf., at 17:24–25 (TSI's counsel acknowledges awareness of FOIA dispute between Plaintiffs' counsel and CFPB). And the Parties here have informally discussed this FOIA dispute during more than two years' litigation.

[14]  Plaintiffs preemptively request this Court refuse to consider any filing by TSI that acts as a reply in support of its Objections. TSI has previously submitted a reply in order to extend the amount of time it takes this Court to rule on TSI's withholding of discovery. *Compare* TSI's Reply Br. in Supp. Objs. re Mag. J.'s July 17 Ord. (Dkt. Nos. 223–224 in Case No. 18-cv-1781; Dkt. Nos. 154–155 in Case No. 18-cv-7692 [filed under seal]), *with Set Capital LLC v. Credit Suisse Grp. AG*, No. 18-cv-2268, 2019 U.S. Dist. LEXIS 164386, at *13 (S.D.N.Y. Sept. 25, 2019) (Torres, J.) (striking such a "reply" brief without considering it, "given that Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report and because [the defendant] never sought leave of the Court to file these papers." (case quotation omitted)). With discovery now set to close Jan. 4, and Plaintiffs in need of the CFPB documents prior to deposing TSI employees in December, TSI should not be allowed to use unauthorized filings to further chew up the clock.