

305 BROADWAY
SUITE 700
NEW YORK, NY 10007
212 682 1853
212 682 1892   FAX
gfrank@frankllp.com
www.frankllp.com

December 1, 2020

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Sq., Room 2204
New York, NY 10007

Re:   *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781
      *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.*, 18-CV-7692
      *Butry et al. v. Nat'l Collegiate Student Loan Trust 2005-3 et al.*, 20-CV-5843

Dear Judge Gardephe:

We represent Plaintiffs in the above-referenced actions, and write concerning TSI's surprise letter-application yesterday, November 30, 2020 (the "Letter"), which this Court granted this afternoon.[1] TSI's Letter purportedly offers to negotiate a key production that TSI has blocked by ignoring this Court's Orders with months of repetitious and dilatory motion practice.

Plaintiffs respectfully submit this letter to provide the full context behind TSI's Letter, to request that the Court amend its grant of TSI's request, and to order that TSI fulfill its discovery obligations. The "negotiation" that TSI belatedly offers prejudices Plaintiffs in meaningful ways. Moreover, TSI's tactics have previously required revisions of the discovery schedule, which Plaintiffs will again require.

### TSI Submitted Its Letter Without Telling Plaintiffs, Violating This Court's Rules

TSI filed the Letter without notifying Plaintiffs, as this Court's Rules require. *See* R. I.D, Judge Gardephe's Individ. R. Civ. P. (requiring party seeking extension of deadline to first seek opposing party's consent). TSI further violated Rule I.D, by submitting its Letter at the time of the deadline it sought to extend, rather than days in advance as this Court requires. Masquerading as routine, TSI's Letter was actually a shrewd violation of this Court's Rules leaving Plaintiffs with insufficient time to respond. (Ltr. at 1).

### TSI's Delays In Producing The CFPB Documents Are Part Of A Bigger Problem

The instant briefing concerns TSI's Objections (the "Objections") to Magistrate Judge Moses's Order of October 23, 2020 (the "Order"). The Order for the <u>third time</u> required TSI to produce documents that it has already provided to the Consumer Financial Protection Bureau in connection with the agency's investigation of the exact same violations at issue in this action (the "CFPB documents").[2]

---

[1] TSI's Letter appears at: Dkt. No. 245 in Case No. 18-cv-1781; Dkt. No. 176 in Case No. 18-cv-7692. The granting order appears at: Dkt. No. 246; Dkt. No. 177.

[2] TSI's Objections appear at Dkt. No. 243 in Case No. 18-cv-1781, and Dkt. No. 174 in Case No. 18-cv-7692. The Order appears at Dkt. No. 241 in Case No. 18-cv-1781, and Dkt. No. 172 in Case No. 18-cv-

Hon. Paul G. Gardephe, U.S.D.J.
December 1, 2020
Page 2

Magistrate Judge Moses ordered TSI to produce all of the CFPB documents after urging TSI to negotiate concerning the CFPB documents for over three months. *See, e.g.*, Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *3–4; Aug. 6 Ord., 2020 U.S. Dist. LEXIS 140889, at *3–4 (noting TSI's repeated refusals to show Plaintiffs the CFPB civil investigative demands (the "CIDs") served on TSI during the CFPB investigation, such that Plaintiffs could narrow their discovery request from all CFPB documents to smaller subsets).

After Magistrate Judge Moses's August 17 Order directed TSI to finally engage in meaningful dialogue with Plaintiffs concerning the nature of the CFPB documents, TSI told Plaintiffs its prior counsel, Venable LLP, somehow lost the list of the CFPB documents and/or the corresponding computer folder. *See* Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *3–4. When Plaintiffs informed the Court of this statement, TSI reversed course, saying it <u>could</u> produce the CFPB documents if ordered. This caused Magistrate Judge Moses to order production of all of them. *See id.* at *5–6. TSI then submitted its Objections to her Order, further delaying discovery. Now, suddenly, TSI offers to show Plaintiffs the CIDs so as to negotiate about narrowed production of the CFPB documents, without explanation for (1) how they "found" the CFPB documents they had claimed to have spoliated, or (2) why they suddenly agree to give up the CIDs. (Ltr. at 1).

Setting aside TSI's misconduct, its extreme delay in agreeing to the approach it now offers puts Plaintiffs in an impossible position timewise. TSI now offers to "negotiate" the CFPB document production until December 14, 2020, (Ltr. at 2), well-knowing any document production therefrom will occur even later. Meanwhile, discovery is scheduled to end January 4, 2021, and TSI's five employee-deponents are currently set to be deposed during the last two weeks of this month (December), along with three Forster deponents.[3] TSI's manipulative tactics this late in discovery means Plaintiffs face the prospect of simultaneously performing massive, complex document review, in a matter of days, while deposing witnesses who will need to be questioned about those documents. Plaintiffs should not have to suffer for TSI's gamesmanship.

Magistrate Judge Moses ordered TSI to produce all the CFPB documents, because the production can be done at the click of a button and without fear of prejudice to TSI. TSI already compiled, reviewed for privilege, and produced those same documents just a couple years ago.

---

7692; the Order has been reported at: 2020 U.S. Dist. LEXIS 197630. The dispute concerning the CFPB documents have been recited in too many submissions to and rulings from Magistrate Judge Moses to be listed here. *See, e.g.*, Order of October 23, 2020 (Dkt. No. 241 in Case No. 18-CV-1781; Dkt. No. 172 in Case No. 18-CV-7692) (the "Oct. 23 Order") [reported at: 2020 U.S. Dist. LEXIS 197630]; Order of August 6, 2020 (Dkt. No. 204 in Case No. 18-CV-1781; Dkt. No. 141 in Case No. 18-CV-7692) (the "Aug. 6 Order") [reported at: 2020 U.S. Dist. LEXIS 140889].

[3] TSI has not identified any dates when its employee-deponents may be deposed, even as Plaintiffs have worked, and continue to work, diligently to accommodate Defendants' incessant demands to depose Plaintiffs. (Since the covid-19 lockdown began, Defendants have deposed three Plaintiffs and non-party family members, including on Nov. 30, while Plaintiffs have been able to depose <u>none</u> of Defendants' employees). Further, TSI still refuses to say when it will produce another category of documents which the Court ordered produced nearly four months ago. Those documents will allow Plaintiffs to understand how TSI and Forster managed the Trusts' debt collection practices. *See* Ord. of July 17, 2020 (Dkt. No. 194 in Case No. 18-cv-1781; Dkt. No. 131 in Case No. 18-cv-7692). Plaintiffs had recently notified Defendants that continued such delays would necessitate the Court's intervention.

Hon. Paul G. Gardephe, U.S.D.J.
December 1, 2020
Page 3

*See* Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *7 (TSI "makes no showing that it would be difficult, time-consuming, or expensive to re-produce the [CFPB] documents to Plaintiffs here"). TSI would suffer no prejudice from such instantaneous production, as irrelevant documents would simply be ignored and kept confidential pursuant to the existing protective order. In contrast, the process of using the CIDs to steer production will be cumbersome, costly, and time-consuming. *See id.*[4]

Plaintiffs request the Court overrule TSI's Objections and order TSI produce all the CFPB documents immediately. Plaintiffs also request this Court direct the Parties to conference with the Court at soonest convenience concerning modifications to the discovery plan that will ensure Plaintiffs are not prejudiced by TSI's ongoing delay tactics.

FRANK LLP

By:    */s/ Gregory A. Frank*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

cc: Hon. Barbara Moses, U.S.M.J.
     All counsel of record

MEMO ENDORSED

The application is denied. The Court will review Defendant's objections to Judge Moses's October 23, 2020 Order after Defendant files its reply.

SO ORDERED.

*[signature: Paul G. Gardephe]*

Paul G. Gardephe
United States District Judge

December 4, 2020

---

[4] Plaintiffs should not have to pay their counsel for the time already spent fighting against TSI's false representations that negotiation was impossible due to their own document spoliation—TSI should be sanctioned to pay. *See* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the [discovery] failure . . . .").