UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, KATHERINE
SEAMAN, MARY RE SEAMAN, and
SANDRA TABAR, individually and on
behalf of all others similarly situated,

                       Plaintiffs,

       - against -

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-2, NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2007-3, TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO
FINANCIAL SYSTEMS, INC.; EGS
FINANCIAL CARE INC., formerly known
as NCO FINANCIAL SYSTEMS, INC.; and
FORSTER & GARBUS LLP,

                    Defendants.
_____

CHRISTINA BIFULCO, FRANCIS
BUTRY, and CORI FRAUENHOFER,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

       -against-

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2004-2, NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2006-4, TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO
FINANCIAL SYSTEMS, INC.; EGS
FINANCIAL CARE INC., formerly known
as NCO FINANCIAL SYSTEMS, INC.; and
FORSTER & GARBUS LLP,

                    Defendants.

**<u>ORDER</u>**

18 Civ. 1781 (PGG)
18 Civ. 7692 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

In these consolidated putative class actions, Plaintiffs allege that Defendants have orchestrated a scheme to fraudulently obtain default judgments against them in state court, and that Defendants have carried out this scheme by, inter alia, "submitting false or deceptive affidavits" in those state proceedings.  (Consol. Cmplt. (Dkt. No. 124) ¶¶ 1-3, 12)[1]  As relevant here, Plaintiffs allege that employees of Defendant Transworld Systems, Inc. ("TSI") "have falsely attested to personal knowledge" of the information contained in those affidavits.  (Id. ¶ 13)

On March 19, 2020, this Court entered a Consolidated Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 138), and on April 28, 2020, the Court referred this case to Magistrate Judge Barbara C. Moses for general pretrial supervision.  (Dkt. No. 144)

In a July 17, 2020 order, Judge Moses denied a motion to quash submitted by Defendant TSI and a non-party TSI employee ("Movants").  (July 17, 2020 Mem. Order (Dkt. No. 195))

On July 31, 2020, Movants filed objections to Judge Moses's July 17, 2020 decision.  (Movants Objections (Dkt. No. 201))  TSI requested to file the objections under seal.  (TSI Ltr. (Dkt. No. 200))  This Order addresses Movants' objections and TSI's sealing application.

I.      **MOTION TO QUASH**

Plaintiffs seek to depose a TSI employee (the "Employee") who signed an affidavit that Defendants submitted in support of an application for a default judgment against a

---

[1]  All docket citations are to the docket in Michelo et al. v. National Collegiate Student Loan Trust 2007-2, et al., 18 Civ. 1781 (PGG).

named Plaintiff.  (Pltf. Opp. (Dkt. No. 177) at 2)[2]  On May 22, 2020, Movants moved to quash the deposition subpoena served on the Employee, arguing that the Employee suffers from stress-induced epilepsy, and that the stress of a deposition could trigger a seizure.  (Movants Br. (Dkt. No. 172) at 2)  As an alternative to a deposition, Movants proposed that Plaintiffs be required to submit written questions to the Employee.  (Id. at 9)

Plaintiffs argued that the motion to quash should be denied because Movants had not provided sufficient information concerning the Employee's epilepsy condition.  (Pltf. Opp. (Dkt. No. 177) at 2)

In a July 17, 2020 order, Judge Moses concludes that Movants have not "show[n] 'that a clearly defined, specific and serious injury' will occur in the absence of" a protective order preventing the deposition.  (July 17, 2020 Mem. Order (Dkt. No. 195) at 6 (citation omitted))  "[N]otwithstanding [Judge Moses's] express directive, [Movants] did not submit any medical records (much less properly authenticated records) evidencing that the Employee currently suffers from stress-induced epilepsy, or that his current medical condition 'prohibits him from sitting for a (remote) deposition."  (Id. at 7 (emphasis in original))  Rather, "Movants rely upon a conclusory two-sentence note, scrawled on a prescription pad more than a year and a half ago, stating vaguely that the Employee should avoid 'duress' or 'significant stress.'"  (Id.) Judge Moses further notes that the Employee's affidavit does not provide any more detailed information regarding Employee's condition, treatment, and previous experiences testifying in depositions.  (Id. at 8)

Although Judge Moses finds that Movants have not submitted evidence "sufficient to justify an order prohibiting plaintiffs from taking the employee's oral deposition,"

---

[2]  The page numbers in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

she "order[s] 'certain accommodations to be implemented in the taking of his deposition.'" (Id. at 9 (citations omitted))  Those accommodations include that (1) the deposition will proceed remotely; (2) the deposition will be limited to four hours; and (3) the Employee will be permitted to take breaks "to address any stress caused by the deposition." (Id.)

On July 31, 2020, Movants filed objections to Judge Moses's order.  Movants complain that Judge Moses (1) "[d]id not appropriately balance the burden to [the Employee] where his testimony in this case is entirely cumulative and duplicative of testimony either already obtained, or that plaintiffs can obtain from the four other TSI employees that plaintiffs have issued subpoenas to and will depose in the case"; and (2) "[d]id not adequately take into account the defined, specific, and serious medical condition and potentially irreparable harm" the Employee would experience if deposed, especially in light of the absence of contradictory evidence from Plaintiffs.  (Movants Objections (Dkt. No. 201) at 1-2)

Plaintiffs counter that the Employee's testimony would not be cumulative or duplicative because the Employee has "unique personal knowledge" of the affidavit he signed to support a Bronx County Civil Court case filed against Plaintiff Sandra Tabar.  According to Plaintiffs, the Employee's affidavit was signed "without the requisite personal knowledge and review of proof of indebtedness, rendering the affidavit[] false and deceptive [and] in violation of the law." (Pltf. Opp. (Dkt. No. 221) at 2-3)  According to Plaintiffs, Tabar's claim is somewhat different from that of the other named Plaintiffs because the case against her was restored after the default judgment was vacated.  Defendants voluntarily dismissed only after Tabar sought discovery.  (Consol. Cmplt. (Dkt. No. 124) ¶¶ 139-59)  Finally, Plaintiffs argue that Movants have still not provided evidence of the Employee's medical condition.  (Pltf. Opp. (Dkt. No. 221) at 8)

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the

4

district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted). "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). Moreover, "[a] magistrate judge possesses wide discretion in handling discovery disputes." Misas v. N.-Shore Long Island Jewish Health Sys., No. 14-CV-8787 (ALC) (DJF), 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016); see also, e.g., U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("A magistrate judge is best qualified to judge the entire atmosphere of the discovery process. . . . Therefore, [her] rulings on discovery matters are entitled to substantial deference." (internal quotation marks omitted)).

Here, Judge Moses properly concluded that the discovery sought is relevant to the issues in this case. As discussed above, the Employee personally signed what is alleged to be a fraudulent affidavit. This alleged conduct is central to the claims in this case. Moreover, Movants have not demonstrated that the Employee's testimony would be cumulative or duplicative, given the Employee's personal involvement in the preparation of what is alleged to be a fraudulent affidavit. See In re Garlock, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006) ("An order barring a litigant from taking a deposition is most extraordinary relief. It is the party seeking such an order that bears the burden of proving that the proposed deponent has nothing to contribute." (citation omitted)).

Movants have likewise not shown that a deposition – given the accommodations prescribed by Judge Moses – threatens the Employee's health. The conclusory statements made by the Employee's physician are not sufficient to justify additional accommodations. See Qube Films Ltd. v. Padell, No. 13-CV-8405 AJN, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015). As Judge

Moses concludes, Movants have demonstrated merely that "harm to [the Employee] from a deposition is of potential concern"; they have not shown that this concern "rise[s] to the level of a clearly defined and serious injury."  Id.

   In sum, Movants have not met their heavy burden to demonstrate that Judge Moses's ruling was clearly erroneous or contrary to law.  Their objections (Dkt. No. 201) will therefore be overruled.

## II.  <u>SEALING MOTION</u>

   TSI seeks to file Movants' objections and reply brief under seal, because these documents "reference[] the TSI employee's private medical information."  (TSI Ltr. (Dkt. No. 200) at 2; (Dkt. No. 223) at 1)  Although Plaintiffs "dispute that [the Employee's] purported condition exists as TSI describes it," they nonetheless "fil[ed their] responses to TSI's objections under seal in light of TSI's confidentiality assertion."  (Dkt. No. 220)  Neither side has offered any analysis in connection with the sealing request.

   The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal.  First, a court must determine whether the presumption of access attaches.  A presumption of access attaches to any document that is a "judicial document" – i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process."  <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 115 (2d Cir. 2006) (quoting <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") (internal quotation marks omitted)).  "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." <u>Amodeo I</u>, 44 F.3d at 145.  Motions concerning evidentiary and discovery matters are, however, "subject to at least some presumption of public access."  <u>Brown v. Maxwell</u>, 929 F.3d 41, 50 (2d Cir. 2019).

Where the document at issue is a "judicial document," a court must determine the weight to be given to the presumption of public access.  "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.  Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'"  Lugosch, 435 F.3d at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")) (alteration in Lugosch).

After determining the weight of the presumption of access, a court must "'balance competing considerations against it.'"  Id. at 120 (quoting Amodeo II, 71 F.3d at 1050).  "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'"  Id. (quoting Amodeo II, 71 F.3d at 1050).

Here, Movants' objections and the briefs submitted by the parties are "judicial documents," because they are "documents submitted in connection with, and relevant to, . . . judicial decision-making."  Brown, 929 F.3d at 50.  As such, there is a presumption of public access.  Nevertheless, "[t]he privacy interests of innocent third parties," such as those of the Employee here, "should weigh heavily in a court's balancing equation."  Amodeo II, 71 F.3d at 1050–51 (internal quotation omitted) (alteration in Amodeo II).

Given these circumstances, the parties are directed to redact the Employee's name and any other identifying information from the publicly filed copies of Movants' objections (Dkt. No. 201) and reply brief (Dkt. No. 224), and from Plaintiffs' opposition brief (Dkt. No. 221).  See

<u>United States v. King</u>, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012)

(redacting submissions that included medical information of third parties).

   The Clerk of Court is directed to terminate Dkt. Nos. 200, 220, and 223.

Dated: New York, New York
    February 15, 2021

         SO ORDERED.

         _____
         Paul G. Gardephe
         United States District Judge