UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | No. 18-cv-1781 |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | No. 18-cv-7692 <br><br><br><br><br><br><br><br> **FILED VIA ECF** |

---

**PLAINTIFFS' REPLY TO THE TRANSWORLD DEFENDANTS' RESPONSE
TO THE MAGISTRATE JUDGE'S FEB. 19, 2021
ORDER TO SHOW CAUSE JUSTIFYING THEIR
REFUSAL TO COMPLY WITH THE COURT'S ORDER**

Plaintiffs hereby reply to TSI's[1] response (the "Response") to Magistrate Judge Moses's order to show cause of Feb. 19, 2021. The order to show cause required TSI justify its refusal to comply with this Court's <u>sixth</u> order (the "Order")[2] to produce documents central to this case.

TSI did not produce the CFPB Documents as the Court Ordered and did not seek a stay. Instead, its Hail Mary defense is that Judge Gardephe somehow stayed Your Honor's Order through an unrelated order that has nothing to do with a stay. That is not only untrue, but the case law clearly does not support TSI.

TSI's refusal to comply with this Court's Order is sanctionable under Rule 37(b), including adverse rulings barring claims and defenses TSI has made about the CFPB Documents, as well as monetary sanctions.

**I.     ARGUMENT**

    **A. TSI Violated This Court's Order**

The facts are not in dispute. This Court ordered TSI to produce certain documents and TSI refused to comply with that Order. TSI cites no law remotely justifying its refusal. (Resp., at 3–5). <u>All courts</u> agree that objections to a Magistrate Judge's discovery order do not permit the objector to unilaterally withhold the ordered discovery absent a motion for and express grant of a stay. *E.g.*, *Komatsu v. City of N.Y.*, No. 18-cv-3698, 2021 U.S. Dist. LEXIS 17588, at *3–4 (S.D.N.Y. Jan. 29, 2021) (Gorenstein, Mag. J.); *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088,

---

[1] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[2] The Response appears at Dkt. No. 258 in Case No. 18-cv-1781, and Dkt. No. 188 in Case No. 18-cv-7692. The Order to Show Cause is at Dkt. Nos. 256 & 186 respectively. The Order requiring TSI produce the documents it previously provided to the CFPB in the agency's investigation (the "CFPB Documents"), encompasses: (1) the Oct. 23, 2020 order compelling production (Dkt. Nos. 241 & 172), and (2) the Dec. 30, 2020 order extending the production deadline from to Feb. 5, 2021 (Dkt. Nos. 253 & 183).

2016 U.S. Dist. LEXIS 18460, at *65–66 (S.D.N.Y. Feb. 16, 2016) (Pitman, Mag. J.) (stay of objected-to discovery order requires motion and express order) (citing, inter alia, *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78–79 (S.D.N.Y. 1989) (Canella, J.)). TSI never moved for a stay and there is no order granting a stay.

TSI instead argues Judge Gardephe's memo endorsement of Dec. 4, 2020 (the "Dec. 4 Memo")[3] "obviated the need for a formal stay." (Resp., at 3–5). But the Dec. 4 Memo has absolutely nothing to do with a stay of discovery. The Dec. 4 Memo simply addressed Plaintiffs' application that Judge Gardephe deny TSI's untimely request to submit a reply brief in support of TSI's Objections to the Oct. 23 Order to produce the CFPB Documents. The Dec. 4 Memo is merely an indication the Court might consider TSI's second brief.[4]

### B. TSI's Discovery Violations Are Sanctionable

TSI also argues its discovery violations are not sanctionable, because TSI reasonably relied on its interpretation of the Dec. 4 Memo. (Resp., at 5–7). Putting aside that the Dec. 4 Memo says nothing about a stay, TSI's argument fails because it invites chaos in case management.

"An order issued by a court must be obeyed, even if it later is shown to be erroneous." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). TSI's assertion it can rely on an unrelated order from Judge Gardephe as a substitute for a stay of Judge Moses's Order is "improper (and, indeed, probably contumacious)." *Filler v. Lernout (In re Lernout & Hauspie Sec. Litig.)*, 219 F.R.D. 28 (D. Mass. 2003) (citing, inter alia, *McDonald*). TSI is asking this Court undermine its Magistrate Judge's discovery-management authority, while "encouraging parties to use the objection process simply as a device to further delay discovery."

---

[3] *See* Dkt. No. 248 in Case No. 18-CV-1781; Dkt. No. 179 in Case No. 18-CV-7692.

[4] Indeed, TSI's argument makes clear its noncompliance with the Order was intentional.

*Blessey Marine Servs. v. Jeffboat, LLC*, No. 10-cv-1863, 2011 U.S. Dist. LEXIS 85415, at *9–10 (E.D. La. Aug. 2, 2011).

TSI falsely justifies its refusal by arguing all Parties, including Plaintiffs, were "operating under the shared belief that any production of the CFPB materials would follow upon issuance of Judge Gardephe's decision on TSI's Objections." (Resp., at 6). This is just not true. Plaintiffs have long argued the Court must disregard TSI's Objections as TSI abused the objections process to stall the CFPB Documents' production and is subject to Rule 37(b) sanctions.[5]

Further, no "shared belief" among parties concerning discovery noncompliance could ever justify it. The only cited case in TSI's brief makes clear that only physical impossibility can excuse a violation of a never-stayed discovery order. Otherwise, Rule 37(b) <u>requires</u> imposition of sanctions, even if objections are pending. *See Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-cv-5256, 2011 U.S. Dist. LEXIS 103378, at *28–30 (S.D.N.Y. Sep. 12, 2011) (Wood, J.) (imposing mandatory Rule 37(b) sanctions for noncompliance with order objected to but never stayed) (cited by Resp., at 7). TSI can immediately produce the CFPB documents, so it has no valid excuse and must be sanctioned.

**C. TSI's Misconduct Warrants Adverse-Ruling Sanctions And Monetary Sanctions**

Rule 37(b) envisions violators be sanctioned via orders that, among other things, preclude arguments and defenses concerning the withheld discovery. *See* Fed. R. Civ. P. 37(b)(2); *see also* Fed. R. Civ. P. 16(f) (granting court Rule 37(b)(2)'s sanction powers to enforce scheduling orders).

---

[5] *See* Pls.' Dec. 1, 2020 Ltr. to Ct., at 3 & n.4. (Dkt. No. 247 in Case No. 18-CV-1781; Dkt. No. 178 in Case No. 18-CV-7692). TSI says the Parties' letter to the Court of Feb. 18 reflects a "shared belief" TSI could ignore the Court's Feb. 5, 2021 deadline for producing the CFPB documents, so long as TSI's Objections were pending. (Resp., at 6–7 (citing Dkt. No. 255 in Case No. 18-CV-1781)). This is also false. The letter simply reflects TSI's continued insistence it can use objections to negate the effect of the Order to timely produce the CFPB Documents.

3

Such sanctions are preferable to monetary ones when the violator shows a continued willingness to waste the Court's and other parties' time and money, as TSI has here. *Vaigasi*, 2016 U.S. Dist. LEXIS 18460, at *69–77 (imposing nonmonetary sanctions under Rule 37(b)(2) after analyzing pattern of noncompliance with discovery orders).

TSI's history of discovery violations concerning the CFPB Documents far predates the most recent misconduct. For example, TSI spent years invoking government-agency privileges as barring production of the CFPB Documents here, though TSI was required to request the agency intervene and invoke these directly. When this Court finally compelled TSI to request CFPB intervention or stop making these arguments, the agency refused TSI's plea for intervention. TSI continued to press its improper privilege arguments, without telling the Court the CFPB rejected them. *E.g.*, Oct. 23 Ord., 2020 U.S. Dist. LEXIS 197630, at *3–8.

Given the degree of TSI's noncompliance, Plaintiffs request TSI be sanctioned with orders precluding TSI from raising the below arguments or defenses. TSI has raised these without factual support, even as it withholds the documents which would show them false:

- The business practices described in the CFPB's Consent Order with TSI[6] cannot constitute violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) or N.Y Gen. Bus. Law § 349, because the consent order only identifies violations of the Consumer Financial Protection Act of 2010 (12 U.S.C. §§ 5563 & -65).
- The Consent Order describes TSI business practices which TSI did not utilize in its actions concerning the Named Plaintiffs and their fellow Class members.
- The Consent Order describes business practices utilized by Defendant Transworld, but not by Defendant NCO.

Plaintiffs also ask this Court to impose monetary sanctions by: (1) certifying the facts of TSI's noncompliance to Judge Gardephe for imposition of a contempt fine of $1,000 for each day's

---

[6] *In re Transworld Sys., Inc.*, Admin. Proc. No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau 2017), Document 1.

4

further noncompliance, *see Daniel F. Kelleher Auctions, LLC v. Huh*, No. 160-cv-878, 2019 U.S. Dist. LEXIS 10370, at *16–26 (D. Conn. Jan. 23, 2019) (Spector, Mag. J.); and (2) awarding Plaintiffs attorney fees and costs, in amount to be determined later, *see* Fed. R. Civ. P. 37(b)(2).

### D. TSI's Belated Stay Motion Must Be Denied

TSI belatedly moves for a stay of the Order to produce the CFPB Documents, wrongly arguing there is good cause for it so long as Judge Gardephe has not ruled on TSI's Objections. (Resp., at 8–9). There is no support for such a motion. TSI lost the right to seek stay of the Order, as it "had ample time to seek a stay from th[e] Court prior to the date set for compliance" but failed to. *Filler*, 219 F.R.D. at 30. Here, TSI had nearly four months to seek stay, but did not. TSI cannot be rewarded for eschewing a stay motion and pursuing prolonged objections briefing, hoping "it could secure a tactical advantage over [P]laintiffs and do an end run to avoid complying with the [Oct. 23] Order." *Id.*[7]

## II. CONCLUSION

For the reasons set forth above, the Court should sanction TSI as requested by Plaintiffs, or in such other manner as the Court deems fit.

---

[7] TSI wrongly claims producing the CFPB Documents would prejudice it, because they contain confidential information. (Resp., at 8–9). As the Court has already ruled, this litigation's robust confidentiality order ensures TSI will not be prejudiced.

Dated: New York, New York
Mar. 4, 2021

                    Respectfully submitted,

                    **FRANK LLP**

                    By:   */s/ Gregory A. Frank*
                    Gregory A. Frank (GF0531)
                    Marvin L. Frank (MF1436)
                    Asher Hawkins (AH2333)
                    305 Broadway, Suite 700
                    New York, New York 10007
                    Tel: (212) 682-1853
                    Fax: (212) 682-1892
                    gfrank@frankllp.com
                    mfrank@frankllp.com
                    ahawkins@frankllp.com

                    *Counsel for Plaintiffs and the Classes*