UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/21

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER IMPOSING DISCOVERY SANCTIONS AND DENYING STAY APPLICATION**

**BARBARA MOSES, United States Magistrate Judge.**

By order dated February 19, 2021 (OSC) (Dkt. No. 256), entered in both of these consolidated cases,[1] I directed defendant TSI to show cause why it should not be sanctioned for its failure to comply with two prior discovery orders issued by the undersigned Magistrate Judge: (i) an order dated October 23, 2020 (October 23 Order) (Dkt. No. 241), which required TSI to produce certain documents previously produced to the Consumer Financial Protection Bureau (CFPB), in compliance with defendants' Request No. 19, no later than November 6, 2020; and (ii) a later order, dated December 30, 2020 (December 30 Order) (Dkt. No. 253), which, in response to the parties' joint request, extended the deadline for producing documents – including the CFPB documents – to February 5, 2021, and extended the deadline for taking fact

---

[1] All citations to docket entries refer to the docket in *Michelo*, Case No. 18-CV-1781.

depositions to February 22, 2021. Although TSI filed objections to the October 23 Order, pursuant to Fed. R. Civ. P. 72(a) (Dkt. No. 243), it made no effort to seek a stay of that order from any judge. TSI's objections remain pending before the Hon. Paul G. Gardephe, United States District Judge. TSI's continuing failure to produce the CFPB documents came to light on February 18, 2021, when the parties jointly requested another extension of the deposition deadline, in the process advising the Court that TSI would have "substantial documentary production to complete once Judge Gardephe rules on TSI's objections to Your Honor's October 23, 2020 order that documents from the CFPB investigation be produced." (Dkt. No. 255.)

In its written response to the OSC, dated February 26, 2021 (TSI Resp.) (Dkt. No. 258), TSI states that it believed that Judge Gardephe effectively stayed its obligation to produce the CFPB documents on December 4, 2020, when he issued an order (December 4 Order) (Dkt. No. 248) denying plaintiffs' December 1, 2020 request (Dkt. No. 247) that he overrule TSI's objections without waiting for a reply brief and "order TSI [to] produce all the CFPB documents immediately." In his December 4 Order, Judge Gardephe stated: "The Court will review Defendant's objections to Judge Moses's October 23, 2020 Order after Defendant files its reply." Dec. 4 Order at 3. Even if TSI was mistaken about the meaning of the December 4 Order, it argues, its belief that Judge Gardephe had issued a stay "for all intents and purposes" was "reasonable," and any error was made in good faith, such that no sanctions should be assessed. TSI Resp. at 2, 4. TSI adds that its continuing delay in producing the CFPB documents has not prejudiced plaintiffs, but that requiring it to comply with the October 23 and December 30 Orders would "operate to effectively waive TSI's right to object to the District Court [sic], as well as its confidentiality and privilege objections," *id*. at 3, and – for the first time – expressly

requests that this Court "enter the stay which TSI reasonably assumed was effected by Judge Gardephe's December 4, 2020 Order." *Id*. at 5.

In a reply to TSI's response, dated March 4, 2021 (Pl. Reply) (Dkt. No. 260), plaintiffs argue that the December 4 Order "simply addressed Plaintiffs' application that Judge Gardephe deny TSI's untimely request to submit a reply brief in support of TSI's Objections to the Oct. 23 Order to produce the CFPB Documents," and had "absolutely nothing to do with a stay of discovery." Pl. Reply at 2. As a sanction for what they characterize as TSI's "intentional" and continuing noncompliance with this Court's discovery orders, plaintiffs request that this Court (i) preclude TSI from raising certain arguments or defenses; (ii) "certify" TSI's noncompliance to the District Judge "for imposition of a contempt fine"; and (iii) award them attorney fees and costs "in an amount to be determined later." *Id.* at 4-5. Finally, plaintiffs oppose TSI's "belated" stay request, arguing that TSI waived its right to seek a stay through delay. *Id.* at 5.

As this Court previously explained, the law in the Second Circuit is clear: the filing of Rule 72(a) objections to a magistrate judge's discovery order does not excuse a party from complying with that order. To protect itself from sanctions, the objecting party must request and obtain a stay of the underlying order. *Grossman v. Schwarz*, 989 WL 46594, at *1 (S.D.N.Y. Apr. 21, 1989) (citing *Litton Industries Inc. v. Lehman Kuhn Loeb, Inc.*, 124 F.R.D. 75 (S.D.N.Y. 1989)). *Accord Shim-Larkin v. City of New York*, 2019 WL 4688703, at *2 (S.D.N.Y. Sept. 25, 2019); *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011); *Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005); *Herskowitz v. Chaney*, 1995 WL 104007, at *3 (S.D.N.Y. Mar. 8, 1995). *Accord* 12 Wright & Miller, *Fed. Prac. & Proc.* § 3069 (3d ed.). It

is also clear that – until now – TSI never requested a stay, either from me or from the District Judge.[2]

I note, preliminarily, that TSI offers no excuse for its failure to produce the CFPB documents between November 6, 2020 (the date on which they were due pursuant to the October 23 Order) and December 4, 2020 (the date on which TSI now claims its production obligation was stayed, *sub silentio*, by the District Judge). Rather, it argues that it reasonably interpreted Judge Gardephe's December 4 Order as "obviat[ing] the need for a formal stay," thus retroactively excusing its past noncompliance and authorizing its continued nonproduction for an indefinite period of time, until its objections are resolved. TSI Resp. at 5. I cannot agree that this was a reasonable interpretation of the December 4 Order, particularly given that (i) TSI did not ask the District Judge for a stay; (ii) the December 4 Order denied plaintiffs' request for "immediate" action on the objections but did not grant any affirmative relief to TSI; and (iii) approximately three weeks later, the parties requested (and I granted) an extension until February 5, 2021, of the deadline to produce documents, "*including documents concerning the CFPB investigation*." Dec. 30 Order at 2 (emphasis added). Even if I were to credit TSI's assertion that it did not believe it was bound by the November 6, 2020 production deadline set forth in the October 23 Order, I cannot credit its further claim that – after expressly requesting and receiving an extension to produce the CFPB documents until February 5, 2021 – it believed itself under no obligation to comply with that extended deadline.

TSI's request for a retroactive and indefinite stay of its obligation to produce the CFPB documents is equally unconvincing. To begin with, it has made no showing of likelihood of

---

[2] The only request that TSI made to the District Judge, in connection with its objections, was for a two-week extension of time to file its reply brief. (Dkt. No. 245.)

4

success on the merits of its objections, as required when seeking such a stay. *See Kwik Ticket Inc. by Shamah v. Spiewak*, 2020 WL 5658723, at *1 (E.D.N.Y. Sept. 23, 2020) (denying defendants' motion for stay of magistrate judge's order requiring certain limited discovery where defendants failed to show either irreparable harm or likelihood of success on the merits).

TSI's claim that plaintiff will not be prejudiced by the indefinite stay it seeks ignores the obvious prejudice flowing from the parties' obligation to complete deposition discovery. (Dkt. No. 256.) If all remaining fact depositions are taken without access to the CFPB documents, there is a substantial likelihood that at least some of them will have to be reopened, imposing unnecessary expense and burden on all parties and on the witnesses. The alternative – that the deposition deadline be extended *sine die*, until some date after Judge Gardephe has ruled on TSI's objections (which is what the parties requested in their February 18, 2021 letter-application) – is equally unacceptable from a case management standpoint.[3]

TSI's contention that it will be prejudiced by complying with this Court's underlying orders is similarly unavailing. It is true, of course, that in the absence of a stay it will be required to comply with the discovery orders to which it objects. But this is true whenever a party objects to a magistrate judge's discovery order, and therefore cannot be sufficient, standing alone, to demonstrate the prejudice required to obtain such a stay. TSI does not articulate any other species of prejudice. Indeed, as I noted in the October 23 Order (at 2), TSI has been litigating Request No. 19 since May 2020 (*see* Dkt. Nos. 148, 167, 190, 204, 205, 211, 212, 214, 219, 227), during which period it has failed, repeatedly, to convince this Court (or the CFPB, *see* Dkt. No. 229-1) that producing the documents will cause it (or the CFPB) any legally cognizable

---

[3] TSI asserts that Judge Gardephe's decision on the Rule 72(a) objections is "anticipated "imminently," TSI Resp. at 1, but not does not explain the basis for that anticipation.

prejudice. Moreover, TSI now concedes that it has assembled the CFPB documents and is reviewing them for privilege and confidentiality so as to be ready to produce them promptly "if Judge Gardephe denies TSI's Objections," TSI Resp. at 5,[4] thus undercutting any remaining burden argument.[5]

For these reasons, TSI's last-minute application for a stay of this Court's October 23 and December 30 Orders is DENIED. Given plaintiffs' failure to press the issue in the February 18, 2021 joint letter (or at any time since the document production extension expired on February 5, 2021), I will not impose monetary sanctions on TSI for its past noncompliance. Future noncompliance, however, will not be tolerated. It is hereby ORDERED that TSI shall produce the CFPB documents within the next ten days, no later than **March 15, 2021**. Should it fail to do so, monetary sanctions will be assessed pursuant to Fed. R. Civ. P. 37(b)(2)(A) beginning on March 16, 2021, at the rate of $2,000 per day, payable to the Clerk of Court. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 U.S. Dist. LEXIS 128189, at *20-22 (S.D.N.Y. May 15, 2018) (requiring plaintiff to pay $1,000 per day to the Clerk of Court should it continue to disobey a prior discovery order); *Funk v. Belneftekhim*, 861 F.3d 354, 368 (2d Cir. 2017) (affirming order requiring defendants "to pay $2,000 to the Clerk of Court for every day they

---

[4] It is not clear to this Court what remaining privilege or confidentiality issues TSI could raise. TSI reviewed the documents for privilege (and prepared a privilege log) before producing them to the CFPB. *See* TSI Letter dated August 20, 2020, Ex. 1 (Dkt. No. 214-1) at ECF page 3 ("[A]ny privilege log that would be produced in response to Request No. 19 would be identical to the privilege log that TSI provided to the Bureau in response to one or more CIDs served on TSI in that matter."). The additional privilege and confidentiality objections that TSI made during the litigation of Request No. 19 were all rejected. *See* Oct. 23 Order at 3 ("[T]his Court has previously rejected TSI's confidentiality and 'reverse engineering' arguments. Moreover, the protections and privileges that TSI describes would be assertible, if at all, by the CFPB, which has now unequivocally declined to do so.").

[5] *See* Oct. 23 Order at 3 (concluding that TSI had failed "to substantiate its claim of burden, and therefore [had] failed to substantiate its claim of disproportionality").

failed to provide the ordered discovery, as well as $5,000 in litigation costs to plaintiffs"). Additionally, plaintiffs may at that point seek "further just orders," Fed. R. Civ. P. 37(b)(2), for TSI's continued noncompliance.

It is further ORDERED that the deadline for completing deposition discovery (with the possible exception of the Affiant X deposition, which will be the subject of a separate motion, see Dkt. No. 259) is EXTENDED to **April 19, 2021**.

All relief not expressly granted herein is DENIED.

The foregoing constitutes a written order stating the decision of the Court pursuant to Fed. R. Civ. P. 72(a).

Dated: New York, New York
       March 5, 2021                          **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

7