

**MEMO ENDORSED**


DATE FILED: 3/19/21

**JAMES K. SCHULTZ**
Direct: (619) 296-2018
jschultz@sessions.legal

March 19, 2021

**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., NY, NY 10007

> Application GRANTED. No further extensions will be granted. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> March 19, 2021

Re:   *Michelo et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781
      *Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.*, 18-CV-7692

Dear Judge Moses:

Defendant Transworld Systems Inc. (TSI) is submitting this letter to supplement the parties' letter of February 18, 2021 [Dkt. 255] and to request a 7-day extension of the deadline for filing a motion for protective order regarding the deposition of Affiant X until March 26, 2021. Dkt. 259. In the previous submission, the parties had provided a status report on 4 outstanding discovery issues in requesting a limited extension of the discovery end-date. TSI writes now to update the Court on the status of those remaining issues.

Plaintiffs' position follows below.

Issue 1: As it relates to the production of the materials submitted by TSI to the CFPB and as ordered by the Court [Dkt. 261], TSI made that production on March 15, 2021.

Issue 2: In reference to the deposition of 2 former TSI employees, TSI and Plaintiffs continue to discuss the possibility of producing any transcripts of testimony these affiants may have provided to the CFPB, in lieu of scheduling these depositions via subpoena. The parties are also discussing a date and location for the depositions of these 2 witnesses to the extent there is no CFPB transcript or the CFPB declines the request for a copy of the transcript. TSI's counsel currently represents one of these former employees, and has agreed to facilitate communications with the other former employee to identify an amenable date and location for any needed deposition.

1545 Hotel Circle South, Suite 150, San Diego, CA 92108-3426
Tel: (619) 296-2018    Fax: (877) 334-0661    www.sessions-law.com

CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • PENNSYLVANIA • TEXAS

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
March 19, 2021 – Page 2

Issue 3: Proposed dates for the deposition of Plaintiff Michelo were provided to defendants on March 19, 2021 with dates proposed during the week of April 12th and April 19th.

Issue 4: Last, in reference to the deposition of Affiant X, after some delay, TSI was finally able to obtain updated medical records from Affiant X's treating neurologist on March 15, 2021. TSI provided those records to Plaintiffs' counsel the same day. Those records confirmed that Affiant X suffered a stroke in August, 2020. Based upon those records, counsel for TSI understands that the stroke has affected Affiant X's cognition, speech and balance. TSI has requested that Plaintiffs withdraw their request for Affiant X's oral deposition. Plaintiffs' counsel has indicated that they are unwilling to agree to that request.

Therefore, TSI wishes to file a motion for protective order to protect Affiant X from enduring a deposition due to the current medical condition, and this Court has granted TSI leave until March 19, 2021 to file that motion. Dkt. 259. TSI would like to support the motion with additional detail and opinion from Affiant X's treating neurologist in addition to the recently received medical records. Unfortunately, TSI's counsel was only able to discuss Affiant X's condition directly with the treating physician on March 18, 2021. The treating physician did generally express an opinion that being deposed could adversely risk Affiant X's health, and that Affiant X has suffered cognitive injury from the stroke that would impair memory and ability to testify. The treating physician expressed a willingness to issue a report with the physician's opinions, but indicated that due to other professional responsibilities, that it could take until Tuesday or Wednesday of next week to complete the report.

TSI is therefore requesting a brief, 7-day extension for filing the motion for protective order to give TSI, and by extension, Affiant X, an opportunity to develop a more fulsome record. If allowed, TSI's motion for protective order regarding Affiant X's deposition will be filed by March 26, 2021.

> **Plaintiffs' Position**: Plaintiffs oppose TSI's deadline-extension request. The request is part of TSI's dilatory pattern concerning Affiant X's deposition. TSI continued its delay without merit, deserving sanctions.
>
> TSI's general position here is to delay. Following repeated motions by TSI, the Court and the parties spent much of the past year litigating whether Affiant X's purported epilepsy made him/her unable to testify here. At no time did TSI ever assert Affiant X suffered a stroke in August 2020. (*See* Ord. of Feb. 16, 2021, 2021 U.S. Dist. LEXIS 25697 (Gardephe, J.), *adopting* Ord. of July 17, 2020, 2020 U.S. Dist. LEXIS 131372

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al. – 1:18-cv-01781-PGG*
March 19, 2021 – Page 3

(Moses, J.)). It was not until <u>after</u> Judge Gardephe rejected TSI's epilepsy excuse as unsupported by evidence that TSI asserted Affiant X now also suffers an unrelated condition.

TSI has had ample time to produce evidence of Affiant X's purported inability to testify here. It has failed to do so. TSI now misrepresents the documents it provided to Plaintiffs a couple days ago—and, as TSI acknowledges, these are not the proof required to justify a protective order. TSI's self-serving hearsay in the upper portion of this letter is not proof, does not lend merit to its promised motion, and does not justify further delay bringing the motion. This litigation's class certification motions are due May 3, so even a few days' delay likely will frustrate the current case-management plan.

This Court should order TSI to immediately file any renewed motion for protective order concerning Affiant X. Plaintiffs may then detail for the Court all of TSI's Rule 37 violations requiring sanctions, with benefit of full record.

Thank you for Your Honor's attention to this matter and consideration of this request.

Respectfully submitted,

<u>/s/ James K. Schultz</u>
*Counsel for Transworld Systems Inc.*

cc:   All counsel of record (via ECF)