UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

---

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER**

---

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the oral argument conducted by videoconference on April 19, 2021, and summarized below, plaintiffs' motion for sanctions (Dkt. No. 269 in Case No. 18-CV-1781, Dkt. No. 199 in Case No. 18-CV-7692) is GRANTED IN PART.

Beginning on June 27, 2019, plaintiffs attempted to notice the deposition of an employee (the Employee)[1] of defendant Transworld Systems, Inc. (TSI) who, according to plaintiffs, served as a "professional witness for TSI, testifying against consumers in state courts around the nation," including in a state court action against one of the named plaintiffs herein. *See* Pl. Opp.

---

[1] In other portions of the record the Employee is referred to as Affiant X.

Mem. (Dkt. No. 199) at 2.[2] On February 17, 2020, TSI's counsel asserted that the Employee would have to be subpoenaed because "he is not a senior-level TSI employee." *Id*. On May 18, 2020, TSI's counsel accepted service of a deposition subpoena (the Subpoena) (Dkt. No. 196-1) for the Employee, and on May 22, 2020, both TSI and the Employee – jointly represented by TSI's counsel – moved to quash the Subpoena or, in the alternative, for a protective order requiring that the deposition be conducted on written questions. (Dkt. No. 196.)

The movants asserted that the Employee had developed stress-induced epilepsy, as a result of which he had "transferred to a position that did not require any oral examination, including depositions or court appearances," and believed that sitting for an oral deposition could "trigger an epileptic seizure or otherwise result in adverse health consequences." Employee Decl. (Dkt. No. 196-2) ¶¶ 7, 9. Other than the Employee's own declaration, the motion was supported only by a two-sentence note from the Employee's physician, written on a prescription pad more than 18 months earlier, stating vaguely that the Employee should avoid "duress" or "significant stress." Employee Decl. Ex. A.

In a Memorandum and Order issued on July 17, 2020 (July 17 Order) (Dkt. No. 195), this Court held that the discovery sought was relevant to the claims and defenses asserted in this action and proportional to the needs of the case, and that the movants had not met their "heavy burden of demonstrating good cause" for an order prohibiting the taking of an oral deposition. *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020) (quoting *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988)), *objections overruled,* 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021). Thus, as TSI explains, the

---

[2] This and all further record citations in this Order are to the docket in Case No. 18-CV-1781.

Court "ordered the taking of [the Employee's] deposition after denying TSI's motion for [a] protective order." TSI Opp. to Sanctions Mtn. (Dkt. No. 274) at 8.

Although TSI and the Employee filed timely objections to the July 17 Order on July 31, 2020 (Dkt. No. 201), they neither sought nor obtained any stay. The Employee was therefore obligated to comply with the previously served deposition subpoena from July 17, 2020 forward. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021) ("[T]he law in the Second Circuit is clear: the filing of Rule 72(a) objections to a magistrate judge's discovery order does not excuse a party from complying with that order.").[3]

On August 3, 2020 – three days after the objections were filed – the Employee suffered a "severe medical event," later diagnosed as a stroke, which caused him to resign his employment with TSI. *See* TSI Ltr. dated Feb. 25, 2021 (Dkt. No. 257) at 2; Prot. Order Mtn. (Dkt. No. 266) at 2-3 (the Employee "does not anticipate being able to return to work in any capacity"). However, neither TSI nor the Employee disclosed these facts to plaintiffs or to the Court for more than six months. Instead, the parties continued litigating the pending objections. Plaintiffs filed their opposition brief on September 2, 2020. (Dkt. No. 221.) TSI and the Employee filed a reply brief on September 9, 2021 (Dkt. No. 224), once again arguing that the Employee should not be required to sit for an oral deposition because of his stress-induced epilepsy. No mention was made of his more recent "severe medical event." Thereafter, the parties conducted at least some discussions concerning the scheduling of the remaining depositions, but no date was fixed

---

[3] TSI's suggestion that plaintiffs were required to serve "a renewed subpoena" after defeating the motion to quash the subpoena served on May 18, 2020, *see* TSI Opp. to Sanctions Mtn. at 4, has no basis in the Federal Rules of Civil Procedure. *See Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *4 (N.D. Cal. Dec. 10, 2012) (quashing certain subpoenas, narrowing others, and reminding the parties that "Plaintiffs need not formally re-serve the subpoenas that will go forward at this time").

for the deposition of the Employee and no disclosure was made concerning his current medical condition or employment status. On December 30, 2020, at the parties' request, the Court extended the deadline to complete fact depositions to February 22, 2021. (Dkt. No. 253.)

On February 16, 2021, the Honorable Paul G. Gardephe, United States District Judge, overruled the objections to the July 17 Order. (Dkt. No. 254.)[4] Only then did TSI and the Employee, through their joint counsel, disclose that the Employee had suffered a stroke and was no longer employed by TSI.[5] The Employee filed his second protective order motion, based on the stroke, on March 26, 2021, again seeking an order requiring that the deposition be conducted on written questions.[6] As TSI later acknowledged, the delayed disclosure was intentional, because, in counsel's view, those facts were relevant only to the second protective order motion,

---

[4] *Michelo v. Nat'l* Collegiate *Student Loan Tr. 2007-2*, 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021).

[5] The facts came out gradually. On February 18, 2021, TSI stated only that "[r]ecent developments have impeded TSI's ability to present [the Employee] for deposition." TSI Ltr. dated Feb. 18, 2021 (Dkt. No. 255) at 2. The following week, TSI stated that those developments included a "severe medical event" and the Employee's resignation from TSI. TSI Ltr. dated Feb. 25, 2021, at 2. At TSI's request, made in its February 25 letter, the Court authorized it to file a second protective order motion concerning the Employee by March 19, 2021 (later extended to March 26, 2021). (Dkt. Nos. 259, 263.) At that point, the Court was unaware that the event that was to be the basis of the second protective order motion had occurred the prior August. Counsel first obtained the Employee's relevant medical records and made them available to plaintiffs on March 15, 2021. TSI Opp. to Sanctions Mtn. at 4.

[6] The motion was supported by another declaration from the Employee (Dkt. No. 266-1), as well as medical records (Dkt. No. 266-2) and a letter from the Employee's physician recommending that he "not testify or give any deposition." (Dkt. No. 266-3.) After reviewing the moving papers, plaintiffs agreed to conduct the deposition on written questions pursuant to Fed. R. Civ. P. 31. *See* Pl. Mem. in Resp. (Dkt. No. 270) at 7. Consequently, the Court granted the motion, to that extent, from the bench on April 19, 2021. (Dkt. No. 279.)

which "only became necessary after TSI's objections were overruled by the District [Judge] on February 16, 2021." TSI Opp. to Sanctions Mtn. at 5; *see also id*. at 9 n.6.[7]

In fact, as noted above, the Employee was obligated to comply with his subpoena from July 17, 2020 forward. If and to the extent changed circumstances during that period gave him or TSI additional grounds for an order quashing or modifying that subpoena, they should have disclosed the new circumstances promptly so that they could make their new motion (if necessary) in a "timely" manner, as required by Fed. R. Civ. P. 45(d)(3)(A). Instead, TSI and the Employee kept the issue of the Employee's new health challenge in reserve, for use if and when their pending objections (based on his prior health challenges) were overruled. As a result: (a) plaintiffs were obliged to continue litigating objections based on an outdated set of facts; (b) the district judge was put to the trouble of ruling on those objections despite their obsolescence; (c) proceedings were multiplied unnecessarily; and (d) the Employee's deposition (by any means) was further delayed and is now unlikely to be completed before the many-times-extended fact discovery deadline expires.[8] On this record, plaintiffs are entitled to recover their reasonable expenses, including attorneys' fees, incurred as a result of the failure of TSI, the Employee, and their counsel to promptly disclose the facts concerning the Employee's changed medical

---

[7] During the April 19, 2021 argument, counsel added that, in his view, timely disclosure of the Employee's condition would have led to immediate requests by plaintiffs for updated medical records, which, in turn, would have created stress for the Employee that negatively affected his health. There is no indication in the record that counsel consulted with the Employee's physician, or any other medical authority, in forming this opinion.

[8] After three further extensions (Dkt. Nos. 256, 261, 278), the fact deposition deadline is now May 10, 2021. However, because of the lead time required for a deposition on written questions, *see* Fed. R. Civ. P. 31(a)(3)-(5), the Court gave the parties 30 days, until May 19, 2021, to complete the deposition of the Employee. Even that schedule will require them to negotiate and adhere to a tight schedule for the service of written questions, cross-questions, redirect questions, and recross-questions. *See id*. It thus appears unlikely that the deposition of the Employee will be completed on or before May 10, 2021.

condition and its consequences, including their attorneys' fees and other expenses reasonably incurred in opposing the objections filed by TSI and the Employee to the July 17 Order. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A); 28 U.S.C. § 1927.

Insofar as plaintiffs' sanctions motion seeks preclusion orders or other non-monetary sanctions, it is DENIED without prejudice to renewal within 14 days after plaintiffs' counsel's receipt of the Employee's deposition transcript. The renewed motion may be combined with their application for the attorneys' fees and other expenses incurred as a result of the disclosure failure, which is due at the same time. That application must include properly authenticated evidence, including contemporaneous timesheets and/or expense records, documenting the fees and expenses sought, as well as evidence supporting the reasonableness of counsel's rates.

All relief not expressly granted herein is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 269 in Case No. 18-CV-1781, Dkt. No. 199 in Case No. 18-CV-7692).

Dated: New York, New York
April 23, 2021                              SO ORDERED.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**