UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

  -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

---

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

  -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/21

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed three sealing motions filed in connection with Affiant X's second motion for a protective order and plaintiffs' motion for sanctions. First, Affiant X filed a letter-motion dated March 26, 2021 (Mar. 26 Ltr.) (Dkt. No. 265),[1] seeking to file under seal (i) Affiant X's motion for a protective order (Dkt. No. 266); and (ii) its supporting exhibits (Dkt. Nos. 266-1, 266-2, 266-3, 267), on the ground that the motion "references Affiant X's medical records and health information" while the exhibits (which include a doctor's note and medical records) "reference private health information and are confidential" under ¶ 2 of the parties' Protective Order (Dkt. No. 134). Mar. 26 Ltr. at 1. Next, plaintiffs filed a letter-motion dated April 2, 2021 (Apr. 2 Ltr.) (Dkt. No. 268), seeking to file under seal (i) plaintiffs' motion for sanctions against defendant Transworld Systems Inc. (TSI) (Dkt. No. 269); and (ii) plaintiffs'

---

[1] This and all further record citations in this Order are to the docket in Case No. 18-CV-1781.

brief in response to Affiant X's motion for a protective order (Dkt. No. 270), for the same reasons provided in Affiant X's March 26 Letter. Apr. 2 Ltr. at 1. Third, TSI filed a letter-motion dated April 9, 2021 (Apr. 9 Ltr.) (Dkt. No. 273), seeking to file under seal (i) TSI's brief in response to plaintiffs' motion for sanctions (Dkt. No. 274); and (ii) its supporting exhibits (including deposition transcript excerpts) (Dkt. Nos. 274-1, 274-2, 274-3, 274-4), on the ground that those documents include private medical information and also contain "TSI's previously non-disclosed non-public internal policies regarding affiant processes and procedures for review of affidavits" as well as "details of legal actions that the affiants were involved with." Apr. 9 Ltr. at 1-2. Thereafter, three additional documents were filed under temporary electronic seal *without* a corresponding letter-motion having been filed requesting that those documents remain under seal: (i) Affiant X's reply brief in further support of the motion for a protective order (Dkt. No. 272); (ii) a declaration from attorney Paul Sanders in support of Affiant X's reply brief (Dkt. No. 271); and (iii) plaintiffs' reply brief in further support of their motion for sanctions (Dkt. No. 276). Each of the papers described above was filed under temporary electronic seal pending this Court's determination as to whether they should remain under seal. (*See* Dkt. Nos. 266, 267, 269, 270, 271, 271, 274, 276.)

      The Court has carefully considered the sealing requests and the documents at issue under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). As to the parties' concerns for Affiant X's medical information, the Court concludes that the best way to protect the medical privacy of Affiant X while preserving public access to the parties' motion papers – which are "judicial documents" to which a "presumption of access attaches," *Lugosch*, 435 F.3d at 119 – is to grant the sealing applications to the extent of requiring the parties to redact the name (and other personally identifying information) of Affiant X from the

2

publicly-filed copies of the motion papers (Dkt. Nos. 266, 269, 270, 272, 274, 276), declarations (Dkt. Nos. 266-1, 271), and Affiant X's doctor's note (Dkt. Nos. 266-2). *See, e.g., United States v. Litvak*, 2015 WL 328876, at *4 (D. Conn. Jan. 23, 2015) (directing parties to redact names of defendants' children from sentencing memoranda and transcript where medical condition of son was relevant to court's sentencing decision); *B.J.S. v. State Educ. Dep't/Univ. of State of N.Y.*, 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) (redacting names of adult plaintiff and disabled child, suing under Individuals with Disabilities Education Act, to protect identity of child). However, Affiant X's detailed medical records (Dkt. No. 266-3) cannot easily be redacted and will remain under seal.

Similarly, pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 92 ¶¶ 2(c), (d)), the parties are directed to redact the portions of the deposition transcripts (Dkt. Nos. 274-1, 274-2, 274-3, 274-4) that include "previously non-disclosed non-public internal policies" or "details of legal actions that the affiants were involved with," and publicly file the redacted versions on the docket.

Accordingly, the parties are directed to promptly file redacted versions of Dkt. Nos. 266, 266-1, 266-2, 269, 270, 271, 272, 274, 274-1, 274-2, 274-3, 274-4, and 276 on the public docket in both actions. Dkt. No. 266-3 shall remain under seal at its current viewing level in both actions. As to Dkt. No. 267, which includes, as a single document, both a declaration and the same medical records that appear at Dkt. No. 266-3, Affiant X must promptly re-file the document on the public docket in both actions, with the medical records redacted.

4

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 265, 268, and 273 in Case No. 18-CV-1781, and Dkt. Nos. 195, 198, and 203 in Case No. 18-CV-7692. The Clerk of Court need not alter the viewing levels of any documents filed on the Court's electronic docket.

Dated: New York, New York
       April 27, 2021                              SO ORDERED.

                                                   _____
                                                   **BARBARA MOSES**
                                                   **United States Magistrate Judge**