UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MUTINTA MICHELO**, *et al.*,

                *Plaintiffs*,

*-vs-*

**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2**, *et al.*,

                *Defendants*.

Civil No. 1:18-cv-01781
Civil No. 1:18-cv-07692

## MOTION OF NON-PARTY AFFIANT X FOR A PROTECTIVE ORDER

NOW COMES non-party Affiant X, through undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby moves for a protective order because good cause exists to protect Affiant X from being subjected to the requested subpoena deposition. Alternatively, Affiant X requests that this Court limit the scope of the requested deposition to a deposition on written questions. In support thereof, Affiant X states as follows:

**I.  Introduction**

This is not Affiant X's first attempt to seeking relief from the taking of the requested deposition. This Court has previously denied a motion to quash the subpoena or for a protective order. *See* Order of July 17, 2020 (the "Order") (Dkt. 195). The District Court subsequently overruled the objections to the Order. *See* Order of February 16, 2021 (Dkt. 254).

Affiant X is filing the current motion for a protective order because circumstances have changed since the original motion – both in the discovery that has since been completed, and a deterioration in Affiant X's medical condition mandating the protection of the non-party's health.

## II. Chronology of Events and Factual Background

Affiant X is, as of August, 2020, a former employee of defendant Transworld Systems Inc. (TSI), and is not a party to this case. As far as Affiant X understands it, the underlying lawsuit alleges that TSI violated the Fair Debt Collection Practices Act and New York law by, as relevant here, having employees execute affidavits in support of collection lawsuits that contained false and misleading statements. Affiant X further understands that plaintiffs seek to take the deposition because Affiant X executed one of the affidavits that were used in a lawsuit filed against one of the plaintiffs, Sandra Tabar. This affidavit was signed by Affiant X in 2014.

Affiant X had been employed with TSI, or its predecessor NCO Financial Systems, Inc., since 2005. *See* Dkt. 196-2, ¶ 2. Until June of 2018, Affiant X was employed as a Legal Case Manager with the duties of reviewing, approving and signing affidavits. *Id.*, ¶ 3. In some lawsuits, Affiant X was required to sit for a deposition or appear at trials. *Id.*, ¶ 4. The process of giving testimony at a deposition or trial caused Affiant X to experience anxiety and stress, and Affiant X was eventually diagnosed with stress induced epilepsy. *Id.*, ¶¶ 5-6. On the recommendation of Affiant X's doctor, Affiant X transferred jobs at TSI in June 2018 to a new position that did not require the giving of testimony at deposition or trial to avoid the stressful and anxiety-inducing situations. *Id.*, ¶ 7, ¶ 9.

On or about July 24, 2020, Affiant X was advised that the Court had denied a request to quash a deposition subpoena, and that Affiant X had been ordered by the Court to sit for a 4-hour deposition. Learning of the impending deposition caused an increase in Affiant X's levels of anxiety and stress, and Affiant X subsequently sustained a stroke on or about August 3, 2020. *See Declaration of "Affiant X" attached hereto as Exhibit A,* ¶ 12.

After suffering the stroke, Affiant X was forced to resign his position from TSI, and Affiant X does not anticipate being able to return to work in any capacity. Ex. A, ¶ 14.

Affiant X has been treated for a seizure disorder arising from stress induced epilepsy with board certified neurologist Dr. Michael Lacey since approximately 1996. *See Dr. Lacey letter of March 22, 2021 attached as Exhibit B.* Dr. Lacey has determined that Affiant X suffered a stroke in August 2020 that manifested with "altered mentation, slurred speech, difficulty with balance and coordination." *Id.* Affiant X's health has improved since August 2020, but Dr. Lacey has noted that that Affiant X continues to experience limitations "with speech expression and has significantly slowed cognitive processing compared to his baseline." *Id.* Dr. Lacey has concluded that this "continued impairment" means that Affiant X is "considered cognitively impaired and therefore unable to give a reliable, valid deposition or testimony, with the caveat that sleep deprivation, stress and external tension causes significant deterioration of the symptoms." *Id.* Based on this, Dr Lacey has reached the medical opinion that Affiant X should "not testify or give any deposition, since [Dr. Lacey] believe[s] this would be subjecting him to undue duress and there may be issues with the content of said deposition." *Id*.

**III. Good Cause Exists for Issuance of A Protective Order Because the Deposition of Affiant X Is Contrary to Expert Medical Advice and Has Minimal Evidentiary Value**

Since the original motion filed on behalf of Affiant X to quash the deposition subpoena, the circumstances of Affiant X's health, as well as the on-going discovery, have changed to such a degree that good cause does exist for issuance of a protective order either barring the deposition of Affiant X in full, or at a minimum, limiting any deposition to written questions. Here, the deposition of Affiant X would be unreasonably cumulative of testimony already obtained, or being obtained from similarly situated affiant employees of TSI. Moreover, Affiant X should be excused from giving a deposition because, when balanced with the burden on Affiant X compared to the

need for and limited value of the expected testimony, the burden to Affiant X is immense and potentially catastrophic while the value for plaintiffs is minimal.

"Rule 26(b)(2) permits a district court to limit the frequency or extent of use of the discovery methods otherwise permitted under the federal rules if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(i)-(iii)).  Additionally, "Rule 26(c) provides that for good cause shown a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery." *Id.* (quoting Fed. R. Civ. P. 26(c)(1), (3)).

### A. Standing Alone, The Risk to Affiant X's Health Poses A Sufficient Burden To Prevent The Deposition.

This Court previously denied a motion to quash the subpoena of Affiant X. *Dkt. 195*.  In that Order, the Court concluded that a protective order was not appropriate because, in part, "the proposed witness is cognitively unimpaired and capable of full-time work." *Dkt. 195, p. 8*.  That can no longer be considered the case.

Affiant X recognizes, as this Court found, that a "prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Dkt. 195, p. 5* (case citations omitted).

Affiant X, a non-party, carries this burden.  Affiant X's treating physician had noted that Affiant X began to suffer "a sudden onset of altered mentation, slurred speech, difficulty with

4

balance and coordination" near the time that Affiant X was ordered to be deposed. *Ex. B. See also medical records from Dr. Lacey for Affiant X obtained from August 2020 to the present documenting treatment attached as Exhibit C.* Affiant X's stroke has resulted in "significantly slowed cognitive processing compared to his baseline", and Affiant X is now "considered cognitively impaired." Moreover, Dr. Lacey opines that "sleep deprivation, stress and external tension causes a significant deterioration of the symptoms" of Affiant X. *Id.* As happened last August, the prospect of giving a deposition would cause Affiant X to suffer from difficulty sleeping, stress and external tension causing an exacerbation of Affiant X's symptoms. As a result, Dr. Lacey has opined that Affiant X should "not testify or give any deposition" because doing so would be subjecting Affiant X "to undue duress." *Id.* Finally, Affiant X is no longer capable of full-time or part-time work, and was forced to resign employment from TSI as a result of the stroke. *Ex. A, ¶ 14.*

In sum, Affiant X's treating physician and the associated medical records confirm that Affiant X sustained a serious injury in August 2020; that the injury has affected Affiant X's physical and cognitive abilities; that Affiant X experiences stress and anxiety at the prospect of giving a deposition, and that this anxiety and stress would induce further medical trauma. Affiant X should be excused from giving a deposition in this case. *See In re Tutu Water Wells Contamination CERCLA Litigation*, 189 F.R.D. 153, 155 (D. Vi. 1999) (protective order was warranted based on physician's belief that there was a "distinct threat of stroke or heart attack"); *but see Huggins v. NC Department of Administration*, No. 5:10-cv-414-FL, 2012 WL 2061943, *4 (E.D. N.C. 2012) (denying plaintiff's motion for protective order because "plaintiff's medical records provide little or no evidence that she has had a stroke or is at risk for stroke.")

### B.      The Deposition Of Affiant X Is Largely Duplicative, Cumulative and Similar Testimony Was Already Obtained from Other Affiants

In the prior Order regarding Affiant X's deposition, the Court concluded that Affiant X's deposition was relevant and proportional to the needs of the case because Affiant X was "a percipient witness as to the circumstances under which that document was prepared and filed and, potentially, the circumstances under which the case against the Plaintiff was discontinued after the default was vacated." *Id., p. 6*. Understanding and acknowledging that memories can be jogged at a deposition, it still must be pointed out that Affiant X has no recollection of the particular lawsuit filed against Plaintiff Tabar, or the process that culminated in the signing of the particular default judgment affidavit filed in state court. *See Ex. A, ¶ 19*. And, as the medical condition of Affiant X has deteriorated and resulted in cognitive impairment according to his treating neurologist, there is a medical basis to conclude that Affiant X's recollection will not be restored. In our view, Affiant X arguably is not a true percipient witness due to the lapse of time, the nature of the prior job duties, and intervening medical injury.

To be clear, Affiant X's involvement in this case arises from an affidavit that was executed in 2014. To the extent the anticipated testimony relates to the specifics of that affidavit, Affiant X cannot be expected to have any specific recall of one single affidavit that was reviewed, approved and signed over the course of a near 13-year career. And, if the requested testimony instead, and more reasonably, relates to the procedures and process for reviewing, approving and signing affidavits generally used at TSI, Affiant X understands that this evidence has been already provided to plaintiffs, both through document production and the taking of three depositions.

Specifically, as understood by Affiant X, TSI's corporate representative testified to the affidavit generation process at length, and the actual day-to-day job duties of TSI affiants have been described at length by two former affiants in depositions already completed by plaintiffs.

6

Finally, two more former affiants are likely to be deposed, so that five different witnesses will testify regarding the affidavit generation process at TSI and NCO. *Dkt. 255*.

Affiant X anticipates that plaintiffs will argue again that the testimony is not cumulative or duplicative, because of the "unique personal knowledge" Affiant X has in relation to the lawsuit filed against plaintiff Tabar. *Dkt. 221*. Even under the best of circumstances, it is improbable that Affiant X would have any recollection of an affidavit that was reviewed and signed as part of the normal job function of Affiant X seven years ago. When combined with the known health condition of Affiant X, the expectation of having recall of one affidavit that was signed during Affiant X's entire career is even more unlikely. Finally, and confirming the above, Affiant X has specifically disclaimed having any specific recollection of the Tabar lawsuit for which the affidavit was filed. *See Ex. A, ¶ 19*.

Thus, Affiant X is unable to recall the details of the Tabar lawsuit and will have no testimony to offer regarding that state court case. As related to the more generalized process for affidavit production, to the extent Affiant X has any recall, that testimony would be duplicative and cumulative of the testimony plaintiffs have already obtained. When balanced against the burden and risk to Affiant X, there is arguably no need for Affiant X's deposition in a case that does not otherwise involve Affiant X.

## IV.     Conclusion

WHEREFORE, based on the foregoing, Affiant X respectfully requests that this Honorable Court enter a protective order preventing plaintiffs from taking the deposition of Affiant X. Alternatively, Affiant X requests that this Court modify the prior order and convert the 4-hour remote deposition into a deposition by written questions. *Sperano v. Invacare Corp.*, 2006 WL

8456080 (W.D.N.Y. Apr. 13, 2006), aff'd, 2006 WL 3524483 (W.D.N.Y. Dec. 6, 2006) (allowing deposition to proceed upon written questions only).

**DATED:** March 26, 2021

Respectfully submitted,

**BARCLAY DAMON LLP**

By: */s/ Paul A. Sanders*
         Paul A. Sanders

*Attorneys for Non-Party Witness Affiant X*
Office and Post Office Address
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone:  (585) 295-4426
Email: psanders@barclaydamon.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021 a true and correct copy of the foregoing was served upon counsel of record via ECF, including plaintiffs' counsel below:

Gregory A. Frank
Marvin L. Frank
Asher Hawkins
FRANK LLP
370 Lexington Avenue, Suite 1706
New York, New York 10017
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com