UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MUTINTA MICHELO**, *et al.*,

                     *Plaintiffs*,

  -vs-

**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2**, *et al.*,

                     *Defendants*.

**REPLY ATTORNEY DECLARATION**

Civil No. 1:18-cv-01781
Civil No. 1:18-cv-07692

**PAUL A. SANDERS**, hereby declares as follows:

    1.    I am an attorney at law duly admitted to practice in the Southern District of New York and of counsel to the law firm of Barclay Damon LLP, attorneys for non-party Affiant X.

    2.    This reply declaration is submitted in further support of the motion of non-party Affiant X for a Protective Order as good cause exists to protect Affiant X from being subjected to the requested subpoena deposition or, in the alternative, that Affiant X submit to a deposition on written questions. This declaration is also submitted in opposition to plaintiffs' request for sanctions/disqualification.

**I.**    **Plaintiffs consent to the relief sought.**

    3.    Plaintiffs agree to the relief sought by Affiant X – that Affiant X not be required to appear for an oral deposition or, alternatively, that Plaintiffs serve written questions. In their response, Plaintiffs say they will "forgo oral deposition of this witness" and reserve their right to conduct the deposition by written questions (Dkt. 270, pg. 2) [1] (which is precisely what Affiant X requested).

---

[1] Plaintiffs state, "Given these circumstance, Plaintiffs forgo oral deposition of this witness. The appropriate remedy for the prejudice caused Plaintiffs should primarily be adverse-inferenced sanctions against TSI. Plaintiffs do reserve the right to question the witness in writing by discovery's end." (Dkt. 270, pg. 2). Plaintiffs further request an Order,

22434291.1

    4.       This motion is therefore moot.

**II.**    **The Motion is timely.**

    5.       Despite agreeing to the relief sought, Plaintiffs argue that the Motion is "invalid" or "void" based upon a purported delay. Plaintiffs' own papers establish this is not the case, and the Court explicitly permitted this motion to be filed by March 26, 2021.

    6.       We understand that prior to Affiant X's August of 2020 stroke, Transworld Systems Inc. ("TSI") and Affiant X filed a motion to quash the deposition subpoena based upon Affiant X's stress-induced epilepsy. We understand this Court denied that motion by Order dated July 17, 2020 (the "Order") (Dkt. 195) and that the District Court did not adopt the ruling until February 16, 2021 (Dkt. 254) – just over a month prior to the filing of this Motion. That is hardly a delay, and Plaintiffs' papers acknowledge the sequence of events (Dkt. 270, p. 5).

    7.       Plaintiffs further acknowledge that TSI conducted a meet and confer in February and March of 2021 in order to avoid this motion practice, but Plaintiffs were unsatisfied with TSI's efforts (Dkt. 270, p. 5). The failure of TSI's good faith efforts resulted in the decision that Affiant X needed to retain independent counsel to file the instant Motion on his behalf.[2]

    8.       The Court permitted this Motion to be filed by March 19, 2021 (later extended to March 26, 2021). By letter application dated February 25, 2021 (Dkt. 257), TSI advised the Court that "there have been subsequent medical challenges that have resulted in Affiant [X's] resignation so that Affiant X is no longer employed with TSI" and the medical records "will demonstrate that

---

"authorizing Plaintiffs to serve any written questions on [Affiant X] by Apr. 15, 2021, with responses due Apr. 19, 2021." (Dkt. 270, pg. 8)

[2] Further, it was not unreasonable that Affiant X, a non-party, did not affirmatively volunteer additional private and confidential medical information to this Court and dozens of attorneys after the initial motion to quash was filed and while it remained pending through February of 2021. The unavoidable need to retain separate counsel and renew this motion, based upon Affiant X's stroke and deteriorated medical condition, did not arise until the February 16, 2021 Order issued and the subsequent meet and confer failed.

22434291.1

Affiant X has suffered a severe medical event that will affect Affiant X's ability to sit for a deposition." By Order dated February 26, 2021, this Court granted the request (Dkt. 259):

> Application GRANTED to the extent that TSI shall make any further protective order motion as to Affiant X no later than **March 19, 2021**. SO ORDERED.
>
> Barbara Moses, U.S.M.J.
> February 26, 2021

The deadline was later extended to March 26th (Dkt. 263), the date this Motion was filed.

9. It is difficult to understand why Plaintiffs argue that the motion is "void" due to timeliness (Dkt. 270, p 7) when it was timely filed under the Court's Extension Order.

10. Plaintiffs' arguments about undue delay are meritless.

**III. The Motion is supported.**

11. Other than taking issue with the timing of the motion, Plaintiffs do not appear to challenge that Affiant X had a stroke, that Affiant X is no longer able to work (and does not expect to return to work), or the medical opinion of Dr. Lacey that an oral deposition would subject Affiant X to undue duress and would otherwise be compromised by his cognitive impairment.

12. Plaintiffs do not challenge Dr. Lacey's opinion or Affiant X's Declaration (Dkt. 266, Exhibits 1-2). They do, however, attempt to criticize the authentication of Affiant X's medical records (Dkt. 270, p. 8) despite a valid Declaration authenticating the records, which was executed by Dr. Lacey (Dkt. 267).[3] The medical records are thus properly authenticated.

13. The sole purpose of this Motion is to protect the health and wellbeing of non-party witness Affiant X and to prevent the harm that could result from a deposition upon oral

---

[3] The Dkt. 267 Declaration is executed by Dennis Michael Lacey, M.D. (signed "Dennis Lacey"), Affiant X's treating physician who offered his medical opinion (Dkt. 266, Exhibit 2) concerning the health risks posed by an oral deposition.

3

examination. We were, however, surprised and disappointed by the unnecessarily combative tone and content of Plaintiffs' response and implore the parties to maintain focus on the relevant issue – how to fully safeguard a non-party's health while permitting Plaintiffs a fair opportunity to conduct discovery.

**IV.     The Motion was filed independently on behalf of Affiant X, not TSI.**

14.     This Motion was filed on behalf of Affiant X for the sole purpose of protecting his health.  It was neither filed by, nor on behalf of, defendant TSI. Much of Plaintiffs' opposition is directed at TSI, not Affiant X.  Other than stating that such opposition is irrelevant, Affiant X takes no position with respect to the assertions directed toward TSI or any relief sought against TSI.

15.     This Motion is in no way intended to prevent Plaintiffs from obtaining discovery or prosecuting the action. Indeed, Affiant X affirmatively proposed a deposition on written questions as alternative relief, which is entirely reasonable (*see* accompanying Memorandum of Law).

16.     This is a contentious case. The tone of Plaintiffs' opposition, and the disappointing assertions of improper motive and misconduct, establish precisely why Affiant X needs to be represented by separate counsel with no interest in the outcome of this lawsuit, but rather with a sole mandate to safeguard Affiant X's health in view of his medical condition and cognitive impairment.

**V.     Plaintiffs' motion for sanctions and their failure to meet and confer per Rule 37.**

17.     Affiant X takes no position on Plaintiffs' requests to sanction TSI, other than to reiterate that this is Affiant X's independent motion triggered by the February 16, 2021 ruling denying a Protective Order and the subsequent unsuccessful meet and confer (*see* Section IV).

18.     To the extent Plaintiffs seek sanctions/disqualification against Affiant X, again, since Plaintiffs agree to the relief sought, such requests are irrelevant and moot, and it is unclear why Plaintiffs are utilizing costly judicial resources on issues that are no longer in dispute.

19.     Plaintiffs primarily take issue with the undersigned's statements in the Motion concerning Affiant X's non-memory of the 2014 affidavit at issue in the litigation as those statements were not also included in Affiant X's supporting Declaration (Dkt. 66, Exhibit 1). We agree this was error. Affiant X explicitly confirmed to the undersigned that Affiant X has no specific recollection of the 2014 affidavit at issue. That said, those statements should not have been included in the Motion. Consequently, we hereby withdraw those statements (*see e.g.*, Docket 270, pg. 6) and apologize to the Court and counsel for the inartfulness of statements in what is now an uncontested motion.

20.     Affiant X's Declaration and the medical proof/opinions independently warrant the relief sought (and agreed to by Plaintiffs) solely based upon Affiant X's medical condition. That Plaintiffs nonetheless request sanctions/disqualification in these circumstances is troubling.

21.     Finally, Plaintiffs failed to comply with FRCP Rule 37(a)(1) and (d)(1)(b) by not engaging in a good faith meet and confer before requesting discovery sanctions arising out of Affiant X's disputed deposition. Counsel for Affiant X would have been open to any good faith communications and would have swiftly withdrawn the identified statements upon notification of the issue, which is, in part, the purpose of FRCP Rule 37.

22.     In addition to being moot due to Plaintiffs agreeing to the relief sought, Plaintiffs' failure to comply with Rule 37, as well as applicable local and individual rules that need to be satisfied before bringing a discovery motion, warrants denial of any request for sanctions/disqualification.

## VI. Conclusion

23. Based on the foregoing, and Plaintiffs' acknowledgement, Affiant X respectfully requests that this Honorable Court enter a protective order preventing Plaintiffs from taking the deposition of Affiant X, or alternatively, permitting Plaintiffs to serve written questions upon Affiant X. Affiant X will accept written questions at any time deemed appropriate by the Court or Plaintiffs but requests that responses be subject to a deadline that reflects Affiant X's health issues and cognitive difficulties, affording Affiant X no less than thirty (30) days to respond.

24. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                        **DATED:** April 6, 2021

                                        By:   */s/ Paul A. Sanders*
                                                      Paul A. Sanders

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2021 a true and correct copy of the foregoing was served upon counsel of record via ECF, including plaintiffs' counsel below:

Gregory A. Frank
Marvin L. Frank
Asher Hawkins
FRANK LLP
370 Lexington Avenue, Suite 1706
New York, New York 10017
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com