UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MUTINTA MICHELO**, *et al.*,

                *Plaintiffs*,

  *-vs-*

**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2**, *et al.*,

                *Defendants*.

Civil No. 1:18-cv-01781
Civil No. 1:18-cv-07692

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND OPPOSITION TO MOTION FOR SANCTIONS AND DISQUALIFICATION

**BARCLAY DAMON LLP**
*Attorneys for Non-Party Witness Affiant X*
Office and Post Office Address
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 295-4426
Email: psanders@barclaydamon.com
Tel: (585) 295-4424

**Paul A. Sanders**
*of counsel*

22441310.1

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in further support of the motion of non-party Affiant X for a Protective Order and in opposition to Plaintiffs' request for sanctions/disqualification. Plaintiffs have agreed to the relief sought and are willing to forgo the oral deposition of Affiant X, so it appears this motion is uncontested. Despite Plaintiffs' agreement, however, they assert a myriad of problematic, and now moot, arguments and requests for sanctions/disqualification. Given that there is agreement on the relief sought, for the sake of judicial economy, these arguments should be disregarded.

As explained below, the relief sought by Affiant X and agreed to by Plaintiffs – a deposition upon written questions in lieu of oral questions – is eminently reasonable.

In sum, Plaintiffs have agreed to the relief sought by Affiant X, which should adequately safeguard Affiant X's health and wellbeing. Plaintiffs' numerous tangential claims, requests and other assertions are moot and, respectfully, need not be addressed by the Court.

**ARGUMENT**

**A DEPOSITION UPON WRITTEN QUESTIONS IS REASONABLE**

Setting aside the fact that Plaintiffs agree to the relief sought (such that there is no point to their arguments and sanctions requests), a deposition upon written questions, in lieu of an oral deposition, is appropriate and warranted in this case. This is particularly true now that it has been established by the moving papers that Affiant X had a stroke, is cognitively impaired, is no longer able to work (and does not expect to work again), and will be exposed to undue duress by an oral deposition.

It is well settled that Federal Rule of Civil Procedure 26(c) "provides that 'for good cause shown' a court may make 'any order which justice requires to protect a party or person from

2

22441310.1

annoyance, embarrassment, oppression, or undue burden or expense,' including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (*quoting* Fed. R. Civ. P. 26(c)(1), (3)). In particular, Fed. R. Civ. P. 31(a)(1) "permit[s] a party to depose any person by written questions." *See Berman v. Durkin*, 2014 U.S. Dist. LEXIS 57613, *14 (N.D.N.Y. Apr. 24, 2014). Further, per Fed. R. Civ. P. 45(c), a court may "quash or modify [a] subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

Where, as here, a non-party witness "suffers from a serious health condition" and appearance at a deposition poses "substantial risks" to that witness's health, a court may quash a subpoena for oral testimony in favor of a deposition upon written questions. *Sperano v. Invacare Corp.*, 2006 U.S. Dist. LEXIS 104786, *8-9 (W.D.N.Y. Apr. 13, 2006) (finding no justification for discrediting the non-party witness's treating physician, who opined that oral testimony could cause "irreversible physical and emotional harm from seizures"); *see In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bkrty. S.D.N.Y. 1988) (granting protective order as oral testimony would impose health risk on witness) (*citing Walsh v. Pullman Co.*, 10 F.R.D. 77, 79 (S.D.N.Y. 1948) (granting protective order given deponent's illness)).

"Such a compromise . . . strikes the appropriate balance between the legitimate concerns for [the witness's] health and the parties' rights to depose a potentially relevant witness." *Sperano*, 2006 U.S. Dist. LEXIS 104786 at *9 ("In weighing the serious concerns for [the witness's] susceptibility to anxiety and stress, and her disputed importance to the claims in this case, this Court finds that it is not improper for counsel to prepare [the witness] for the deposition by reviewing the questions with her in advance of the deposition.").

3

22441310.1

## **CONCLUSION**

Based on the foregoing, and Plaintiffs' acknowledgement, Affiant X respectfully requests that this Honorable Court enter a protective order preventing Plaintiffs from taking the deposition of Affiant X, or alternatively, permitting Plaintiffs to serve written questions upon Affiant X. Affiant X will accept written questions at any time deemed appropriate by the Court or Plaintiffs but requests that responses be subject to a deadline that reflects Affiant X's health issues and cognitive difficulties, affording Affiant X no less than thirty (30) days to respond.