Case 1:18-cv-01781-PGG-BCM   Document 288   Filed 05/02/21   Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | No. 18-cv-1781 |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP, <br><br> Defendants. | No. 18-cv-7692 <br><br><br><br><br><br><br><br> **FILED VIA ECF** |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO
THE SECOND MOTION FOR PROTECTION ORDER
CONCERNING THE DEPOSITION OF
TSI EMPLOYEE-WITNESS ▬▬▬▬▬ ("AFFIANT X")**

The second motion[1] to block the deposition of TSI's[2] "Affiant X" follows TSI's sanctionable strategy of delay without basis. This new motion (the "Second Motion") suffers the same evidentiary deficiencies as the first, wherein TSI asserted a medical excuse this Court twice rejected. TSI's name is not on the Second Motion, but the newly hired lawyers who filed it mimic TSI's improper tactics.

Most glaringly, the lawyers' brief attributes to the witness a claim of nonmemory that ▇ ▇ never makes in ▇ sworn declaration. Whether ▇ asserted medical conditions are real or not, the Second Motion makes clear Plaintiffs will never have a real opportunity to depose ▇ TSI and the lawyers are intent on ▇ keeping ▇ mouth shut here.

Counsel are duty bound not to misrepresent the record to the Court, let alone on the central issue of the dispute at bar. The new counsel who signed the Second Motion—Paul Saunders of Barclay Damon—must be sanctioned along with TSI for the misconduct surrounding the Second Motion.

Given these circumstances, Plaintiffs forgo oral deposition of this witness. The appropriate remedy for the prejudice caused Plaintiffs should primarily be adverse-inference sanctions against TSI.[3] Plaintiffs do reserve the right to question the witness in writing by discovery's end; this may be necessary pending further review of the CFPB documents which TSI belatedly produced days ago under sanctions. To properly sanction Mr. Saunders and Barclay Damon for their misconduct,

---

[1] *See* Dkt. No. 266 in Case No. 18-cv-1781; and Dkt. No. 196 in Case No. 18-cv-7692.

[2] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[3] Plaintiffs' separate motion for sanctions against TSI is being filed contemporaneously herewith.

they must be disqualified from representing the witness should Plaintiffs seek further discovery from ▇.

## I. BACKGROUND

### A. TSI Affiant ▇ Has Unique Knowledge Here

▇ (anonymized as "Affiant X") is a witness with unique personal knowledge in this litigation, because ▇ signed the default-judgment affidavit (the "▇ Affidavit") that Defendants submitted in Bronx County Civil Court against Plaintiff Tabar in February 2014. After learning of the default judgment against her, Ms. Tabar successfully applied to have it vacated in April 2018. Once that state-court action was restored to the calendar, she demanded evidence substantiating the claims made against her, i.e., that she owed money to Trust 2007-2. In August 2018, Defendants discontinued the action with prejudice, rather than provide documentary proof and testimony from ▇ corroborating the claims made against Ms. Tabar. (Consol. Compl. ¶¶ 139–159 (Dkt. No. 72 in Case No. 18-cv-1781; Dkt. No. 124 in Case No. 18-cv-7692)).

Plaintiff Tabar is the only one of the seven named Plaintiffs who litigated against Defendants in state court. *See id.* at 681–85.[4] As this Court has confirmed, there is "no question" about the relevance of ▇ evidence in this litigation. *See* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *10–11 (Moses, Mag. J.), *adopted*, Ord. of Feb. 15, 2021 U.S. Dist. LEXIS 28597 (Gardephe, J.).

---

[4] In addition to the default-judgment affidavit filed against Plaintiff Tabar on behalf of Trust 2007-2, ▇ also signed two effectively identical affidavits against her on behalf of Trusts 2007-1 and 2007-3. These additional state-court actions were dismissed in October 2019 after Defendants could not after <u>five</u> opportunities prove she owed anything as alleged. These violations pertaining to Trusts 2007-1 and 2007-3 are the subject of a new case that this Court has accepted as related to the consolidated actions at bar. *See* Compl. ¶¶ 135–207, *Butry et al. v. Nat'l Collegiate Student Loan Trust 2005-3 et al.*, No. 20-cv-5843 (S.D.N.Y. July 28, 20) (ECF No. 1), *accepted as related*, Aug. 11, 2020.

### B. TSI Seeks To Block ▮▮▮▮ Deposition On The Basis Of Epilepsy

On June 27, 2019, Plaintiffs served upon TSI deposition notices including ▮▮▮▮ TSI made no mention of any health issues concerning ▮▮▮▮ ability to testify at deposition. On Dec. 6, 2019, Feb. 11, 2020, and Feb. 17, 2020, Plaintiffs and TSI corresponded about ▮ ▮▮▮ deposition, again with no mention by TSI of any health issues concerning ▮▮▮▮ ability to testify at deposition.

On Feb. 18, 2020, with depositions well underway, TSI asserted for the first time ▮ ▮ had an unspecified medical condition making ▮ unable to testify in court (despite years as a professional witness and affiant in state-court collection suits for the National Collegiate Student Loan Trusts). Plaintiffs immediately demanded TSI produce documentation of any purported inability to testify in this litigation. On Feb. 28, TSI asserted ▮▮▮▮ was at some point in 2018 diagnosed with stress-induced epilepsy, and testifying in court causes ▮ such stress. Plaintiffs again demanded documentation—namely, affidavits from a neurologist and ▮ ▮▮▮ connecting any purported condition to purported ability to testify here.

Plaintiffs moved to compel ▮▮▮▮ deposition (on May 1, 2020, once discovery recommenced following lockdown and disputes were referred to Your Honor). The Parties litigated the epilepsy issue—including TSI's motion for quash or protective order under Rule 26, and evidentiary proffer in support—through the spring of 2020.[5] Your Honor rejected TSI's motion on July 17, 2020, finding the "medical records" it submitted were inauthentic and, even if admissible, did not support the claim of inability to testify. *See* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *9–16. TSI filed Rule 72 objections to this on July 31, Plaintiffs opposed on

---

[5] *See* Dkt. Nos. 146, 148, 153, 167, 172, 196 in Case No. 18-cv-1781; and Dkt. Nos. 89, 91, 96, 110, 133 in Case No. 18-cv-7692.

Sept. 2, and TSI replied on Sept. 9.⁶  Judge Gardephe confirmed the denial of TSI's motion on Feb. 15, 2021.  *See* 2021 U.S. Dist. LEXIS 28597.

### C. TSI Belatedly Argues A Separate Condition Excuses ▓▓▓▓ From Deposition

<u>After</u> Judge Gardephe confirmed rejection of TSI's epilepsy motion, TSI suddenly asserted that in early August 2020, ▓▓▓▓ suffered an incapacitating stroke.  TSI said the effects were far worse than the epilepsy.  In other words, TSI spent <u>nearly eight months</u> sitting on documents and information that (if true) obviated its epilepsy motion.  All the while Plaintiffs and the Court wasted time on a motion that could not resolve the issue of ▓▓▓▓ deposition, because the motion was based on stale and incomplete facts.

Yet TSI waited until <u>one day</u> before the discovery deadline (Feb. 22) to say anything about a stroke and a new motion.  After TSI raised this during a meet-and-confer, Plaintiffs immediately reminded TSI of its longstanding obligation to produce authenticated medical records, doctor affidavits, and other admissible documentation of any purported inability to testify.  TSI did not produce any purported medical records until Mar. 15, 2021; these were unauthenticated and did not include a doctor's opinion why deposition is impossible.  Plaintiffs again repeated their demand for actual proof.  TSI said this could not be produced until a week later, at which time it would file a new motion.

### D. The Second Motion Is Filed By Newly Hired Counsel, And Is Invalid

When the Second Motion was filed, TSI's name was not on it.  ▓▓▓▓ is apparently now represented, individually, by Mr. Saunders of Barclay Damon.  No explanation has been provided why this switch occurred, or who pays the new counsel.  The Second Motion is rife with

---

⁶ *See* Dkt. Nos. 201, 221, 224 in Case No. 18-cv-1781; and Dkt. Nos. 138, 152, 155 in Case No. 18-cv-7692.

improprieties. Worst of them, Mr. Saunders attributes to ▇ a claim of nonmemory that ▇ ▇ does not make. Mr. Saunders asserts in the Second Motion's brief that:

- "[It] must be pointed out that Affiant X has no recollection of the particular lawsuit filed against Plaintiff Tabar, or the process that culminated in the signing of the particular default judgment affidavit filed in state court. See Ex. A, [▇ Decl. of Mar. 26, 2021, at] ¶ 19."[7]  (2d Mot. at 6).

- "Finally . . . Affiant X has specifically disclaimed having any specific recollection of the Tabar lawsuit for which the affidavit was filed. See Ex. A, ¶ 19." (2d Mot. at 7).

These assertions are false. The cited paragraph of ▇ declaration is the jurat. At no point in the lengthy declaration does ▇ ever claim ▇ cannot remember facts about the Tabar state-court actions. Significant events there occurred just a couple years ago, so it makes sense ▇ would remember.[8]

In addition, the Second Motion's evidentiary proffer was unauthenticated. In an apparent attempt to retroactively do so, a new declaration asserting the business records exception to the hearsay rule was filed three days later.[9]  However, the declarant is not identified other than difficult-to-read handwriting which does not match the doctor's name in the documents submitted as ▇ medical records. (See id.). Finally, the Second Motion provides no explanation why it was untimely, i.e., not filed until seven months after the stroke it asserts.

---

[7] The ▇ Decl. of Mar. 26, 2021 appears on this matter's docket at: Dkt. No. 266-1 in Case No. 18-cv-1781; and Dkt. No. 196-1 in Case No. 18-cv-7692.

[8] Further, none of the unauthenticated documents submitted with the Second Motion as medical records exhibits supports a claim of nonmemory. See Exs. B–C to 2d Mot. (Dkt. Nos. 266-2 & -3 in Case No. 18-cv-1781; and Dkt. Nos. 196-2 & -3 in Case No. 18-cv-7692).

[9] See Dkt. No. 267 in Case No. 18-cv-1781; and Dkt. No. 197 in Case No. 18-cv-7692.

## II.     ARGUMENT

### A. Counsel's Misrepresentations In The Second Motion Must Be Sanctioned

Mr. Saunders and Barclay Damon must be sanctioned for misrepresentations to the Court on the key issue in this dispute—whether ▮▮▮▮ can remember things or not. Counsel who distort the record to fit a false narrative must at least be sanctioned monetarily under the Court's inherit authority. *Jianjun Chen v. WMK 89th St. LLC*, No. 1:16-cv-5735-GHW, 2020 U.S. Dist. LEXIS 89208, at *14–15 (S.D.N.Y. May 20, 2020) (Woods, J.). But nonmonetary sanctions are appropriate where, as here, the misrepresentation is part of a strategy to block another litigant's access to discovery. *See In re Reed*, No. 4:16cv633 RLW, 2016 U.S. Dist. LEXIS 92064, at *3–4, 14–15 (E.D. Mo. July 15, 2016) (disqualifying counsel as sanction).

Here, counsel's misrepresentation was about a central issue in dispute. *See* Part I.A–C, *supra*; *see also* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *11–13 & n.3 (emphasizing that critically ill witnesses may be deposed so long as their <u>memory</u> is even minimally intact). Counsel's misrepresentation furthers the discovery-impediment campaign waged by TSI. *See* Part I.B–D. The appropriate sanction against Mr. Saunders and Barclay Damon is disqualification from further representation here. *See Reed*, 2016 U.S. Dist. LEXIS 92064, at *14–15.

### B. The Second Motion Is Void For Additional Reasons

Beyond its substantive misrepresentation of the record, the Second Motion is void because it was filed too late and without evidence. *See* Part I.D. As to untimeliness, a Rule 26(c) motion must be filed immediately after its asserted basis occurs. If not, it must offer "good cause to excuse its late filing." *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-00399-TUC-CKJ (LAB), 2014 U.S. Dist. LEXIS 12161, at *8 (D. Ariz. Jan. 30, 2014). There is no valid basis for the filing of an untimely motion without any explanation—courts presume such motions are made simply to

prejudice the opponent. *See Griego v. Douglas*, No. CIV 17-0244 KBM/JHR, 2019 U.S. Dist. LEXIS 230930, at *7–8 (D.N.M. May 15, 2019) (citing, inter alia, 28 U.S.C. § 1927 (prohibition against frivolous motion practice)).

Finally, the Second Motion is evidentiarily deficient because there is no authentication of any of the exhibits submitted as medical records. *See* Part I.D, *supra*. The law imposes stringent authentication standards with respect to purported medical records. The Second Motion does not satisfy these, and should never have been filed with this Court. *See* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *11 (rejecting the First Motion's evidentiary proffer for lack of authentication); *see also Fall v. N.Y. State United Teachers*, 289 F. App'x 419, 421 n.3 (2d Cir. 2008) ("[U]nsworn doctor's letters are inadmissible hearsay.").

### C. Plaintiffs Reserve Certain Discovery Rights Against ▮▮▮▮▮

In light of the irreparable prejudice to Plaintiffs caused by the misconduct described above, Plaintiffs request this Court enter an order:

- Authorizing Plaintiffs to serve any written questions on ▮▮▮▮▮ by Apr. 15, 2021, with responses due Apr. 19, 2021;

- Precluding Mr. Saunders and Barclay Damon from further representation in this litigation, as nonmonetary sanction for the misconduct described above; and

- Assessing Mr. Saunders and Barclay Damon a $1,000 monetary sanction.

### III. CONCLUSION

For these reasons, the Court should enter the order respectfully proposed above.

Dated:   New York, New York
         Apr. 2, 2021

          Respectfully submitted,

          **FRANK LLP**

          By:   */s/ Gregory A. Frank*
          Gregory A. Frank (GF0531)
          Marvin L. Frank (MF1436)
          Asher Hawkins (AH2333)
          305 Broadway, Suite 700
          New York, New York 10007
          Tel: (212) 682-1853
          Fax: (212) 682-1892
          gfrank@frankllp.com
          mfrank@frankllp.com
          ahawkins@frankllp.com

          *Counsel for Plaintiffs and the Classes*