UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>Defendants. | No. 18-cv-1781 |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>Defendants. | No. 18-cv-7692<br><br>FILED VIA ECF |

**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
THE TRANSWORLD DEFENDANTS FOR THEIR DISCOVERY VIOLATIONS
CONCERNING THE DEPOSITION OF
EMPLOYEE-WITNESS ▮▮▮▮▮▮▮▮ ("AFFIANT X")**

Plaintiffs move that sanctions be awarded against TSI[1] for unacceptable discovery conduct. TSI delayed a key witness's deposition for over a year with the purpose and effect of Plaintiffs' not ever being able to take the witness's testimony. Having forced Plaintiffs and this Court to entertain repeated motion practice concerning Affiant X, TSI now asserts that all along it was in possession of documents supporting a new, previously undisclosed reason Affiant X cannot testify. TSI must be sanctioned immediately for these discovery violations.

I. **BACKGROUND**

    A. ███████ **Has Unique Knowledge Concerning Plaintiffs' Allegations**

███████ (anonymized as "Affiant X") is a witness with unique personal knowledge in this litigation, because █ personally signed the default-judgment affidavit against Plaintiff Tabar (the "███████ Affidavit") that Defendants submitted in Bronx County Civil Court in February 2014. In April 2018, Ms. Tabar learned about the default judgment against her and successfully applied to have it vacated. Once that state-court action was restored to the calendar, she demanded evidence substantiating the claims made against her, i.e., that she owed money to Trust 2007-2. In August 2018, Defendants declined to provide the documentary proof to the state court that ███████ asserted █ had reviewed in the ███████ Affidavit, instead dismissing the action with prejudice. (Consol. Compl. ¶¶ 139–159 (Dkt. No. 72 in Case No. 18-cv-1781; Dkt. No. 124 in Case No. 18-cv-7692)).

Plaintiff Tabar is the only one of the seven named Plaintiffs who defended herself in state court. *See id.* at 681–85.[2] This Court has held that there is "no question" concerning the relevance

---

[1] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[2] In addition to the default-judgment affidavit filed against Plaintiff Tabar on behalf of Trust 2007-2, ███████ also signed two effectively identical affidavits against her on behalf of Trusts 2007-

of ▬ testimony. *See* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *10–11 (Moses, Mag. J.), *adopted*, Ord. of Feb. 15, 2021 U.S. Dist. LEXIS 28597 (Gardephe, J.).

### B. TSI Sought To Block ▬ Deposition On The Basis Of Epilepsy

On June 27, 2019, Plaintiffs served upon TSI deposition notices including ▬. TSI made no mention of any health issues concerning ▬ ability to testify at deposition. On Dec. 6, 2019, Feb. 11, 2020, and Feb. 17, 2020, Plaintiffs and TSI corresponded about ▬ deposition. Each time, TSI made no mention of any health issues concerning ▬ ability to testify at deposition.

On Feb. 18, 2020, seven months after being served with ▬ deposition notice, TSI asserted for the first time ▬ had an unspecified medical condition making ▬ unable to testify in court. This after ▬ spent years working for TSI as a professional witness in state-court collection suits. Plaintiffs demanded TSI produce documentation of any purported inability to testify in this litigation. On Feb. 28, TSI asserted ▬ was at some point in 2018 diagnosed with stress-induced epilepsy, and asserted that testifying in court causes ▬ stress. Plaintiffs again demanded medical documentation of TSI's assertions, including affidavits from a neurologist confirming that ▬ epilepsy makes ▬ unable to testify in this action.

On May 1, 2020, Plaintiffs moved to compel ▬ deposition. Through the Spring of 2020, the Parties litigated TSI's epilepsy defense—including TSI's motion for quash or

---

1 and 2007-3.  These additional state-court actions were dismissed in October 2019 after Defendants could not after <u>five</u> opportunities prove she owed anything as alleged.  These violations pertaining to Trusts 2007-1 and 2007-3 are the subject of a new case that this Court has accepted as related to the consolidated actions at bar.  *See* Compl. ¶¶ 135–207, *Butry et al. v. Nat'l Collegiate Student Loan Trust 2005-3 et al.*, No. 20-cv-5843 (S.D.N.Y. July 28, 20) (ECF No. 1), *accepted as related*, Aug. 11, 2020.

protective order under Rule 26, and evidentiary proffer in support.[3]  Your Honor rejected TSI's motion on July 17, 2020, finding the "medical records" TSI submitted were inauthentic and, even if admissible, did not support the claim of inability to testify.  *See* Ord. of July 17, 2020 U.S. Dist. LEXIS 131372, at *9–16.  TSI filed Rule 72 objections to this on July 31, Plaintiffs opposed on Sept. 2, and TSI replied on Sept. 9.[4]  Judge Gardephe confirmed the Court's the denial of TSI's motion on Feb. 15, 2021.  *See* 2021 U.S. Dist. LEXIS 28597.

### C. TSI's Surprise New Medical Argument

After Judge Gardephe confirmed this Court's rejection of TSI's epilepsy motion, TSI asserted for the first that it had been concealing from the Court that ▇▇▇▇ suffered an incapacitating stroke in August of 2020, apparently within weeks of Your Honor's July 17 order compelling ▇▇▇▇ to testify.  TSI now argues that the effects of the stroke caused by the Court's order are far worse than the epilepsy.  If TSI is to be believed, it spent nearly <u>eight months</u> sitting on evidence that (if true) obviated its epilepsy motion.  TSI effectively admits that it wasted the party's and this Court's time in delay.

TSI waited until <u>one day</u> before the discovery deadline (Feb. 22) to assert ▇▇▇▇ suffered a stroke during a meet-and-confer with Plaintiffs.  Almost a month later on March 15, TSI produced unauthenticated medical records that <u>did not</u> include a doctor's opinion asserting why a deposition is impossible.

---

[3]  *See* Dkt. Nos. 146, 148, 153, 167, 172, 196 in Case No. 18-cv-1781; and Dkt. Nos. 89, 91, 96, 110, 133 in Case No. 18-cv-7692.

[4]  *See* Dkt. Nos. 201, 221, 224 in Case No. 18-cv-1781; and Dkt. Nos. 138, 152, 155 in Case No. 18-cv-7692.

On Mar. 26, ▮▮▮▮ filed ▮ own motion for a protective order. Although ▮▮▮▮ new counsel asserts in that motion that ▮▮▮▮ has no memory of the Tabar state-court action, no such assertion is made in ▮▮▮ attached declaration.[5]

TSI has contaminated discovery with its delay tactics such that Plaintiffs lost any real opportunity to depose ▮▮▮▮. Discovery is now set to close April 19, with Plaintiffs' motion for certification due May 3.

## II. LEGAL STANDARDS

"A party . . .who has responded to a . . .request for production . . .must supplement or correct its disclosure or response . . .in a timely manner if [it] is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1). Sanctions must be imposed for such delay. These may include monetary remedies, or imposition of adverse inferences against the offending party. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii) & -(c)(1)(C).

Failure to produce a witness by the court-set discovery deadline also merits sanctions. *See* Fed. R. Civ. P. 26(f) & 37(b)(2)(A). If the party responsible for producing the witness intends to make a specific motion for protective order limiting deposition, it must be filed as soon as the basis is known—and at least well before close of discovery. *See* Fed. R. Civ. P. 26(c); *e.g.*, *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-00399-TUC-CKJ (LAB), 2014 U.S. Dist. LEXIS 12161, at *3–4 (D. Ariz. Jan. 30, 2014) (noting "the rule maintains an implicit condition that it be made timely").

---

[5] *See* Dkt. No. 266 in Case No. 18-cv-1781; and Dkt. No. 196 in Case No. 18-cv-7692. Plaintiffs' separate brief concerning this new motion is being filed contemporaneously herewith.

### III. ARGUMENT

**A. TSI Must Be Sanctioned Under Rule 37 For Its Discovery Violations**

TSI committed multiple discovery violations that deserve sanctions. TSI has refused to timely produce a witness whose appearance is its responsibility, failed to timely disclose a basis for nonappearance, failed to supplement production about the nonappearance, and failed to alert the Parties and the Court they were litigating an irrelevant motion about the nonappearance.

A defendant like TSI must be sanctioned when it impedes opponents' access to former and current employees for deposition. TSI and its counsel are jointly or individually sanctionable for such misconduct. *See Kim v. Columbia Univ.*, No. 06-cv-5365, 2009 U.S. Dist. LEXIS 16243, at *37–45 (S.D.N.Y. Mar. 2, 2009) (Patterson Jr., J.) (sanctioning defense counsel under Rule 37 for impeding plaintiff's access to employee-witnesses).

Likewise, a litigant cannot wait until the last minute to bring a discovery motion it could have brought months earlier, as TSI did with its Rule 26(c) motion for protective order. *E.g.*, *Barten*, 2014 U.S. Dist. LEXIS 12161, at *3–4. If a litigant wants to rely on medical records, it has to immediately produce them. *Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 U.S. Dist. LEXIS 78818, *9–18 (E.D.N.Y. Sep. 1, 2009) (Mann, Mag. J.). The litigant must immediately supplement such production if new medical records it might want to rely on later become available. *See id.*

By not disclosing medical records immediately, a litigant can "sandbag[ its] adversary." 2009 U.S. Dist. LEXIS 12161 at *3 (internal quotation omitted). Belated reliance on documents and information that could have been produced prior to discovery's close "can only be described as dirty pool." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2021 U.S. Dist. LEXIS 9513, at *248, 279–80 (N.D. Ill. Jan. 19, 2021) (imposing Rule 37 sanctions); *accord, e.g.*,

*Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 161 (S.D.N.Y. 2012) (Freeman, Mag. J.) (same).

TSI spent nearly a year at the outset of discovery refusing to produce ▬▬▬ without basis. *See* Part I.B, *supra*. TSI then asserted epilepsy as a medical basis for nonappearance in February 2020, providing insufficient medical evidence in support. *See id.* Next, TSI failed to supplement its production concerning ▬▬▬ medical ability to testify, so as to reflect any documentation of an August 2020 stroke. *See* Part I.C, *supra*. At this time the Court had issued its July 31 Order rejecting the epilepsy motion. Instead of immediately disclosing information about a stroke, TSI pressed its Rule 72 objections to the July 31 Order, forcing Plaintiffs and the Court to waste months and months analyzing an outdated basis for nonappearance. *See* Part I.B–C, *supra*.

Finally, TSI sandbagged Plaintiffs with its end-of-discovery disclosure about a stroke. *See id.* Such gamesmanship is exactly what Rule 37 was created to prevent. *DR Distribs.*, 2021 U.S. Dist. LEXIS 9513, at *248.

### B. Adverse Inferences Against TSI Are Necessary To Remedy Its Violations

Monetary sanctions for Rule 37 violations are automatic, but nonmonetary sanctions are additionally necessary when the violator used a delay strategy to irreparably prejudice its opponent. That is exactly what TSI has done to Plaintiffs here. TSI is subject to nonmonetary sanctions including adverse inferences. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii) & -(c)(1)(C); *see also* Fed. R. Civ. P. 16(f)(1) (authorizing Rule 37's adverse-inference sanctions for failure to obey court-set schedule).

When "medical records are clearly important" in a case's discovery, the failure to timely disclose them requires nonmonetary sanctions. *Gotlin*, 2009 U.S. Dist. LEXIS 78818, at *16–17.

6

Producing medical records so late in time prejudices Plaintiffs. *See id.*; *see also DR Distribs.*, 2021 U.S. Dist. LEXIS 9513, at *288–89 ("A party suffers prejudice if it would need to reopen multiple depositions [because of the belated disclosure]. Memories fade. More money is spent. Resolution is delayed. There must be an end to litigation.") (imposing nonmonetary Rule 37 sanctions).

Here, TSI could have avoided prejudice to Plaintiffs by simply producing ▮▮▮▮ in late 2019 or early 2020 with other deponents, or by immediately asserting epilepsy as a basis for nonproduction. *See* Part I.B–C, *supra.* TSI could have mitigated its prejudice against Plaintiffs by immediately disclosing in August 2020 that it would assert stroke as a basis, and so further briefing on epilepsy was irrelevant and wasteful. *See id.* But, TSI failed to do so.

Instead, TSI waited until the close of discovery. This ensured Plaintiffs suffered the prejudice of deposing witnesses and propounding discovery without being fully able to assess the likelihood that ▮▮▮▮ with ▮ unique knowledge, could be timely deposed. *See id.* The cumulative effect of TSI's misconduct requires this Court to impose non-monetary sanctions. *See, e.g.*, *Barrick Grp., Inc. v. Mosse*, No. 85 Civ. 0937 (LLS), 1988 U.S. Dist. LEXIS 3508, at *13–14 (S.D.N.Y. Apr. 21, 1988) (Stanton, J.) (imposing nonmonetary sanctions where Rule 37 violator used belated medical excuse as part of overall dilatory strategy).[6]

Plaintiffs accordingly request TSI be sanctioned with orders precluding TSI from raising the below arguments or defenses. *See* Fed. R. Civ. P. 37(b)(2)(A)(i) & -(c)(1)(C). TSI has raised

---

[6] TSI's general delay strategy in discovery here has been well documented. Namely, this Court sanctioned TSI for unjustifiably delaying production of documents pertaining to the Consumer Financial Protection Bureau's investigation into TSI and National Collegiate. *See* Ord. of Mar. 5, 2021 U.S. Dist. LEXIS 41927, at *11–12 (Moses, Mag. J.).

7

these without factual support, even as it blocked the deposition of ▓▓▓ which would show them false:

- TSI required ▓▓▓ to review proof of the existence of debt before ▓▓▓ produced affidavits for filing in state-court actions in which one of the Trusts was plaintiff.

- ▓▓▓ reviewed proof of the existence of the debt alleged in the ▓▓▓ Affidavit prior to signing it, so no violation of the FDCPA or GBL § 349[7] was committed when it was submitted in support of default judgment.

- ▓▓▓ reviewed proof of the amount of the debt alleged in the ▓▓▓ Affidavit prior to signing it, so no violation of the FDCPA or GBL § 349 was committed when it was submitted in support of default judgment.

- ▓▓▓ reviewed proof of chain of assignment of the debt alleged in the ▓▓▓ Affidavit prior to signing it, so no violation of the FDCPA or GBL § 349 was committed when it was submitted in support of default judgment.

Plaintiffs further request orders recognizing the following facts concerning TSI and ▓▓▓ that should have been adduced during ▓▓▓ testimony, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii) & -(c)(1)(C):

- TSI moved ▓▓▓ from TSI's Affiant Team to another part of the company in mid-2018 in response to Plaintiff Tabar's appearance in state court questioning the veracity of the ▓▓▓ Affidavit.

- The reason ▓▓▓ was moved from the Affiant Team was to preclude ▓▓▓ testimony, which would reveal FDCPA and/or GBL § 349 violations committed in the signing and submission of the ▓▓▓ Affidavit.

**C. This Court Also Enjoys Inherent Authority To Sanction TSI**

This Court's power to sanction TSI is not limited to Rule 37's provisions. The Court also enjoys inherent authority to sanction TSI for willfully abusing the judicial process and otherwise litigating in bad faith.

---

[7] References herein to "FDCPA" are to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Those to "GBL" are to the N.Y. General Business Law.

8

This Court "has already accommodated" TSI's unending, inconsistent excuses why it had to delay producing witnesses and documents. *Harry & David v. Pathak*, No. CV 09-3013-CL, 2010 U.S. Dist. LEXIS 59837, at *18 (D. Or. Apr. 7, 2010) (imposing inherent-authority sanctions for pattern of delay); *see also* Ord. of Mar. 5, 2021 U.S. Dist. LEXIS 41927 (this Court sanctions TSI for nonproduction of the CFPB documents—but gives TSI opportunity to avoid immediate daily penalties).

"[T██ case has been prolonged needlessly by [TSI's] hijinks in skirting court rules . . . and this run-around is wasteful of the court's resources." 2010 U.S. Dist. LEXIS 59837, at *18; *see also, e.g.*, *Seaport Capital Partners, LLC v. Speer (In re Speer)*, Nos. 14-21007 (AMN), 15-2031 (AMN), 2020 Bankr. LEXIS 883 (Bankr. D. Conn. Apr. 1, 2020) (Nevins, Bankr. J.) (imposing inherent-authority sanctions against witness's counsel for repeatedly using belated disclosures of medical records to impede and frustrate deposition) ("While I might reach a different conclusion if such conduct represented an isolated incident, that is not the record of this case.").

Not sanctioning TSI fully for its repeated abuses "would only encourage [such] behavior and undermine the integrity of the judicial process." 2010 U.S. Dist. LEXIS 59837, at *18; *see John v. Cnty. of Lake*, No. 18-cv-06935-WHA (SK), 2020 U.S. Dist. LEXIS 118241, at *22–23 (N.D. Cal. July 3, 2020) (imposing inherent-authority sanctions for repeated delays in fulfilling discovery obligations such that opponent lost opportunity for fulsome discovery).[8]

---

[8] *See also* 28 U.S.C. § 1927 (authorizing sanctions against TSI's counsel for vexatious motion practice).

9

## IV. CONCLUSION

For the reasons set forth above, this Court should sanction TSI (1) non-monetarily, by entering the adverse-inference orders set forth above, as well as (2) by imposing the mandatory sanction of awarding Plaintiffs the fees and costs TSI forced them to spend on unnecessary motion practice.[9]

Dated:   New York, New York
         Apr. 2, 2021

                                       Respectfully submitted,

                                       **FRANK LLP**

                                       By:   */s/ Gregory A. Frank*
                                       Gregory A. Frank (GF0531)
                                       Marvin L. Frank (MF1436)
                                         Asher Hawkins (AH2333)
                                         305 Broadway, Suite 700
                                       New York, New York 10007
                                       Tel: (212) 682-1853
                                       Fax: (212) 682-1892
                                       gfrank@frankllp.com
                                       mfrank@frankllp.com
                                       ahawkins@frankllp.com

                                       *Counsel for Plaintiffs and the Classes*

---

[9] The amount of these fees and costs may be set at a later date.