UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

No. 18-cv-1781

CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

No. 18-cv-7692

**FILED VIA ECF**

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST THE TRANSWORLD DEFENDANTS FOR THEIR DISCOVERY VIOLATIONS CONCERNING THE DEPOSITION OF EMPLOYEE-WITNESS [REDACTED] ("AFFIANT X")**

Plaintiffs file this reply in further support of their motion for sanctions against TSI[1] for unacceptable discovery conduct (Dkt. No. 270). TSI's opposition brief (Dkt. No. 274) ("Opp.") provides no basis for TSI's delay tactics in frustration of the deposition of a key employee-witness, ██████ ("Affiant X"). TSI's pleas of good faith do not fit the facts and TSI's justification that its misconduct is non-prejudicial is both wrong, irrelevant, and not TSI place to claim. Sanctions exist to discipline parties and counsel who waste the Court's time and tactically disadvantage opponents. This Court should sanction TSI now.

## I. <u>ARGUMENT</u>

### A. TSI's Discovery Violations Were Prejudicial

This Court has already ruled that Plaintiffs suffer prejudice where TSI's delay tactics and refusal to comply with this Court's Orders mean Plaintiffs must depose Defendants' employees without knowledge of all the facts. *See* Ord. of Mar. 5, 2021 U.S. Dist. LEXIS 41927, at *9–10 (Moses, Mag. J.).

TSI, nevertheless, repeats its failed argument that Plaintiffs suffer no prejudice due to non-access to ██████ as ██ could have been presented with written questions. (Opp. at 18–20). As previously briefed, Ordered by the Court, and ignored by TSI, the parties should avoid such poor substitutes for live questions and answers. *Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 3269, 2004 U.S. Dist. LEXIS 1733, at *10–11 (S.D.N.Y. Feb. 6, 2004) (Castel, J.) ("[D]epositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to specific

---

[1] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

question[s]." (quotation omitted) (listing cases)); *see, e.g.*, *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006) (Francis, Mag. J.) (emphasizing written-question depositions are highly "disfavored" as "the involvement of counsel in the drafting process prevents the spontaneity of direct interrogation.").

TSI also argues that Plaintiffs could have questioned other employees of Defendants at their depositions about the facts that ██████ might know. (Opp. at 20). However, Plaintiffs conducted these depositions well <u>before</u> TSI's eve-of-discovery disclosure of ██ █████ purported stroke. At the time Plaintiffs questioned these witnesses, this Court's previous rejection of Affiant X's epilepsy assertion meant ██ deposition could be held before close of discovery absent intervening order from Judge Gardephe. *See also* Ord. of Feb. 16, 2021 U.S. Dist. LEXIS 28597, at *8–10 (Gardephe, J.) (adopting this Court's denial of TSI's first motion to quash Affiant X's deposition).

Moreover, the depositions of these other witnesses revealed new facts unique to ██ █████ which Plaintiffs could have questioned ██ about had TSI timely produced ██ in late 2019 or early 2020. For example, former Affiant Team member Jim Cummins testified that, shortly after the CFPB's penalty against Defendants in September 2017, █ and ██████ worked together on proposed changes to Defendants' procedures that ██ Cummins believed were necessary to stop Defendants' continuing violations of the law. (TSI management rejected these fixes.) (Cummins Dep. Tr., 105:5–110:23).

Finally, TSI offers no argument as to the prejudice it has caused this Court by litigating the epilepsy motion for months on end without immediately filing the stroke motion. (Opp. at 18–20). But for TSI intentionally withholding this information, this Court could have been done with the issue of Affiant X's deposition—one way or another—many months ago, as part of ongoing

motion practice. Now this Court faces a whole new round of motion practice. TSI must be sanctioned for "unnecessarily expend[ing] the Court's time and energy." *Nycomed US Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 82014, at *37 (E.D.N.Y. Aug. 11, 2010) (Mann, Mag. J.) (sanctioning defendant) (cited by Opp. at 18).[2]

**B. TSI's "Good Faith" Excuses Make No Sense**

TSI argues that any sanctions imposed must be limited because TSI acted in "good faith" with respect to ██ █████ deposition and related motion practice. Its explanations simply do not make sense. TSI claims that TSI had no way of knowing that ███████ had a stroke, until the discovery deadline here—it says that until then, it was only aware █ had left its employ. (Opp. at 6). This cannot be true if, as ███████ has stated, █ suffered a medical emergency at TSI offices upon learning of Your Honor's rejection of the epilepsy motion.[3] In addition, it would make no sense that TSI's counsel here had no prior knowledge of any such event, as the firm is deeply involved in TSI's internal operations, including personnel-management issues. (Cummins Dep. Tr., 66:15–24).

TSI also argues it had no way of knowing that Plaintiffs still wished to depose ███████ in the weeks leading up to the discovery deadline, as Plaintiffs did not subpoena ██ (for a second time) as the discovery deadlines here were extended in late 2020 and early 2021. (Opp. at 9 & n.6). This is incorrect. Putting aside that Plaintiffs had no requirement to issue a new subpoena, Plaintiffs made clear during this timeframe that ██ █████ deposition would go forward absent

[2] Plaintiffs are further concerned with Affiant X's health if this Court were to again Order ██ deposition and further sanction TSI. First purported epilepsy, then purported stroke—what will be next?

[3] *See* 2d Mot. Quash Aff. X Dep., & Exs. A, C (Dkt No. 266 in Case No. 18-cv-1781; Dkt. No. 196 in Case No. 18-cv-7692.

court order otherwise. Plaintiffs and TSI repeatedly conferred during this time about deposition dates for [REDACTED] along with all Affiant Team members represented by TSI.

**C. This Court Has Authority To Sanction TSI**

TSI argues that the Court lacks authority to impose adverse-inference sanctions because (1) Your Honor is a Magistrate Judge, and (2) the inferences Plaintiffs seek would "preclude [TSI's] entire defense." (Opp. Br. at 21). Both points are incorrect.

Magistrate Judges enjoy expansive discretion to impose monetary and non-monetary sanctions alike. The latter may include adverse inferences exposing the offending party to liability on certain claims. *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 168847, at *37–38 (S.D.N.Y. Sep. 28, 2018) (Moses, Mag. J.) (imposing adverse-inference sanctions on key issue) (cited by Opp. at 23); *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM) (BCM), 2017 U.S. Dist. LEXIS 102304, at *55–56 (S.D.N.Y. June 27, 2017) (Moses, Mag. J.) (same) (cited by Opp. at 23).

Second, the inferences that Plaintiffs seek would not "preclude [TSI's] entire defense." The concept to which TSI refers limits sanctions authority <u>only</u> if the adverse inference would "preclude the entire defense" in the sense of "<u>terminating [the case] entirely</u>"—e.g., default judgment. *Shanghai Weiyi*, 2017 U.S. Dist. LEXIS 102304, at *28–29 (listing cases) (emphasis added). Here, the adverse inferences Plaintiffs seeks as to [REDACTED] [REDACTED] affidavit would not terminate the case against TSI entirely. For example, claims about TSI's management of Defendants' nationwide "network" of local debt-collection law firms, including Defendant Forster, have nothing to do with the inferences concerning [REDACTED] TSI still has available defenses as to these allegations.

TSI's Opposition only confirms why immediate adverse-inference sanctions are necessary. TSI argues that, for example, this Court must infer that [REDACTED] reviewed proof prior to signing state-court affidavits against Plaintiff Tabar, because (TSI says) the company's Rule 30(b)(6) witness testified that all of TSI's Affiants were so thorough in all instances. (Opp. at 21–22). This kind of impermissible rhetoric is precisely why adverse-inference sanctions exist. TSI cannot limit what discovery it provides to Plaintiffs, while arguing that what is withheld will match self-serving[4] evidence which has been produced. "This remarkable bit of sophistry flies in the face of both common sense—which teaches that the more stubbornly a party resists production of a [witness], the more likely that [witness] is to favor its opponent—and well-established precedent putting common sense into practice." *Shanghai Weiyi*, 2017 U.S. Dist. LEXIS 102304, at *40.

**D. The Instant Motion Is Properly Before This Court**

TSI perceives two technical issues with Plaintiffs' sanctions motion, concerning the interplay of Rules 26, 34, and 37. (Opp. at 7–11). These arguments are off-point, as this Court enjoys inherent authority beyond the Rules. In any event, each of these arguments is itself unavailing.

TSI wrongly asserts that it had no continuing obligation under these discovery Rules to produce information about [REDACTED] [REDACTED] ability to testify, and that none was ever requested. (*Id.*). In fact, Plaintiffs requested such documentation pursuant to Rule 34 on Feb. 29, 2020, after TSI first asserted the epilepsy excuse. TSI produced certain documents in response several days later,

[4] TSI is incorrect that deposition testimony here absolves it of liability. (*Id.*). In any event, TSI's point is irrelevant. Even if this testimony did do so, Plaintiffs' inability to depose the one witness who might contradict the others means Plaintiffs have suffered irreparable prejudice requiring adverse-inference sanctions. *Joint Stock*, 2018 U.S. Dist. LEXIS 168847, at *36–37 (imposing adverse-inference sanctions where violating party's opponent was "unable to paint a full picture of the facts.").

and designated these as confidential pursuant to this discovery's Confidentiality Order. TSI was required to update this production; its failure requires non-monetary sanctions. *See* Fed. R. Civ. P. 26(e)(1); -37(b)(2)(A)(i)–(ii) & -(c)(1)(C).

TSI's focus on production of documents concerning [redacted] [redacted] alleged medical condition masks a more basic violation of these Rules: Plaintiffs had requested that TSI keep Plaintiffs apprised of changes to Affiant Team members' employment status. TSI did so consistently early in the litigation—but when [redacted] left TSI in late 2020, it failed to disclose this to Plaintiffs, who would have inquired why. This alone is a violation. *See id.*

Finally, TSI argues Plaintiffs breached pre-motion requirements which apply to certain discovery disputes—e.g., the meet-and-confer requirement. (Opp. at 2). This is incorrect, as Plaintiffs put TSI on notice of sanctions during meet-and-confers following TSI's assertion of the stroke. Plaintiffs informed the Court and all Parties of their intent to file this motion, and the Court set a briefing schedule for it.[5] Even if Plaintiffs did not satisfy these formalities, the instant motion still would be valid, as all attempts by Plaintiffs to negotiate with TSI about its misconduct were bound to be "futile" (and ultimately were). *Reidy v. Runyon*, 169 F.R.D. 486, 489 (E.D.N.Y. 1997) (Spatt, J.).

## II. **CONCLUSION**

For the reasons set forth above, this Court should sanction TSI (1) non-monetarily, by entering the adverse-inference orders set forth above, as well as (2) by imposing the mandatory sanction of awarding Plaintiffs the fees and costs TSI forced them to spend on unnecessary motion practice.[6]

---

[5] *See* Ord. End'g Jt. Ltr. to Ct. of Mar. 19, 2021, at 3 (Dkt. No. 263 in Case No. 18-cv-1781; Dkt. No. 193 in Case No. 18-cv-7692).

[6] The amount of these fees and costs may be set at a later date.

Dated: New York, New York
Apr. 13, 2021

Respectfully submitted,

**FRANK LLP**

By: *__/s/ Gregory A. Frank______*
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Counsel for Plaintiffs and the Classes*