**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUTINTA MICHELO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | )   consolidated with |
| LOAN TRUST 2007-2, *et al.*, | )   18 Civ. 7692 (PGG) |
| | ) |
| Defendants. | ) |

**TRANSWORLD SYSTEMS INC.'S  OBJECTION TO**
**MAGISTRATE JUDGE MOSES'S APRIL 23 ORDER**

NOW COMES Transworld Systems Inc. ("TSI"), through undersigned

counsel, and pursuant to Rule 72 of the Federal Rules of Civil Procedure,

respectfully objects to Magistrate Judge Moses's Order entered on April 23, 2021

(the "Order") (Dkt. 280 in Case No. 18-CV-1781).  That Order granted in part

plaintiff's motion for sanctions against TSI (the "Motion").

In the Motion, plaintiffs requested sanctions against TSI under Fed. R. Civ.

P. 37(b), Fed. R. Civ. P. 37(c), under the court's inherent authority, or 28 U.S.C.

§ 1927.  The sanctions request arose out of a renewed motion for protective order

filed by non-party Affiant X that was necessitated when Affiant X's medical

condition had deteriorated since the filing of the original motion for protective

order.  In response to that motion, plaintiffs agreed with the relief sought by

consenting to taking Affiant X's deposition on written questions, and Judge Moses

granted that relief.  Despite agreeing to the relief, plaintiffs sought sanctions

against TSI for allegedly failing to timely disclose the changes in Affiant X's health.

Judge Moses granted plaintiffs' motion, finding that TSI was required to "disclose[] the new circumstances promptly so that they could make their new motion (if necessary) in a 'timely' manner as required by Fed.R.Civ.P.45(d)(3)(A)."  Dkt. 280, p. 5.  TSI objects to the Order because there is no legal or factual basis to sanction TSI for this putative failure to disclose.  In fact, Judge Moses did not identify any scheduling order, pretrial order or any other type of court order that was allegedly violated by TSI, or any required discovery disclosure that was not made by TSI.  Without either of these findings, Rule 37 sanctions are not available.

Additionally, the history of the dispute reflects that TSI's efforts to make accommodations for the deposition of Affiant X were done in good faith, within a colorable claim of the law, and factually supported.[1]  Because of this, Judge Moses lacked the inherent authority to issue sanctions or to award sanctions under § 1927.

For the reasons stated in TSI's opposition to plaintiff's Motion (Dkt. 274), and as detailed further herein, the entry of sanctions against TSI (monetarily or non-monetarily) was clear error, contrary to the law, and TSI's objection should be sustained.

---

[1] TSI incorporates its opposition brief (Dkt. 274 in Case No. 18-CV-1781) by reference.

The history of the dispute, as detailed *infra* and in TSI's opposition brief (Dkt. 274), leaves no reasonable doubt that TSI was seeking to help make accommodations for a non-party's deposition to be conducted on written questions where the individual was experiencing extreme medical hardship. Despite this, plaintiffs refused to make any accommodations for the non-party witness despite clear medical evidence of a medical concern from a treating neurologist. Most important here, plaintiffs made no attempt to secure a date certain to take the deposition of Affiant X after Judge Moses's July 17, 2020 order until this Court's February 16 order. Plaintiffs were not prevented from pursuing any discovery by TSI at any time, and plaintiffs have demonstrated no prejudice as a result of their own delay in seeking discovery.

**Background**

On June 27, 2019, plaintiffs served a deposition notice on TSI for the deposition of Affiant X, who at all times relevant to this case was a resident of Georgia. At the time of the issuance of the subpoena, Affiant X was a low-level employee at TSI, and, during his entire tenure as an employee at TSI was always a low-level employee. Affiant X is not a party to the case, and his involvement is limited to an affidavit that Affiant X executed on February 8, 2014 related to the entry of a default judgment in a state court collection case related to plaintiff Sandra Tabar.

On May 12, 2020, Judge Moses held a discovery conference, and at the conference Judge Moses was made aware of a dispute related to plaintiffs' intent

to depose Affiant X.  Rather than require plaintiffs to serve a subpoena properly on Affiant X in Georgia, TSI agreed to accept service to facilitate discussions regarding accommodations for the deposition of Affiant X given significant medical concerns regarding a live oral deposition.

At that time, and at Judge Moses's request, on May 18, 2020 the parties met and conferred to discuss the extent of Affiant X's health concerns, and to explore methods of securing testimony that would accommodate the medical conditions, including a deposition on written questions.  Plaintiffs refused any accommodations whatsoever other than a full oral deposition necessitating the filing of the initial motion to quash the subpoena.

To be clear, Affiant X and TSI have offered a deposition on written questions since May 2020.  To that end, TSI attempted to arrange for the deposition to be conducted in a manner that did not pose extreme and serious medical risk to Affiant X while at the same time providing plaintiffs full access to their desired discovery.

On May 22, 2020, TSI and Affiant X filed a motion to quash the subpoena or, in the alternative, for a protective order.  On July 17, 2020, Judge Moses entered the Order denying TSI and Affiant X's Motion on the basis that the evidence sought was not cumulative, and that the potential risk to Affiant X's health at a deposition did not constitute an "undue burden" for purposes of Rule 26(b)(2)(C), Rule 26(c), or Rule 45(d)(1).

On July 31, 2020, TSI and Affiant X filed an objection to the July 17, 2021 Order, which this Court overruled by Order entered February 16, 2021.  Until the Order entered by this Court on February 16, 2021, plaintiffs made no attempt, in writing, orally, or otherwise, to reschedule the deposition for Affiant X after Judge Moses's Order was entered on July 17, 2020.

On February 18, 2021, TSI notified Judge Moses of the potential need for renewing the protective order motion – two days after the entry of this Court's order overruling the objection.  On that date, counsel for TSI advised plaintiffs' counsel that Affiant X had suffered a medical event, that TSI could not confirm that it was a stroke, but it was believed to have been a stroke or similar medical event, and that TSI was attempting to obtain a copy of Affiant X's medical records to confirm the same, but requested that plaintiffs reconsider the oral deposition of Affiant X and proceed on written questions.  At that time, TSI was not aware of, or privy to, the specific nature or any diagnoses regarding Affiant X's medical event.  TSI was only aware that Affiant X had been forced to resign employment with TSI due a health issue.   Plaintiffs again refused any accommodations.

After obtaining a HIPAA release, and after multiple attempts to obtain the records from Affiant X's treating neurologist, the medical records for Affiant X were obtained on March 15, 2021 and immediately produced to plaintiffs' counsel on the same day along with a renewed request that plaintiffs reconsider an oral deposition of Affiant X and proceed on written questions to the extent that the

deposition was still needed based upon extensive overlapping discovery that had occurred in the case.

Despite medical records that confirmed a stroke had occurred in August 2020, plaintiffs' counsel again refused to agree to any accommodations for Affiant X necessitating the filing of a renewed motion for protective order which Affiant X, *on his own*, filed on March 26, 2021.  Plaintiffs then filed a response just 7 days later on April 2, 2021, now agreeing to take Affiant X's deposition on written questions.

On the same date that plaintiffs filed a response agreeing to take Affiant X's deposition on written questions, and requesting a date certain for the written questions and response, plaintiffs' filed a motion for sanctions against TSI.  On April 9, 2021, TSI filed an opposition brief explaining that its conduct was in good faith to protect the health of a non-party witness, that there was no legal or factual basis to support the entry of sanctions against TSI given that TSI did not violate any court order, plaintiffs had made no attempts to depose Affiant X after the July 17, 2020 Order until this Court ruled on February 16, and the renewed motion and medical event did not obviate the original motion for protective order.[2]

_____

[2] Plaintiffs' argument, and Judge Moses agreement, that the August 2020 medical event supposedly obviated the original motion is wrong as the original motion, and objection to the July 17, 2020 Order were brought in good faith with a proper legal and factual basis. Dkt. 280, p. 5 (Judge Moses finding that "the district judge was put to the trouble of ruling on those objections despite their obsolescence").  Simply put, an intervening medical event did not make the basis of the original motion obsolete.  The objection pending before the District Court had the potential to resolve the issue as requested by Affiant X without requiring any further involvement that would cause Affiant X further stress.  The fact that this Court overruled the objections does not mean it was obsolete.

On April 21, 2021, Judge Moses entered an order granting Affiant X's motion for protective order and allowed a deposition on written question pursuant to Federal Rule 31 to proceed, and to be completed by May 19, 2021.  On April 23, after oral argument on April 19,[3] Judge Moses entered an order imposing monetary sanctions and reserving the right to issue non-monetary adverse inference sanctions subsequent to the deposition of Affidavit X on written questions.  In her Order, Judge Moses cites generally to Fed. R. Civ. P. 16(f)[4], Fed. R. Civ. P. 37(b)(2)(A), and 28 U.S.C. § 1927 as to the basis for monetary sanctions (*see* pp. 5-6), but did not cite any basis for the imposition of non-monetary sanctions (*Id.*).  Further, other than limited reference to Rule 45, the Order does not elaborate on the basis, or the scheduling order, pretrial order, or court order allegedly violated by TSI, for the imposition of sanctions under Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A), and 28 U.S.C. § 1927.

TSI does not believe that its actions in seeking to protect a non-party former employee merit any sanctions, nor does it believe there is a legal or factual basis for sanctions under Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A), or 28

---

[3] Plaintiffs' counsel made representations during this hearing that attempts were made to depose Affiant X specifically between July 17, 2020 and February 16, 2021, but did not identify any date such attempts were supposedly made, other than generally taking the position they were made.

[4] Plaintiffs did not seek sanctions under Fed. R. Civ. P. 16, so it was not directly addressed in TSI's opposition to the Motion.  Fed. R. Civ. P. 16 provides that sanctions may be issued if a party "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."  For the reasons discussed herein, TSI did not fail to do any of the above, so that any sanction under Fed. R. Civ. P. 16 was wholly without basis.

U.S.C. § 1927, and requests that its objections to the April 23, 2021 Order be sustained.

## Standard of Review

"With respect to non-dispositive matters, such as the discovery orders at issue here, a district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *David v. Weinstein Co. LLC*, No. 18-CV-5414 (RA), 2020 WL 4042773, at \*3 (S.D.N.Y. July 17, 2020) (quoting Fed. R. Civ. P. 72(a)). "A magistrate judge's order is 'clearly erroneous' if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "An order is 'contrary to law' when it 'fail[s] to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2016 WL 4530890, at \*1 (S.D.N.Y. Mar. 24, 2016).

## Argument

I. **The Order Was Entered in Error Because TSI Did Not Violate Any Court Order and its Actions were Done in Good faith, Within a Colorable Claim of the Law and Factually Supported**

For the reasons stated extensively in TSI's opposition to plaintiff's motion for sanctions, sanctions here (monetarily or otherwise) were not factually or legally warranted or appropriate given no scheduling order, pretrial order, or court order was violated.

TSI has at no time sought to prevent plaintiffs from taking Affiant X's deposition, or any of the other affiants.[5]  Rather, TSI sought to help provide accommodations for a non-party employee who has been undergoing significant medical duress.  This information has been readily shared with plaintiffs' counsel over the last year plus despite Affiant X's limited involvement in the case and status as a non-party witness; however, plaintiffs' counsel has been unwilling to make any accommodations for the deposition of Affiant X and have repeatedly questioned and mocked the disability – both directly to counsel and to the court in their filings.

Indeed, despite being provided with Affiant X's updated medical records on March 15, 2021, plaintiffs forced Affiant X to renew his motion for protective order on March 26, 2021 when they could have simply notified Judge Moses that the issue had been resolved, as reflected in the agreement to depose Affiant X on written questions, and issued the written questions to Affiant X.  Instead, plaintiffs ostensibly forced Affiant X to file the renewed motion for protective order knowing they were going to file a motion for sanctions against TSI, as reflected in their filings before Judge Moses in anticipation of the renewed protective order. *See* (Dkt. 262 in Case No. 18-CV-1781).

Judge Moses's Order appears to have driven by her belief that Affiant X's medical event obviated the original motion, that the proceedings were somehow multiplied by TSI, and that Affiant X's deposition was delayed presumably due to

---

[5] Affiant X is one of 5 affiants sought to be deposed by plaintiffs' counsel in the case.

some conduct by TSI.  For the reasons stated herein, the original motion was not obviated by the subsequent medical event as reflected by plaintiffs continued opposition to the relief sought.  In fact, during the meet and confer between counsel after the production of the medical records but before the second motion for protective order was filed, plaintiffs rejected any possible compromise in the form of a deposition on written questions for Affiant X.  Plaintiffs instead forced Affiant X to renew the motion, and the proceedings were only multiplied due to plaintiffs forcing Affiant X to refile the motion only to immediately agree to the relief sought.  Critically, any delay here in taking Affiant X's deposition cannot in any way be attributed to any conduct by TSI.  Rather, the uncontroverted facts confirm plaintiffs sat on their rights since July 17, 2020 and did nothing to schedule Affiant X's deposition, on written questions or otherwise.

Beyond the reality that the facts do not come remotely close to meriting any sanction, there is no legal basis to impose sanctions against TSI under Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A), or 28 U.S.C. § 1927 because no court order required Affiant X's deposition to be scheduled by TSI.  The reason why Affiant X was not deposed at any time since July 17, 2020 was not owing to any action from TSI, but by plaintiffs' refusal to request a date for the deposition, or issue a deposition notice with a date.[6]

---

[6] Judge Moses criticizes TSI's argument that "a renewed subpoena" was required to set the deposition of Affiant X.  Dkt. 280, p. 3., fn. 3.  As was explained during oral argument on the sanctions motion, TSI's point was that it was plaintiffs' obligation to set a date and location of Affiant X's deposition, either through an updated subpoena, a

WHEREFORE, Transworld Systems Inc., respectfully requests that this Court sustain its objections, enter an order denying plaintiffs' request for sanctions in full, and for all other and further relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ James K. Schultz*
James K. Schultz
Sessions, Israel & Shartle, LLC
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone:    (619) 296-2018
Email:          jschultz@sessions.legal

Bryan Shartle
Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone:    (504) 846-7917
E-mail:        bshartle@sessions.legal

Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:    (312) 578-0990
E-mail:        mmarcus@sessions.legal

Aaron R. Easley
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone:    (908) 237-1660
E-mail:        aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

---

notice of deposition or at least by proposing available dates to the parties.  Plaintiffs did none of these things.

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021 a true and correct copy of the foregoing was served upon counsel of record via ECF.

/s/ James K. Schultz