UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>　　　　　　　　　Defendants. | No. 18-cv-1781 |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>　　　　　　　　　Defendants. | No. 18-cv-7692<br><br><br><br><br><br><br><br>**FILED VIA ECF** |

**PLAINTIFFS' RESPONSES TO THE TRANSWORLD DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF APRIL 23, 2021 SANCTIONING THEIR DISCOVERY MISCONDUCT CONCERNING THE DEPOSITION OF EMPLOYEE-WITNESS AFFIANT X**

Plaintiffs hereby respond to TSI's[1] objections (the "Objections") to Magistrate Judge Moses's April 23, 2021 Order sanctioning TSI (the "Sanctions Order") for unacceptable discovery conduct concerning the deposition of a key employee-witness ("Affiant X").[2] TSI cites to no law supporting its Objections, because the legal standard is clear error and the Sanctions Order contains none. Indeed, Judge Moses exhibited tremendous patience and reserve throughout the Affiant X saga. TSI was given chance after chance to fix the mess it created by withholding discovery to try to gain tactical advantage in its fight to block Affiant X's deposition. Other courts in similar cases have sanctioned the violating party far more quickly and harshly than the Court did here.

Instead of law, TSI's Objections are based on a litany of fact allegations that do not make sense because they are false. Among other untruths, TSI claims it was doing a favor to Affiant X and this Court by (1) litigating a motion for half-a-year without disclosing it long since had been obviated by intervening events, and (2) belatedly filing a new motion only when it lost the first. In reality, TSI wronged Affiant X by effectively waiving Affiant X's right to file the second motion, and wasted this Court's time by forcing avoidable motion practice. TSI must pay for its misconduct. This Court should overrule the Objections.

## I. LEGAL STANDARDS

### A. Rule 72 Objections Are Sustained Only In Rare Circumstances

TSI's Objections do not satisfy Rule 72's high standard for overturning the Sanctions Order. "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be

---

[1] "TSI" or "Transworld Defendants" as used herein collectively refers to Transworld Systems, Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), and EGS Financial Care Inc. ("EGS"), formerly known as NCO.

[2] The Objections ("Objs.") appear at Dkt. No. 292 in Case No. 18-cv-1781, and Dkt. No. 222 in Case No. 18-cv-7692. The April 23 Sanctions Order appears at Dkt No. 280 in Case No. 18-cv-1781; and Dkt. No. 210 in Case No. 18-cv-7692; the Sanctions Order has been reported at: 2021 U.S. Dist. LEXIS 78494.

afforded substantial deference and may be overturned only if found to have been an abuse of discretion" in that it is "clearly erroneous." *Allianz Global Investors GmbH v. Bank of Am. Corp.*, No. 18-cv-10364, 2020 U.S. Dist. LEXIS 152191, at *71 (S.D.N.Y. Aug. 21, 2020) (Schofield, J.) (quotation omitted).  The "clearly erroneous" standard is a high one, requiring the objecting party show the magistrate judge misapplied controlling law.  *See id.*

### B. Courts Have Broad Authority In Sanctioning Discovery Misconduct Like TSI's

"A party . . .who has responded to a . . .request for production . . .must supplement or correct its disclosure or response . . .in a timely manner if [it] is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1).  Sanctions must be imposed for such delay.  These may include monetary remedies, or imposition of adverse inferences against the offending party.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii) & -(c)(1)(C).

Failure to produce a witness by the court-set discovery deadline also merits sanctions.  *See* Fed. R. Civ. P. 16(f), 26(f), & 37(b)(2)(A).  If the party responsible for producing the witness intends to make a specific motion for protective order limiting deposition, it must be filed as soon as the basis is known—and at least well before close of discovery.  *See* Fed. R. Civ. P. 26(c); *accord, e.g.*, *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-00399-TUC-CKJ (LAB), 2014 U.S. Dist. LEXIS 12161, at *3–4 (D. Ariz. Jan. 30, 2014) (noting "the rule maintains an implicit condition that it be made timely"); *see also* Fed. R. Civ. P. 45(d)(3)(A) (motion for protection from deposition subpoena must be timely made).

## II.   ARGUMENT

### A. TSI's Objections Fail Because The Sanctions Order Contains No Error

TSI cannot identify even one case supporting the proposition that the Sanctions Order erred.  (Objs. at 8–11) (no citations in argument section).  A defendant like TSI is subject to

<u>immediate</u> sanctions upon revelation that it impeded opponents' access to former and current employees for deposition. *See Kim v. Columbia Univ.*, No. 06-cv-5365, 2009 U.S. Dist. LEXIS 16243, at *37–45 (S.D.N.Y. Mar. 2, 2009) (Patterson Jr., J.) (sanctions under Rule 37 for impeding plaintiff's access to employee-witnesses).

Likewise, a litigant cannot wait until the last minute to bring a discovery motion it could have brought months earlier, as TSI did with its Rule 26(c) motion for protective order concerning Affiant X's stroke. *E.g.*, *Barten*, 2014 U.S. Dist. LEXIS 12161, at *3–4.[3] If a litigant wants to rely on medical records, it has to immediately produce them. *Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 U.S. Dist. LEXIS 78818, *9–18 (E.D.N.Y. Sept. 1, 2009) (Mann, Mag. J.).[4] The litigant must immediately supplement such production if new medical records it might want to rely on later become available. *See id.*

By not disclosing medical records immediately, a litigant can "sandbag[ its] adversary." *Id.* at *3 (internal quotation omitted). Belated reliance on documents and information that could have been produced prior to discovery's close "can only be described as dirty pool." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2021 U.S. Dist. LEXIS 9513, at *248, 279–80 (N.D. Ill. Jan. 19, 2021) (imposing Rule 37 sanctions); *accord, e.g.*, *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 161 (S.D.N.Y. 2012) (Freeman, Mag. J.) (same).

---

[3] Rule 45 also requires timeliness in seeking protection from a deposition subpoena like the one that Plaintiffs served upon TSI and Affiant X on May 18, 2020. *See* Fed. R. Civ. P. 45(d)(3)(A).

[4] *See also Barrick Grp., Inc. v. Mosse*, No. 85 Civ. 0937, 1988 U.S. Dist. LEXIS 3508, at *13–14 (S.D.N.Y. Apr. 21, 1988) (Stanton, J.) (imposing sanctions where Rule 37 violator used belated medical excuse as part of overall dilatory strategy).

The Court did not err in sanctioning TSI for such misconduct. Indeed, the Court handled the situation with remarkable prudence. As TSI acknowledges, the Court extended TSI multiple opportunities to explain and remedy its misconduct even after it was clear that TSI committed sanctionable acts. (Objs. at 5–6). Specifically, TSI first disclosed on February 18, 2021 that it had withheld information about Affiant X's August 2020 stroke, and that TSI intended to file a second motion. This disclosure came two days after Your Honor conclusively rejected the first motion, which asserted epilepsy as a basis why Affiant X not be deposed. (*Id.*).

Though this disclosure made plain to the Court that TSI had been keeping the second motion in its back pocket for tactical advantage—an immediately sanctionable act—the Court gave TSI a month's time to prepare the second motion or reach a resolution of the issue with Plaintiffs. Instead, TSI ended its representation of Affiant X at the last minute, and new counsel representing Affiant X alone filed the second motion without TSI's name on it. In spite of all the improprieties, the Court held off on sanctions. Finally, after spending almost an hour at an April 19 conference listening to TSI's empty excuses, the Court imposed sanctions. (*Id.*). Other courts have imposed heavier ones more quickly for less egregious conduct; TSI has nothing to complain about. *E.g.*, *Gotlin*, 2009 U.S. Dist. LEXIS 78818, *9–18.

### B. The Objections' Fact Allegations Are Wrong And Irrelevant

TSI asserts that the Sanctions Order failed to consider various unfounded assertions of fact that TSI has made during the motion practice concerning Affiant X. However, these are demonstrably false, and, even if true, would not exculpate TSI. Plaintiffs nevertheless address each of them.

### 1. *TSI Acted In Its Own Interest, Not Affiant X's Or The Court's*

TSI wrongly claims that it acted in Affiant X's and the Court's best interests in withholding the August 2020 stroke information and delaying filing a motion on that basis. (Objs., at 6 & n. 2, 9). In reality, TSI acted in its own interest, to block Affiant X's deposition. TSI was not acting in Affiant X's best interest, as the failure to timely file the second motion meant TSI waived Affiant X's right to assert stroke as a basis for not being deposed. *See Barten*, 2014 U.S. Dist. LEXIS 12161, at *8 (rejecting motion for protective order filed three months after it first could have been); *see also Griego v. Douglas*, No. CIV 17-0244, 2019 U.S. Dist. LEXIS 230930, at *7–8 (D.N.M. May 15, 2019) (emphasizing that late-filed motions are presumptively bad faith) (citing, inter alia, 28 U.S.C. § 1927 (prohibition against frivolous motion practice)).

Next, TSI is wrong that it acted in the Court's best interest in forcing litigation of the first motion. TSI's argument is based on its bizarre theory that a recent stroke does not present more serious medical concerns than a history of epilepsy. (Objs., at 6 & n. 2) (criticizing the Sanctions Order for deeming the first motion obviated by the August 2020 stroke). Yet, TSI's own past statements destroy this theory: TSI has repeatedly emphasized that the August 2020 stroke was so serious it prompted Affiant X's immediate retirement, while the epilepsy had merely required changes in work duties. *See* Sanctions Ord. of Apr. 23, 2021 U.S. Dist. LEXIS 78494, at *6–7.

In any event, the Court was well within its authority to sanction TSI even if TSI's claims of altruism had some merit. The Rules mandate immediate monetary sanctions for discovery nondisclosures and delays like TSI committed here. *E.g.*, Fed. R. Civ. P. 37 (b)(2)(B).

### 2. *Plaintiffs Consistently And Repeatedly Attempted To Schedule The Deposition*

TSI falsely asserts that Plaintiffs did not press TSI about scheduling Affiant X's deposition in late 2020 and early 2021. (Objs. at 5, 10). Plaintiffs, however, fought TSI's first motion to

block Affiant X's deposition during this time.  Also, Plaintiffs repeatedly requested that TSI propose dates for the Affiant X deposition pursuant to Magistrate Judge Moses's July 17, 2020 Order rejecting the first motion.  TSI refused to propose deposition dates for <u>any</u> of the Affiant Team members it represents here, including Affiant X's, requiring repeated extensions of the discovery deadline.  It was not until January 15, 2021 that TSI proposed a single deposition date— not for Affiant X but for an Affiant Team member still employed by TSI.  TSI continued to refuse to discuss scheduling Affiant X's deposition.

TSI is also wrong that there are no documents reflecting Plaintiffs' efforts to schedule Affiant X's deposition after issuing the subpoena.  For example, the Parties here exchanged numerous emails and Microsoft Excel calendar documents to identify and confirm potential dates for all depositions in the litigation; Affiant X is clearly identified in these as a witness who was to be deposed by Plaintiffs, who was represented by TSI, and for whom TSI needed to propose dates.  TSI stalled, even as Plaintiffs timely made themselves available for deposition through the scheduling process.  (Plaintiffs can file such documents on the docket if the Court so requests.)

Even if TSI were correct that Plaintiffs did not assiduously seek to schedule Affiant X's deposition, this fact would be irrelevant.  Plaintiffs were not required to do anything other than serve Affiant X a deposition subpoena.  After this, it was TSI's responsibility to either produce Affiant X for deposition or timely assert grounds why Affiant X should not be deposed.  *See* Fed. R. Civ. P. 45(d)(3)(A).  TSI did neither.

    3.  <u>Plaintiffs Were Never Provided Proof Of Inability To Testify</u>

TSI wrongly claims that on March 15, 2021 it provided Plaintiffs with "medical records that confirmed a stroke" and that Plaintiffs unreasonably refused to consider a written-questions deposition based on these.  (Objs. at 5–6).  In reality, TSI provided a handful of unauthenticated

documents that said nothing about inability to testify. Plaintiffs again reminded TSI that the Court would not accept anything less than authenticated medical evidence—specifically, a sworn statement from a treating physician—linking the medical event to the purported inability to testify. *E.g.*, Ord. of Feb. 15, 2021 U.S. Dist. LEXIS 28597, at *9–10 (rejecting the first motion to block Affiant X's deposition for lack of such evidence).

No such evidence was provided. It was not until three days after Affiant X's second motion was filed by new counsel, on March 29, that any physician's statement was belatedly proffered. At that time, Plaintiffs reluctantly agreed to proceed with written questions rather than engage in another year of motion practice concerning Affiant X's deposition. *See* Sanctions Ord. of Apr. 23, 2021 U.S. Dist. LEXIS 78494, at *7 n.6.

### III. CONCLUSION

For the reasons set forth above, the Magistrate Judge committed no error in the Sanctions Order, and TSI's Objections should be overruled.

Dated:   New York, New York
         May 21, 2021

                                            Respectfully submitted,

                                            **FRANK LLP**

                                            By:   */s/ Gregory A. Frank*
                                            Gregory A. Frank (GF0531)
                                            Marvin L. Frank (MF1436)
                                            Asher Hawkins (AH2333)
                                            305 Broadway, Suite 700
                                            New York, New York 10007
                                            Tel: (212) 682-1853
                                            Fax: (212) 682-1892
                                            gfrank@frankllp.com
                                            mfrank@frankllp.com
                                            ahawkins@frankllp.com

                                            *Counsel for Plaintiffs and the Classes*