UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, *et al.*,        )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )
                                   )   18 Civ. 1781 (PGG)
NATIONAL COLLEGIATE STUDENT    )   18 Civ. 7692 (PGG)
LOAN TRUST 2007-2, *et al.*,       )
                                   )
            Defendants.            )

### **CORRECTED DECLARATION BY** ▮

I, ▮ hereby declare and state:

1. I am over the age of eighteen. I can testify to a court competently as to my knowledge of the facts contained herein. I submit this declaration in support of my Motion to Quash Subpoena or, in the alternative, Motion for a Protective Order.

2. I was previously employed by Transworld Systems Inc. ("TSI"), and was employed by TSI, or its predecessor NCO Financial Systems, Inc. ("NCO"), or NCO's predecessor since February 14, 2005, with a brief absence from work in 2014, until I was forced into medical retirement in August 2020 due to a stroke. I am no longer employed, have not been employed since August 2020, and I do not anticipate seeking employment in the future due to my medical condition.

3. During a portion of my employment as a Legal Case Manager, my responsibilities included the review, verification, approval and execution of affidavits and verifications to be utilized by law firms in support of amounts due and owing by borrowers.

4. As part of my job responsibilities as a Legal Case Manager, there was a possibility that I would be asked to appear at court hearings, and for depositions, where I would be subjected to oral examination.

5. The stress of potentially being subjected to these depositions and hearings, in conjunction with other stressors, would trigger symptoms such as anxiety, confusion, rapid heart rate, loss of awareness/consciousness or seizures.

6. At one point, I was subjected to questioning by a governmental agency or body. I do not recall the name of the agency or the date or year the questioning occurred. As a result of this questioning, I experienced severe anxiety and associated symptoms.

7. These workplace stress symptoms first began in 2010.

8. I was previously referred to Dr. Michael Lacey, a neurologist, with whom I first consulted in 2000 due to seizures and anxiety.

9. Dr. Lacey had diagnosed me with stress induced epilepsy in 2003, and he recommended that I avoid stressful situations to prevent any seizures. I have been seeing Dr. Lacey continuously since that time.

10. As a result of my condition limiting the ability for me to fully perform the job duties required as a Legal Case Manager, in June 2018, I transferred to a position that would not require any oral examination, including depositions or court appearances.

11. Since 2018, I was employed at TSI as a Vendor Network Representative. This position afforded me the opportunity to continue to work, while at the same time attempting to avoid the stressful situations that risked the epileptic seizures and stress related symptoms.

12. Upon learning, on or about August 3, 2020, that I would be required to appear for a deposition in this case, I experienced symptoms that were determined to be a right thalamic stroke. I immediately sought medical care from my primary care physician and Dr. Lacey.

13. I believe that my current medical condition, and supporting documentation, reflects that a specific and serious injury will occur if I am forced to sit for a deposition. I currently suffer

from stress induced epilepsy which has now manifested itself in a stroke, and I believe that my current condition precludes me from being able to sit for any oral deposition or risk permanent physical and psychological harm.

14. As confirmed by my recent stroke, and medical retirement, I am no longer capable of any work, full time or otherwise. My recent stroke has left me both cognitively and physically impaired (which necessitated physical therapy).

15. I have been prescribed carbamazepine, which is an anticonvulsant, by Dr. Lacey since 2005, to reduce the risk or incidence of a stress induced seizure or stroke. I have also been prescribed aspirin and have been undergoing physical therapy to mitigate against the effects of the seizures and strokes. While the medication has been effective, at times, I have still experienced symptoms while taking the medication, and I believe that the medication does not alleviate the risk of a seizure or stroke should I be forced to sit for a deposition.

16. It is my belief that if I am forced to appear for a deposition in this case that the oral examination will trigger an epileptic seizure, stroke, or otherwise result in serious adverse health consequences. As reflected by my most recent stroke, I do not believe I am able to handle the significant stress involved with a deposition.

17. My treating physician has recommended that I avoid these types of stressful situations to protect my well-being.

18. To avoid the health risks of testifying at a deposition, I would be willing to be deposed on written questions.

19. The purpose of this Corrected Declaration is to correct some inaccuracies in my original March 26, 2021 Declaration. I do recall reviewing, augmenting, and signing that Declaration. However, I believe I exclusively focused upon adding certain information that was

requested but inadvertently failed to ensure the remainder of the Declaration was accurate. Consequently, I unintentionally failed to correct certain inaccuracies that are now remedied in this Corrected Declaration. To the best of my knowledge and recollection, this Corrected Declaration is true and accurate.

20. I declare under penalty of perjury under the laws of the United States of America and all other applicable laws in the present proceedings that the following is true and correct.

Executed on May 14, 2021, in Gwinnett, Georgia.

