# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MUTINTA MICHELO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | 18 Civ. 1781 (PGG) |
| NATIONAL COLLEGIATE STUDENT | ) | consolidated with |
| LOAN TRUST 2007-2, *et al.*, | ) | 18 Civ. 7692 (PGG) |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF TRANSWORLD SYSTEMS INC.'S OBJECTION TO MAGISTRATE JUDGE MOSES'S APRIL 23 ORDER

NOW COMES Transworld Systems Inc. ("TSI"), and pursuant to Rule 72 of the Federal Rules of Civil Procedure, respectfully files this reply in support of its objection to Magistrate Judge Moses's Order entered on April 23, 2021 (the "Order") (Dkt. 280 in Case No. 18-CV-1781).

In their response brief, plaintiffs make the argument that the Order was properly entered because TSI allegedly withheld discovery and blocked Affiant X's deposition, and therefore sanctions were appropriate under Federal Rule of Civil Procedure 16, 26 and 37. Plaintiffs are wrong factually and legally.

Initially, it is important to keep in mind the context of the underlying dispute. Plaintiffs have engaged in scorched earth tactics throughout this case. With those tactics being on full display in plaintiffs' response brief. Plaintiffs' brief lays bare that the predicate for plaintiffs' motion for sanctions, and this collateral litigation, was built upon a house of cards, and Judge Moses relied upon

those representations in her Order.  Plaintiffs' presentation of the procedural history of the dispute regarding Affiant X, and discovery in general, is demonstrably inaccurate.

Beyond that, as noted in depth in TSI's opposition to plaintiffs' motion for sanctions, and in its objection, TSI did not violate Fed. R. Civ. P. 16, 26 or 37, or any other rule, so the imposition of any sanctions was clearly erroneous and contrary to law.

**1. <u>Plaintiffs' Presentation of the Procedural History and Discovery is Inaccurate</u>**

Before reaching the actual merits of plaintiffs' response brief, TSI is compelled to address inaccuracies in plaintiffs' response brief as these same assertions were material to Judge Moses's consideration and, given plaintiffs' response brief, are properly raised before this Court.

Initially, plaintiffs contend that TSI withheld "discovery," implying that TSI had a discovery obligation under Fed. R. Civ. P. 26 to produce Affiant X's medical records.  Affiant X is not a party to this case, Affiant X's medical condition is not at issue by any of plaintiffs' claims and Affiant X had no obligation to produce any medical records.  Instead, Affiant X produced the medical records voluntarily.  But to be clear - there was no discovery request for the medical records to Affiant X or TSI, which makes sense given that this case is not about a witness's medical issues or history.  The suggestion that any "discovery" has been withheld is false.

2

Further, contrary to plaintiffs' representations, TSI has not "blocked" or "impeded" Affiant X's deposition or any deposition in this case.  To provide the Court some context, the parties completed the depositions of the corporate representatives for TSI and the Trust defendants in February 2020 and then paused depositions temporarily at the onset of Covid in March 2020 while the parties determined how best to proceed given travel and technological restrictions and limitations.  Upon working through the technological issues, two of the seven named plaintiffs were deposed via zoom in September 2020.  Between December and May 2021, the parties then completed nearly 15 depositions via zoom, which included the four remaining named plaintiffs, F&G's corporate representative and a former F&G attorney, the co-signers for the named plaintiffs, and 4 of TSI's current and former employees, including Affiant X who was deposed on May 19, 2021.[1] [2]  The parties stipulated to the dismissal under Rule 41 of plaintiff Mutinta Michelo on May 10, 2021 on the eve of the closing of discovery prior to her being deposed.  The depositions were all completed within the time contemplated for discovery to be completed and discovery closed on May 21, 2021.  Plaintiffs' class certification motion is due by their unopposed extension request on June 3, 2021.

---

[1] Plaintiffs initially requested the deposition of an employee in the TSI IT department and dates were provided for his deposition; however, plaintiffs ultimately elected not to proceed with that deposition.  Plaintiffs also subpoenaed a former TSI employee named Colleen Morgan.  TSI did not in any way oppose her being deposed and instead, reached out to the former employee, albeit unsuccessfully, to coordinate availability of the witness.

[2] The current and former TSI employees were deposed on February 5, February 10, May 15 and May 19, 2021, respectively.

Further, TSI did not litigate an "obviated" motion, did not belatedly file a new motion, and did not waive Affiant X's right to file a new motion.[3]  TSI's objection extensively responds to plaintiffs' argument that the first motion was "obviated" and confirms that it was not.  Beyond that, Affiant X timely filed a renewed motion for protective order, the relief was agreed upon by plaintiffs and ultimately granted by Judge Moses, and the deposition has now been completed within the time period to complete discovery in the case.

As discussed comprehensively in TSI's objection, medical records were produced to plaintiffs' counsel on March 15, 2021. These records included evidence that Affiant X suffered a stroke.  With that medical evidence in hand, plaintiffs refused to agree to a deposition on written questions, requiring Affiant X to file a renewed motion on <u>March 26th</u>.[4]  On <u>March 29th</u>, Affiant X supplemented the record with a business records declaration from a treating physician based upon the records that were filed on March 26th.  Despite having all of this information, on April 2nd, plaintiffs contradictorily responded to Affiant X's motion questioning the legitimacy of Affiant X's serious medical concerns, but also agreeing to the relief that had been proposed for months of a deposition on written questions.  As such, at latest, plaintiffs had the medical evidence

---

[3] It is unclear what plaintiffs mean that the motion was "waived".  Plaintiffs agreed to the relief sought, Judge Moses granted Affiant X's motion for a deposition on written questions, and the deposition was completed on May 19, 2021.

[4] Plaintiffs' brief suggests Judge Moses gave TSI additional time to "reach a resolution of the issue with Plaintiffs."  To be clear, during this time period, a deposition on written questions was repeatedly offered on behalf of Affiant X, and rejected by plaintiffs.

reflecting Affiant X's serious medical concerns on March 29th, yet they not only further litigated Affiant X's motion but also filed a motion for sanctions against TSI on April 2nd.[5]

Finally, and most pertinent to this objection, plaintiffs confirmed, *in writing*, the parties' understanding that the deposition of Affiant X was subject to this Court's decision on the first motion for a protective order. *See* Exhibit A attached hereto. Specifically, plaintiffs' counsel noted by email on January 19, 2021 that "it has **always** been clear that [Affiant X's] deposition will be subject to Judge Gardephe's ruling." *Id.* (emphasis added). While the parties did generally discuss the deposition of the affiants, it was always the parties' understanding, *as documented by plaintiffs themselves*, that the deposition of Affiant X, and the manner in which it would be conducted, was subject to this Court's ruling.

Plaintiffs' representation that they "consistently and repeatedly attempted to schedule" the deposition of Affiant X between July 17, 2020 and February 16, 2021 is false.

As such, the predicate for plaintiffs' motion was supported by claims that are demonstrably inaccurate, and Judge Moses specifically relied upon those representations in her Order, resulting in error. Additionally, despite plaintiffs' claims that TSI supposedly attempted to "block" or "impede" discovery, the

---

[5] It should be noted that as of the filing of that motion, plaintiffs had yet to produce plaintiff Mutinta Michelo for a deposition despite multiple requests made over a period of months, and that defendants had agreed to accommodations for the requested deposition due to unidentified medical issues that plaintiff Michelo was experiencing.

documented facts tell a different story.  And that story shows that despite the technological challenges imposed by Covid, the parties were successfully able to complete complicated putative class discovery sampling, along with nearly 20 depositions, and that any delay in taking the deposition of Affiant X can be attributed to plaintiffs' inaction and ultimately forcing Affiant X to file a renewed motion (and continuing to litigate the motion) where plaintiffs immediately agreed to the relief sought despite being aware prior to the filing of the second motion of the basis for that motion.

**2. <u>TSI Did Not Violate Any Court Order, Scheduling Order or Pretrial Order</u>**

In TSI's opposition brief (Dkt. 274), in its objection (Dkt. 292), in its motion to stay and reply (Dkt. 293, 305), and addressed *supra*, TSI lays out clearly that it did not violate any court order, scheduling order or pretrial order.  As such, Judge Moses's sanction order is erroneous and contrary to law - largely a result of information plaintiffs withheld from Judge Moses regarding the parties' understanding regarding Affiant X's deposition.

Plaintiffs' opposition brief appears to rely upon Fed. R. Civ. P. 16, 26, 37 and 45 to argue that the Order was appropriately entered.  Specifically, plaintiffs argue that TSI had an obligation under Fed. R. Civ. P. 26(e)(1) to supplement or correct a discovery response, that TSI "failed" to produce a witness in violation of Fed. R. Civ. P. 16, 26 and 37, and finally, that TSI had an obligation to file Affiant X's renewed motion sooner under Fed. R. Civ. P. 26 and 45.  While TSI has

already extensively addressed why it has not violated any discovery order or rule, TSI will briefly address plaintiffs' arguments and citations.

As to plaintiffs' contention that TSI "failed to produce a witness by the court-set discovery deadline," this argument is factually unsupportable.  As noted extensively above, Affiant X appeared for a deposition on May 19, within the court-set discovery deadline as discovery closed May 21, so there was no failure to produce Affiant X by a court-set deadline.

Federal Rule of Civil Procedure 16(f)(1)(C) contemplates sanctions where a party "fails to obey a scheduling or other pretrial order," Federal Rule 26(f) involves the parties' scheduling conference, and Rule 37(b)[6] generally allows for sanctions arising from the failure to comply with a discovery order.  Again, there was no court order, scheduling order, or pretrial order violated by TSI making Rule 37 inapplicable.

Moreover, as of May 2021, and while they were litigating their motion for sanctions, plaintiffs had yet to produce one of the named plaintiffs (which they never did), so the position that TSI should be sanctioned under Rule 16, Rule 26 or Rule 37 for the alleged failure to produce a witness by a court set deadline is hypocritical at best – especially considering that the witness that plaintiffs did not

---

[6] Specifically, Rule 37(b)(2)(A) provides: "*For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—<u>fails to obey an order to provide or permit discovery</u>, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.…" (emphasis added).

produce was the lead plaintiff, as opposed to a non-party former employee fact witness.

As to plaintiffs' contention that TSI had an obligation to file the renewed motion earlier under Rule 26 and 45, as noted *supra*, the parties' understanding was that Affiant X's deposition was subject to this Court's ruling. Plaintiffs were made aware in February 2021 that Affiant X intended to file a renewed motion for a protective order and the basis for the motion, and plaintiffs advised they opposed the motion and the relief sought. Plaintiffs' refusal to accommodate a witness led to Affiant X obtaining the medical records and filing of a renewed motion. Upon the filing of the renewed motion, plaintiffs immediately agreed with the relief sought and the deposition occurred within the time period contemplated for discovery.

As to plaintiffs' contention that TSI had an obligation under Federal Rule 26 to supplement a response, as noted in detail, Affiant X was not a witness subject to disclosure under Rule 26(a) because Affiant X is not a witness that TSI "may use to support its claims or defenses" under Fed. R. Civ. P. 26(a)(1)(A)(i). As such, Rule 26(e) does not apply. Nor would TSI be required to supplement any discovery production because plaintiffs did not serve any discovery requests on TSI, or Affiant X, regarding Affiant X's health, which is not an issue in this case, so there was no discovery disclosure or response under Rule 26 that required updating or supplementing by TSI. Beyond that, TSI did not have possession of Affiant X's updated medical records, or confirmation of the stroke, until the

8

physician provided records on March 15, 2021 – the same day they were produced to plaintiffs.

Plaintiffs cite to *Kim v. Columbia Univ.*, No. 06 CIV 5365 (RPP), 2009 WL 528604 (S.D.N.Y. Mar. 2, 2009) for the proposition that sanctions are appropriate under Rule 37 because TSI supposedly impeded access to Affiant X.  TSI did not impede access to Affiant X, and, as of May 19, Affiant X was deposed.  To the extent *Kim* is relevant, in that case the Court ordered sanctions under Rule 37 for the failure to turn over contact information of the defendant's witnesses under Rule 26.  Here, Affiant X was never identified by plaintiffs, or any defendant, as a witness under Rule 26, nor did TSI impede access to Affiant X, and Affiant X has now been deposed within the discovery period.

Plaintiffs also take issue on the timing of Affiant X's motion for protective order and cite to Federal Rule of Civil Procedure 26(c), *Barten v. State Farm*, No. CV-12-00399-TUC-CKJ, 2014 WL 348215 (D. Ariz. Jan. 31, 2014) and *Gotlin v. Lederman*, No. 04-CFV-3736 (ILG), 2009 WL 2843380 (E.D.N.Y. Sept. 1, 2009) in support.  But neither Rule 26, nor the cases cited, actually require such timing, and the cases cited are inapt given the motion was timely filed and Affiant X's medical records are not at issue in this case.

Rule 26(c) makes no mention of the timing for the protective order motion, (*see Barten* noting that "Rule 26(c) does not set out any limits in which a motion for a protective order must be filed").  In *Barten*, the court merely concluded that a motion for protective order was untimely if it is filed after the deadline for

producing the requested discovery. *Gotlin* is equally inapt, as in *Gotlin*, the challenged medical records were to be used to directly support plaintiff's claims, but were not produced by plaintiff's counsel. That did not happen here as Affiant X's medical records were provided to plaintiffs on March 15 immediately upon receipt, the records are not relevant to plaintiffs' claims, and Affiant X's deposition was completed by agreement and with Court approval within the discovery period.

Plaintiffs further rely upon *DR Distributors, LLC v. 21 Century Smoking*, No. 12 CV 50324, 2021 WL 185082 (N.D. Ill. Jan. 19, 2021), *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147 (S.D.N.Y. 2012), and *Barrick Group., Inc. v. Mosse*, No. 85 CIV. 0937 (LLS), 1988 WL 42035 (S.D.N.Y. Apr. 22, 1988) for the contention that TSI belatedly relied upon documents and information that could have been produced prior to discovery's close; however, none of the cases are on point.

In *DR*, the court concluded that "[p]roducing, and more importantly, attempting to use undisclosed ESI in response to a summary judgment motion can only be described as dirty pool." *Id.,* 2021 WL 185082, *75. The court then found that Rule 37(e) was "implicated in this case because relevant Yahoo! Chats and GoDaddy emails, which could have and should have been preserved through reasonable measures, have been lost and cannot be recovered, prejudicing Plaintiff." *Id.,* at *77. Conversely, in this case, Affiant X was produced for a deposition, Affiant X is not a witness that TSI intended or intends to rely upon for

testimony in the case, all of the documentation and information was disclosed within the time contemplated for discovery, and no evidence has been lost.

In *Ritchie Risk-Linked Strategies*, the plaintiff made a damages disclosure nearly a year after the close of fact discovery, and the court found that the late disclosure deprived the defendants of the necessary discovery to challenge the plaintiffs' expert. *Id.*, 280 F.R.D. at 160.  Here, plaintiffs agreed to take Affiant X's deposition on written questions, the deposition was completed, and plaintiffs class certification motion is not due until June 3.  No date has been set yet for summary judgment motions.

In *Barrick Group*, the sole shareholder and president of the plaintiff company failed to appear for a deposition on the basis that he was ill, but no medical letter or affidavit was ever submitted.  *Id.*, 1988 WL 42035, at *1.  Here, medical evidence was timely provided to plaintiffs, plaintiffs were aware at all relevant times of the medical issues for Affiant X, the only delay was due to plaintiffs' inaction, and Affiant X was deposed within the discovery period.

Even assuming there was a technical violation of Federal Rule 26(a) or (e), which is expressly denied, given plaintiffs' correspondence confirming the parties' understanding regarding the deposition of Affiant X, the fact that Affiant X was deposed on May 19 with plaintiffs' agreement and permission of the Court, and the fact that the deposition occurred within the period to complete discovery and well prior to the date plaintiffs' motion for class certification (or any summary judgment motion) was due, it is clear that any delay was harmless.  *See Ritchie*

11

*Risk-Linked Strategies*, 280 F.R.D. at 158–59 ("Even where there is violation of Rule 26(a) or (e), courts may not impose sanctions under Rule 37(c)(1) where a party's failure to comply was 'substantially justified' or where the conduct was 'harmless.'").

This Court should see though plaintiffs' motion for what it truly was, which was unnecessary collateral litigation predicated upon a claim of prejudice which never existed. Plaintiffs were provided Affiant X's medical records and agreed to the relief Affiant X sought, but instead of simply working with Affiant X, and the parties, to schedule the deposition in a reasonable manner to accommodate a legitimate health concern, plaintiffs turned around and filed collateral litigation seeking to impose sanctions on TSI for supposedly withholding Affiant X's medical information when that was never the case.

TSI understands that this case has been contentious, but the parties have completed complicated and extensive discovery and are prepared to brief class certification. TSI has participated in that discovery process in good faith and, rather than briefing collateral litigation irrelevant to the claims in the case, TSI appeals this Court to return some calm to the case and allow the parties to proceed back to the merits.

WHEREFORE, Transworld Systems Inc. respectfully requests that this Court sustain its objections, enter an order denying plaintiffs' request for sanctions in full, and for all other and further relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ James K. Schultz*
James K. Schultz
Sessions, Israel & Shartle, LLC
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone:    (619) 296-2018
Email:        jschultz@sessions.legal

Bryan Shartle
Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Telephone:    (504) 846-7917
E-mail:       bshartle@sessions.legal

Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:    (312) 578-0990
E-mail:       mmarcus@sessions.legal

Aaron R. Easley
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone:    (908) 237-1660
E-mail:       aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021 a true and correct copy of the foregoing was served upon counsel of record via ECF.

/s/ James K. Schultz