

JAMES K. SCHULTZ
Direct: (619) 296-2018
jschultz@sessions.legal

August 6, 2021

<u>Via ECF</u>
Honorable Paul G. Gardephe
Courtroom 705
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
       **Case No.: 1:18-cv-01781-PGG**
      *Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
       **Case No.: 1:18-cv-07692-PGG**

Dear Judge Gardephe:

My firm represents Transworld Systems Inc. ("TSI") and NCO Financial Systems, Inc. n/k/a EGS Financial Care, Inc. ("NCO"), in this matter. We write pursuant to this Court's Individual Rules of Practice Rule IV.A. to seek a pre-motion conference for the purpose of filing a motion for partial summary judgment as to plaintiffs' claims brought against TSI and NCO, the grounds of which are set forth in greater detail herein.[1][2]

Plaintiffs' lawsuit against TSI and NCO arises from state court actions filed between 2013 and 2014 by law firm Forster & Garbus, LLP ("F&G") on behalf of 4 National Collegiate Student Loan Trust entities (the "Trusts") (collectively the "State Court Actions"). In the lawsuit, plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Gen. Bus. Law § 349 ("GBL") against TSI and NCO related to their servicing relationship with the Trusts and F&G. Specifically, plaintiffs allege that TSI and NCO affiants executed affidavits in support of default judgment motions filed in the State Court Actions without personal knowledge of the business records showing the plaintiff owed the debt, without personal knowledge of the record management practices and procedures of the Trusts and the practices and procedures of its agents, and without personal knowledge of the proof of indebtedness. Dkt. 124,

---

[1] TSI and NCO do not presently seek summary judgment pertaining to their disputed involvement in filing lawsuits without meaningful attorney review (Dkt. 124 at ¶¶ 274a and 280a), representing in those lawsuits that any Trust was "authorized to proceed" with its claims (*id.* at ¶¶ 274c and 280c), that any Trust was the "original creditor" of any Plaintiff's student loan (*id.* at ¶¶ 274d and 280d), or otherwise failing to identify the true original creditor (*id.* at ¶¶ 274e and 280e). And, TSI and NCO do not seek summary judgment on any claim against F&G under New York Judicial Law § 487.

[2] TSI and NCO's motion for summary judgment has been drafted as is ready to be filed.

1545 Hotel Circle South, Suite 150, San Diego, CA 92108-3426
Tel: (619) 296-2018 Fax: (877) 334-0661 www.sessions-law.com

CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • PENNSYLVANIA • TEXAS

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
August 6, 2021 – Page 2

¶ 274. Ultimately, plaintiffs' allegations of liability against TSI and NCO are without merit, and summary judgment is appropriate.

I. <u>TSI and NCO's Motion for Summary Judgment Confirms that Plaintiffs Claims are Baseless</u>

Plaintiffs' allegations of liability against TSI and NCO are without merit, and summary judgment is appropriate for the following reasons:

First, there were no false statements in the affidavits submitted in the State Court Actions. NCO, and its successor TSI, possessed the documents at all times to support the Trusts ownership of the loans, the affidavits were executed based upon the personal knowledge of the affiants after review of the documents referenced in the affidavits and TSI and NCO account systems of record, and the affidavits were all executed in front of notary public and a Georgia licensed attorney.

Moreover, plaintiffs can point to no statement in the affidavits that was false regarding their respective obligations on the underlying debts. Notably, none of the plaintiffs allege, let alone have any proof, that they did not incur the debts, that they do not owe the debts, that any of the amounts are inaccurate, or that they owe the debts to someone else. Plaintiffs' claims survived at the pleading stage on allegations alone; however, now, after lengthy discovery has been completed, they continue to rely upon conclusory allegations alone.

The record at this point is clear – the evidence confirms that no false affidavits were submitted (regarding personal knowledge, or otherwise) in support of any of the default judgment applications for any of the named plaintiffs' cases.

Given that plaintiffs' complaint, motion for class certification, and allegations to support equitable tolling are dependent upon the allegation that TSI and NCO submitted false affidavits not based upon personal knowledge, and these allegations have been proven to be entirely unsupported, it is appropriate for this Court to enter summary judgment for TSI and NCO and against plaintiffs now.

Beyond that, plaintiffs' claims as to TSI and NCO also fail for alternative reasons, including that:

(a) Plaintiffs' claims under the FDCPA are all time barred and they lack any evidence to support the elements of equitable tolling. For instance, between 2007 and 2010, the pre-default servicer of the loans, American Education Services ("AES"), sent plaintiffs' letters informing them their student loans were then owned by a Trust. Indeed, in 2007, 2008, and 2009, Bifulco and Frauenhofer sought repayment deferments or forbearances on their

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
August 6, 2021 – Page 3

    Trust payments. And in 2010 and 2011, two of the Plaintiffs, Bifulco and Mary Re Seaman scheduled "NCT" claims in their bankruptcy petitions. Likewise, in 2013 and 2014, plaintiffs were served with summons and complaints asserting their liability to the Trusts in their underlying collection actions. Then, even after the collection suits were filed and Plaintiffs were served with those collection lawsuits, F&G sent plaintiffs' communications regarding their liability on the Trust-owned accounts. Plaintiffs' accounts were credit reported during the following periods of time: (a) Butry from origination by AES until a tradeline removal request was made by NCO on August 11, 2013; (b) the Seamans from origination by AES until a tradeline removal request was made by NCO on July 20, 2014, and (c) Tabar, Frauenhofer, and Bifulco from origination by AES until a tradeline removal request was made by TSI on February 8, 2015. The complaint was filed February 27, 2018 by the Seamans. All of the claims related to credit reporting are clearly time barred. The evidence in the record confirms that the plaintiffs were aware of the various collection actions by the defendants, and did nothing in response.

(b) Plaintiffs' claims under the GBL are either time barred, or they lack actual damages. For the reasons noted *supra*, the plaintiffs GBL claims are also time barred. Beyond that, the evidence in the record confirms that the plaintiffs with surviving GBL claims lack actual damages. No money was garnished from the Seamans or Tabar related to the loans at issue. Meanwhile, Bifulco was the only plaintiff with a surviving claim related to credit reporting and she confirmed that she has no evidence that the credit reporting caused her any damages.

(c) Bifulco and Mary Re Seaman's claims should be barred based upon judicial estoppel due to contradictory and inconsistent filings in their bankruptcy schedules reflecting acknowledgement of the debts owed to the Trusts in 2010 and 2011. On Schedule F of her petition, Mary Re Seaman listed a debt owed to "AES/NCT", identified the debt as a "student loan", and did not identify the debt as disputed.[3] On Schedule F of her bankruptcy petition Bifulco listed a debt owed to "National Collegiate Trust", identified the debt as a "student loan (co-signe[d] for son)", and did not identify the debt as disputed.

(d) Plaintiffs' claims lack materiality where they knew at all relevant times, and well prior to the State Court Actions or their defaults on the debts, that the Trusts owned, or purported to own, the plaintiffs' student loan debts, there is no evidence plaintiffs actually reviewed the motions for default judgments or affidavits when they were served, the motions for

---

[3] "Bankruptcy schedules, executed under penalty of perjury, when offered against a debtor are eligible for treatment as judicial admissions." *In re Arcade Pub., Inc.,* 455 B.R. 373, 383 (Bankr. S.D.N.Y. 2011).

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
August 6, 2021 – Page 4

    default judgment and supporting affidavits were directed to the state courts and not to the plaintiffs, and the evidence reflects plaintiffs simply ignored the State Court Actions and were not misled by anything.

(e) Plaintiffs credit reporting claims are barred by the applicable statute of limitations and preempted by the Fair Credit Reporting Act. In addition to being time-barred, plaintiffs' GBL claim is preempted by the FCRA, to the extent it is based on allegations of false credit reporting. The FCRA expressly provides that "no requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 ... relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 prohibits any person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Here, plaintiffs allege that defendants violated GBL § 349 by "communicating credit information adverse to plaintiffs and the other members of the class, as described herein, herein—including in connection with state-court collection actions against consumers—where that information is false or known to be false." Dkt. 124, pp. 51-52, ¶ 274(h). Such an allegation undoubtedly relates to the "subject matter" of § 1681s-2 and is thus preempted by the FCRA. *Comunale v. Home Depot, USA, Inc.*, 328 F. Supp. 3d 70, 78 (W.D.N.Y. 2018) (citing *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 375-77 (S.D.N.Y. 2010)); *see also Mund v. Transunion*, 2019 WL 955033, at *3 (E.D.N.Y. Feb. 27, 2019) (dismissing GBL § 349 claim as preempted by FCRA).

TSI and NCO respectfully assert that its motion for partial summary judgment will dispose of all claims for direct liability as to TSI and NCO, largely resolve plaintiffs' case in chief, and defeat and/or moot plaintiffs' motion for class certification.

    II.    <u>The Second Circuit Expressly Permits this Court to Reserve Decision on Plaintiffs' Class Certification Motion Pending a Decision on TSI and NCO's Dispositive Motion</u>

The Second Circuit "has specifically held that it is within a district court's discretion to reserve decision on a class certification motion pending disposition of a motion to dismiss," which includes "a district court's discretion to reserve decision on a class certification motion pending disposition of summary judgment motions." *Encarnacion ex rel. George v. Astrue*, 491 F. Supp. 2d 453, 459 (S.D.N.Y. 2007), aff'd, 568 F.3d 72 (2d Cir. 2009) (quoting *Benfield v. Mocatta Metals Corp.,* 1993 WL 148978, at *2 (S.D.N.Y. May 5, 1993); *Reyes v. Alltran Fin. Ltd. P'ship*, No. 3:18-CV-150 (CSH), 2018 WL 3241353, at *2 (D. Conn. July 3, 2018) ("Although an early

*Michelo, et al. v. National Collegiate Student Loan Trust 2007-2, et al.*
Case No.: 1:18-cv-01781-PGG
*Bifulco, et al. v. National Collegiate Student Loan Trust 2006-4, et al.*
Case No.: 1:18-cv-07692-PGG
August 6, 2021 – Page 5

determination regarding class certification is favored, district courts have found Rule 23(c)(1) to afford flexibility when, for example, the courts have been presented with both a dispositive motion and a motion for class certification."). This "chronology may be appropriate depending on the complexity of the legal or factual issues raised by the motion to certify and the prejudice that either party might face." *Id.*; *see also Foti v. NCO Fin. Sys., Inc.,* 424 F. Supp. 2d 643, 647 (S.D.N.Y. 2006) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.").

Plaintiffs' allegations in their complaint, and their claims for equitable tolling, are heavily dependent on the assertion that TSI and NCO were submitting false affidavits in support of motions for default judgment not based upon personal knowledge. TSI and NCO's motion for summary judgment lays bare that the entire premise of plaintiffs' lawsuit regarding alleged false affidavits, and the supposed fraudulent course of conduct in obtaining judgments, is fundamentally flawed, and class certification related in any way to those claims would be futile. Ruling on TSI and NCO's motion for summary judgment first protects the parties and the Court from needless and costly further litigation on issues for which plaintiffs have zero evidence after three years, 17 depositions, and voluminous discovery, to rebut the evidence provided by TSI and NCO. TSI and NCO have already incurred massive expense to defend this lawsuit, and, where plaintiffs' claims as to TSI and NCO fail as a matter of fact and law, this Court should rule on the merits of plaintiffs' claims and defer ruling on the class certification motion.

For the foregoing reasons, TSI and NCO seek to move under Rule 56 to dismiss plaintiffs' claims against them. TSI and NCO have contacted plaintiffs' counsel and they do not agree to the relief sought.

Respectfully submitted,

/s/ James K. Schultz
*Counsel for Transworld Systems Inc. and EGS Financial Care, Inc.*

cc:   Counsel of Record

**MEMO ENDORSED:**

The application is denied. This Court will not hear seriatim summary judgment motions in this case.

Dated: December 7, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge