UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,

                Plaintiffs,

- against -

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

                Defendants.
───────────────────────────────

CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

                Defendants.

**ORDER**

18 Civ. 1781 (PGG) (BCM)
18 Civ. 7692 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

In these consolidated putative class actions, Plaintiffs allege that Defendants have orchestrated a scheme to fraudulently obtain state court default judgments against Plaintiffs, and that Defendants have carried out this scheme by, inter alia, "submitting false or deceptive affidavits" in those state court proceedings. (Consol. Cmplt. (Dkt. No. 124) ¶¶ 1-3, 12)[1]  As relevant here, Plaintiffs allege that the employees of Defendant Transworld Systems, Inc. ("TSI"), on behalf of the National Collegiate Student Loan Trust defendants (the "Trusts"), "have falsely attested to personal knowledge" of the information contained in those affidavits. (Id. ¶¶ 2, 13)  Plaintiffs also allege that "law firms like [Defendant Forster & Garbus LLP ("Forster")] are "[e]ssential" to the alleged fraudulent debt collection scheme, as they "fil[e] pleadings and affidavits that they know to be both deceptive, and insufficient as a matter of civil procedure and evidentiary law." (Id. ¶ 16)

On March 19, 2020, this Court entered a Consolidated Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 138), and on April 28, 2020, the Court referred this case to Magistrate Judge Barbara C. Moses for general pretrial supervision (Dkt. No. 144).

On June 15, 2020, the parties submitted a joint letter to Judge Moses in which Plaintiffs set forth alleged discovery deficiencies in TSI and the Trusts' production. (June 15, 2020 Jt. Ltr. (Dkt. No. 182))

Plaintiffs complained, inter alia, that TSI had refused to produce – on grounds of relevance and/or attorney client privilege – the following materials:

---

[1] All docket citations are to the docket in Michelo et al. v. National Collegiate Student Loan Trust 2007-2, et al., 18 Civ. 1781 (PGG).

> Documents concerning how TSI selects Law Firms such as Forster for inclusion in its nationwide "Attorney Network" of local counsel to which Trust accounts are referred.
>
> Documents reflecting instances in which TSI called back a Trust account that had been referred to a Law Firm, because TSI lacked proof of indebtedness.
>
> Documents reflecting Law Firm requests to TSI for additional documents in connection with state-court consumer-defendants' demands for discovery against the Trusts.

(Id. at 2)[2]

In a July 17, 2020 order, Judge Moses addressed Plaintiffs' complaints concerning TSI's production. (July 17, 2020 Order (Dkt. No. 194)) As to the first category listed above, Judge Moses ruled that TSI need only produce documents that concerned its selection of Forster. As to the other two categories, Judge Moses denied Plaintiffs' request. (Id. at 1-2) Judge Moses's July 17, 2020 order does not set forth her reasoning for the determinations she made as to these categories of documents.

On July 31, 2020, Plaintiffs filed objections to Judge Moses's July 17, 2020 order. (Pltfs. Objections (Dkt. No. 202)) On September 2, 2020, TSI filed its response to Plaintiffs' objections. (TSI Response (Dkt. No. 222)) Plaintiffs filed a reply on September 22, 2020. (Pltfs. Reply (Dkt. No. 230)) On September 25, 2020, TSI filed a letter seeking to correct purported "misstatements" in Plaintiffs' reply. (Sept. 25, 2020 TSI Letter (Dkt. No. 233))

## I. STANDARD OF REVIEW

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly

---

[2] The page numbers in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted). "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. (internal quotations marks and citations omitted). "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (citations omitted).

Moreover, "[a] magistrate judge possesses wide discretion in handling discovery disputes." Misas v. N.-Shore Long Island Jewish Health Sys., No. 14-CV-8787 (ALC) (DJF), 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016); see also, e.g., U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("A magistrate judge is best qualified to judge the entire atmosphere of the discovery process. . . . Therefore, [her] rulings on discovery matters are entitled to substantial deference." (internal quotation marks and citations omitted)).

## II.   ANALYSIS

With regard to the first category of documents listed above, Plaintiffs argue that Judge Moses erred in limiting TSI's production obligation to Forster, because "Forster is but one of many Law Firms throughout the country participating in the Network [overseen by TSI on behalf of all the Trusts]." (Pltfs. Objections (Dkt. No. 202) at 6-7)  Plaintiffs emphasize that their Consolidated Complaint alleges national claims and that "[t]he value of evidence into Law Firms other than Forster outweighs any inconvenience to TSI producing it." (Id. at 7; see also id. at 2-3 ("Plaintiffs deserve fulsome discovery against TSI and the Trusts in order to learn the full extent of their pattern and practice of abusing court systems nationwide."); Consol. Cmplt. (Dkt. No.

4

124) ¶ 16 (alleging that "law firms like Forster" are "[e]ssential" to Defendants' allegedly fraudulent debt collection scheme))

TSI responds that the Consolidated Complaint "truly does not" "contemplate[] a 'nationwide' class," and that Plaintiffs' document request "makes little sense in the context of their actual claims," in which "all alleged acts occurred in the state of New York." "[Forster] only files lawsuits on behalf of the Trusts in New York," and "the only claim brought against the Trusts is an alleged violation of the [New York General Business Law]." (TSI Response (Dkt. No. 222) at 12-13; see also Sept. 25, 2020 TSI Letter (Dkt. No. 233))

Because Judge Moses did not provide any reasoning for her July 17, 2020 Order, this Court can only speculate as to the bases for her decision. For example, it is unclear whether Judge Moses sustained TSI's objection to the first category of document requests on relevance or privilege grounds or both. As to relevance, TSI asserts that the Consolidated Complaint does not allege a nationwide class, and that Plaintiffs' claims are based solely on acts that took place in New York. (TSI Response (Dkt. No. 222) at 13) Judge Moses previously found that Plaintiffs had alleged a nationwide class, however. (See October 23, 2020 Order (Dkt. No. 241) at 4 ("[The] Amended Consolidated Complaint[,] which alleges a nationwide class, is a sufficient ground on which to reject TSI's argument that non-New York documents are beyond the broad scope of Rule 26(b)(1)." (citations omitted)))

As to the two remaining categories, Plaintiffs argue that the requested documents will confirm that "Defendants violated the law by suing consumers in state court without the intention to actually litigate proof of the debt alleged." (Pltfs. Objections (Dkt. No. 202) at 5) TSI responds that "Judge Moses properly determined that the documents sought are covered by privilege." (TSI Response (Dkt. No. 222) at 8) According to TSI, the documents sought in these

5

in categories "were clearly intended for the purpose of obtaining or providing legal advice, would reflect the litigation strategy of defendants, and . . . have been[] maintained as confidential." (Id. at 11; see also id. at 12 (arguing that Judge Moses has already rejected Plaintiffs' arguments that Forster was acting as a debt collector and not as a law firm))

In reply, Plaintiffs dispute that Judge Moses's determination as to the two latter categories was made on privilege grounds. (Pltfs. Reply (Dkt. No. 230) at 4 (arguing, inter alia, that there is "no basis in the record" for the assertion that Judge Moses's denial was on privilege grounds))

Given that Judge Moses does not explain the basis for her ruling as to these two categories, this Court can, once again, only speculate as to whether she ruled on relevance or privilege grounds, or both. See Equal Emp. Opportunity Comm'n v. Peters' Bakery, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (reviewing magistrate judge's ruling on discovery matter de novo where magistrate judge's decision "provides no discussion of the rationale for ordering disclosure"); Hirsch v. Zavaras, 920 F. Supp. 148, 150 (D. Colo. 1996) ("[W]here the magistrate judge has ruled without any discussion of his rationale, 'such a bare conclusion is beyond meaningful judicial review.'" (quoting Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996))); Holland v. Island Creek Corp., 885 F. Supp. 4, 6 (D.D.C. 1995) (holding that "it is incumbent on the Court to check the adopted findings against the record" with "painstaking[] care" where the magistrate judge's decision "does not offer a reasoned explanation . . . and merely adopts one party's arguments in [its] entirety" (internal quotations and citations omitted)); see also MacWade v. Kelly, 230 F.R.D. 379, 382 (S.D.N.Y. 2005) (holding that it was error for the magistrate judge to order disclosure of documents where, inter alia, "the Magistrate Judge failed

to explain how the proposed sample of information was derived and/or how it accurately could reflect the data sought by Plaintiffs").

## CONCLUSION

Plaintiffs' objections to Judge Moses's July 17, 2020 Order (Dkt. No. 194)) are sustained to the extent that the matter is returned to Judge Moses for an explanation as to the bases for her decisions as to the three categories of documents set forth above.

Dated:  New York, New York
         January 18, 2022

                                SO ORDERED.

                                _____
                                Paul G. Gardephe
                                United States District Judge