UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTINTA MICHELO, KATHERINE
SEAMAN, MARY RE SEAMAN, and
SANDRA TABAR, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

        - against -

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-2, NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2007-3, TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO
FINANCIAL SYSTEMS, INC.; EGS
FINANCIAL CARE INC., formerly known
as NCO FINANCIAL SYSTEMS, INC.; and
FORSTER & GARBUS LLP,

                    Defendants.

_____

CHRISTINA BIFULCO, FRANCIS
BUTRY, and CORI FRAUENHOFER,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

        -against-

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2004-2, NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2006-4, TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO
FINANCIAL SYSTEMS, INC.; EGS
FINANCIAL CARE INC., formerly known
as NCO FINANCIAL SYSTEMS, INC.; and
FORSTER & GARBUS LLP,

                    Defendants.

**ORDER**

18 Civ. 1781 (PGG) (BCM)
18 Civ. 7692 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

          In these consolidated putative class actions, Plaintiffs allege that Defendants have orchestrated a scheme to fraudulently obtain state court default judgments against Plaintiffs, and that Defendants have carried out this scheme by, inter alia, "submitting false or deceptive affidavits" in those state court proceedings.  (Consol. Cmplt. (Dkt. No. 124) ¶¶ 1-3, 12) [1]  As relevant here, Plaintiffs allege that employees of Defendant Transworld Systems, Inc. ("TSI") "have falsely attested to personal knowledge" of the information contained in those affidavits. (Id. ¶ 13)

          On March 19, 2020, this Court entered a Consolidated Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 138), and on April 28, 2020, the Court referred this case to Magistrate Judge Barbara C. Moses for general pretrial supervision.  (Dkt. No. 144)

## BACKGROUND

          On September 14, 2020, TSI moved for a protective order as to Plaintiffs' Document Request No. 19, which seeks "all documents" TSI produced to the Consumer Financial Protection Bureau (CFPB) in connection with In re Transworld System, Inc., No. 2017-CFPB-0018, and Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust et al., No. 17-CV-01323-UNA (D. Del.).  (TSI Mot. (Dkt No. 227) at 12-13) [2] TSI argues that this request is "overbroad," that the documents Plaintiffs seek are only "tangentially related" to the issues in the instant cases, and that responding to this request would

---

[1]  All docket citations are to the docket in Michelo et al. v. National Collegiate Student Loan Trust 2007-2, et al., 18 Civ. 1781 (PGG).

[2]  The page numbers in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

be unduly burdensome.  (Id. at 5)  TSI notes that the CFPB investigation extended beyond New

York[3] and that the time period at issue in the CFPB investigation and lawsuit does not

significantly overlap with the time period relevant here.  (Id. at 11-12)  TSI also argues that

"production of the materials submitted by TSI to the CFPB would force TSI to violate the

process for the treatment of confidential information produced pursuant to a CFPB [Civil

Investigative Demand ("CID")]."  (Id. at 6 (citing 12 C.F.R. § 1070 et seq.); see also 12 U.S.C. §

5562(d))[4]  Finally, TSI argues that – if the CFPB-related documents are produced – Plaintiffs

would be able to "reverse engineer" the CFPB's investigative process, which would undermine

the "free flow of information between CFPB and CID responders."  (Id. at 6; see also TSI Reply

Br. (Dkt. No. 231))

## I.    THE MAGISTRATE JUDGE'S OCTOBER 23, 2020 ORDER

In an October 23, 2020 order, Judge Moses denied TSI's motion for a protective

order, and directed TSI to comply with Request No. 19.  (Oct. 23, 2020 Order (Dkt. No. 241) at

3-5)

As to burden, Judge Moses notes that, "[d]espite the Court's express direction,

TSI has failed to substantiate its claim of burden and therefore has failed to substantiate its claim

of disproportionality."  (Id. at 3)  Although TSI had litigated the propriety of Request No. 19 "at

---

[3]  TSI contends that Plaintiffs' claims as to TSI in the instant case "relate to allegedly false
affidavits submitted in New York state courts."  (TSI Mot. (Dkt No. 227) at 5 n.2)

[4]  12 C.F.R. § 1070.4 states:  [e]xcept as provided by this part, employees or former employees
of the CFPB, or others in possession of a record of the CFPB that the CFPB has not already
made public, are prohibited from disclosing such records, without authorization, to any person
who is not an employee of the CFPB."

12 U.S.C. § 5562(d)(1) states:  "[d]ocumentary materials and tangible things received as a result
of a civil investigative demand shall be subject to requirements and procedures regarding
confidentiality, in accordance with rules established by the [Consumer Financial Protection]
Bureau."

least since May 6, 2020[,]" TSI had not shown "that it would be difficult, time-consuming, or expensive to re-produce the same documents to plaintiffs here," or that it would be easier to produce a subset of the CFPB production.  (Id. at 3-4)

As to TSI's arguments concerning the confidentiality of the CFPB investigation and Plaintiffs' ability to "reverse engineer" the CFPB investigation, Judge Moses notes that she rejected these same arguments in earlier discovery orders.  (Id. at 3)  In a May 15, 2020 order, Judge Moses held that the authorities cited by TSI only "govern the circumstances under which the CFPB itself may disclose material received in the course of an investigation," and that these provisions provide no basis for "requir[ing] . . . the recipient of a CID to withhold otherwise discoverable documents from production in private civil litigation because they were previously submitted to the CFPB pursuant to a CID."  (May 15, 2020 Order (Dkt. No. 167) at 6 n.2 (citing 12 U.S.C. § 5562(d)(1) and 12 C.F.R. §§ 1070.1-1070.63, 1080.14))  And in an August 31, 2020 order, Judge Moses found that "TSI failed to provide any case law to support its [reverse engineering arguments]."  (Aug. 31, 2020 Order (Dkt. No. 219) at 5)  In her October 23, 2020 order, Judge Moses explains again that "the protections and privileges [regarding confidentiality] that TSI describes would be assertible, if at all, by the CFPB, which has now unequivocally declined to do so."[5]  (Oct. 23, 2020 Order (Dkt. No. 241) at 3)

Judge Moses also rejects "TSI's contention that documents involving consumers outside of New York are not relevant to [Plaintiffs'] claims," noting that the Consolidated Complaint (Dkt. No. 124) "alleges a nationwide class," and that Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly "permits discovery of any nonprivileged matter that is 'relevant

---

[5]  The CFPB takes no position concerning Plaintiffs' request that TSI produce the materials that TSI produced to the CFPB.  (See Pltf. Opp. Br., Ex. A (Sept. 11, 2020 CFPB Ltr. (Dkt. No. 229-1))

to any party's claim or defense'" and "proportional to the needs of the case."  (Id. at 4 (citing In re Speer, 754 F. App'x 62, 64 (2d Cir. 2019)))

## II.      TSI'S OBJECTIONS TO THE OCTOBER 23, 2020 ORDER

On November 6, 2020, TSI filed objections to the October 23, 2020 order, repeating arguments it made to Judge Moses:  (1) that Request No. 19 is overbroad; (2) that complying with Request No. 19 would violate CFPB regulations regarding confidentiality; and (3) that complying with Request No. 19 would enable parties to reverse engineer the CFPB investigative process.  (TSI Objections (Dkt. No 243) at 1-2)

TSI argues that Judge Moses "did not appropriately balance Plaintiffs' litigation needs with TSI's protectable interests.  According to TSI, Plaintiffs have not demonstrated that the information sought in Request No. 19 is "relevant to their claims," is "likely to lead to the discovery of admissible information," or is "proportional to the needs of the case."  (TSI Objections (Dkt. No. 243) at 2)

TSI further argues that it was "clear error" for Judge Moses to find that the Consolidated Complaint asserts a nationwide class.  According to TSI, "Plaintiffs' claims are predicated entirely on New York law," and are based exclusively on conduct that occurred in New York state courts.  (Id. at 6 n.4, 10; see also id. at 12 n.7)  Judge Moses improperly gave "credit to Plaintiffs' belated suggestion that they have been asserting a nationwide class from the start."  (Id. at 9; see also id. at 10 ("Plaintiffs have . . . tried to replead the allegations in their complaint through briefs. . . . [Plaintiffs'] post-hoc argument is simply a thinly veiled attempt to justify the blanket document requests sought in Request No. 19."))  TSI further argues that, because "Plaintiffs' allegations are dependent upon theories of equitable tolling," it "defies

credulity how this Court could even consider certifying a nationwide FDCPA class." (Id. at 14 n.9; TSI Reply (Dkt. No. 251) at 4 n.6)

According to TSI, Plaintiffs have not made a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 will be satisfied, or that the discovery sought is "likely to produce substantiation of the class allegations." Judge Moses therefore "improperly shifted the burden to TSI to explain why the requested production was irrelevant." (Id. at 9-10 (citing Heerwagen v. Clear Channel Comm'cns, 435 F.3d 219, 233 (2d Cir. 2006)))

## DISCUSSION

I. **STANDARD OF REVIEW**

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted). "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). Moreover, "[a] magistrate judge possesses wide discretion in handling discovery disputes." Misas v. N.-Shore Long Island Jewish Health Sys., No. 14-CV-8787 (ALC) (DJF), 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016); see also, e.g., U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("A magistrate judge is best qualified to judge the entire atmosphere of the discovery

process. . . . Therefore, [her] rulings on discovery matters are entitled to substantial deference."

(internal quotation marks omitted)).

II.    **ANALYSIS**

As an initial matter, in arguing that "Plaintiffs' claims are predicated entirely on

New York law," and are based exclusively on conduct that occurred in New York state courts

(TSI Objections (Dkt. No. 243) at 10), TSI mischaracterizes the Consolidated Complaint.

Plaintiffs plead claims under the Federal Fair Debt Collection Practices Act (the "FDCPA").

(Consol. Cmplt. (Dkt. No. 124) ¶¶ 266-75)  Indeed, Plaintiffs allege that Defendants violated the

FDCPA by making false and misleading representations in connection with lawsuits filed against

Plaintiffs in the collection of student loan debt.  (Id. ¶¶ 267-75)  In sum, in arguing that the

Consolidated Complaint is premised solely on New York law, TSI has misrepresented Plaintiffs'

claims.

This Court likewise sees no error in Judge Moses's finding that the Consolidated

Complaint pleads a nationwide class that is not limited to New York consumers.  (See Oct. 23,

2020 Order (Dkt. No. 241) at 4 (citing In re Speer, 754 F. App'x 62, 64 (2d Cir. 2019)))

Plaintiffs' claims are broadly asserted on behalf of

> (a) all persons sued in state-court lawsuits related to the collection of consumer
> debt, (b) in which any Trust Defendant was identified as plaintiff in the
> complaint, (c) within six years of the date of the filing of this action.

(Consol. Cmplt. (Dkt. No. 124) ¶ 36)  Nothing in the Consolidated Complaint limits Plaintiffs'

claims to New York consumers.[6]

---

[6]  Contrary to TSI's arguments (TSI Objections (Dkt. No. 243) at 10), and as Judge Moses points
out (Oct. 23, 2020 Order (Dkt. No. 241) at 4 n.4), Plaintiffs' allegations of a nationwide class are
not of recent vintage.  (See July 27, 2020 Joint Letter (Dkt. No. 198) at 4 (describing "sampling
of Defendants' documents concerning state-court actions against unnamed members of the
putative classes"); Aug. 4, 2020 Transcript (Dkt. No. 207) at 32 (Plaintiffs' counsel stating that

As to TSI's overbreadth arguments (TSI Objections (Dkt. No. 243) at 8-15),
Judge Moses finds that "TSI has failed to substantiate its claim of burden, and therefore has
failed to substantiate its claim of disproportionality." (October 23, 2020 Order (Dkt. No. 241) at
3) Judge Moses explains that TSI merely "asserts in vague terms that it produced 'thousands' of
documents to the CFPB, but [TSI] makes no showing that it would be difficult, time-consuming,
or expensive to re-produce the same documents to plaintiffs here[, ]or that it would be less
difficult, less time-consuming, or less expensive to identify and produce only the documents
relating to reviews of New York [state court] affidavits." (Id. at 3-4) This Court sees no error in
Judge Moses's conclusions.

TSI further argues that Judge Moses erred in not requiring Plaintiffs to make out a
prima facie case that Rule 23 requirements could be satisfied. (TSI Objections (Dkt. No. 243) at
10; TSI Reply Br. (Dkt. No. 251) at 4 & n.6; see also TSI Objections (Dkt. No. 243) at 7 ("Judge
Moses mistakenly credited Plaintiffs' argument without proper analysis of Plaintiffs' claim that
there were viable nationwide class claims here to reach the incorrect conclusion that Plaintiffs'
Request No. 19 was not overbroad.")) But the discovery that Plaintiffs seek is not aimed at class
certification. The discovery materials at issue here are relevant to fact discovery.

In sum, this Court finds no error in Judge Moses's conclusion that the discovery
at issue is relevant. Given these circumstances, TSI bears the burden to show that the requested
production is overbroad and unduly burdensome. In re Welspun Litig., No. 16-CV-6792 (RJS),
2018 WL 4693586, at *3 (S.D.N.Y. Mar. 4, 2018) ("Once the requesting party has established
that the discovery sought is relevant, the party opposing the discovery bears the burden of
establishing that the requested discovery is unduly burdensome and/or expensive." (internal

---

"there would be two classes here" – one that includes "'all states across the nation, and then
given the identities of our named plaintiffs[,] there's a subclass of New York state [plaintiffs]"))

quotation marks and citations omitted)).  As discussed, Judge Moses committed no error in
determining that TSI had not substantiated its claims of burden.[7]

       Finally, TSI argues that Judge Moses "committed clear error by not giving weight
to TSI's arguments that requiring it to produce its entire production to the CFPB would violate
confidentiality rules and[] allow private parties to reverse engineer entire regulatory
investigations."  (TSI Objections (Dkt. No. 243) at 15)  TSI's argument rests on 12 C.F.R. §§
1070.30 – 1070.37, which describe the procedures for a private party to obtain information from
the CFPB.  TSI argues that "there would be no need for Sections 1070.30 – 1070.37 . . . [if]
parties [c]ould just go directly to the CID responders to demand documents and information
produced."  (TSI Objections (Dkt. No. 243) at 16; see also id. at 15 (citing 12 C.F.R. § 1070.2))

---

[7]  To the extent that TSI argues that different standards of equitable tolling apply in various
circuits (TSI Objections (Dkt. No. 243) at 14 n.9; TSI Reply Br. (Dkt. No. 251) at 4 n.6), this
argument was not presented to Judge Moses, and thus may not be considered here.  NIKE, Inc. v.
Wu, 349 F. Supp. 3d 346, 367 (S.D.N.Y. 2018) (noting that district courts "'generally do not
entertain new legal arguments not presented to the magistrate judge'") (quoting Anderson v.
Phoenix Beverage Inc., No. 12-CV-1055 DLI RML, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20,
2015)); Rodriguez v. Pataki, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003) (declining to address
issues regarding discovery dispute not raised before magistrate judge because magistrate judge
was "in the best position to review them in the first instance").

As to TSI's argument that the CFPB documents address an earlier time period (see TSI
Objections (Dkt. No. 243) at 13 ("[A]ll but one affidavit [at issue in this case were] was filed
prior to the time period covered by the Consent Order.")), the fact that the CFPB documents
address an earlier time period does not render them irrelevant.  See Munoz v. PHH Corp., No.
1:08-CV-0759-AWI-BAM, 2013 WL 684388, at *6 (E.D. Cal. Feb. 22, 2013) (finding relevant
documents "concerning events that substantially precede the incident that is the basis of the suit
as [they] may shed important light on the facts" (citing 6 James Wm. Moore et al., MOORE'S
FEDERAL PRACTICE 26.41[12] (3d ed))).

TSI also argues that the CFPB's investigations and this lawsuit are not premised on the same
statutes.  (See TSI Objections (Dkt. No. 243) at 12)  What matters, however, is whether the same
or similar conduct was involved.  As Judge Moses found in an earlier order, "[t]he claims in this
case . . . overlap substantially with the issues investigated" in the two CFPB cases.  (Aug. 31,
2020 Order (Dkt. No. 219) at 2)  Indeed, as with the instant case, the CFPB investigation address
violations of the Consumer Financial Protection Act for TSI's filing of affidavits nationwide
between November 2014 and April 2016.  (See TSI's May 6, 2020 Letter (Dkt. No. 148) at 4)

As Judge Moses makes clear in her May 15, 2020, August 31, 2020, and October 23, 2020 orders, "the protections and privileges that TSI describes would be assertible, if at all, by the CFPB, which has now unequivocally declined to do so."  (Oct. 23, 2020 Order (Dkt. No. 241) at 3; see also Aug. 31, 2020 Order (Dkt. No. 219) at 4 ("[N]othing in the CFPB's regulations require the recipient of a CID to keep the contours of its document production secret."); May 15, 2020 Order (Dkt. No. 167) at 6 n.2 ("[12 C.F.R. §§ 1070 et seq.] govern the circumstances under which the CFPB itself may disclose material received in the course of an investigation."))  And in rejecting TSI's "reverse engineering" arguments, Judge Moses found both that TSI had "failed to provide case law to support its position" (Aug. 31, 2020 Order (Dkt. No. 219) 5), and that other courts had required defendants to produce in discovery material that they previously had produced to the CFPB.  (Id. at 3, 8-9 (citing Chery v. Conduent Educ. Servs., LLC, No. 1:18-CV-75 (DNH/CFH), 2020 WL 4783167, at *10 (N.D.N.Y. Aug. 18, 2020) ("[D]efendants have failed to establish that plaintiff is precluded from obtaining documents relating to the Consent Orders entered into between [defendants and] the CFPB based on . . . 12 U.S.C § 5562(d) and its supporting regulations."); Munoz v. PHH Corp., No. 1:08-CV-0759-AWI-BAM, 2013 WL 684388, at *6 (E.D. Cal. Feb. 22, 2013)))

This Court finds no clear error in Judge Moses's analysis of 12 C.F.R. §§ 1070.30-1070.37.  These regulations do not apply to materials in the possession of private litigants.[8]

---

[8]  12 C.F.R. § 1070.1(a)(2) states:  "This part establishes mechanisms for carrying out the CFPB's statutory responsibilities . . . to the extent those responsibilities require the disclosure, production, or withholding of information."

## <u>CONCLUSION</u>

TSI has not demonstrated that Judge Moses committed "clear error" in her

October 23, 2020 order (Dkt. No. 241), or that her rulings are contrary to law.  Accordingly,

TSI's objections to the October 23, 2020 order (Dkt. No. 243) are overruled.

Dated:   New York, New York
         January 18, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge