UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MUTINTA MICHELO, KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,

      Plaintiffs,

- against -

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

      Defendants.
───────────────────────────────

CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,

      Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

      Defendants.

**ORDER**

18 Civ. 1781 (PGG) (BCM)
18 Civ. 7692 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

In these consolidated putative class actions, Plaintiffs allege that Defendants have orchestrated a scheme to fraudulently obtain state court default judgments against Plaintiffs, and that Defendants have carried out this scheme by, inter alia, "submitting false or deceptive affidavits" in those state court proceedings. (Consol. Cmplt. (Dkt. No. 124) ¶¶ 1-3, 12)[1] As relevant here, Plaintiffs allege that employees of Defendant Transworld Systems, Inc. ("TSI") "have falsely attested to personal knowledge" of the information contained in those affidavits. (Id. ¶ 13)

On March 19, 2020, this Court entered a Consolidated Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 138), and on April 28, 2020, the Court referred this case to Magistrate Judge Barbara C. Moses for general pretrial supervision (Dkt. No. 144).

In an April 23, 2021 order, Judge Moses granted Plaintiffs' motion for sanctions arising out of TSI's delay in informing this Court of changed medical circumstances of a TSI employee Plaintiffs were seeking to depose. (Dkt. No. 280)

On May 7, 2021, TSI filed objections to Judge Moses's April 23, 2021 decision. (Dkt. No. 292)  This Order addresses TSI's objections.

---

[1] All docket citations are to the docket in Michelo et al. v. National Collegiate Student Loan Trust 2007-2, et al., 18 Civ. 1781 (PGG).

**BACKGROUND**

On June 27, 2019, Plaintiffs served TSI with a deposition notice for a TSI employee ("Employee A").[2] (Pltfs. Opp. to TSI's First Motion to Quash (Dkt. 177) at 4)[3] Employee A had signed an affidavit in support of an application for a default judgment against Plaintiff Sandra Tabar. (Id. at 3)

On May 22, 2020, TSI and Employee A moved to quash the deposition subpoena for Employee A, arguing that Employee A suffers from stress-induced epilepsy, and that the stress of a deposition could trigger a seizure. (TSI's First Motion to Quash (Dkt. No. 172) at 3) Plaintiffs opposed the motion to quash, arguing that TSI and Employee A had not supplied sufficient information concerning Employee A's epilepsy condition. (Pltfs. Opp. to TSI's First Motion to Quash (Dkt. 177) at 2)

In a July 17, 2020 order, Judge Moses denied the motion to quash, noting that medical records substantiating Employee A's condition had not been submitted. Judge Moses granted certain accommodations to Employee A in her order, however.[4] (July 17, 2020 Order (Dkt No. 195) at 7-10)

On July 31, 2020, TSI and Employee A filed objections to Judge Moses's July 17, 2020 order. (Objections (Dkt. No. 201)) They argued that Judge Moses "[d]id not adequately

---

[2] TSI agreed to accept service on behalf of Employee A. (TSI Objections (Dkt. No. 292) at 4) Because this Order addresses Employee A's medical condition, the Court will not use Employee A's name.

[3] The page numbers in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[4] The accommodations included: (1) a remotely conducted deposition; (2) a four-hour time limit; and (3) reasonable breaks. (July 17, 2020 Order (Dkt No. 195) at 9)

3

take into account the defined, specific, and serious medical condition and potentially irreparable harm" Employee A would suffer if deposed.  (Id. at 1-2)

On February 16, 2021, this Court overruled TSI and Employee A's objections. (Feb. 16, 2021 Order (Dkt. No. 254))

In a February 18, 2021 letter, TSI informed Judge Moses that

> [r]ecent developments have impeded TSI's ability to present [Employee A] for a deposition.  TSI will communicate with the Parties about this as it works through these obstacles, but it is possible a renewed motion for protective order may be necessary based on new developments.

(Feb. 18, 2021 TSI Ltr. (Dkt. No. 255) at 2)

In a February 25, 2021 letter to Judge Moses, TSI represented that

> there have been subsequent medical challenges that have resulted in [Employee A's] resignation so that [Employee A] is no longer employed with TSI.  TSI is attempting to obtain medical records from [Employee A's] treating physician, which TSI understands will demonstrate that [Employee A] has suffered a severe medical event that will affect [Employee A's] ability to sit for a deposition.  TSI anticipates that a second motion for a protective order may become necessary.

(Feb. 25, 2021 TSI Ltr. (Dkt. No. 257) at 2)

In a March 19, 2021 letter to Judge Moses, TSI stated that on March 15, 2021, it had obtained Employee A's medical records, and that these records "confirm[]" that Employee A "suffered a stroke in August, 2020."  (Mar. 19, 2021 TSI Ltr. (Dkt. No. 262) at 2)  A March 26, 2021 declaration from Employee A indicates that he suffered a stroke on August 3, 2020 "[u]pon learning" that he would be required to appear for a deposition in this case.  (March 26, 2021 Employee A Decl. (Dkt. No. 266-1) ¶ 12)

On March 26, 2021, Employee A filed a renewed motion to quash or, in the alternative, for a protective order providing that Employee A be deposed on written questions. (Renewed Motion to Quash (Dkt. No. 266))  In their response papers, Plaintiffs agreed to

4

conduct Employee A's deposition on written questions (Pltfs. Response (Dkt. No. 270) at 2), and in an April 21, 2021 order, Judge Moses directed that Employee A be deposed on written questions (April 21, 2021 Order (Dkt. No. 279)).

On April 2, 2021, Plaintiffs moved for sanctions against TSI for its delay in disclosing Employee A's August 3, 2020 stroke, which "forc[ed] Plaintiffs and the Court to waste months and months analyzing an outdated basis for [Employee A's inability to testify]." (Pltfs. Sanctions Mot. (Dkt. No. 269) at 7)  Plaintiffs requested sanctions in the form of adverse evidentiary inferences, as well as an award of costs and attorneys' fees.  (Id. at 11)

In opposing Plaintiffs' motion for sanctions, TSI argued that the July 31, 2020 objections it submitted to this Court in connection with Judge Moses's July 17, 2020 order were properly submitted.  (TSI Opp. (Dkt. No. 274) at 9)  TSI further argued that "[t]he subsequent motion [for a protective order] that was filed . . . on March 26, 2021 only became necessary after TSI's objections were overruled by the District Court on February 16, 2021."  (Id. at 9)  TSI also argued that "TSI bears no 'responsibility' to arrange for [Employee A's] appearance without a proper subpoena."  (Id. at 8)

TSI further contended that (1) Fed. R. Civ. P. 37 provides no basis for sanctions because TSI neither disobeyed a court discovery order nor withheld a required discovery response; and (2) sanctions pursuant to a court's inherent authority or 28 U.S.C. § 1927 are not appropriate, because TSI acted in good faith.  (Id. at 11-15)

On April 23, 2021, Judge Moses granted in part Plaintiffs' motion for sanctions, ruling that Plaintiffs are entitled to an award of "attorneys' fees and other expenses reasonably incurred in opposing the objections filed by TSI and [Employee A] to the July 17 Order.  See

Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A); 28 U.S.C. § 1927." (April 23, 2021 Order (Dkt. No. 280) at 6)

In so ruling, Judge Moses noted that Employee A suffered a serious stroke three days after TSI filed its objections to her July 17, 2020 order, and that the stroke prevented Employee A's return to work. TSI did not disclose these facts to Plaintiffs, to Judge Moses, or to this Court over the next six months, however. As a result, the parties continued to litigate TSI and Employee A's objections, and this Court was required to rule on those objections, without accurate information concerning Employee A's medical condition. (Id. at 3-4)

Judge Moses further found that TSI deliberately withheld this information from Plaintiffs, Judge Moses, and this Court: "As TSI later acknowledged, the delayed disclosure was intentional, because, in counsel's view, those facts were relevant only to the second protective order motion, which 'only became necessary after TSI's objections were overruled by the District [Judge] on February 16, 2021.'" (Id. at 4-5 (quoting TSI Opp. (Dkt. No. 274) at 9)) Judge Moses ruled that "to the extent changed circumstances . . . gave . . . TSI additional grounds for an order quashing or modifying [the deposition] subpoena, [TSI] should have disclosed the new circumstances promptly. . . ." "Instead, TSI . . . kept the issue of [Employee A's] new health challenge in reserve, for use if and when their pending objections (based on [Employee A's] prior health challenges) were overruled." (Id. at 5)

Judge Moses concluded that, as a result of TSI's decision to withhold information concerning the serious stroke that Employee A suffered on August 3, 2020,

> (a) [P]laintiffs were obliged to continue litigating objections based on an outdated set of facts; (b) the district judge was put to the trouble of ruling on those objections despite their obsolescence; (c) proceedings were multiplied unnecessarily; and (d) [Employee A's] deposition (by any means) was further delayed. . . .

(Id.)

On May 7, 2021, TSI filed objections to Judge Moses's April 23, 2021 order. (TSI Objections (Dkt. No. 292))  TSI argues that sanctions are not appropriate because TSI did not violate any court order or act in bad faith.  (Id. at 8-10)

## DISCUSSION

### I.     STANDARD OF REVIEW

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  Monetary sanctions issued pursuant to Fed. R. Civ. P. 16 and 37, or 28 U.S.C. § 1927, are generally considered non-dispositive and are reviewable under the clearly erroneous standard.  See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).  "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted).  "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.  (internal quotation marks and citations omitted)  "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (citations omitted).

### II.    ANALYSIS

#### A.     Sanctions Under Fed. R. Civ. P. 16(f) and 37(b)

TSI contends that there is no "legal or factual basis" to sanction TSI for its putative failure to disclose under Rules 16(f) and 37(b), because TSI did not violate any court order.  (TSI Objections (Dkt. No. 292) 7-8 & 7 n.4)

7

Fed. R. Civ. P. 16(f) provides that a court "[o]n motion or on its own" may impose sanctions where a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).  Similarly, Fed. R. Civ. P. 37(b) provides that a court may impose sanctions where a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).

Courts may only impose sanctions under Rules 37(b) and 16(f)(1)(C) where there is a court order in effect.  See, e.g., Sanders v. City of Rochester, New York, 360 F. Supp. 3d 152, 159 (W.D.N.Y. 2019) ("'The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed.'" (quoting Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986))).

Here, Judge Moses found that TSI had violated her July 17, 2020 order, in which she denied TSI's first motion to quash.  (See April 23, 2020 Order (Dkt. No. 280) at 5) According to Judge Moses, "to the extent [that] changed circumstances during that period gave [Employee A] or TSI additional grounds for an order quashing or modifying the subpoena, they should have disclosed the new circumstances promptly" as is "required" under Rule 45(d)(3)(A). (Id.)

Fed. R. Civ. P. 45(d)(3)(A)(iv) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Given that Rule 45(d)(3)(A)(iv) addresses the obligations of courts rather than parties, it does not provide a basis for a sanctions award.  And to the extent that Judge Moses finds that TSI indirectly violated her July 17, 2020 order by violating Fed. R. Civ. P. 45(d)(3)(A)(iv), this Court sustains TSI's objection to Judge Moses's April 23, 2021 order awarding sanctions.

B.     **Sanctions Under 28 U.S.C. § 1927**

TSI argues that an award of sanctions under 28 U.S.C. § 1927 is not appropriate, because – in deliberately withholding information concerning Employee A's August 3, 2020 stroke – it did not act in bad faith.  (TSI Objections (Dkt. No. 292) at 2, 6 n.2)  According to TSI, during the period between its objections on July 31, 2020, and its February 18, 2021 letter to Judge Moses, it had not been "aware of  . . . the specific nature or any diagnoses regarding [Employee A's] medical event.  TSI was only aware that [Employee A] had been forced to resign employment with TSI due to a health issue."  (Id. at 5)

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Courts have consistently interpreted this provision to require a finding that counsel acted in bad faith.  See Enmon v. Prospect Cap. Corp., 675 F.3d 138, 143-44 (2d Cir. 2012) (sanctions under Title 28 U.S.C. § 1927 require a finding of bad faith similar to that required when a court exercises its inherent powers imposes sanctions).

As an initial matter, although TSI maintains in its objections that it had no information concerning "the specific nature or any diagnoses regarding [Employee A's] medical event" until March 15, 2021 (Objections (Dkt. No. 280) at 5), it appears that TSI's counsel made a deliberate decision not to obtain that highly relevant information.  At oral argument before Judge Moses, counsel explained that "timely disclosure of [Employee A's] condition would have led to immediate requests by plaintiffs for updated medical records, which, in turn, would have created stress for [Employee A] that negatively affected his health."  (April 23, 2021 Order (Dkt. No. 280) at 5 n.7)

9

But having placed Employee A's medical condition at issue, counsel was not at liberty to decide to withhold relevant information concerning Employee A's medical condition from Plaintiffs and from the Court.  At a minimum, counsel was aware that in August 2020, Employee A had suffered a medical event so serious that it had required him to resign his employment.  Counsel was required to disclose that information to Plaintiffs and to the Court, because it was highly relevant to TSI's pending objections to Judge Moses's July 17, 2020 Order.

As Judge Moses finds, counsel's decision to withhold this relevant information meant that Plaintiffs were litigating a matter on the basis of an obsolete record, and this Court was required to decide TSI's objections on the basis of that obsolete record.  Once TSI's objections were overruled, TSI quickly moved to seek a second protective order, choosing to then disclose information that should have been disclosed to Plaintiffs and the Court more than six months earlier.

This Court finds no clear error in Judge Moses's determination that TSI's counsel acted intentionally and in bad faith, and that counsel's conduct "multiplied the proceedings unnecessarily," because Plaintiffs were "obliged to continue litigating" and this Court was "put to the trouble of ruling" on objections that were already obsolete.  (April 23, 2021 Order (Dkt. No. 280) at 5)  Judge Moses's decision to impose sanctions on TSI's counsel under Section 1927 was thus proper.

## **CONCLUSION**

TSI's objections (Dkt. No. 292) are sustained to the extent that Judge Moses imposed sanctions pursuant to Fed. R. Civ. P. 16(f) and 37(b). TSI's objections are overruled to the extent that Judge Moses imposed sanctions on TSI's counsel pursuant to 28 U.S.C. § 1927.

Dated: New York, New York
January 18, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge