

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUTINTA MICHELO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

  -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

    Defendants.

18-CV-1781 (PGG) (BCM)

---

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

    Plaintiffs,

  -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

    Defendants.

18-CV-7692 (PGG) (BCM)

**ORDER LIFTING STAY RE SANCTIONS**

---

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated July 17, 2020 (7/17/20 Order) (Dkt. No. 194 in Case No. 18-cv-1781; Dkt. No. 131 in Case No. 18-cv-7692), I granted in part plaintiffs' request that defendant Transworld Systems Inc. (TSI) be compelled to produce documents concerning its relationship with defendant Forster & Garbus (Forster), ruling, among other things, that:

1. TSI shall produce the documents described in category 1, modified as follows: "Documents concerning how TSI ~~selects Law Firms such as~~ selected Forster for inclusion in its nationwide 'Attorney Network' of local counsel to which Trust accounts are referred."

4. TSI need not produce the documents described in category 4: "Documents reflecting instances in which TSI called back a Trust account that had been referred to a Law Firm, because TSI lacked proof of indebtedness."

5. TSI need not produce the documents described in category 5: "Documents reflecting Law Firm requests to TSI for additional documents in connection with state-court consumer-defendants' demands for discovery against the Trusts."

On January 18, 2022, the district judge sustained plaintiffs' objections to the 7/17/20 Order as to these three categories on the ground that I did not provide any reasoning, leaving the district judge to speculate as to the bases for my decision, and consequently returned the dispute to me for an explanation as to the bases for my decision. (Dkt. No. 346 in Case No. 18-cv-1781; Dkt. No. 274 in Case No. 18-cv-7692.)

During the pendency of plaintiffs' objections, defendants were ordered to produce additional documents (some of which may have been responsive to, or overlapped with, the categories at issue in plaintiffs' objections to the 7/17/20 Order).[1] Thereafter, depositions were conducted, discovery closed, and on June 3, 2021, plaintiffs moved to certify a class pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3). (Dkt. No. 312 in Case No. 18-cv-1781; Dkt. No. 240 in Case No. 18-cv-7692.) That motion is now fully briefed and awaiting decision.

It is hereby ORDERED that, no later than **February 1, 2022**, plaintiffs shall advise the Court, by letter, whether and to what extent the three categories of documents set forth above remain in dispute. If TSI disagrees, it may respond, by letter, no later than **February 4, 2022**.

Dated: New York, New York
       January 25, 2022                     SO ORDERED.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**

---

[1] *See* Orders dated August 6, 2020 (Dkt. No. 204 in Case No. 18-cv-1781; Dkt. No. 141 in Case No. 18-cv-7692), August 31, 2020 (Dkt. No. 219 in Case No. 18-cv-1781; Dkt. No. 150 in Case No. 18-cv-7692), October 23, 2020 (Dkt. No. 241 in Case No. 18-cv-1781; Dkt. No. 172 in Case No. 18-cv-7692), February 19, 2021 (Dkt. No. 256 in Case No. 18-cv-1781; Dkt. No. 186 in Case No. 18-cv-7692), and March 5, 2021 (Dkt. No. 261 in Case No. 18-cv-7692; Dkt. No. 191 in Case No. 18-cv-7692).