UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/24/2022

| | |
|---|---|
| KATHERINE SEAMAN, *individually and on behalf of all others similarly situated*, et al., | 18-CV-1781 (PGG) (BCM) |
| Plaintiffs, | |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al., | **ORDER RE MOTION TO DISMISS** |
| Defendants. | |
| CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al., | 18-CV-7692 (PGG) (BCM) |
| Plaintiffs, | |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

The named plaintiffs in these consolidated actions, who are all holders of student debt, complain that the defendants – two student loan trusts, their servicing agents, and the law firm retained by the trusts to sue delinquent borrowers in New York state courts – violated the Fair Debt Collection Practices Act (FDCPA), the New York General Business Law, and the New York Judiciary Law by making standardized false representations, in their state court pleadings and other filings, so as to "obtain payment on debts they cannot prove they are owed," and, at least in some cases, by making false reports about the borrowers' accounts to credit reporting agencies. *See* Consol. Compl. (Dkt. No. 124) ¶¶ 1-17, 192, 221; Hawkins Decl. (Dkt. No. 315) ¶ 30.[1] On October 11, 2019, the Honorable Paul G. Gardephe, United States District Judge, denied – for the

---

[1] All record citations, unless otherwise specified, are to the docket in the *Seaman* action.

most part – defendants' motion to dismiss the case pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6). *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668 (S.D.N.Y. 2019).

On June 3, 2021, after discovery, plaintiffs moved for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). (Dkt. No. 312.) In opposition to the certification motion, defendants argued, among other things, that the proposed class should not be certified because, under the Supreme Court's then-recent ruling in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), a handful of individuals within the proposed class – specifically, those whose debt collection cases were "discontinued prior to service of a complaint and/or any appearance in the action" – would not have standing to sue. Def. Opp. Mem. (Dkt. No. 323) at 10 n.15. Defendants did not further rely on *TransUnion* and did not argue, either in their opposition brief or in their later sur-reply brief (Dkt. No. 338-1), that any of the named plaintiffs lacked Article III standing under *TransUnion*. The class certification motion is now fully briefed and awaiting decision.

On March 18, 2022, defendants filed a letter-application (Def. Ltr.) (Dkt. No. 362) seeking leave to "file a motion under Fed. R. Civ. P. 12(b)(1) seeking dismissal of certain of Plaintiffs' claims for lack of Article III standing." Def. Ltr. at 1. Defendants now argue that the logic of *TransUnion* requires this Court to dismiss "portions of Plaintiffs' claims." *Id.* at 4. Although defendants do not specify precisely which claims, by which named plaintiffs, they seek to dismiss, they appear to argue that no plaintiff has standing to seek damages for any false statements that defendants made in pleadings or other papers filed in a state court debt collection case unless that plaintiff read the challenged statements and was personally confused, misled, or caused to have "acted differently" by them. *Id.* at 2-3. They also argue that no plaintiff has standing to seek damages for inaccurate reports that defendants made about them to credit rating agencies unless those inaccurate reports were "disseminated to third parties." *Id.* at 3.

On March 23, 2022, plaintiffs filed a responding letter (Pl. Ltr.) (Dkt. No. 363), arguing that defendants are "estopped" from advancing an aggressive standing argument after making only a "limited standing challenge," based on the same case, in their class certification opposition. Pl. Ltr. at 1, 5. On the merits, plaintiffs contend that *TransUnion* (properly interpreted) "confirms that consumers exposed to debt-collection violations suffer Article III injury when these occur in connection with state-court actions," *id.* at 1, because those state-court actions themselves are "public" and cause "public harms," including "reputational harm." *Id.* at 1-5.[2]

Although defendants do not expressly connect their new letter-application to the pending class certification motion, it is not lost on the Court that the standing issues they now seek to raise, if valid, could prevent certification altogether or significantly narrow any certifiable class. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012) ("[F] or every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant[.]"); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) (a certifiable class "must . . . be defined in such a way that anyone within it would have standing"); *Petrosino v. Stearn's Prods., Inc.*, 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018) (explaining that "[s]tanding in the class action context requires a bifurcated inquiry" in which the court first ensures that the named plaintiffs have plausibly alleged an "injury in fact" sufficient to confer Article III standing on them, and then determines whether the conduct that caused that injury "implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants").

---

[2] In this portion of their letter, plaintiffs add that the named plaintiffs' "credit scores were reduced," and they were "battered . . . with demands for payment on threat of garnishment," causing additional concrete harm. Pl. Ltr. at 2. The Court notes that these allegations do not appear in their current pleading, nor in the evidentiary showing made in support of their class certification motion.

Ordinarily, the Court would be reluctant to permit a party to use the stratagem of a new motion to dismiss to raise an issue that could and should have been litigated in opposition to a pending motion for class certification. However, as defendants point out, a challenge to Article III standing may be raised at any stage of the litigation, Def. Ltr. at 1, and generally must be resolved before the Court determines any merits issues. *Id.*; *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (lack of "subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation"); *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally . . . establish that it has federal constitutional jurisdiction . . . before deciding a case on the merits."). Thus, the Court will not "equitably estop[]" defendants from making a motion to dismiss on standing grounds. Nor, however, will the Court permit this issue to delay a class certification decision indefinitely.

Consequently, the Court will put the parties on a brisk schedule for the Rule 12(b)(1) motion and then hear argument on both motions, as follows:

1. Defendants shall file their motion to dismiss pursuant to Rule 12(b)(1) no later than **April 7, 2022**, and must specify, for each plaintiff, which claims (or portions of claims), under which statutes, they seek to dismiss. A chart would be helpful. Defendants' moving brief shall not exceed 15 pages, exclusive of the table of contents, the table of authorities, and any helpful chart. If and to the extent defendants rely on depositions, documents, or other evidentiary materials already submitted to the Court in connection with the class certification motion, they need not re-submit the same materials.

2. Plaintiffs shall file their opposition papers no later than **April 21, 2022**, and must specify, for each plaintiff, which claims (or portions of claims), under which statutes, that plaintiff has Article III standing to pursue. A chart would be helpful. Plaintiffs' brief shall not exceed 15 pages, exclusive of the table of contents, the table of authorities, and any helpful chart. If and to the extent plaintiffs rely on depositions, documents, or other evidentiary materials already submitted to the Court in connection with the class certification motion, they need not re-submit the same materials.

4

3.      Defendants shall file their optional reply brief, limited to five pages, no later than **April 28, 2022**.

4.      The Court will hear oral argument on the motion to dismiss and the class certification motion on **May 5, 2022, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 362.

Dated: New York, New York          **SO ORDERED.**
      March 24, 2022

**BARBARA MOSES**
**UNITED STATES MAGISTRATE JUDGE**