Case 1:18-cv-01781-PGG-BCM   Document 365   Filed 03/24/22   Page 1 of 2



**FRANK LLP**
ATTORNEYS AT LAW

305 BROADWAY
SUITE 700
NEW YORK, NY 10017
212 682 1853
212 682 1892   FAX
gfrank@frankllp.com
www.frankllp.com

Mar. 24, 2022

**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re:   <u>Seaman et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.</u>, 18-CV-1781
      <u>Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.</u>, 18-CV-7692

Dear Judge Moses:

We represent Plaintiffs in the above-referenced cases, and write pursuant to your Order of March 10, 2022 (Dkt. No. 361 in Case No. 18-cv-1781; Dkt. No. 290 in Case No. 18-cv-7692) (the "Order"). The Order requires additional justification for the sealing of documents filed under seal during the Rule 23 motion practice. The bulk of these documents were produced by Defendants in discovery and designated confidential under this litigation's Protective Order.[1]

Plaintiffs conferred with Defendants concerning the Order and the need to justify the sealing of documents that Defendants deemed confidential during discovery and that were filed under seal during the Rule 23 motion practice. Defendants have (1) asked that Plaintiffs submit this renewed motion for continued sealing and/or redaction, and (2) provided the below explanatory language (written by the TSI Defendants on behalf of all Defendants):

> Defendants Transworld Systems Inc. and NCO Financial Systems Inc. n/k/a EGS Financial Care, Inc. respectfully request that this Court maintain under seal Exhibit M to the declaration of Asher Hawkins (Dkt. 315-13). The document contains a list of names of current and former NCO and TSI employees, their respective dates of their employment, and their specific login ID's to access the TSI (and formerly NCO) account management system CRS. The information maintained by TSI on the CRS system includes consumers' social security numbers, account numbers, and other personal identification information.
>
> Plaintiffs exclusively cite this document in Paragraph 26 of the declaration of Asher Hawkins. Defendants do not rely upon this document in their opposition papers.

---

[1] *See* Dkt. No. 92 in Case No. 18-cv-1781; Dkt No. 48 in Case No. 17-cv-7692.

> Pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), sealing of documents may be justified "with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."
>
> Exhibit M is not publicly available and does not contain publicly available information. It includes non-public personal identification information including dates of employment and employee access ID's to TSI's (and formerly NCO's) system of record which itself includes consumers personal identification information, including full social security numbers and account information. This information is sufficiently sensitive and sufficiently private to warrant a sealing order. The sealing of this information is essential to preserve higher values and is narrowly tailored to that interest.
>
> NCO and TSI do not oppose the unsealing of the remaining exhibits contemplated in this Court's March 10th order. To the extent that this Court orders the remaining exhibits contemplated in this Court's March 10th order unsealed (and Exhibit M), TSI and NCO respectfully request a period of time to make appropriate redactions to the documents to redact private information.

Plaintiffs consent to Defendants' request for additional time under seal while they finish redacting their own documents. Many of these documents are infused with private personal information about Named Plaintiffs (such as social security numbers), and extra caution is warranted before such documents are publicly filed. Similarly, Plaintiffs do not oppose the request to seal Exhibit M to the First Hawkins Declaration,[2] particularly given the described risk that its publication might compromise private information of absent Class members.

Lastly, Plaintiffs do not object to the unsealing of documents that Plaintiffs introduced in this litigation and filed during the Rule 23 motion practice.[3]

For the above reasons, Plaintiffs, on their own behalf and Defendants', request the Court enter an order: (1) permanently sealing Exhibit M to the First Hawkins Declaration; and (2) allowing Defendants reasonable time to ensure full redaction of the other documents referenced in the Order, prior to their unsealing.

*/s/ Gregory A. Frank*

cc: all counsel (via ECF)

---

[2] *See* Dkt. No. 315-13 in Case No. 18-cv-1781; Dkt. No. 243-13 in Case No. 18-cv-7691.

[3] *See* First Hawkins Decl., Exs. G–K & Q (Dkt. Nos. 315-7–315-11 & 243-17 in Case No. 18-cv-1781; Dkt. Nos. 243-7–243-11 & 243-17 in Case No. 18-cv-7692); Second Hawkins Decl., Exs. A & I (Dkt. Nos. 336-1 & 336-9 in Case No. 18-cv-1781; Dkt. Nos. 264-1 & 264-9 in Case No. 18-cv-7692); Third Hawkins Decl., Ex. D (Dkt. No. 342-4 in Case No. 18-cv-1781; Dkt. No. 270-4 in Case No. 18-cv-7692).