UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___04/19/2022___
```

| | |
|---|---|
| KATHERINE SEAMAN, *individually and on behalf of all others similarly situated*, et al., | |
| Plaintiffs, | 18-CV-1781 (PGG) (BCM) |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al., | |
| Defendants. | |
| CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al., | 18-CV-7692 (PGG) (BCM) |
| Plaintiffs, | **ORDER** |
| -against- | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated March 10, 2022 (March 10 Order) (Dkt. No. 361),[1][2] the Court denied four letter-motions in which the parties sought leave to keep under seal most of the evidentiary material upon which they rely in support of and in opposition to plaintiffs' pending motion for class certification, but permitted the parties to submit renewed sealing motions by March 24, 2022, and delayed the actual unsealing of the subject filings in the interim. On March 24, 2022, plaintiffs filed what is in effect a joint letter-motion (March 24 Letter) (Dkt. No. 365) in which (i) defendants request leave to keep under seal Exhibit M to the June 3, 2021 declaration of Asher Hawkins (Dkt. No. 315-13); (ii) defendants state that they "do not oppose the unsealing of the remaining exhibits contemplated" in the March 10 Order, but request an unspecified "period of time to make appropriate redactions" to those documents "to redact private information";

---

[1] All record citations, unless otherwise specified, are to the docket in the *Seaman* action.

(iii) plaintiffs consent to defendants' request for additional time "while they finish redacting their own documents"; and (iv) plaintiffs "do not object to the unsealing of documents that Plaintiffs introduced in this litigation and filed during the Rule 23 motion practice." March 24 Letter at 1-2. It is not at all clear from the March 24 Letter which documents defendants desire to redact before they are unsealed. Moreover, although plaintiffs list, in a footnote, certain documents that they "introduced during this litigation and filed during the Rule 23 motion practice" (specifically, Exhibits G-K and Q to the June 3, 2021 declaration of Asher Hawkins (Dkt. Nos. 315-7 through 315-11 and 315-17), Exhibits A and I to the September 13, 2021 reply declaration of Asher Hawkins (Dkt. Nos. 336-1 and 336-9), and Exhibit D to the October 22, 2021 supplemental declaration of Asher Hawkins (Dkt. No. 342-4)), they are silent about all of the *other* documents that they filed – under temporary seal – during the Rule 23 motion practice. Moreover, the parties do not address the status of the various Hawkins declarations themselves (all of which remain under temporary seal, even though they do little beyond authenticating their attached exhibits) or plaintiffs' moving and reply briefs, which they filed in redacted form.

Accordingly, it is hereby ORDERED as follows:

1.     Exhibit D to the Hawkins declaration (Dkt. No. 315-13) shall remain under seal for substantially the reasons stated in the March 24 Letter.

2.     Exhibits G-K and Q to the Hawkins declaration (Dkt. Nos. 315-7 through 315-11 and 315-17), Exhibits A and I to the reply Hawkins declaration (Dkt. Nos. 336-1 and 336-9), and Exhibit D to the supplemental Hawkins declaration (Dkt. No. 342-4) shall be unsealed.

3.     No later than **April 26, 2022**, the parties shall jointly file a list of every remaining declaration, exhibit, and brief previously filed under temporary seal in support of or in opposition to the class certification motion, and, as to each such document, state:

a.     That it can be unsealed by agreement of the parties; or

2

b.      That at least one party believes that it should remain sealed; or

c.      That at least one party believes that it should be publicly filed only in redacted form.

As to each document in category (b), the moving party or parties must demonstrate, with specificity, that sealing the document "is essential to preserve higher values and is narrowly tailored to preserve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotation marks and citations omitted).

As to each document in category (c), the moving party or parties must demonstrate, with specificity, that sealing the unredacted document "is essential to preserve higher values" and that the redactions are "narrowly tailored to preserve that interest." *Lugosch*, 435 F.3d at 120. In addition, the moving party or parties must attach – and file in public view – the proposed redacted version of each such document. Separately, the moving party or parties must file, under temporary seal, a set of all documents in category (c) with the proposed redactions highlighted but not applied.

Dated:  New York, New York                            **SO ORDERED**.
        April 19, 2022

_____
**BARBARA MOSES**
**United States Magistrate Judge**