UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE SEAMAN, *individually and on behalf of all others similarly situated*, et al.,

      Plaintiffs,

 -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

      Defendants.

CHRISTINA BIFULCO, *individually and on behalf of all others similarly situated*, et al.,

      Plaintiffs,

 -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,

      Defendants.



18-CV-1781 (PGG) (BCM)

**ORDER**

18-CV-7692 (PGG) (BCM)

**BARBARA MOSES, United States Magistrate Judge.**

The Court having heard oral argument on May 5, 2022 on plaintiffs' motion for class certification (Dkt. No. 312 in Case No. 18-cv-1781) and defendants' motion to dismiss for lack of Article III standing (Dkt. No. 371 in Case No. 18-cv-1781); and the parties having raised new legal points and requested new or different relief during the argument, beyond the points raised and the relief sought in their motion papers; it is hereby ORDERED as follows:

    1.    No later than **May 26, 2022**, plaintiffs shall submit a supplemental brief, no longer than 10 pages (double-spaced), describing with precision the class(es) they now contend the Court should certify. As to each such class, plaintiffs shall specify (a) the criteria for inclusion as a class member;[1] (b) the claims to be

---

[1] By way of example only: (i) *all* persons sued in state-court debt collection lawsuits by any of the Trust Defendants as plaintiff; (ii) all persons sued in *New York* state-court debt collection lawsuits by any of the Trust Defendants as plaintiff; (iii) all persons sued *and served with*

pursued by the class (including any temporal limitations on those claims); (c) the defendant(s) against which each such claim will be pursued; and (d) the subsection of Rule 23(b) under which plaintiffs believe the class may be certified. A table would be helpful. If space allows, plaintiffs may also discuss the ways in which their new proposed class definition(s) overcome the challenges to certification raised by defendants or discussed at the argument.

2. No later than **May 26, 2022**, plaintiffs shall submit a supplemental brief, no longer than 10 pages (double-spaced), stating whether they seek *actual* damages under the FDCPA, N.Y. GBL § 349, and/or N.Y. Jud. Law § 487 (either individually or as a class) and, if so, whether, in their view, their recoverable damages include (a) the amount of the judgments that the Trust Defendants obtained against them in state-court debt collection lawsuits; (b) the amount (if any) that the Trust Defendants have collected against such judgments, whether by garnishment or otherwise; and/or (c) the costs (if any) incurred in responding to or resolving such collection efforts. If space allows, plaintiffs may also discuss the ways in which those actual damages (if sought) reflect the "concrete harm" necessary for Article III standing.

3. No later than **May 26, 2022**, defendants shall file a supplemental brief, no longer than 10 pages (double-spaced), supporting their new contention that plaintiffs lack Article III standing to pursue *any* of their claims under the FDCPA or N.Y. GBL § 349, including those set forth in ¶¶ 274(a), 274(b), 280(a), and 280(b) of the

---

*process* in New York state-court debt collection lawsuits by any of the Trust Defendants as plaintiff; and/or (iv) all persons sued in New York state-court debt collection lawsuits in which any of the Trust Defendants, as plaintiff, *obtained a default judgment* against such persons.

2

    Consolidated Complaint (Dkt. No. 124 in Case No. 18-cv-1781). The Court reminds defendants that in their Notice of Motion (Dkt. No. 371 in Case No. 18-cv-1781) they expressly moved to dismiss plaintiffs' claims *except* those asserted on the basis of these four paragraphs, and in the appendix attached to their moving brief (Dkt. No. 372 in Case No. 18-cv-1781), they wrote: "If Defendants' motion to dismiss for lack of Article III standing were granted in full, the following claims would remain: (1) FDCPA claims asserted by Plaintiffs Sandra Tabar, Christina Bifulco, Francis Butry, and Cori Frauenhofer on the bases asserted in Compl. ¶ 274(a) and (b), and (2) GBL claims asserted by Plaintiffs Mary Re-Seaman, Sandra Tabar, Christina Bifulco, and Cori Frauenhofer on the bases asserted in Compl. ¶ 280(a) and (b)." If space allows, plaintiffs may also discuss the basis for their apparent contention that because the subject of their motion is Article III standing, they are not bound by ordinary case management rules rooted in fairness, including the rule that once the principal briefs are filed it is too late to raise new arguments. *See, e.g.*, *Giuffre v. Andrew*, 2022 WL 118645, at *18 n.106 (S.D.N.Y. Jan. 12, 2022) ("As new arguments first made in a reply brief are too late, it follows necessarily that the same is true of new arguments first raised at oral argument.").

4.   Responding briefs, also limited to 10 pages (double-spaced) are due no later than **June 9, 2022**. There shall be no replies.

5.   In accordance with Moses Ind. Prac. ¶ 2(g), the parties shall promptly deliver **paper** courtesy copies of their previously-filed Rule 12(b)(1) motion papers by hand, mail, or courier (clearly addressed to Judge Moses's chambers). Courtesy

copies should bear the ECF header generated at the time of electronic filing and include protruding tabs for any exhibits. Bulky materials should be neatly bound, or placed in 3-ring binders, with appropriate dividers. Because the Declaration of Asher Hawkins dated April 22, 2022 was filed both on the public docket and under seal with different sets of exhibits (*see* Dkt. Nos. 390, 392 in Case No. 18-cv-1781), plaintiffs shall provide chambers **one** composited copy of Mr. Hawkins's declaration (with **one** complete set of exhibits thereto, including Exhibits 1-A through 1-F, 3-A, 3-B, 3-D, and 3-G as filed on the public docket and Exhibits 2-A through 2-D and 3-C, 3-E, and 3-F as filed under seal).

Dated: New York, New York
May 6, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**