UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KATHERINE SEAMAN, MARY RE SEAMAN, and SANDRA TABAR, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>    Defendants. | No. 18-cv-1781 |
| CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>    Defendants. | No. 18-cv-7692<br><br><br><br><br><br><br><br>**FILED VIA ECF** |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR
CLAIMS FOR ACTUAL DAMAGES CLASSWIDE
AND PURSUANT TO THE COURT'S ORDER OF MAY 6, 2022**

Plaintiffs submit this supplemental brief in further support of their actual damages claims pursuant to the Court's Order of May 6, 2022. That Order instructs Plaintiffs to state whether they seek actual damages, including any of several specific types identified by the Court, and under which statutes those damage claims are asserted. (Ord. at 2).

Plaintiffs model their claims for actual damages after those in *Sykes v. Mel Harris & Associates*,[1] wherein the Second Circuit approved the certification of classes seeking actual damages for "restrain[ing] plaintiffs' bank accounts, threaten[ing] to garnish their wages or seize their property," and other harms. *Sykes I*, 757 F. Supp. 2d at 420, *class cert. aff'd*, *Sykes III*, 780 F.3d at 75. Here, Plaintiffs similarly seek actual damages, under all statutes at issue,[2] which were also the bases for claims in *Sykes*. Tabulated below are the answers to the Order's questions concerning what actual damages Plaintiffs seek, and under which statutes. This brief further explains how Plaintiffs' listed actual damages confirm their Article III standing.

| Actual Damages Sought | Under FDCPA? | Under GBL? | Under § 487? | Individually or as Class? |
|---|---|---|---|---|
| Amounts of state-court judgment in favor of Trust Defendant. | No | No | No | N/A |
| Any amounts collected against such judgments through garnishment. | Yes | Yes | Yes | Class |
| Any costs in responding to state-court actions where a Trust Defendant was plaintiff. | Yes | Yes | Yes | Class |
| Any costs in seeking resolution of state-court actions where a Trust Defendant was plaintiff (e.g., settlement payment). | Yes | Yes | Yes | Class |

---

[1] References to *Sykes* decisions are: "*Sykes I*", to Judge Chin's Rule 12 decision, reported at 757 F. Supp. 2d 413 (S.D.N.Y. 2010); "*Sykes II*", to his Rule 23 decision, 285 F.R.D. 279 (S.D.N.Y. 2012); and "*Sykes III*", to the Second Circuit's Rule 23 decision, 780 F.3d 70 (2015).
[2] The statutes are: Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; N.Y. Gen. Bus. Law § 349 ("GBL"), N.Y. Jud. Law § 487 ("§ 487").

I.  **ARGUMENT**

   A. **Plaintiffs Don't Seek Judgment Amounts, As They Don't Seek To Undo Judgments**

   Plaintiffs do not seek actual damages in the amounts of the default judgments that Defendants took against them.  Contrary to Defendants' arguments, Plaintiffs have never asked that these judgments be "set aside."  (Tr. 24:12–25).[3]

   Plaintiffs instead seek statutory damages,[4] plus actual damages caused by fraudulent actions that Defendants undertook, independent of the fact of default judgment.  (Ord. of Oct. 11, 2019, 419 F. Supp. 3d 668, 687, 706, 709 (Gardephe, J.); *see* Am. Compl., at Parts (ii), (iv) & (v) of Prayer).[5]  Second Circuit precedent requires certification of Rule 23(b)(3) classes seeking such actual damages under the FDCPA, GBL, and § 487.  *Sykes III*, 780 F.3d at 87–88.

   B. **Second Circuit Law Compels Plaintiffs To Seek Garnishment Amounts Classwide**

   1.  *Sykes* **Rejected The Garnishment-Related Concerns Raised At Oral Argument**

   In, *Sykes III*, the Second Circuit considered and rejected the argument that seeking the amounts of any garnishments as damages could present a *Rooker-Feldman* problem or would present too much of an individual damages inquiry. *Compare Sykes III*, 780 F.3d at 87–88, 94–95, *with* Tr. 23:2–12 (expressing these concerns).

   As to *Rooker-Feldman*, the Second Circuit rejected the "argument that the causation components of *Rooker-Feldman* required the district court to exclude from its class certification

---

[3]  References herein to "Tr. __" are to the transcript of the May 5, 2022 oral argument

[4]  The FDCPA and GBL provide for statutory and actual damages, while § 487 provides for actual damages only.  (Ord. of Oct. 11, 2019, 419 F. Supp. 3d at 715).  Statutory damages are sought by each the four Rule 23(b)(3) Classes identified in Plaintiffs' accompanying supplemental Rule 23 brief, for up to $4 million total under the FDCPA, plus $50 per GBL violation.  *See Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196–97 (N.D.N.Y. 2008) (Sharpe, J.) ("[I]n the case of multiple defendants, each may be liable for [statutory] damages of up to [the maximum imposed under § 1692k(a)(2)'s subsections].").

[5]  Plaintiffs' controlling pleading appears on the lead docket (18-cv-1781) at ECF No. 124.

order 'remittance' damages, by which [defendant] means the compensatory [i.e., actual] damages that plaintiffs claim defendants have extracted as a result of the entry of a default judgment." 780 F.3d at 95; *see id.* at 87; *see also Sykes I*, 757 F. Supp. 2d at 420 (listing plaintiffs' actual damages claims for defendants' "restrain[ing] plaintiffs' bank accounts, threaten[ing] to garnish their wages or seize their property," and other harms).

The Second Circuit "discredited [defendants'] contention that the state court judgment satisfied the causal requirements of *Rooker-Feldman*," as fraudulently obtained default judgments merely "act[] as ratification of a harm that resulted from fraudulent conduct on behalf of defendants." 780 F.3d at 95. In any event, the validity of this *Rooker-Feldman* defense is irrelevant to certification: "There is no textual basis to endorse [the] view that certain categories of damages must be carved out of a class certification order under Rule 23(c)(1)(B)." *Id.*

Concerning class manageability, the Second Circuit considered and found unavailing the contention that the class would be unmanageable if certification involved "individualized damages inquiries" into amounts for "the return of the money extracted from [plaintiffs] as a result of [the] fraudulent judgments." *Id.* at 88 (quotation omitted). The Second Circuit found that "individual damage considerations do not threaten to overwhelm the litigation," as "the amount of any money extracted from plaintiffs is stored by defendants themselves." *Id.*

Identically here, Plaintiffs have demonstrated that amounts of garnishments are easily identifiable through Defendants' own records. (Pls.' Decl. in Supp. Mot Class Cert., at ¶¶ 32–34 (ECF No. 315 on lead docket (18-cv-1781))). As the *Sykes* classes had roughly 20 times as many individuals total as here, Defendants' arguments are unavailing. *Compare Sykes III*, 780 F.3d at 76 (2d Cir. 2015) (noting total classes size of nearly 125,000 members); *with* Tr. 105:10–15 (noting total of roughly 6,365 total members).

3

### 2. Recent Precedent Authorizes Actual Damages Claims For Garnishment Amounts

Following *Sykes*, recent decisions by courts in this Circuit approve classwide actual damages claims for amounts garnished, where (as here) the defendant has misrepresented its proof of ownership of the debt alleged in state court. In *McCrobie v. Palisades Acquisition XVI, LLC*,[6] filed in the Western District in 2016, the plaintiff claimed actual damages under the FDCPA and GBL for the defendant's procuring post-judgment garnishments after representing it had been assigned the debt by the third party that got the judgment, despite lacking chain of assignment documents proving its ownership. The defendant successfully moved for dismissal on *Rooker-Feldman* grounds. *McCrobie I*, 2016 U.S. Dist. LEXIS 39435, at *16–18.

On appeal, the Second Circuit reversed the dismissal, finding that "Plaintiff is not asking the federal courts to overturn the underlying state-court judgment[; r]ather, he is alleging that the Defendants' conduct in their attempts to collect on that judgment violated a federal statute and, as a result, that he is entitled to money damages." *McCrobie II*, 664 F. App'x at 83.

Following remand, *McCrobie* proceeded to Rule 23 motion practice. In a decision a few weeks ago, the trial court certified the proposed class of individuals who "had money taken from them through either an income execution or a bank account garnishment." *McCrobie III*, 2022 U.S. Dist. LEXIS 38778, at *40 n.13; *see also id.* at *36 (emphasizing that "any actual damages as to specific class members could be determined through defendants' records"). The *McCrobie*

---

[6] References to *McCrobie* decisions are as follows: *McCrobie v. Palisades Acquisition XVI, LLC*, No. 15-cv-18, 2016 U.S. Dist. LEXIS 39435 (W.D.N.Y. Mar. 24, 2016) (Curtin, J.) ("*McCrobie I*"); *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81 (2d Cir. 2016) ("*McCrobie II*"); *McRobie v. Palisades Acquistion XVI, LLC*, No. 15-cv-18, 2022 U.S. Dist. LEXIS 38778 (W.D.N.Y. Mar. 3, 2022) (Roemer, Mag. J.) ("*McCrobie II*"). The spelling of the plaintiff's name in that case is inconsistent between the various reported decision captions. For consistency, we use the most frequent spelling in our abbreviated references to all decisions there.

*III* court rejected the defendants' argument that the Supreme Court's 2021 decision in *TransUnion*[7] meant the plaintiff lacked Article III standing. *Id.* at *40. The *McCrobie* court emphasized that, in addition to having his money taken, the plaintiff suffers concrete injury due to the fact that defendants still maintain they have a right to collect a debt from [him]." *Id.*

Analogously here, Defendants collected on debts reduced to judgment even though they lacked proof of chain of title. (Pls.' Decl. in Supp. Mot Class Cert., at ¶¶ 11, 22–23). At oral argument, Defendants admitted that Plaintiffs would be eligible for actual damages if Defendants did anything wrong during the garnishment process. (Tr. 62:10–20). That's exactly what happened here: The record shows Defendants committed fraud during the garnishment that is independent of the default judgment.

As an initial point, nothing in the law requires the party that won a collection suit to initiate garnishment. Rather, the garnishment process is separate from the judgment,[8] and requires a series of independent, unilateral actions by the party seeking garnishment (and their counsel). Here, in signing the subject garnishments, Forster attorneys falsely certified that, after an inquiry, they determined that "the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom." Rules of the Chief Administrator of New York Courts (22 NYCRR)

---

[7] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (*"TransUnion"*).

[8] Defendants incorrectly depict their garnishment actions as part of the default judgment. This is not true: garnishment is a separate process from taking default judgment in a collection suit in New York state court. For example, the record here concerning Plaintiffs residing in Buffalo shows garnishment occurring when the state-court plaintiff (here, the Trusts) purchases a special index number in a different court, and serves an income execution paper signed by plaintiff's counsel without court order. Defendants' collection suits against Plaintiffs residing in Buffalo were prosecuted in Buffalo City Court, but the income execution was under a different index number, from Erie County Supreme Court. (*E.g.*, Pls.' Decl. in Supp. Opp. re Defs.' Rule 12(b)(1) Mot, at Ex. 2B, at Bates Nos. FG_00610 & _620 (income execution against Plaintiff Bifulco) (ECF No. 392-2 on lead docket (18-cv-1781)).

5

§ 130-1.1a(b)(2)(i); *see also* FDCPA, 15 U.S.C. § 1592e(5) (proscribing acts "that cannot legally be taken").  Forster are the same attorneys who, upon contracting with TSI-NCO to prosecute Trust actions, were told they wouldn't be provided chain of title.  New York courts, at that time and since, have reminded collection attorneys not to proceed with suit without chain of title in hand.[9]

Under these facts, Plaintiffs should be permitted to seek classwide actual damages in the amounts garnished.  *See McCrobie II*, 664 F. App'x at 83 (rejecting *Rooker-Feldman* argument against such damages claims); *Sykes III*, 780 F.3d at 88, 94–95 (same; also rejecting argument that determining individual class members' damages amounts would be unmanageable).

### C. Plaintiffs Also May Recover Actual Damages For Defense Costs And Direct Payments

In addition to permitting the *Sykes* class to seek actual damages for garnishments, the Second Circuit also approved claims for various "incidental [actual] damages."  780 F.3d at 88.  The *Sykes* class members sought damages for the harms they suffered due to the defendants' "caus[ing] them to incur litigation costs, []impair[ing] their credit," and "pressur[ing class members] into settlements."  *Sykes I*, 757 F. Supp. 2d at 420, 424.  Incorporating such damages claims into a certification order here would be uncontroversial.  *See* 780 F.3d at 88, 95.

Further, the existence of such damages here provides additional confirmation of Plaintiffs' Article III standing.  As the most recent *McCrobie* decision noted, class plaintiffs satisfy the Article III inquiry—including under *TransUnion*—where the defendant asserts a right to collect on a debt despite evidence of broken chain of title.  *McCrobie III*, 2022 U.S. Dist. LEXIS 38778, at *40.[10]

---

[9] *E.g.*, *Midland Funding LLC v. Austinnam*, No. 2959-13, 2015 N.Y. Misc. LEXIS 9, at *18–21 (N.Y. City Ct., Mt. Vernon; Jan. 6, 2015) (imposing sanctions against debt buyer and collection counsel for suing without chain of title); *Midland Funding LLC v. Roulhac*, No. 4100-12, 2014 N.Y. Misc. LEXIS 5655, at *2–3 (N.Y. City Ct., Buffalo; Jan. 13, 2014) (denying standing for lack of chain of title).

[10] Similarly, courts have confirmed that plaintiffs claiming they were subjected to baseless suits have Article III standing under *TransUnion*, because such claims are akin to common-law torts

### D. The District Court's Rule 12 Decision Supports Plaintiffs' Actual Damages Claims

The District Court had not considered the Rule 23 issues now present in dismissing Defendants' Rule 12 motions earlier in the case. (Tr. 75:14–76:10). However, Judge Gardephe did consider and reject Defendants' challenges to both *Rooker-Feldman* and lack of actual injury for GBL purposes. It is the law of the case that damages are recoverable for harms like garnishments and negative credit reporting, regardless of whether the debt alleged in state court was valid. (*See* Ord. of Oct. 11, 2019, 419 F. Supp. 3d at 707 n.23 (stressing that the GBL is "much like the FDCPA—which is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists" (quotation omitted))). Plaintiffs submit that the analysis should be no different under the FDCPA and similar statutes.

## II. CONCLUSION

For the reasons above, Plaintiffs' actual damages are recoverable, comport with Rule 23 certification, and further support their Article III standing.

---

like wrongful use of civil proceedings, torts for which citizens have always had standing to sue. *Makhnevich v. Bougopoulos*, No. 18-cv-285, 2022 U.S. Dist. LEXIS 57706, at *16 n.7 (E.D.N.Y. Mar. 29, 2022) (Matsumoto, J.) (citing *TransUnion*, 141 S. Ct. at 2204). Plaintiffs will further discuss their Article III standing under *TransUnion* in their forthcoming opposition to Defendants' Rule 12(b)(1) supplemental brief pursuant to this Court's Order.

7

Dated:  New York, New York
May 26, 2022

Respectfully submitted,

**FRANK LLP**

By:   <u>*/s/ Gregory A. Frank*</u>
Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Attorneys for Plaintiffs and the Class*

8