

305 BROADWAY
SUITE 700
NEW YORK, NY 10017
212 682 1853
212 682 1892   FAX
gfrank@frankllp.com
www.frankllp.com

August 26, 2022

**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re: <u>Seaman et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.</u>, 18-CV-1781
<u>Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.</u>, 18-CV-7692

Dear Judge Moses:

We represent Plaintiffs in the above-referenced cases, and write concerning Defendants' Notice of Additional Authority (Dkt. No. 419 in Case No. 18-cv-1781; not docketed in Case No. 18-cv-7692) (the "Notice"). The Notice incorrectly argues[1] that three opinions issued in recent weeks support Defendants' Article III standing arguments. (*Id.* at 1–3).

Defendants' new authority does not support their argument. All three cases are distinguishable, insofar as these seem to support Defendants. Moreover, Defendants' Notice presents an incomplete picture of recent authority, omitting numerous decisions that interpreted *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), to find that similar plaintiffs had Article III standing.

### I. Defendants' Notice Relies On Inapposite Cases

The Notice cites three post-*TransUnion* decisions that actually confirm standing for Plaintiffs, each of whom was prosecuted and credit-reported by Defendants over unprovable debts. (Notice at 1–3 & Exs. A–C). First, in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.* the Fifth Circuit denied standing to an FDCPA plaintiff who claimed a collection letter contained misleading information, but who lacked damages because she immediately perceived the faulty language and acted to protect herself. *See* 2022 U.S. App. LEXIS 22649, at *9–16 (5th Cir. Aug. 15, 2022). Here, in contrast, Defendants' use of fraudulent state-court filings meant no Plaintiff or Class member could timely discover Defendants' scheme, which only came to light after a

---

[1] Defendants' Notice is essentially a reply brief in support of their Rule 12(b)(1) challenge—despite this Court's instruction no such reply be submitted. (Ord. of May 6, 2022, at 3 (Dkt. No. 399 in Case No. 18-cv-1781)). Moreover, there is no basis in the Rules for notices of additional authority in the procedural context at bar. *See* Fed. R. Civ. P. 12(b) & 72. Even where other contexts allow supplemental authority, the notice thereof must be succinct and avoid argument. *See* Fed. R. App. P. 28(j). Defendants' Notice is prolix, argumentative, and should be ignored. Even if this Court does consider the Notice, its arguments and citations are unavailing for the reasons set forth in this letter.

Aug. 26, 2022
Page 2

federal investigation. (Ord. of Oct. 11, 2019, 419 F. Supp. 3d 696–700 (Gardephe, J.) (discussing self-concealing nature of Defendants' scheme)).[2]

*Drazen v. Pinto* is irrelevant as it involves claims under the Telephone Consumer Protection Act. There, the Eleventh Circuit concluded that a settlement-class definition violated that Circuit's Article III precedent where the definition encompassed two groups of consumers: one who couldn't satisfy standing, and one who could. Specifically, those who only received an unwanted text message lacked actual injury, while those who received one or more unwanted phone calls could proceed with suit. *See* 2022 U.S. App. LEXIS 20766, at *12–20 & n.13 (11th Cir. July 27, 2022). Here, the Class definition only encompasses individuals with actual injury: those targeted by Defendants' sham collection actions in state-court.[3]

*Spira v. TransUnion LLC* also involved a different statute (the Fair Credit Reporting Act), and an unusual set of facts. That court dismissed the case without prejudice due to unresolved fact questions over whether a debt collector's negative statement to a credit bureau about the plaintiff remained in the bureau's database without dissemination, or was in fact disseminated to third parties like potential creditors. *See* 2022 U.S. Dist. LEXIS 128085, at *16–19 (S.D.N.Y. July 19, 2022) (Karas, J.).[4] Here, evidence already has demonstrated that Defendants' negative statements to the bureaus became "tradelines" which were disseminated to third parties, with corresponding harms including loss of credit opportunity.[5]

## II.   The Weight Of Post-*TransUnion* Precedent Confirms Standing Here

Defendants' Notice misrepresents the post-*TransUnion* landscape by cherry-picking a few decisions questioning standing. In fact, courts repeatedly have confirmed standing for claims involving less egregious harm than that here. Plaintiffs highlighted numerous such decisions in

---

[2] Further, the *Perez* court emphasized that consumers like Plaintiffs and the Class have standing to seek "forward-looking" relief—such as injunction—if risk of future harm exists. *Id.* at *16–18. Thus here, even if Plaintiffs and the Class somehow lacked standing to seek past damages against Defendants, standing still exists for the prospective relief sought regarding the ongoing harms from Defendants' unlawful collection actions. (Pls.' Mem. Opp. Dfts' R.12(b)(1) Mot., at 13–14 (Dkt. No. 389 in Case No. 18-cv-1781) (Apr. 22, 2022) ("Pls.' 12(b)(1) Opp.")).

[3] *See also Lackawanna Chiropractic P.C. v. Tivity Health Support, Ltd. Liab. Co.*, No. 18-cv-649-LJV-JJM, 2021 U.S. Dist. LEXIS 162860, at *8–13 (W.D.N.Y. Aug. 27, 2021) (Vilardo, J.) (upholding settlement-class definition encompassing anyone who received single fax in violation of TCPA) (analyzing *TransUnion*).

[4] Importantly, precedent from courts including the Seventh Circuit conflicts with *Spira*'s reasoning that a debt collector's dissemination to a credit bureau is insufficient to establish standing, absent proof of further dissemination to other third parties. *Ewing v. Med-1 Sols., LLC*, 24 F.4th 1146, 1154 (7th Cir. 2022) (upholding standing for FDCPA plaintiff on basis that debt collector's negative statement to bureau was akin to defamation) ("[B]eing portrayed as a deadbeat who does not pay [his or her] debts has real-world consequences."); *see also id.* at 1153 ("*TransUnion* applied the FCRA, which seeks to regulate the procedures used by credit reporting agencies[, but u]nder the FDCPA, a consumer must show [only] that a debt collector reported false information . . . ."). The *Spira* court did not address this other precedent. In any event, the record here shows dissemination to both bureaus and potential creditors.

[5] Pls.' 12(b)(1) Opp., at 8, 11–12; & Pls.' 12(b)(1) Ex. 1-D at 135:5–138:16 (Dkt. No. 390-4).

Aug. 26, 2022
Page 3

prior submissions to the Court, and new ones are issued on an almost daily basis. In the past two weeks alone: *McDonough v. Leopold & Assocs., PLLC*, No. 21-cv-375, 2022 U.S. Dist. LEXIS 149773, at *6–13 (W.D. Pa. Aug. 22, 2022) (standing to sue debt collector for misleading collection letters) ("[T]he FDCPA is not solely aimed at combatting fraud-like conduct, but also is intended to curb harassment and abuse by debt collectors more generally."); *Ortner v. Equifax Info. Servs.*, No. 21-cv-2219, 2022 U.S. Dist. LEXIS 148522, at *7–9 (D.N.J. Aug. 18, 2022) (standing to sue collector for negative reporting to bureau) ("Much like how an individual's interest in his or her reputation is protected by defamation at common law, [modern statutes] protect consumers from the adverse effects of unfair or inaccurate credit reporting." (quote omitted)); *Vazzano v. Receivable Mgmt. Servs., LLC*, No. 21-cv-0825, 2022 U.S. Dist. LEXIS 144258, at *12–15 (N.D. Tex. Aug. 12, 2022) (standing to sue collector for misleading collection letters) ("[A]s then-Judge Barrett wrote [in 2020] for the Seventh Circuit . . . , a slight injury, which of itself may not be enough under the common law—but is the same <u>type</u> of harm recognized at common law—is sufficient for Article III purposes." (cite omitted) (emphasis original)).

      Decisions like these confirm standing for claimants who suffered harms less serious than those here. Each Plaintiff and Class member here was subjected to a sham collection lawsuit and negative credit-reporting. Prosecuting consumers over unprovable debts causes material harm, and Defendants' Notice offers no new reason for this Court to deny standing to any Plaintiff or Class member.

                                                                             */s/ Gregory A. Frank*

cc: all counsel (via ECF)