

305 BROADWAY
SUITE 700
NEW YORK, NY 10017
212 682 1853
gfrank@frankllp.com

**VIA ECF**  January 30, 2023

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re:   <u>Seaman et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.</u>, 18-CV-1781
      <u>Bifulco et al. v. Nat'l Collegiate Student Loan Trust 2004-2 et al.</u>, 18-CV-7692

Dear Judge Moses:

We represent Plaintiffs in the above cases and write concerning Defendants' letter of January 27, 2023 (Dkt. No. 421 in Case No. 18-cv-1781), calling this Court's attention to *Hoffman v. Transworld Sys.*, No. 18-cv-1132, 2023 U.S. Dist. LEXIS 13790 (W.D. Wash. Jan. 26, 2023).

*Hoffman* does not support denying certification in the Second Circuit as it did not address the Rule 23 precedent that controls here, *Sykes v. Mel Harris & Assocs.*, 780 F.3d 70 (2d Cir. 2015). As this Court has said, *Sykes* is "very close to all fours on point" with Plaintiffs' certification motion. (Tr. of May 5, 2022 Ct. Conf., at 77:13–15).

*Sykes* upheld certification where collectors followed a policy of non-review. *Id.* at 85–86, 96. In this Circuit, class-wide "[l]iability under the FDCPA can be established irrespective of whether the presumed debtor owes the debt in question." *Id.* at 83. Plaintiffs here, as in *Sykes*, seek certification based on Defendants' uniform written policies that <u>forbade review of documents</u> in every collection action.[1]

In contrast, the plaintiffs in *Hoffman* did not offer evidence of uniform conduct, such as the no-review policies offered by Plaintiffs here and in *Sykes*. *See* 780 F.3d. at 85–86, 96. *Hoffman*'s rejected theory of commonality was instead bootstrapped on a chain-of-title defect, an argument not relied upon by Plaintiffs here in their motion for class certification. *See* 2023 U.S. Dist. LEXIS 13790, at *17–24.

*Hoffman*'s certification analysis contradicts *Sykes*, as it focuses on whether the debt collector can today validate a specific debt, where *Sykes* focuses on the defendants' failure to do so at the time of the defendants' violations. *Compare Hoffman*, 2023 U.S. Dist. LEXIS 13790, at *17–24, *with Sykes*, 780 F.3d. at 83, 96. Plaintiffs have sufficiently demonstrated that they are entitled to class certification based on Defendants' uniform, written policies requiring the violations of law complained of here.

  /s/ Gregory A. Frank

---

[1] Defendants' policies prohibited their attorneys and affiants from checking chain of title, or terms of loans. *E.g.*, Pls.' Br. in Supp. Class Cert., at 4–5, 13 (Dkt. No. 314 in Case No. 18-cv-1781); Pls.' Reply in Supp. Class Cert., at 1–5 (Dkt. No. 335 in Case No. 18-cv-1781).