UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE SEAMAN, et al., *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>    -against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,<br><br>    Defendants. | 18-CV-1781 (PGG) (BCM) |
| CHRISTINA BIFULCO, et al., *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>    -against-<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, et al.,<br><br>    Defendants. | 18-CV-7692 (PGG) (BCM)<br><br>**ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/14/2023

**BARBARA MOSES, United States Magistrate Judge.**

In a joint letter dated June 15, 2020 (Joint Ltr.) (Dkt. 182),[1] plaintiffs in these consolidated cases requested, among other things, an order directing defendant Transworld Systems, Inc. (TSI) to produce six categories of documents. *See* Joint Ltr. at 2 (bullet-point list). On July 17, 2020, after a discovery conference, I granted that request in part, directing TSI to produce documents in four of the six categories, in whole or in part. *See* 7/17/20 Order (Dkt. 194) ¶¶ 1-6.

In Category 1, plaintiffs requested "documents concerning how TSI selects law firms such as Forster [& Garbus] for inclusion in its nationwide 'Attorney Network' of local counsel to which Trust accounts are referred." I directed TSI to produce a narrower category of documents, as follows: "Documents concerning how TSI selected Forster for inclusion in its nationwide 'Attorney Network' of local counsel to which Trust accounts are referred." 7/17/20 Order ¶ 1. Additionally,

---

[1] All docket citations in this Order are to the docket of the first-filed action, No. 18-CV-1781.

I denied plaintiffs' request for an order directing TSI to produce Category 4, consisting of "[d]ocuments reflecting instances in which TSI called back a Trust account that had been referred to a Law Firm, because TSI lacked proof of indebtedness," and Category 5, consisting of "[d]ocuments reflecting Law Firm requests to TSI for additional documents in connection with state-court consumer-defendants' demands for discovery against the Trusts." *Id.* ¶¶ 4, 5.

Plaintiffs filed objections, pursuant to Fed. R. Civ. P. 72(a), to the rulings summarized above. (Dkt. 202.) On January 18, 2022, the Hon. Paul G. Gardephe, United States District Judge, returned the matter to me for an explanation of the bases of my decision as to these three categories. *See* 1/18/22 Order (Dkt. 346) at 7. This Order sets forth those bases.

I limited Category 1 to documents concerning the selection of Forster & Garbus on proportionality grounds. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Although the operative complaint alleged a nationwide class, all of the named plaintiffs were sued in New York, and all of them were sued by Forster, which handled all of TSI's student loan debt collection cases in the Empire State. It was not yet clear whether plaintiffs would adduce any specific evidence of wrongdoing in other states, where TSI utilized other law firms. As it turned out, they did not.[2] Consequently, there is no reason to revisit that ruling now.

---

[2] Although I later required TSI to turn over to plaintiffs all of the documents it previously produced to the Consumer Financial Protection Bureau (CFPB) in connection with a nationwide CFPB investigation of the same species of misconduct alleged here (*see* Dkt. 241), plaintiffs never added (or attempted to add) any non-New York plaintiffs or non-New York law firm defendants to this case. Similarly, after obtaining the right to conduct sampling discovery of New York case files, and permission to "negotiate a protocol for further sampling, on a staged basis, beyond New York" (Dkt. 204 ¶ 5), plaintiffs never presented any such protocol, and consequently never sampled case files outside of New York. Ultimately, they asked this Court to certify various classes consisting only of individuals sued in New York, by Forster. *See* Report & Recommendation (Dkt. 423) at 4-5, 20. I have recommended that the class certification motion be granted, in part, and that a statewide class be certified pursuant to Fed. R. Civ. P. 23(b)(3). *Id.* at 67-68.

As to Categories 4 and 5, I was persuaded by TSI that these requests targeted documents that were protected by the attorney-client privilege, because – unlike many of the other documents sought by plaintiffs concerning the relationship between Forster and its clients – the documents described in Categories 4 and 5 concerned "decisions made in specific cases, specific litigation." *See* Joint Ltr. at 2; Tr. of June 18, 2020 Conf. (Dkt. 187) at 22:9-22. I note, in this regard, that although *all* of the argument regarding Categories 4 and 5 at the discovery conference concerned TSI's privilege objection, *see id.* at 19:4-23:25, plaintiffs did not address the privilege issue in their Rule 72(a) objections (Dkt. 202). In their reply brief in further support of their objections, plaintiffs argued that my 7/17/20 Order "was not on privilege grounds" (Dkt. 230, at 4), but made no effort to argue that the documents are not in fact privileged.

In retrospect, I acknowledge that it would have been more helpful for the parties (and the District Judge) to have explicitly stated what I thought was clear from the argument presented at the conference, namely, that the issue as to Categories 4 and 5 was privilege. Once again, however, I see no reason to revisit the ruling itself.

Dated: New York, New York
       March 14, 2023                    SO ORDERED.

                                         _____
                                         **BARBARA MOSES**
                                         **United States Magistrate Judge**