**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHERINE SEAMAN, individually and on behalf of all others similarly situated, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, *et al.*,<br><br>Defendants. | 18-CV-1781 (PGG) (BCM) |
| CHRISTINA BIFULCO, individually and on behalf of all others similarly situated, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, *et al.*,<br><br>Defendants. | 18-CV-7692 (PGG) (BCM) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MARCH 24, 2023 SANCTIONS ORDER**

NOW COMES defendant Transworld Systems Inc. ("TSI"), through undersigned counsel, who submits the following Response to Objections to Certain Parts of the Magistrate Judge's Order of March 24, 2023 Concerning Sanctions Against TSI filed by plaintiffs. *See* Docket No. 430.[1]

Plaintiffs assert 2 objections to Magistrate Judge Moses' Sanctions Order. *Id.*, *see also* Sanctions Order at Docket No. 427. First, plaintiffs argue their counsel's hourly rates were improperly reduced. Second, plaintiffs argue the Court should not have asserted a 25% reduction

[1] The Docket Number is in reference to the lead case no. 18-CV-1781.

of the hours for attorneys Gregory Frank and Marvin Frank based on duplicative work. Importantly, plaintiffs do *not* challenge the Sanctions Order with regards to hours billed for certain work outside of the original 4/13/21 sanctions order, certain reductions for work seeking non-monetary relief, or the Court's refusal to award non-monetary relief.[2] *See* Docket No. 430, p. 2, fn. 7.

For the reasons stated below, this Court should reject plaintiffs' objection.

**A. The Sanctions Order Applied the Appropriate Hourly Rate**

This Court correctly stated that the "fee applicant bears the burden of producing satisfactory evidence that its requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *See* Docket No. 427, p. 11, *citing In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (S.D. N.Y. Oct. 28, 2015) (*quoting Pearson Educ., Inc. v. Vergara*, 2010 WL 3744033, at *6 (S.D. N.Y. Sept. 27, 2010)), re*port and recommendation adopted sub nom. In re: Terrorist Attacks*, 2015 WL 9255560 (S.D. N.Y. Dec. 18, 2015) (internal quotations omitted). Plaintiffs, in their objection, do not acknowledge this burden.

Worse, despite the Sanctions Order faulting plaintiffs for failing to provide any evidence or case law to support the exorbitant hourly rates they seek, plaintiffs fail to offer anything new in the objection. The Sanctions Order correctly identified that courts in the Southern District of

---

[2] While plaintiffs do not object to the denial of non-monetary sanctions, they nevertheless provided unnecessary commentary that grossly misquotes the Sanctions Order. In footnote 8, plaintiffs state they "agree with ***the Order's assessment*** that 'the facts they ask the Court to deem established are all supported by the evidence that they successfully developed during the discovery period.'" *See* Docket No. 430, p. 2, fn. 8 (emphasis added). It is patently false to call the quoted language "the Order's assessment." The Sanctions Order clearly states that "***according to plaintiffs***, the facts they ask the Court to deem established are all supported by the evidence that they successfully developed during the discovery period." *See* Docket No. 427, p. 18 (emphasis added). Footnote 8 is both false and disrespectful of this Court.

New York have found that in cases brought under the Fair Debt Collection Practices Act ("FDCPA"), the reasonable hourly rates are $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates. *See* Docket No. 427, p. 12, *citing Hancock v. I.C. Sys., Inc.*, 592 F. Supp. 3d 250, 256 (S.D. N.Y. 2022); *Bowman v. Receivables Performance Mgmt. LLC*, 2022 WL 1321372 (S.D. N.Y. May 3, 2022). In fact, *Hancock* and *Bowman* are consistent with at least 6 cases from the Eastern District over the last 2 years confirming the same reasonable hourly rates for FDCPA lawsuits. *See Blonder v. Indep. Cap. Recovery, LLC*, 2023 WL 2236908, at *2 (E.D. N.Y. Feb. 27, 2023); *Hershkowitz v. ARstrat, LLC*, 2023 WL 2311429, at *4 (E.D. N.Y. Jan. 25, 2023), *report and recommendation adopted*, 2023 WL 2306071 (E.D. N.Y. Feb. 28, 2023); *Schwartz v. Jzanus Ltd.*, 2022 WL 603996, at *1 (E.D. N.Y. Feb. 28, 2022); *Rosen v. LJ Ross Assocs., Inc.*, 2022 WL 493728, at *5 (E.D. N.Y. Jan. 24, 2022), *report and recommendation adopted*, 2022 WL 493274 (E.D. N.Y. Feb. 17, 2022); *Zaslavskiy v. Weltman, Weinberg & Reis Co., LPA*, 2022 WL 1003589, at *11 (E.D. N.Y. Jan. 5, 2022); *Rudler v. MLA L. Offs., Ltd.*, 2021 WL 4398087, at *2 (E.D. N.Y. Sept. 27, 2021).

In *Rudler*, the Magistrate Judge downwardly adjusted the requested rates for the two plaintiff's lawyers, with 10 and 6 years' experience, from $400 and $375 respectively to $300 each. *See Rudler*, 2021, WL 4398087 at * 1. District Court Judge Komitee downwardly adjusted them even more to $275 each. *Id*.

Plaintiffs argue the prevailing case law should be ignored and, instead, disclosed rates from uncontested class action settlements should be applied. Plaintiffs' argument is flawed. First, plaintiffs provide no precedent for using hourly rates disclosed in uncontested class action settlements to the exclusion of contested fee requests. In fact, Judge Lehrburger rejected the same argument in *Hancock*. *See Hancock*, 592 F.Supp.3d at 256 ("Hancock's attorneys refer to

previous FDCPA cases in which they have been awarded attorney's fees based on equivalent or similar hourly rates as invoked in the instant case. Those cases, however, both involved approval of class-wide settlements, and there is no indication that any party or class member contested the fees sought.").

Second, the hourly rates in the class action settlements plaintiffs cite were merely disclosed to the respective courts, but not "approved." As this Court recognized, despite the disclosed hourly rates in *Toohey*, the ultimate fee award, divided by total hours, came to $206.50 per hour. *See* Docket No. 427, p. 14. Plaintiffs' reliance on *Winslow* is flawed for the exact same reason. In *Winslow*, the ultimate fee award ($120,000), divided by total hours (604.30), came to *less* than $200 per hour. *See* Case No. 15-cv-2996, docket nos. 89, 90-9, 96. In *Sykes*, the Court never approved a specific hourly rate, but instead approved attorney's fees as 16.7% of total monetary recovery for the class. *See Sykes v. Harris*, 2016 WL 3030156, at *16 (S.D. N.Y. May 24, 2016). The court found the net award was reasonable given counsel's successful multi-million-dollar settlement. *Id*. While plaintiffs' counsel here may have similar aspirations, this particular fee motion concerns "a discovery dispute over the deposition of a single witness." *See* Docket No. 427, p. 13.

Plaintiffs' argument that this case is a class action is of no consequence. In *Zaslavskiy*, the parties settled an FDCPA class action with attorney's fees to be separate from the settlement fund and determined by the court. *See Zaslavskiy*, 2022 WL 1003589 at *10. Though uncontested, Magistrate Judge Reyes recognized that "rates in FDCPA cases regularly fall on the lower end of this range and courts rarely award rates greater than $350 for even the most

experienced attorneys," and sharply reduced all requested hourly rates. *Id*. at *12-13 (reducing request by senior attorney for $700 to $350 and similar reductions for less senior attorneys).[3]

Additionally, plaintiffs' argument that this matter is particularly complex was, correctly, summarily rejected by this Court's recognition that the sanctions motion concerned "a discovery dispute over the deposition of a single witness." *See* Docket No. 427, p. 13. Moreover, any complexities of this matter as compared to other FDCPA litigation would only support fees on the higher (or lower) end of the appropriate range for FDCPA litigation.

Plaintiffs provide no support whatsoever for their "sky high" request for hourly rates of $1,400 for senior partner Marvin Frank, $1,100 for junior partner Gregory Frank, and $500 for associate Asher Hawkins.[4] The Court's reduction to $450, $375, and $300, respectfully, was reasonable and, arguably (considering the prevailing case law), generous.

**B. The 25% Reduction Was Warranted**

Plaintiffs argue the duplicative review by two partners, who claim a combined hourly rate of $2,500, of an associate's work was warranted. Plaintiffs only supporting case law is *Barrella*, where the court acknowledged that "a partner supervising another partner" may be compensable, but still found that some entries were "excessive and duplicative" and applied a 10% reduction. *See Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 175 (E.D. N.Y. 2014). *Barrella* not only stood for the proposition that the court should apply a broad percentage-based reduction for

[3] Report and Recommendation by unnumbered docket entry on 1/25/22, USDC EDNY, Case No. 18-cv-04747-DLI-RER.

[4] The Court was right to determine the hourly rate based upon the appropriate range for comparable work, and not based on the unreasonable rates requested. *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 954 (D.C. Cir. 2017) ("It is a time-honored bargaining tactic: make an unreasonable opening offer in an effort to 'anchor' the ensuing give-and-take to an artificially high (or low) range of prices. Even if the offer has no basis in reality and is rejected out of hand, it may for psychological reasons yield an artificially high (or low) final price."); *citing* Russell Korobkin, Aspirations and Settlement, 88 CORNELL L. REV. 1, 32 (2002).

excessive and duplicative work, but addressed a situation where just *one* attorney was reviewing one other attorney's work. *Id.*, *citing Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994). Here, *two* attorneys with a combined (claimed) hourly rate of $2,500 reviewed the same work of the associate. The Court did not err in applying a 25% reduction to the hours of M. Frank and G. Frank.

This Court should reject plaintiffs' objection.

Respectfully submitted,

/s/ Michael Alltmont
Michael Alltmont
Bryan Shartle
Sessions, Israel & Shartle
3850 N. Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-7917
E-mail: malltmont@sessions.legal
bshartle@sessions.legal

James K. Schultz
Sessions, Israel & Shartle
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone: (619) 296-2018
Email: jschultz@sessions.legal

Aaron R. Easley
Sessions, Israel & Shartle
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Telephone: (908) 237-1660
E-mail: aeasley@sessions.legal

*Attorneys for Transworld Systems Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023 a true and correct copy of the foregoing was served upon the attorneys of record by operation of the ECF filing system, including:

Gregory A. Frank
Marvin L. Frank
Asher Hawkins
FRANK LLP
370 Lexington Avenue, Suite 1706
New York, New York 10017
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

/s/ Michael Alltmont
Attorney