July 25, 2024

**VIA ECF**

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re:   *Seaman et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781

Dear Judge Moses:

We write jointly on behalf of all Parties in the above-referenced litigation, pursuant to instructions from Judge Gardephe's chambers.

**Background**

Your Honor's Report of March 13, 2023 (ECF No. 423) recommending that a class be certified in this action pursuant to Rule 23(b)(3) was adopted by the District Court's Order of September 27, 2023 (ECF No. 445). Defendants then petitioned the Second Circuit under Rule 23(f) seeking permission to appeal the certification of the class here. The Second Circuit denied Defendants' petition on February 21, 2024. (*See* ECF No. 447).

Prior to class certification, the Parties had conducted pre-certification discovery including depositions of named plaintiffs and other fact witnesses, and exchange of documentary evidence about named plaintiffs and fact witnesses. Discovery as to putative class members was limited to a sample of 5% of certain internal documents in Defendants' possession concerning individual putative class members. (ECF No. 204). Since the Court certified the class, the parties have engaged in class discovery.

To facilitate class notice, on April 23, 2024, Plaintiffs served class interrogatories on Defendants TSI and Forster. TSI and Forster responded and asserted objections that many of the interrogatories were beyond the limited scope of class identification and notice. The Parties have held a Rule 37 meet-and-confer about the responses. Plaintiffs also served TSI with class requests for production of documents so that class members can be identified and provided with notice of this litigation pursuant to Rule 23(c)(2). TSI's responses to Plaintiffs' document requests are pending.

On July 17, 2024, Judge Gardephe's chambers instructed the Parties to call chambers jointly. During the call, held on July 18, the Parties described to chambers the post-certification discovery taking place and related that Your Honor is not aware of it. Chambers stated that the Court understood that the case was ready for trial or to proceed to Rule 56 motion practice. Plaintiffs informed chambers that class discovery and class notice must come first. Chambers then instructed the Parties to jointly submit this letter to Your Honor stating the Parties' position for Your Honor's discretionary consideration of these pre-trial issues.

**Parties' Joint Positions**

The next step in the case is notice to the certified class pursuant to Rule 23(c)(2)(B). Class notice is required where, as here, certification is pursuant to Rule 23(b)(3), and "the court must

Hon. Barbara Moses
Page 2

direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In this Circuit, trial courts have ordered that class notice proceed after certification has been granted and any Rule 23(f) appeal resolved. *See, e.g.*, Ord. Mar. 25, 2023, *Lanzillotta v. GEICO Gen. Ins. Co.*, No. 19-cv-1465 (E.D.N.Y.) (ECF No. 50) (Irizarry, J.); Ord. Sept. 21, 2022, *Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 20-cv-1922 (D. Conn.) (ECF No. 84) (Arterton, J.).[1]

**Parties' Point Of Disagreement**

    **Plaintiffs' Position**

Fact and expert discovery closed on May 21, 2021. (*See* ECF No. 131 (case management plan); *see also* ECF Nos. 256; 263, 278 297 (extensions granted for pandemic-related and other delays)). The only discovery authorized to be conducted now is class discovery concerning class notice and related items, as reflected by Plaintiffs' recently served interrogatories and document demands. *Lanzilotta*, 2024 U.S. Dist. LEXIS 5436, at *4–10 (class discovery post-certification does not constitute "reopening" discovery). Indeed, Defendants acknowledged years ago that additional fact and expert discovery are not needed, when TSI applied for permission to make a Rule 56 summary judgment motion, and was denied by Judge Gardephe's Order of December 7, 2021. *See* Fed. R. Civ. P. 56(b) (summary judgment follows close of discovery).[2]

This letter was supposed to simply inform the Court about the class-related discovery that has occurred since the class was certified and Defendants' Rule 23(f) appeal was denied. Defendants now attempt to parlay those setbacks into reopening non-class-related discovery. If Defendants can justify the need to reopen non-class-related discovery, they should so move. There's no need for Defendants to raise the issue in this letter, yet they insist on it. They've said nothing about needing anything like expert discovery, not to Plaintiffs or to the Court, in the nearly year-and-a-half since certification, not even during the recent discovery activity. Even in raising the point now, they cannot cite any case or rule supporting their argument for reopening. There's no support for Defendants' statement below that "it is commonplace to conduct expert discovery on merits issues after the class certification question has been litigated."

Meanwhile, Plaintiffs have worked with Defendants on the outstanding class discovery, including revising the text of interrogatories per Rule 37 discussions, and accommodating multiple requests for extension of responsive deadlines. Defendants' assertion that Plaintiffs are currently

---

[1] Engaging in post-certification exchanges of information and documents is not "reopening" discovery because class notice is mandatory in the Rule 23(b)(3) context, and courts cannot effectuate class notice without the parties' exchanging the necessary information. *Lanzilotta*, 2024 U.S. Dist. LEXIS 5436, at *4–10 (E.D.N.Y. Jan. 10, 2024) (Cho, Mag. J.).

[2] Judge Gardephe's Order of December 7, 2021, in rejecting the request to have Rule 56 motion practice precede Rule 23 briefing, prohibited "seriatim summary judgment motions." Numerous cases, including in this Circuit, confirm the necessity of class notice before summary judgment motions, as reversing the sequence "heighten[s] the chances of inefficiency" and "constitutional harm" where absent class members are not bound by judgment against class representatives. *Chaney v. Vt. Bread Co.*, No. 21-cv-120, 2022 U.S. Dist. LEXIS 147137, at *18–21 (D. Vt. Aug. 17, 2022) (Sessions, J.).

Hon. Barbara Moses
Page 3

seeking non-class-related discovery is untrue.[3]  The information and documents at issue—some of which have already been produced—contain the basic details about who, what, and when that are necessary for class notice per Rule 23(c)(2)(B).  Such information and documents were exchanged for a small number of class members during the pre-certification sampling, and now the same process must occur for the rest.  If the class discovery that Plaintiffs initiated was invalid as Defendants now seem to say below, then Defendants wouldn't have given substantive responses to numerous demands (which they did), wouldn't have sought Plaintiffs' input on formulating subsequent substantive responses (they did), and would've brought their grievance to the Court's attention in sooner than three months' time (they didn't).

### **Defendants' Position**

Defendants disagree with Plaintiffs' above-referenced position regarding expert and class discovery, which is itself inconsistent. Plaintiffs contend that "fact and expert discovery closed on May 21, 2021," while acknowledging that they have recently served several sets of written discovery on Defendants, including interrogatories and production requests. Plaintiffs characterize these requests as "class discovery concerning class notice and related items"—just "exchanges of information and documents." While it is unclear what they believe constitutes "class discovery," apparently "related items" encompasses things like "[a]ll Documents reflecting debt collection lawsuits filed in New York State courts during the Class Period where Forster acted as plaintiff's counsel." (Document Request No. 3 from Plaintiffs' July 18, 2024 Production Requests). What is clear is that Plaintiffs are seeking extensive post-certification fact discovery from Defendants while simultaneously arguing that discovery for Defendants should be precluded.[4]

Defendants also do not believe that all expert discovery closed on May 21, 2021. After this action was referred to Your Honor for pre-trial proceedings, the parties and Court only addressed expert discovery deadlines relating to Plaintiffs' motion for class certification. *See, e.g.*, Dkt. 189, Order ("If the class certification motion raises issues requiring expert discovery, the parties may request an extension of the briefing schedule …."); *see also* June 18, 2020 Hearing Tr at pp. 6–11. (discussion regarding potential expert discovery relating to Plaintiffs' motion for class certification). At this point—and this case has been ongoing for some time, with many superseding scheduling orders—there does not appear to be any operative deadlines concerning experts to address post-certification, merits issues at summary judgment or trial. And, it is commonplace to conduct expert discovery on merits issues after the class certification question has been litigated, as the parties often have a clearer view of how to prosecute or defend the merits of the case after certification. Defendants submit that this is especially so in a case like this one where the Court's decision certifying a class has reshaped the case by allowing Plaintiffs to proceed only on their "sham litigation" theory of liability. Plaintiffs are free to proceed without experts or forgo

---

[3]  Defendants' assertion in the footnote below that Plaintiffs need nothing more than a list of class member names and addresses is indefensible.  Among other reasons, the Parties must cooperate to identify class members who may have claims against multiple Trusts.  Plaintiffs need the same discovery for all class members as granted during the sampling.

[4] Defendants aver that class notice can be accomplished by providing Plaintiffs with a class list including class members' names and contact information. Once provided, Plaintiffs will be able to provide class notice (subject to the Court's approval of proposed notice). It is Defendants' position that Plaintiffs need nothing more in order to identify and provide notice to class members pursuant to Rule 23(c)(2). Anything beyond is clearly "discovery" by any reasonable understanding.

Hon. Barbara Moses
Page 4

discovery related to Defendants' experts if they see fit. But if they choose to do so, any subsequent attempt to preclude Defendants from offering expert testimony at summary judgment or at trial should be rejected. Finally, Defendants certainly did not "acknowledge[] years ago that additional fact and expert discovery are not needed;" Defendant TSI, and only TSI, sought permission only to file a partial motion for summary judgment and that was request was denied.

**<u>Conclusion</u>**

The Parties propose to conclude the above-described exchanges, and submit a proposed class notice plan, by September 23, 2024. The Parties will provide Your Honor with a status update by August 22, 2024, describing any points of dispute developing. The Parties will also meet and confer about a timeline for the completion of all remaining phases of the case and, if agreeable to the Court, would suggest that a proposed schedule be submitted by September 23, 2024.

Hon. Barbara Moses
Page 5


Respectfully submitted,

| FRANK LLP | SESSIONS, ISRAEL & SHARTLE LLC |
|---|---|
| /s/ *Gregory A. Frank* | /s/ *Michael D. Alltmont* |
| Gregory A. Frank (GF0531) | Michael D. Alltmont |
| Marvin L. Frank (MF1436) | 3838 N. Causeway Blvd., Ste. 2800 |
| Asher Hawkins (AH2333) | Metairie, Louisiana 70002 |
| | P: 504-846-7954 |
| 305 Broadway, Suite 700 | malltmont@sessions.legal |
| New York, NY 10007 | *Attorneys for TSI* |
| Telephone: (212) 682-1853 | |
| Facsimile: (212) 682-1892 | RIVKIN RADLER LLP |
| gfrank@frankllp.com | |
| mfrank@frankllp.com | /s/ *Carol A. Lastorino* |
| ahawkins@frankllp.com | Carol A. Lastorino |
| *Attorneys for* | 926 RXR Plaza |
| *Plaintiffs and the Class* | Uniondale, NY 11556 |
| | (516) 357-3101 |
| | carol.lastorino@rivkin.com |
| | *Attorneys for Forster* |

LOCKE LORD LLP

/s/ *Gregory T. Casamento*
Gregory T. Casamento
R. James DeRose, III
Brookfield Place, 20th Floor
200 Vesey Street
New York, New York 10281
(212) 415-8600
gcasamento@lockelord.com
rderose@lockelord.com

J. Matthew Goodin
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
(312) 443-0700
jmgoodin@lockelord.com
*Attorneys for Trusts*

cc: Hon. Paul G. Gardephe (via ECF)