UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE SEAMAN, MARY RE SEAMAN, SANDRA TABAR, CHRISTINA BIFULCO, FRANCIS BUTRY and CORI FRAUENHOFER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,<br><br>Defendants. | No. 18-cv-1781-PGG-BCM |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION NECESSARY FOR CLASS NOTICE**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

STANDARD OF REVIEW ..... 2

BACKGROUND ..... 3

I. The Court And The Parties Agree That Class Notice Must Occur Now ..... 3

II. The Court Instructed Plaintiffs To File The Instant Motion To Compel ..... 4

ARGUMENT ..... 5

A. Class Members Are Due Notice With Sufficient Information ..... 5

1. The Notice Must Convince Class Members That It Is Authentic ..... 5

2. Class Members Are Entitled To Notice Detailing Potential Damages ..... 6

B. No Defense That Defendants Might Raise Later Limits The Notice's Content ..... 7

C. Class Counsel Are Entitled To Quality-Check Defendants' Class-List Work ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## Cases

*Abadeer v. Tyson Foods, Inc.*,
No. 09-cv-125, 2014 U.S. Dist. LEXIS 4694
(M.D. Tenn. Jan. 13, 2014) ........ 6, 7

*Aguayo v. U.S. Bank*,
No. 08-CV-2139, 2015 U.S. Dist. LEXIS 189723
(S.D. Cal. Aug. 6, 2015) ........ 6, 7, 8, 9

*Chen-Oster v. Goldman, Sachs & Co.*,
No. 10-cv-6950, 2018 U.S. Dist. LEXIS 131861
(S.D.N.Y. July 24, 2018) ........ 5

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ........ 2

*Erhardt v. Prudential Grp.*,
629 F.2d 843 (2d Cir. 1980) ........ 8, 9

*Gorgonzola v. Dir. U.S. Office of Pers. Mgmt.*,
No. 22-1942, 2023 U.S. App. LEXIS 2647
(3d Cir. Feb. 2, 2023) ........ 8

*Hand v. Beach Entm't KC, LLC*,
No. 18-CV-668, 2021 U.S. Dist. LEXIS 9900
(W.D. Mo. Jan. 19, 2021) ........ 8

*In re Nissan Motor Corp. Antitrust Litig.*,
552 F.2d 1088 (5th Cir. 1977) ........ 6

*Morgan v. Rohr, Inc.*, No. 20-cv-574,
2023 U.S. Dist. LEXIS 127552
(S.D. Cal. July 24, 2023) ........ 7

*Palmer v. Cognizant Tech. Sols. Corp.*,
No. 17-cv-6848, 2023 U.S. Dist. LEXIS 111439
(C.D. Cal. Feb. 1, 2023) ........ 10

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .......... 2, 5

*Strauch v. Computer Scis. Corp.*,
No. 14-cv-956, 2020 U.S. Dist. LEXIS 134285
(D. Conn. July 29, 2020) .......... 6, 7

*Sykes v. Mel Harris & Assocs.*,
No. 09-cv-8486, 2016 U.S. Dist. LEXIS 74566
(S.D.N.Y. May 24, 2016) .......... 9

*Williams v. Pillpack LLC*,
No. 19-cv-5282, 2023 U.S. Dist. LEXIS 46640
(W.D. Wash. Mar. 20, 2023) .......... 10

**Rules**

Fed. R. Civ. P. 23 .......... passim

Fed. R. Civ. P. 26 .......... 3, 10

Fed. R. Civ. P. 33 .......... 3, 7

Fed. R. Civ. P. 34 .......... 3

Fed. R. Civ. P. 37 .......... 3, 10

**Treatises**

18A Charles Alan Wright & Arthur R. Miller, Fed. Pract. & P. § 1787 (2d ed. 2002) .......... 5

**Constitutional Provisions**

U.S. Const. amend. XIV, § 1, cl. 3 .......... 2

Plaintiffs respectfully submit this memorandum of law in support of their motion to compel the production of information necessary for the notice to the certified Class (the "Notice"). The Notice is required to contain enough information that a reasonable person would expect to have when deciding whether to opt out of a case pursuant to Rule 23(b)(3).[1] Fact and expert discovery closed on May 21, 2021. The Class was certified on September 27, 2023. Plaintiffs served Defendants with interrogatories and document requests in connection with the Notice, some of which were objected to, some of which were answered, and others were not yet due to be responded to. The Court then ordered Plaintiffs to file this motion to help clarify exactly what discovery is needed to include in the Notice.

The parties disagree on whether including individualized information would assist Class members in deciding whether to opt out. In order to decide whether it is worth it to pursue their claims individually, Class members need enough information to know what is at stake. In this case, that data is readily in the hands of the defendants. The same information is not necessarily available to each Class member. Moreover, Class members may not have heard of any of the National Collegiate Student Loan Trusts, which purport to own loans through assignment, nor who TSI and Forster are. If they had taken out loans as has been alleged, these would have been with large banks. An accounting of the moneys actually paid would be highly useful to them.

Defendants have readily available information that Class members need to decide whether they want to opt out. Defendants wrongly argue that any list they produce be limited to

---

[1] "Defendants" collectively refers to: Defendants National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4 (together, "Trusts"); Defendants Transworld Systems Inc. ("Transworld"), in its own right and as successor to NCO Financial Systems, Inc. ("NCO") and EGS Financial Care, Inc. f/k/a NCO ("EGS") (together, "TSI"); and Defendant Forster & Garbus, LLP ("Forster"). References to "Tr. _:_" are to pages and lines in the attached transcript of the August 7, 2024 hearing at which this Motion was instructed.

names and addresses with no indication of why the name is on the list (originating bank, original amount, default judgment amount, amount already paid (if any), etc.). Bizarrely, Defendants insist that Class members not be told how much is at stake, a crucial fact for Class members in determining how to proceed. Courts in comparable cases have rejected Defendants' arguments.

The solution to this issue is simple: produce origination and payment information that is in collection-related documents which Defendants possess for every Class member. Prior to certification, a small portion of these were produced via a sampling process. It is the law of the case that the production of these documents is relevant. Completing this production in the manner set forth in Plaintiffs' attached Proposed Order will allow for the sufficiently detailed Notice to this Class that the law requires. The requested production also is necessary because, as described below, Defendants' current Class list for notice has glaring holes. Plaintiffs must be able to perform a quality-assurance review.

## STANDARD OF REVIEW

Class notice is required where, as here, the certification is for damages under Rule 23(b)(3). *See* Fed. R. Civ. P. 23(c)(2)(B). Class notice must be "the best notice practicable under the circumstances." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Members of a Rule 23(b)(3) class, having the right to opt out of an action for money damages, receive class notice satisfying the Due Process Clause of the Fourteenth Amendment. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812–13 (1985) (citing U.S. Const. amend. XIV, § 1, cl. 3). Courts conducting an action where a Rule 23(b)(3) class has been certified enjoy broad discretion to require whatever notice is deemed "appropriate," including of "any step in the action" and "the proposed extent of the judgment." Fed. R. Civ. P. 23(d)(1)(B). In addition, courts in any civil action are empowered to grant a motion to compel like Plaintiffs' where necessary documents

and information have not been produced, including "a computation of each category of damages" at issue in the case. Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also* Fed. R. Civ. P. 37(a)(3)(A)–(B).

## BACKGROUND

### I. The Court And The Parties Agree That Class Notice Must Occur Now

The Court's Report of March 13, 2023 (ECF No. 423) recommended that a class be certified in this action pursuant to Rule 23(b)(3); this was adopted by the District Court's Order of September 27, 2023 (ECF No. 445). The Second Circuit denied Defendants' Rule 23(f) petition on February 21, 2024. (*See* ECF No. 447). Prior to class certification, discovery as to putative class members was limited to a sample of 5% of certain internal documents in Defendants' possession concerning individual putative class members. (ECF No. 204). To facilitate the Notice after Defendants' appeal attempt was exhausted, Plaintiffs on April 23, 2024 served class interrogatories on Defendants TSI and Forster under Rule 33. TSI and Forster responded with information answering multiple interrogatories, while asserting objections that some interrogatories were beyond the scope of the Notice. The parties held a Rule 37 meet-and-confer about the responses. Plaintiffs then served TSI with Rule 34 class requests for production of documents, including those necessary to identify Class members and provide them with Notice of this litigation pursuant to Rule 23(c)(2).

On July 17, 2024, Judge Gardephe's chambers instructed the parties to call chambers jointly. During the call, held on July 18, the parties described to chambers the post-certification discovery taking place. Plaintiffs stated class discovery and class notice must come before notice. Chambers instructed the parties to jointly submit a letter stating their position. The parties' joint letter confirmed all parties' agreement that the next step in the case is the Notice, which must occur prior to any Rule 56 motion practice. (Jt. Ltr. July 25, 2024 (ECF No. 450), at 1-2). But the parties disagreed on certain points, including what discovery remains to effectuate

the Notice: Plaintiffs assert they need information beyond merely names and addresses, including information concerning each Class member's potential damages such as money collected; Defendants argue Plaintiffs need nothing more than names and addresses. (*Id.*, at 3–4 & nn.3–4). The Court ordered then the August 7, 2024 hearing. (ECF No. 451).

## II. The Court Instructed Plaintiffs To File The Instant Motion To Compel

The night before the August 7 hearing, TSI responded in part to Plaintiffs' outstanding document requests. TSI provided a purportedly complete spreadsheet consisting only of Class members' names and addresses per TSI's files. (Tr. 32:2–9; 34:4–19). In so responding, TSI refused to meet Plaintiffs' requests in two respects. First, TSI refused to comply with Plaintiffs' request for member-by-member figures on how much money had been collected by Defendants from each Class member in connection with the state-court default judgment. (*Id.*; *see also* Tr. 13:1–15:18). Second, TSI refused Plaintiffs' request for the collection-records files for the remaining Class members, of which a randomized sample of 5% had already been produced. (Tr. 18:7–19:5).[2] In addition, there were inconsistencies in the production that Defendants provided to Plaintiffs. First, the number of Class members listed in TSI's spreadsheet shows 1,102 members in the Class in total, while just a few weeks prior, the total number provided in TSI's interrogatory responses was 1,234. (Tr. 35:4–39:22). Second, TSI's Class member list did

[2] As referenced in the Report of March 13, 2023 on certification (ECF No. 423), the 5% sampling prior to certification involved Defendants producing a set list of documents as to each of a limited number of Class members: (1) documents that allegedly show origination of a loan (referred to by Defendants as "Loan Origination Packet" containing "Borrower Credit Agreement," "Note Disclosure Statement," and "Terms to the Credit Agreement"); (2) documents that allegedly show chain-of-title of a loan ("Note Purchase Agreement," "Pool Supplement," "Redacted Schedule to the Pool Supplement," and "One-page Loan Roster Document"); (3) TSI's "Servicing History" and "Payment History" documents; (4) TSI's "Batch Cover Sheet" reflecting affidavits signed and filed in support of suit, and corresponding "Affiant Checklist"; and (5) state-court case file (including income execution orders for garnishment).

not even include the names of three of the six named Plaintiffs, demonstrating that it could not be relied upon, and certainly was not an exhaustive list. Defendants could not explain this discrepancy to the Court. (Tr. 39:23–40:23). The Court instructed this motion (Tr. 42:21–44:8).

## ARGUMENT

### A. Class Members Are Due Notice With Sufficient Information

Notice to a certified class's members must meet Due Process, which demands it contain the information that a reasonable person would need when deciding whether or not to opt out of a case seeking money damages per Rule 23(b)(3). *Shutts*, 472 U.S. at 812–13; *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-cv-6950, 2018 U.S. Dist. LEXIS 131861, at *6 n.1 (S.D.N.Y. July 24, 2018) (Lehrburger, Mag. J.).[3]

#### 1. The Notice Must Convince Class Members That It Is Authentic

As an initial matter, the Notice must convince Class members that it is not a scam or misinformation or a waste of time. Enough information needs to be provided that this case is real, and that recipients of the Notice are officially Class members who may be entitled to significant money damages in the future. Details like these are especially necessary here, where debts have been collected by attorneys Class members never heard of (Forster), managed by a collections coordinator they have never heard of (TSI), on behalf of entities they never dealt with (the Trusts). Further, the amounts of money in the underlying judgments, much of which has been collected, will be unfathomable to Class members, who have no possibility of recalling these figures even if the purported underlying student loan is vaguely remembered.

---

[3] *See also* 18A Charles Alan Wright & Arthur R. Miller, Fed. Pract. & P. § 1787 (2d ed. 2002) ("[I]mplicit in the idea of giving notice to the class members is the fact that it should include some description of the nature of the suit and the issues being litigated so that each class member can make a rational judgment on whether to request exclusion from the action.").

Here, a sane individual will expect the name of the purported originating bank be included in the Notice, along with the date and original amount of the purported loan, the amount of default judgment, and the amount collected. These are essential facts to each Plaintiff. *See Strauch v. Computer Scis. Corp.*, No. 14-cv-956, 2020 U.S. Dist. LEXIS 134285, at *18 (D. Conn. July 29, 2020) (Arterton, J.) (ordering data on class members' potential damages be included in notice); *Aguayo v. U.S. Bank*, No. 08-CV-2139, 2015 U.S. Dist. LEXIS 189723, at *5 (S.D. Cal. Aug. 6, 2015) ("Here, although the primary issue in the lawsuit is whether [defendant] violated the [statute cited in the complaint], the issue of class members' potential tax consequences is clearly one that a reasonable person would consider material in deciding whether to opt out of the class." (emphasis added)). Information that may be relevant to a class's members should be included in the notice, even if the parties dispute whether such information is relevant to resolving the case and even if the court has not yet resolved the dispute at the time the notice is mailed. *See Aguayo*, 2015 U.S. Dist. LEXIS 189723, at *5.

**2. Class Members Are Entitled To Notice Detailing Potential Damages**

Courts have consistently held that the defendants in a class action must provide member-by-member damages data for inclusion in the notice where such figures are readily calculable from the defendants' own records. "[I]nformation as to damages is 'information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment.'" *Strauch*, 2020 U.S. Dist. LEXIS 134285, at *18 (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)) (class members' potential damages ordered included in notice where they consisted of lost wages calculable from defendant-employer's records); *accord Abadeer v. Tyson Foods, Inc.*, No. 09-cv-125, 2014 U.S. Dist. LEXIS 4694, at *20 (M.D. Tenn. Jan. 13, 2014) (granting plaintiffs' motion to compel defendant to "produce the names,

addresses, and pay-and-punch data for all current and former hourly employees [within the class definition]" in conjunction with preparing class notice (emphasis added)).[4]

Here, Defendants indisputably possess data potentially relevant to potential damages, for example, how much money was collected from Class members. Prior to certification, such data was produced as to each named Plaintiff and a small sample of Class members. Defendants have access to this information in their digitized collection-account records. *See* Backgr., Pt. I, *supra*. With data on potential damages readily available, Due Process requires that members of the Class be provided such data in their Notice, to enable them to make a fully informed decision on opting out. *Strauch*, 2020 U.S. Dist. LEXIS 134285, at *18; *Abadeer*, 2014 U.S. Dist. LEXIS 4694, at *20. While this Court has not resolved disputed questions concerning what damages these Class members may recover, (Tr. 12:7–21), such disputes need not be resolved for purposes of notice, which simply informs members of the class what damages potentially are at stake in the litigation, *Aguayo*, 2015 U.S. Dist. LEXIS 189723, at *5.

**B. No Defense That Defendants Might Raise Later Limits The Notice's Content**

Defendants are precluded from arguing that the Notice to this Class cannot contain member-by-member damages calculations, simply because Defendants intend to raise defenses

[4] Defendants waived any objection that data on Class members' damages are irrelevant to Notice when they served their Rule 33 responses on June 21, 2024. Plaintiffs' class interrogatories to TSI and Forster, served April 23, included requests for aggregate figures on potential damages for Class members (e.g. total amount collected versus amounts of judgments). Defendants answered these substantively without objection. *See* Backgr., Pt. I, *supra*. With the aggregate figures now part of discovery, all that remains is for Defendants to produce the more particularized member-specific documents underlying Defendants' aggregate (but currently unconfirmed) figures on potential damages. It is the law of this case that the production of these documents is relevant—which is why they were the subject of sampling. Now that this Class is certified, Plaintiffs are entitled to "the complete class data." *Morgan v. Rohr, Inc.*, No. 20-cv-574, 2023 U.S. Dist. LEXIS 127552, at *8 (S.D. Cal. July 24, 2023) (finding such discovery relevant and necessary where pre-certification class discovery was limited to 15% sample).

at trial which may invalidate such damages. During the hearing, Defendants made much of "defenses that [they] anticipate making" later in the case, including the "defense of setoff" and/or the defense that the *Rooker-Feldman* doctrine precludes recovery of damages for money collections that Defendants say were intertwined with the underlying state-court default judgments. (Tr. 24:15–23). The gist of these anticipated defenses is that Class members here either cannot recover in this federal case any money collected from them, or that they must accept reductions of any such damages reflecting the amounts of the underlying state-court judgments. (Tr. 24:25–25:20).

None of this is relevant to the Notice this Class is due. In similar cases, courts ruled the defendant cannot control the content of the class notice simply by stating an intention to raise a defense hypothetically fatal to a given issue in dispute. For example, in *Aguayo* the parties disputed whether the defendant's statutory violations had caused adverse tax consequences for the plaintiffs. *Aguayo*, 2015 U.S. Dist. LEXIS 189723, at *5. When the class was certified the plaintiffs proposed a notice including details on <u>potential</u> adverse tax consequences facing class members; the defendant objected to this, saying it was unnecessary for notice. *Id.* The court rejected that argument, because "class notice is not only meant to impartially recite the litigation's subject matter and inform members of their rights, but also to alert them to take appropriate steps to make certain their individual interests are protected." *Id.* (citing, inter alia, *Erhardt v. Prudential Grp.*, 629 F.2d 843, 846 (2d Cir. 1980)) (internal quote and bracket omitted); *see Hand v. Beach Entm't KC, LLC*, No. 18-CV-668, 2021 U.S. Dist. LEXIS 9900, at *12 (W.D. Mo. Jan. 19, 2021) ("[T]he Court is unaware of any authority, holding that affirmative defenses must be explained in the class notice."); *see also Gorgonzola v. Dir. U.S. Office of Pers. Mgmt.*, No. 22-1942, 2023 U.S. App. LEXIS 2647, at *13 (3d Cir. Feb. 2, 2023)

(Class notice must "satisfy the requirements of due process, in particular that a notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights.") (citing, inter alia, *Erhardt*) (quote omitted).

If Defendants here wish to raise defenses like setoff and *Rooker-Feldman*, they are free to do so if or when Rule 56 motion practice or trial occurs—i.e., after notice is mailed out. But there is no need here to deviate from the notice format followed in comparable cases, which tell class members in plain English: 'Here's what the case is about: . . . . Here's what's at stake if the Plaintiffs win: . . . . Defendants say they're not liable and don't owe any damages, but the Court hasn't decided who's right or wrong.' [5] The members of this Class are entitled to know the potential damages at stake here, regardless of whether Defendants anticipate attacking such damages claims later with various defenses, and regardless of the likelihood of such defenses' success. *See Aguayo*, 2015 U.S. Dist. LEXIS 189723, at *5.

**C. Class Counsel Are Entitled To Quality-Check Defendants' Class-List Work**

Plaintiffs and their counsel must, as the Court put it, "be permitted to at least kick the tires [and] see the underlying files to make sure that no[ Class member i]s missing" from the list of individuals whom Defendants have identified as Class members. (Tr. 36: 5–12). The spreadsheet Defendants produced as the final list of Class members is incomplete, as several named Plaintiffs were not even included in it. *See* Backgr., Pt. I, *supra*. Defendants cannot be

[5] Plaintiffs recognize the Court is skeptical of the relevance to Notice here of the amounts outstanding to be collected against each Class member. (Tr. 14:6–17 (stating Plaintiffs are "not going to get that erased in this case")). Respectfully, the distinction the Court raised is academic. Practically speaking, if Plaintiffs prevail in recovering as actual damages any amounts already collected, then any Class member who is collected against in the future will commence a new action seeking recovery of any new moneys collected. Moreover, even if *Rooker-Feldman* could be considered a barrier to a resolution whereby outstanding amounts are "erased," the *Sykes* case shows that the parties can negotiate a vacatur process removing this barrier. *Sykes v. Mel Harris & Assocs.*, No. 09-cv-8486, 2016 U.S. Dist. LEXIS 74566, at *17–19 (S.D.N.Y. May 24, 2016).

the sole arbiters of who is in the Class. This problem can be solved by compelling Defendants to complete the production of documents that were the subject of pre-certification sampling, which will allow Plaintiffs to quality-check Defendants' identification of Class members. *See id.* This solution also would help solve the second issue at bar, as the missing production would contain member-by-member data. *See id.*

Courts in other class actions have compelled their defendants to submit to such class-notice-related production. *Williams v. Pillpack LLC*, No. 19-cv-5282, 2023 U.S. Dist. LEXIS 46640, at *7 (W.D. Wash. Mar. 20, 2023) (compelling defendant to cooperate with plaintiffs' counsel on reverse lookup process for identifying class members, and rejecting defendant's argument that process was superfluous); *see also Palmer v. Cognizant Tech. Sols. Corp.*, No. 17-cv-6848, 2023 U.S. Dist. LEXIS 111439, at *8–9 (C.D. Cal. Feb. 1, 2023) (Due Process requires any dispute over class notice list be resolved in favor of over-inclusivity rather than under-inclusivity). Further, the Federal Rules support compelling Defendants to produce documents reflecting their collection activities against Class members: Every plaintiff in a civil action is entitled to be disclosed a computation of damages, *see* Fed. R. Civ. P. 26(a)(1)(iii), and every absent Class member accrued the rights of the named Plaintiffs, now Class representatives, upon certification, *see* Fed. R. Civ. P. 23(b)(3). Because Rule 26(a) damage disclosures remain outstanding, this Court must pursuant to Rule 37 compel Defendants to complete these disclosures and provide supporting documents. *See* Fed. R. Civ. P. 37(a)(3)(A) & (B)(iii)–(iv).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion must be granted. A proposed order is attached hereto for the Court's convenience.

Dated: New York, New York
August 28, 2024

Respectfully submitted,

**FRANK LLP**

By: *_/s/ Gregory A. Frank___*

Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Counsel for Plaintiffs and the Class*