UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

KATHERINE SEAMAN, MARY RE SEAMAN, SANDRA TABAR, CHRISTINA BIFULCO, FRANCIS BUTRY, and CORI FRAUENHOFER individually and on behalf of all others similarly situated,

No.: 18-cv-1781-PGG-BCM

Plaintiffs,

-against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

-----------------------------------------------------------------X

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL POST-CERTIFICATION DISCOVERY**

LOCKE LORD LLP
*Attorneys for Defendants*
*National Collegiate Student Loan Trust 2005-3;*
*National Collegiate Student Loan Trust 2006-1;*
*National Collegiate Student Loan Trust 2007-1; and*
*National Collegiate Student Loan Trust 2007-3*

SESSIONS, ISRAEL & SHARTLE, LLC
*Attorneys for Defendants EGS Financial Care, Inc.*
*and Transworld Systems Inc.*

RIVKIN RADLER LLP
*Attorneys for Defendant Forster & Garbus LLP*

Table of Contents


Page

TABLE OF AUTHORITIES ..... ii

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. Plaintiffs' Post-Certification Discovery Demands Are Not Necessary For Class Notice. ..... 2

A. The Amount Of Damages Potentially Recoverable By Each Individual Class Member Does Not Belong In The Class Notice. ..... 3

B. The Notice's Purpose Is Not To Convince Class Members That "The Case Is Real." ..... 6

II. Defendants Have Proposed A Reasonable Method For Identifying Class Members. ..... 7

CONCLUSION ..... 9

Table of Authorities

Page

**CASES**

*Abadeer v. Tyson Foods, Inc.*,
No. 3:09-cv-00125, 2014 WL 129318 (M.D. Tenn. Jan. 13, 2014) .......... 5

*Aguayo v. U.S. Bank*,
No. 08-cv-2139, 2015 WL 13345609 (S.D. Cal. Aug. 6, 2015) .......... 5

*Ault v. J.M. Smucker Co.*,
310 F.R.D. 59 (S.D.N.Y. 2015) .......... 8

*Chicken Delight, Inc. v. Harris*,
412 F.2d 830 (9th Cir. 1969) .......... 3

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) .......... 7

*In re Checking Acct. Overdraft Litig.*,
830 F. Supp. 2d 1330 (S.D. Fla. 2011) .......... 4

*In re NASDAQ Market–Makers Antitrust Litig.*,
No. 94-cv-3996, 1999 WL 395407 (S.D.N.Y. June 15, 1999) .......... 3

*In re Nissan Motor Corp. Antitrust Litig.*,
552 F.2d 1088 (5th Cir. 1977) .......... 5, 7

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
158 F.R.D. 301 (S.D.N.Y. 1994) .......... 3

*In re Sumitomo Copper Litigation*,
189 F.R.D. 274 (S.D.N.Y. 1999) .......... 4

*In re WorldCom, Inc.*,
347 B.R. 123 (Bankr. S.D.N.Y. 2006) .......... 2

*Lizondro-Garcia v. Kefi LLC*,
300 F.R.D. 169 (S.D.N.Y. 2014) .......... 2

*Mangone v. First USA Bank*,
206 F.R.D. 222 (S.D. Ill. 2001) .......... 4

*Palmer v. Cognizant Tech. Sols. Corp.*,
No. 17-cv-6848, 2023 WL 4157454 (C.D. Cal. Feb. 1, 2023) .......... 8

*Strauch v. Computer Scis. Corp.*,
No. 3:14-cv-956, 2020 WL 4371816 (D. Conn. July 29, 2020) .......... 5

Table of Authorities

Page

*Thompson v. Metropolitan Life Ins. Co.*,
216 F.R.D. 55 (S.D.N.Y. 2003) ........ 4, 5

*Williams v. PillPack LLC*,
No. 3:19-cv-05282-DGE, 2023 WL 2573356 (W.D. Wash. Mar. 20, 2023) ........ 8

**RULES**

Fed. R. Civ. P. 23 ........ 2, 3, 4

Defendants National Collegiate Student Loan Trusts 2004-2, 2006-4, 2007-2, and 2007-3 ("Trust Defendants"), Transworld Systems Inc. ("TSI"), EGS Financial Care, Inc. ("EGS"), and Forster & Garbus LLP (F&G) (collectively, "Defendants") oppose Plaintiffs' motion to compel (Dkt. No. 456) and state as follows:

**INTRODUCTION**

On September 27, 2023, Judge Gardephe adopted this Court's March 13 recommendation and certified the following litigation class:

> All individuals who have been sued in New York State court debt collection lawsuits from November 1, 2012 through February 27, 2018, where the plaintiff was one of the Trust Defendants, with TSI-NCO acting as servicing agent and Forster as plaintiff's counsel, and where a default judgment was obtained, but excluding any individual who appeared in state court to defend themselves and against whom the Trust Defendant named as plaintiff was awarded a judgment.

Dkt. No. 445 at 9. Approximately seven months later, on April 23, 2024, Plaintiffs served Defendants TSI and F&G with discovery demanding effectively all documents in Defendants' possession relating to each class member, including loan origination files, servicing and payment records, and copies of all documents filed in connection with lawsuits brought against each class member.

After some correspondence between the parties and the Court about how the case should proceed (Dkt. No. 450), Your Honor held a hearing on August 7, 2024, to address those matters, including what additional information, if any, Plaintiffs believed was necessary from Defendants in order to provide notice to the class.

At the hearing, Plaintiffs argued that they needed all of the requested information so that they could prepare individualized notices for the class members and then be "prepared to answer all of the questions of the class members and know that status of their – of the quality of their

cases…" Dkt. No. 456-2 (Hearing Tr. at 19:2-6). They also argued that the documents and information "would assist [Plaintiffs' counsel's] ability to protect the due process rights of absent class members by knowing what's in their files, and what the individual quality of their claim is, relative to the other claims and relative to Plaintiff's positions." *Id.* at 19:10-15. This Court noted that it was "skeptical of the idea that [Plaintiffs] need [the discovery sought] or are entitled to that for purposes of preparing and sending out class notice." *Id.* at 41:11-13.

This case has been pending for six years and a litigation class has been certified for a year. It is time for class notice to go out and the case to proceed to its next steps. The information Plaintiffs claim they need is not necessary for notice and their motion to compel its production should be denied.

## ARGUMENT

### I. Plaintiffs' Post-Certification Discovery Demands Are Not Necessary For Class Notice.

Rule 23(c)(2)(B) requires courts to "direct to class members the best notice that is practicable under the circumstances." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 181 (S.D.N.Y. 2014). Each class member should receive a notice that describes "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment." *Id.* (quoting Fed. R. Civ. P. 23). "There is no requirement that the notice be highly detailed or exact." *In re WorldCom, Inc.*, 347 B.R. 123, 140 (Bankr. S.D.N.Y. 2006).

Plaintiffs are arguing that *individualized* notices to each class member are called for in this action and that notice should wait until discovery is completed that allows for that. Plaintiffs

demand the production of tens of thousands of documents and records that they claim are "necessary" to provide class notice because without this information, Plaintiffs argue, class members will not understand the amount of damages they may recover or know "this case is real." *See* Dkt. No. 456 at 5-6.

There is simply no requirement that each class member receive a notice that is individually tailored to their unique factual circumstances. *See Chicken Delight, Inc. v. Harris*, 412 F.2d 830, 831 (9th Cir. 1969) ("The Court believes that the determination of such issue would involve significantly different evidence and separate factual determinations as to each separate franchisee and that to impose such a burden in this case would be inconsistent with the basic salutary purpose of Rule 23."); *see also In re NASDAQ Market–Makers Antitrust Litig.*, No. 94-cv-3996, 1999 WL 395407, at *2 n. 3 (S.D.N.Y. June 15, 1999). There certainly is no basis to further delay notice for the reasons Plaintiffs argue.[1]

### A. The Amount Of Damages Potentially Recoverable By Each Individual Class Member Does Not Belong In The Class Notice.

Plaintiffs' motion is chiefly directed at individualized class member damages information with the stated purpose that the information would be included in the class notice. Dkt. No. 456 at 6. They claim such information is "necessary" so that class members can assess how much damages they may be entitled to recover in this action and thus decide whether to opt-out. *Id.*

This Court was "skeptical" when Plaintiffs made this point during the August 7 hearing,

[1] Indeed, if each class member's unique circumstances are of such import that individualized notice is needed to satisfy due process, as Plaintiffs argue, there is a bona fide question whether the litigation class is sufficiently cohesive to satisfy, among others, the commonality, typicality, and predominance requirements of Rule 23(a) and (b)(3). *See In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 301 (S.D.N.Y. 1994) (district court *sua sponte* decertified class where developed evidentiary record showed that commonality, typicality, and superiority were not satisfied); Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

and rightly so. Neither Rule 23 nor due process requires that a class notice include estimated amounts of potential damages recoverable by each individual class member. *See* Fed. R. Civ. P. 23. This is true even in the context of class action settlement notices. *See Thompson v. Metropolitan Life Ins. Co.*, 216 F.R.D. 55, 67 (S.D.N.Y. 2003) ("Neither Rule 23 nor due process . . . requires that the notice report the estimated value of damages."); *In re Sumitomo Copper Litigation*, 189 F.R.D. 274, 283 (S.D.N.Y. 1999) (holding class notice need not include approximate damages potentially available to individual class members). Other courts throughout the country agree, as well. *See, e.g., In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1343–44 (S.D. Fla. 2011) ("[T]he law does not require that notice be given of the amount an individual class member will recover, either as a lump sum or as a range or percentage of potential recovery."); *Mangone v. First USA Bank*, 206 F.R.D. 222, 231-34 (S.D. Ill. 2001) (overruling objection that class notice did not state "the value of damages, the merits of the claims, ... the maximum potential recovery for the Class, and the methodology for determining and calculating damages" because "none of the items complained of are required by the notice requirements set out in F.R.C.P. 23 or due process.").

Courts do not require individualized potential damages in class notices because it is premature to even estimate the amount of damages to which each class member might be entitled.[2]

[2] Plaintiffs' argument that "Defendants waived any objection that data on Class members' damages are irrelevant to Notice when they served their Rule 33 responses on June 21, 2024" is false. Dkt. No. 456 at 7, fn4. Neither TSI nor F&G waived any right to object to the production of individualized damages information or the inclusion of the same in the notice. And, the fact that TSI and F&G answered an interrogatory with the total amount collected on the Trust Defendants' behalf after a default judgment was entered does not mean that such information is relevant to class notice (or should be included in the same). Nor does it mean that they should be compelled to provide individual amounts of potential damages recoverable by each class member. Regardless, Plaintiffs' argument that "Defendants" waived the right to object to the relief sought here is nonsensical because Plaintiffs did not serve any post-certification discovery on the Trust Defendants.

*See Thompson*, 216 F.R.D. 55, 67 (noting "[t]he amount of damages is an issue of fact and is not easily calculable at this juncture with any reasonable certainty"). Moreover, in this case, even the categories of potentially recoverable damages remain unclear. *See*, *e.g.*, Dkt. No. 456-2 (Hearing Tr. at 12:7-14). Issues relating to what is and is not recoverable as damages remain undecided, especially in light of *Rooker-Feldman* and the fact that there are state court judgments at issue. Including a damages amount in a class notice would be at best speculative and at worst, misleading.

The cases Plaintiffs cite do nothing to support their position. Plaintiffs rely heavily on *Strauch v. Computer Scis. Corp.*, No. 3:14-cv-956, 2020 WL 4371816 (D. Conn. July 29, 2020). But, that was a collective action brought under the Fair Labor Standards Act ("FLSA") in which the class prevailed on liability at trial. Post-trial, the court granted counsel's request to issue a *post-trial* notice, including amounts of recoverable damages, to 30 class members who had not previously received notice. *Id.* at *6. Liability had been established at trial and no disputes regarding the type or amount of damages remained. *Id.* In relying on this case, Plaintiffs fail to mention that the pre-trial Rule 23 notice did *not* include any reference to the amount of damages class members may recover. *See Strauch*, No. 3:14-cv-956, Dkt. No. 371-1 (Rule 23 notice). None of the other cases Plaintiffs cite involved a court allowing individualized potential damages to be included in the notice. *See Abadeer v. Tyson Foods, Inc.*, No. 3:09-cv-00125, 2014 WL 129318, at *3 (M.D. Tenn. Jan. 13, 2014) (decision about whether certain data was relevant to determining membership in FLSA class); *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977) (ordering "potential damages" in the aggregate to be "included in notice," but *not* on individualized basis); *Aguayo v. U.S. Bank*, No. 08-cv-2139, 2015 WL 13345609, at *2 (S.D. Cal. Aug. 6, 2015) (notice included generalized statement relating to "potential tax consequences").

Plaintiffs' suggestion that the notice here should be sufficiently detailed to entice individuals to *not* opt out of the class (i.e., advertising a best-case recovery for each individual plaintiff) is not the purpose of Rule 23 Notice and should not be permitted. And, if the Court is inclined to allow a notice that includes individualized information about each class member's potential damages—because a plaintiff "needs to know" what those damages could be—it would also be appropriate for Defendants to include information in the notice reflecting how those damages might be reduced (or subsumed entirely) by the outstanding judgments against each class member, because plaintiffs "need to know" that too. This would be avoided by denying Plaintiffs' improper request in the first place.

### B. The Notice's Purpose Is Not To Convince Class Members That "The Case Is Real."

Plaintiffs also claim they need all of the requested information, and to incorporate it into the anticipated notice, so that class members understand "this case is real" and "not a scam or misinformation or a waste of time." *See* Dkt. No. 456 at 5-6. This is a bizarre argument. Plaintiffs fail to explain why they believe this case is so unique as to require proof that it is "real" and thus its notice must include more information than typically required under Rule 23(c)(2)(B).

Other than class member names and addresses—which Defendants intend to provide shortly—Plaintiffs have more than enough documents and information to prepare a draft notice that complies with Rule 23(c)(2)(B). Defendants have already provided Plaintiffs with the names, documents, and other information relating to the banks that originated all of the class members' loans in this action.

Ultimately, Plaintiffs' justification for demanding these additional documents and information is pure speculation that class members may not recall the fact that they took out a private student loan, received requests for repayment, were subject to a lawsuit due to non-

payment, and potentially had their wages garnished or made voluntary payments in connection with the same. Even if Plaintiffs were correct (they are not), it is not required that absent class members recall all the exact details surrounding their membership in the class. That is not the purpose of class notice. *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d at 1104 (the class notice must only "contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member. This does not mean that they must be made cognizant of every material fact that has taken place prior to the mailing of their individual notice.").

Accordingly, this Court should deny Plaintiffs' request to compel documents and other information relating to class members' potential damages because they are not necessary to send Rule 23 notice and do not belong in it.

## II. Defendants Have Proposed A Reasonable Method For Identifying Class Members.

Plaintiffs spend little more than one page attempting to describe how they will, as this Court put it, "assure [themselves] that [they've] got the right list, and [they're] sending out notice to the right people." Dkt. No. 456-2 (Tr. at 42:18-20). Instead of proposing solutions, Plaintiffs argue that they cannot trust that the information provided is accurate, and therefore they need post-certification discovery to "quality-check Defendants' class list work" before they can draft and send the notice.[3] Dkt. No. 456 at 9-10.

Post-certification, the parties must only use "a reasonable effort to identify class members" so that Rule 23 notice can be sent to the class. *In re Glob. Crossing Sec. & ERISA Litig.,* 225

[3] Plaintiffs suggest that at the August 7 hearing, the Court noted that Plaintiffs and their counsel must "be permitted to at least kick the tires [and] see the underlying files to make sure that no [class member is] missing." Dkt. No. 456 at 9. But the transcript makes clear that the Court was merely paraphrasing *Plaintiffs' argument*, not ruling that Plaintiffs are entitled to the requested documents. *See* Dkt. No. 456-2 (Hearing Tr. at 36:5-13).

F.R.D. 436, 448 (S.D.N.Y. 2004). "Identifying class members should not require a mini-hearing on the merits of each case." *Ault v. J.M. Smucker Co.*, 310 F.R.D. 59, 64 (S.D.N.Y. 2015).

Producing thousands of additional documents associated with *identified* class members for Plaintiffs to review before notice is drafted and sent is unreasonable and would do nothing to address Plaintiffs' purported concern that class members may be missing from the list. Such a process could only identify persons on the list who should *not* be; it could not identify persons not on the list who should be. And, the cases Plaintiffs cite do nothing to validate their proposal here. *See Williams v. PillPack LLC*, No. 3:19-cv-05282-DGE, 2023 WL 2573356, at *3 (W.D. Wash. Mar. 20, 2023) (declining to compel post-certification document production ahead of class notice because class list and contact information provided by defendants was sufficient for purposes of class notice); *Palmer v. Cognizant Tech. Sols. Corp.*, No. 17-cv-6848, 2023 WL 4157454, at *3 (C.D. Cal. Feb. 1, 2023) (approving a potentially overinclusive class notice where defendant had "serious logistical barriers" to identifying class members and there was no workable method in the alternative).[4]

Defendants believe there is a more reasonable process to identify all individuals who satisfy the class criteria. Using Defendants' systems of record, they have generated a comprehensive list of all primary and co-borrower accounts where a Trust Defendant was the owner, TSI or NCO

[4] Ahead of the August 7 hearing, Defendant TSI provided Plaintiffs with the names and addresses of individuals who it believed to satisfy the class criteria. To produce the list, TSI generated an initial report that included all individuals who had loans owned by the Trust Defendants, where TSI/NCO acted as servicing agent, and where F&G brought a lawsuit on the Trust Defendants behalf within the relevant time period. That report was filtered to remove any individual who did not have a default judgment reported by F&G with his or her lawsuit. After review, it appears that certain filtering efforts resulted in the list excluding certain class members, including certain of the named Plaintiffs. Defendants revised method described herein addresses that issue and is designed to capture all class members.

acted as the servicing agent, and the account was forwarded to F&G for any form of post-servicing activity. Defendants are in the process of identifying all individuals on that list against whom one of the Trust Defendants, through F&G, filed a New York State court lawsuit between November 1, 2012 through February 27, 2018. Defendants will then identify which lawsuits resulted in a default judgment and whether the judgment was obtained against the primary borrower, co-borrower, or both. Based on this process, a list of class member names and addresses will be provided.[5]

This is a reasonable method and does not require the production of the requested post-certification discovery to draft and send out notice. Defendants intend to send a revised list of all class members shortly. In the meantime, Plaintiffs should prepare a draft notice and provide it to Defendants so that the parties can begin meeting and conferring on its form and substance.

## CONCLUSION

For the reasons set forth herein and during the August 7 hearing, the Court should deny Plaintiffs' motion to compel.

LOCKE LORD LLP

*/s/ Gregory T. Casamento*

Gregory T. Casamento
R. James DeRose, III
LOCKE LORD LLP
Brookfield Place, 20th Floor
200 Vesey Street
New York, New York 10281
(212) 415-8600
gcasamento@lockelord.com
rderose@lockelord.com

[5] As this Court previously ordered, the list will exclude "any individual who (i) appeared and litigated in state court after entry of the default judgment, (ii) succeeded in setting aside the default, but (iii) thereafter had judgment entered against him or her after dispositive motion practice or trial." Dkt No. 423 at 64.

J. Matthew Goodin
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
(312) 443-0700
jmgoodin@lockelord.com
*Attorneys for Defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3*

SESSIONS, ISRAEL & SHARTLE LLC

*/s/ Michael D. Alltmont*
Michael D. Alltmont
3838 N. Causeway Blvd., Ste. 2800
Metairie, Louisiana 70002
P: 504-846-7954
malltmont@sessions.legal
*Attorneys for Defendants EGS Financial Care, Inc. and Transworld Systems Inc.*

RIVKIN RADLER LLP

*/s/ Carol A. Lastorino*
Carol A. Lastorino
926 RXR Plaza
Uniondale, NY 11556
(516) 357-3101
carol.lastorino@rivkin.com
*Attorneys for Defendant Forster & Garbus LLP*