UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE SEAMAN, MARY RE SEAMAN, SANDRA TABAR, CHRISTINA BIFULCO, FRANCIS BUTRY and CORI FRAUENHOFER individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; and FORSTER & GARBUS LLP,

Defendants.

No. 18-cv-1781-PGG-BCM

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION NECESSARY FOR CLASS NOTICE**

Plaintiffs respectfully submit this reply in further support of their motion (ECF Nos. 455–456) to compel the production of information that must be included in the notice that will be sent to the certified Class (the "Notice"). The cases Defendants cite in their opposition ("Opp.") (ECF No. 457) neither justify nor explain their opposition to supplying Class members the few pieces of information Class members need. The information that Plaintiffs require is readily available to Defendants, including the dollar amounts of judgments that Defendants obtained against Class members in state-court collection suits, details Defendants were already supposed to have disclosed. In fact, Defendants' cited cases repeatedly emphasize that such information should be set forth in the notice if available, as it is here. The motion should be granted.

## ARGUMENT

### A. Defendants' Precedent Confirms That Notice Should Include Damages

Defendants are wrong in arguing that "individualized class member damages information" "does not belong in the class notice." (Opp. 3–9). Defendants' cases actually say data on Class members' damages should be included in the notice, where readily available, as it is in Defendants' records here. In Defendants' primary case, the court ruled that notice to a class of roughly 300,000 insurance policyholders must "include[] an individualized statement of relief." *Thompson v. Metro. Life Ins.*, 216 F.R.D. 55, 67–68 (S.D.N.Y. 2003) (Baer, J.) (cited by Opp. 4–5). Further, this information needed to be available to the insureds' counsel so that the third-party administrator hired for overseeing notice could answer damages-related questions from class members who would inevitably seek such information after receiving the notice. *Id.*[1]

[1] The damages for the *Thompson* class consisted of a mix of increased benefits, free coverage, and cash payments; the people in that class were insureds subjected to racially motivated price increases, so some relief was non-dollar-based. *See* 216 F.R.D at 59–60, 67. Defendants call attention to language by the *Thompson* court that it did not "'require[] that the notice report the estimated value of damages.'" (Opp. 4 (quoting 216 F.R.D. at 67). But the *Thompson* court

Similarly, in *Mangone v. First USA Bank*, the class notice included individualized damages details for class members "for whom [defendant] has available records." *See* 206 F.R.D. 222, 234 (S.D. Ill. 2001). The reason this could not be achieved for all class members in *Mangone* was due to the unusual legal violations there: The plaintiffs said their credit card company had inflated late fees and other charges by miscalculating the date of receipt of payments sent by physical mail. *Id.* at 223–24. As to the vast majority of the class members, the company simply had no records showing the precise dates and times when certain envelopes were placed in the mail and delivered. *Id.* at 234. But the *Mangone* court emphasized that such damages-related information should be included in the notice where feasible. *Id.*

Here, Defendants cannot and do not dispute that they have clear dollar figures for each Class member readily available in their records, such as the amounts of judgments and how much has been collected. Defendants may not now contend that they don't want to supply this information for notice because they don't feel like it or they don't read the law as <u>strictly</u> requiring it. *See Thompson*, 216 F.R.D. at 67–68 (advocating in favor of notice with individualized damages-related details); *Mangone*, 206 F.R.D. at 234 (same). All the other cases cited by Defendants simply reiterate the point that the Notice here should contain the readily available information Plaintiffs request. To the extent Defendants' cases do not involve including such detail in the notice, this is only because (unlike here) the damages-related information was unavailable or the dollar amount was not calculable. *Ault v. J.M. Smucker Co.*, 310 F.R.D. 59, 67–68 (S.D.N.Y. 2015) (Crotty, J.) (cited by Opp. 8) (damages in false-labelling

emphasized that the class members were due damages-related information, which, even if not reducible to a precise dollar value for purposes of the notice, could be ascertained in full detail by calling the toll-free number arranged for by counsel. 216 F.R.D. at 68. Here, the dollar amounts at issue are reducible to exact value, so *Thompson* supports Plaintiffs' position. *See id.*

case not ascertainable as plaintiff couldn't even propose method to calculate, other than paying vast fees to expert for dubious "consumer survey" on behavioral spending); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 283 (S.D.N.Y. 1999) (Pollack, J.) (cited by Opp. 4) (commodity price manipulation case) ("Undoubtedly, expert testimony would be needed to fix not only the amount, but the existence, of actual damages." (quote omitted)).[2]

**B. Defendants Cannot Explain Why This Information Is Harmful To Anyone**

Defendants fail to provide a good reason not to include readily available damages-related details in the Notice. Each of the above-discussed rulings that they cite came about because, just when the court had resolved or was about to resolve class claims, a class member objected that the notice failed to provide detail on potential damages. *E.g.*, *Thompson*, 216 F.R.D. at 59, 67–68 (class member objected that notice should have had damages-related details.). Failure to include such information deprives class members of the ability to make a rational decision on whether to make decisions including hiring their own counsel and proceeding individually.

Defendants lack any basis to urge the Court here to invite such challenges from Class members in the future. Such challenges are likely and well taken if basic damages-related details are left out of this Notice though readily available. *See id.* (court spends time late in case

[2] *See also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1342–43 (S.D. Fla. 2011) (cited by Opp. 4) (individualized details on damages for class of more than 13 million cardholders "could not be calculated accurately as of the time Class Notice was disseminated"); *Chicken Delight, Inc. v. Harris*, 412 F.2d 830 (9th Cir. 1969) (cited by Opp. 3) (monopoly damages for class of 650 franchisees not readily calculable). The remaining cases cited by Defendants are factually distinguishable and off-point. *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 449–450 (S.D.N.Y. 2004) (Lynch, J.) (cited by Opp. 7–8) (parties in securities case agreed notice should contain individualized damages, but disagreed on appropriate method for calculating them); *In re NASDAQ Mkt.-Makers Antitrust Litig.,* No. 94-cv-3996, 1999 U.S. Dist. LEXIS 8889, at *7–9 (S.D.N.Y. June 10, 1999) (Sweet, J.) (cited by Opp. 3) (dispute was over adequacy of mailing of notice to two class members out of one million; no discussion in decision on propriety of including damages details in notice).

resolving objection concerning notice which was seen as lacking sufficient damages-related detail); *cf. id.* at 66–67 (advocating for class notice and settlement process focusing on what is easiest and simplest for average consumers who comprise class, rather than for counsel).

Similarly, Defendants are wrong in arguing that, if the Notice here contains damages-related details as Plaintiffs request, it also must contain lots of legalese gibberish from Defendants about the defenses they think available to them. (Opp. 6 (describing convoluted "subsumption of damages" legal defense theory which Defendants want included in Notice)). This reasoning has been rejected by courts in similar cases. "At this stage [of the case,] information regarding the particular defenses offered by Defendants would be confusing to [Class members], unnecessary, and unduly argumentative and would discourage participation in the lawsuit." *Martinenko v. 212 Steakhouse Inc.*, No. 22-cv-518, 2022 U.S. Dist. LEXIS 76078, at *20 (S.D.N.Y. Apr. 26, 2022) (Liman, J.) (listing cases) (quote omitted). Rather than dense, complex language, the Notice "should simply indicate that Defendants deny the allegations and . . . that the Court has not decided who is right or who is wrong." *Id.* (quote omitted). Plaintiffs have already advocated for such plain English in the Notice to be sent here.[3]

**C. Defendants Should Produce The Remaining Files**

Defendants have no basis to resist the post-certification documentary discovery Plaintiffs seek. (Opp. 8–9). They cite no law on this point, saying only that this production would be burdensome and would not assist in quality-checking Defendants' filtering of Class members' identities. (*Id.*). But quality-checking the limited production is well justified by Defendants'

[3] *See* Pls.' Mem. in Supp. Mot. Compel (ECF No. 456), at 9 (proposing Notice here include language along lines of: "Here's what the case is about: . . . . Here's what's at stake if the Plaintiffs win: . . . . Defendants say they're not liable and don't owe any damages, but the Court hasn't decided who's right or wrong.").

repeated, unexplained delays in providing the simple list that they agree they must provide.[4] As to burden, Defendants have already produced 5% of the files prior to certification. They already know how to handle this. With Defendants unable to produce a simple Class member list, how can Plaintiffs and the Court be sure that all Class members are included?

**D. Defendants' Remaining Arguments All Fail**

Defendants argue in a footnote that the prospect of Notice with some individualized details means this Court should decertify the Class, sua sponte. (Opp. 3 n.1). First off, this argument is due to be struck because it was "raise[d] in a footnote alone." *City of Phila. v. Bank of Am.*, 498 F. Supp. 3d 516, 537 (S.D.N.Y. 2020) (Furman, J.) (listing cases). Further, Defendants were required to raise this argument in a formal motion for decertification if they thought it meritorious. *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-cv-6950, 2022 U.S. Dist. LEXIS 47922, at *65 (S.D.N.Y. Mar. 17, 2022) (permitting, then denying, defendant's decertification motion).

Last, there is no merit to Defendants' decertification point, as illustrated by the single case they cite, in which class counsel filed a limited decertification motion for strategic reasons. *In re Prudential Sec. Inc. Ltd. P'ships. Litig.*, 158 F.R.D. 301, 304–05 (S.D.N.Y. 1994) (Pollack, J.) (cited by Opp. 3 n.1) (plaintiffs' counsel in litigation featuring numerous certified classes chose to decertify one class in light of new Second Circuit precedent).

[4] Defendants profess they want to get this Notice done soonest, but cannot even estimate when their revised "filtering" system will conclude with an accurate Class member list containing, at minimum, all named Plaintiffs—something Defendants have not managed to do in the many months since Class discovery began. (*See* Opp. 8–9 & n.4 (admitting holes in prior list)).

Dated: New York, New York
September 25, 2024

Respectfully submitted,

**FRANK LLP**

By: *_/s/ Gregory A. Frank___*

Gregory A. Frank (GF0531)
Marvin L. Frank (MF1436)
Asher Hawkins (AH2333)
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
Fax: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com
ahawkins@frankllp.com

*Counsel for Plaintiffs and the Class*