**FRANK** LLP
ATTORNEYS AT LAW

305 BROADWAY
SUITE 700
NEW YORK, NY 10007
212 682 1853
gfrank@frankllp.com

**VIA ECF** December 4, 2024

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 740
New York, NY 10007

Re: *Seaman et al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, 18-CV-1781

Dear Judge Moses:

We represent Plaintiffs and serve as Class counsel in the above-captioned case. We ask that the Court consider the points below concerning Defendants' request to reopen discovery for experts, about which the Court scheduled a conference for December 17 in its Order yesterday (ECF No. 465) (the "Order"). This letter responds to the points in Defendants' letter of November 27, 2024, requesting such a conference (ECF No. 464) (the "Letter"), and we submit this letter pursuant to Part 2.e of this Court's Individual Practices.

Plaintiffs request the Court direct Defendants to describe in writing, one week prior to the conference, what experts they wish to offer, so that Plaintiffs can be prepared to respond appropriately during the conference. Without any clue what kind of experts Defendants have in mind, how many, and what they will testify about, Plaintiffs cannot adequately prepare to argue during the conference what rebuttal experts Plaintiffs may require, if the Court grants Defendants' request.

Defendants' request for experts is woefully late—three-and-a-half years after the Court specifically ordered the parties to raise any issues concerning expert discovery. Defendants provide no excuse for their delay, and do not give any indication what kind of experts, or how many they need. Defendants say they require experts for evidence that they produced years ago, but cannot explain why they now need expert analysis of this evidence when they did not request it before. Defendants cannot cite any law supporting such a large, backwards step in the progress of litigation, let alone a step-back for which the movant did not articulate any need. In similar cases, judges have rejected attempts like Defendants'.

## I. Background

Fact discovery in this case closed on May 21, 2021. Early in the case, the Court had envisioned that discovery would conclude by April 2020, and directed the parties to "raise any issues concerning expert discovery or class certification" by "April 14, 2020." *See* ECF No. 131 [Jan. 30, 2020] (case management plan). But the pandemic and other unforeseen obstacles meant the Court's originally envisioned deadlines had to be extended. *See* ECF Nos. 256 [Feb. 19, 2021], 263 [Mar. 19, 2021], 278 [Apr. 16, 2021], & 297 [May 11, 2021] (orders granting extensions for pandemic-related and other delays). The Court's final deadline of May 21, 2021, to propose experts passed without Defendants doing so. In fact, Defendants argued in late 2021 that additional

discovery is not needed when TSI sought permission to move for summary judgment and was denied. *See* ECF Nos. 322 [Aug. 11, 2021] (TSI's request to move for summary judgment) & 345 [Dec. 7, 2021] (Court's order denying that request); *see also* Fed. R. Civ. P. 56(b) (summary judgment follows close of discovery).

Defendants' Letter attempts to obscure the May 21, 2021 deadline by misrepresenting the record. Defendants selectively cite a couple of instances in June 2020 when the parties and the Court referenced the possibility that experts might be noticed before discovery closed and before the case proceeded to Rule 23 motion practice. (Ltr. at 3). Specifically, Defendants cite (1) the transcript of a June 18, 2020 hearing on case management during which Plaintiffs reserved the right to introduce expert testimony in their Rule 23 papers if they ultimately believed it necessary, and (2) a case management order issued several days later, requiring, inter alia, that any party seeking expert discovery had to so inform the Court before the Rule 23 motion practice ended. (*Id.* (citing ECF Nos. 187 [June 23, 2020] (transcript of June 18, 2020 hearing), & 189 [June 24, 2020] (case management order))). But the Rule 23 motion practice began and ended in mid-2021 with neither side noticing any experts.[1] It wasn't until after Defendants lost their Rule 23(f) petition to the Second Circuit that they suddenly decided they needed experts. *See* ECF No. 450 [July 25, 2024] (letter to Court in which Defendants first state intent to introduce experts).

Defendants also twist the record in arguing that this Court "reshaped the case" through its Rule 23 decision in 2023, which validated Plaintiffs' theory of liability based on Defendants' practice of prosecuting sham collection suits in state court. (Ltr. at 3). Defendants state (without elaboration) that they now need experts to rebut Plaintiffs' "'sham litigation' theory of liability"—as if this were something Defendants knew nothing of until the Rule 23 decision in 2023. (*Id.*) But this theory of liability always has been central to the case. Plaintiffs' complaint accuses Defendants of "caus[ing] baseless lawsuits to be filed in state[] court." Consol. Compl. ¶ 2 (ECF No. 124) [Dec. 10, 2019] (operative pleading). Similarly, Plaintiffs' Rule 12 opposition papers from late 2018 described how Defendants "defraud[] consumers by filing sham state-court actions and procuring judgments through false affidavits." Pls.' Mem. in Opp. Mot. Dismiss, at 14 (ECF No. 76) [Dec. 20, 2018].[2] In short, Defendants would've been aware for over half-a-decade of the need for experts on this issue—if there truly were such a need. There isn't one: Defendants' request to reopen for experts is nothing more than gamesmanship.

## II. Argument

### A. Defendants' Untimely Request To Reopen Discovery Subverts The Law

Defendants' request to reopen discovery is untimely, because the Court ordered that the parties raise any issues concerning expert discovery by May 21, 2021, which Defendants failed to do. Defendants wrongly assert that their "proposal [to reopen discovery for experts] is practical." (Ltr. at 3). But judges have rejected as impractical attempts to introduce experts that come years

---

[1] *See generally* ECF Nos. 423 [Mar. 13, 2023] & 445 [Sept. 27, 2023] (decisions recommending and adopting Rule 23 certification).

[2] Also, Plaintiffs' Rule 12 brief invoked the "sham exception" to litigation privilege in defeating Defendants' defense under the *Noerr-Pennington* doctrine and similar theories that sometimes shield from liability state-court plaintiffs with bona fide claims. *Id.*, at 28 n.38, 34 n.35, & 41.

after the close of discovery, just as here. "The failure to disclose an individual as an expert witness until after the close of discovery subverts the purpose of mandatory disclosures and undoubtedly prejudices [the] opponent." *Mills v. Steuben Foods, Inc.*, No. 19-cv-1178, 2024 U.S. Dist. LEXIS 168566, at *10 (W.D.N.Y. Sep. 18, 2024) (Foschio, Mag. J.) (citing, inter alia, *Harrison v. Inc. Vill. of Freeport*, 498 F. Supp. 3d 378, 386 (E.D.N.Y. 2020) (Feuerstein, J.); *Williams v. Bethel Springvale Nursing Home, Inc.*, No. 14-cv-9383, 2018 U.S. Dist. LEXIS 58319, at *16 (S.D.N.Y. Apr. 5, 2018) (Roman, J.); *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018) (Caproni, J.) (quotation marks omitted)). A multi-year delay in proposing expert discovery is inherently impractical and prejudicial, as it would, if allowed, involve a second round of discovery in a case "already grown long in the tooth." *Mills*, 2024 U.S. Dist. LEXIS 168566, at *11 (refusing late-proposed expert).

Defendants cite a single, inapposite case in support of their argument that reopening for experts now would be "practical" because (they say) "it is commonplace to conduct expert discovery on merits issues only after the class certification question has been litigated." (Ltr. at 3 (citing *Choi v. Tower Rsch. Cap. LLC*, No. 14-cv-9912, 2022 U.S. Dist. LEXIS 35281, at *2–5 (S.D.N.Y. Feb. 18, 2022) (Gorenstein, Mag. J.))). But *Choi* is distinguishable: the plaintiffs there were purchasers of securities futures contracts who, early in their case, negotiated with the defendants a management plan whereby expert discovery would follow Rule 23 motion practice. *See Choi*, 2022 U.S. Dist. LEXIS 35281, at *2–5. As Rule 23 briefing in *Choi* approached, the parties amended their management plan to allow for experts during the Rule 23 briefing. *Id.*

The procedural facts from *Choi* thus bear no resemblance to those here. This Court set a firm discovery deadline and extended it only for good cause timely raised. *See* Part I, *supra*. Defendants deliberately missed that deadline with no mention of the need for experts, and so waived their right to expert discovery. *See, e.g.*, *Mills*, 2024 U.S. Dist. LEXIS 168566, at *10. Defendants cannot find a single authority justifying their request, which contradicts this Court's prior orders closing discovery as of May 21, 2021. *See* Part I, *supra*. Where, as here, a trial court specifies a date certain for ending discovery, the Rules require all parties to respect that date absent extraordinary circumstances not present here. *Hassebrock v. Bernhoft*, 815 F.3d 334, 336 (7th Cir. 2016) (refusing late-proposed expert; emphasizing that "the [trial] court's scheduling order controls" the time by which experts must be proposed) (analyzing Rule 26's witness disclosure provisions); *Marine Indus. Constr. v. U.S.*, 151 Fed. Cl. 349, 368–72 (Fed. Cl. 2020) (same result) (analyzing Rule 16's "good cause" standard for modifying a court-ordered management plan).

**B. Defendants Waived Their Right To Request To Reopen Discovery**

Defendants' request is wholly premised on a false presumption: that their Rule 23(f) appeal stayed all activity in this case pending the Second Circuit's decision on certification. (*See* Ltr. at 2 (emphasizing that Defendants waited until after certification was affirmed to propose expert discovery "as the next phase of the case")). Defendants' reading of Rule 23(f) is incorrect, and they have therefore waived the right to request to reopen for experts (if any such right ever existed).

Rule 23(f) does <u>not</u> stay activity unrelated to Rule 23. *See* Fed. R. Civ. P. 23(f). Where, as here, a defendant files a Rule 23(f) petition in the Court of Appeals for review of a trial court's certification order, that filing warrants a stay of issues controlled by Rule 23—like notice to the class—but not a stay of issues controlled by other Rules, like experts under Rule 26. *Reyes v. Educ. Credit Mgmt.*, No. 15-cv-628, 2017 U.S. Dist. LEXIS 171834, at *9–13 (S.D. Cal. Oct. 17,

2017) (defendant's filing of Rule 23(f) petition stays class notice but not other discovery, such as experts) (listing cases). If Defendants truly believed (as they now say) that this Court's Rule 23 decision from 2023 somehow necessitated expert testimony, then Defendants were required immediately to meet and confer with Plaintiffs about this, and then either proceed with retaining experts or request a stay of proceedings including expert discovery pending the Second Circuit's decision. *See id.*, at *4–9 (reminding parties to dialogue early with opponents about perceived post-certification issues, or risk losing right to argue their positions to the court later). Defendants took no such practical steps here, and so waived the right to request reopening discovery. *See id.*[3]

### C. Defendants Cannot Say Why Experts Are Needed Now

Defendants' Letter asserts a need for experts regarding this Court's "sham litigation" finding, without saying why they now need experts on this topic. (Ltr. at 2–4). As the Court previously noted, Defendants' own documentary production supports Plaintiffs' theory that Defendants fraudulently prosecuted state court collection suits that pretended to possession of proof. (*See* Rule 23 Rep. & Recommend. (ECF No. 423), at 54–55 n.32 (analyzing the record)). Defendants cannot plausibly deny this evidence is inculpatory. Back in June 2018, the Trusts sued TSI and other servicers in Delaware Chancery Court, alleging that requisite proof of debt against individuals like Plaintiffs had vanished, meaning that the Trusts' collection suits were shams. *See* Am. Compl. ¶¶ 70–79, *Nat'l Collegiate Master Student Loan Trust I et al. v. U.S. Bank Nat'l Assoc. et al.*, No. 2018-0167 (Del. Ch. June 15, 2018).

## III. Conclusion

For the reasons stated above, the Court should deny Defendants' request to reopen discovery.

Respectfully,

*Gregory A. Frank*
Gregory A. Frank

---

[3] Beyond having waived that right, Defendants should be estopped from requesting reopening due to their extreme delay. *See Sanguinetti v. Rambosk*, No. 21-cv-529, 2024 U.S. Dist. LEXIS 7377, at *6 (M.D. Fla. Jan. 16, 2024) (estopping party seeking to introduce late-revealed witness).