Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**troutman pepper locke**

Gregory T. Casamento
greg.casamento@troutman.com

September 10, 2025

Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Seaman et al. v. National Collegiate Student Loan Trust 2007-2 et al.*, 18-cv-1781 (PGG)
       *Bifulco et al. v. National Collegiate Student Loan Trust 2004-2 et al.*, 18-cv-7692 (PGG)

Dear Judge Moses:

We represent the Trust Defendants in this action. We write to request that the Court enter an order requiring Plaintiffs to reimburse the Trust Defendants' expert, Roger Saylor, for his time and reasonable expenses incurred in connection with his deposition, in accordance with the Court's January 6, 2025 Order (Dkt. No. 477).

In the Court's January 6, 2025 Order, the Court addressed the parties' disagreement as to whether Plaintiffs were responsible for reimbursing the Trust Defendants for Mr. Saylor's time spent preparing for and attending his deposition, as well as his reasonable travel expenses. The Court explained that, absent any "manifest injustice" that would result, "[t]he time an expert spends being deposed is always compensable" by the noticing party. Dkt. No. 477, p. 2 (quoting *Mendez-Caton v. Caribbean Fam. Health Ctr.*, 340 F.R.D. 60, 66 (E.D.N.Y. 2022)). And, that "district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable …." *Id*. (quoting *Trombetta v. Novocin*, 18 Civ. 993 (RA) (SLC), 2023 WL 2575242, at * 2 (S.D.N.Y. Mar. 20, 2023)). After considering the parties positions, the Court held that, in this case, "no manifest injustice would result from requiring plaintiffs to pay a 'reasonable fee,' as contemplated by Rule 26(b)(4)(E), for Mr. Saylor's time spent preparing for and testifying at his deposition." *Id*., p. 2. The Court also held that the Trust Defendants "may seek reimbursement for [Mr. Saylor's] local travel expenses, for example, from the airport to the deposition location and back." *Id*., p. 4.

Accordingly, on June 19, 2025, the Trust Defendants sent Plaintiffs' counsel a letter requesting reimbursement for Mr. Saylor's preparation and deposition time and his local travel expenses. The Trust Defendants attached Mr. Saylor's invoices and explained that in an effort to avoid any dispute about whether Mr. Saylor's time spent preparing for his deposition was reasonable, the Trust Defendants were only seeking compensation for eight hours of Mr. Saylor's preparation

time; the equivalent of his time spent appearing at his deposition.[1] The Trust Defendants also clarified that they were seeking reimbursement only for Mr. Saylor's transportation to and from the airport and deposition location. The Trust Defendants sought a total of $8,099.95. A copy of the June 19 letter is enclosed as Exhibit A.

Plaintiffs' counsel did not respond to the letter (despite multiple emails following up) until September 5, 2025, after the Trust Defendants explained that, unless payment was made promptly, they would be forced to seek court intervention. Mr. Hawkins finally responded, stating that Plaintiffs' counsel could not discuss this matter until September 16, at which point they would explain "why the motion Defendants contemplate would be invalid."[2] The parties' correspondence is enclosed as Exhibit B.

The Court's January 6, 2025 Order is clear that Plaintiffs are obligated to compensate Mr. Saylor for the time he spent preparing and being deposed by Plaintiffs. And, it is clear that Plaintiffs' counsel is only interested in continuing to delay and/or avoid paying those fees and expenses. Thus, the Trust Defendants respectfully request an Order requiring that Plaintiffs pay Mr. Saylor's fees and expenses—totaling $8,099.95—pursuant to the instructions in the Trust Defendants' June 19 letter within seven (7) days of entry. The Trust Defendants also respectfully request their reasonable attorneys' fees incurred in following up with Plaintiffs' counsel and filing this letter-motion. *See, e.g.*, *Harrison Baking Co. v. Bakery and Confectionery Workers, Local No. 3, AFL-CIO*, 777 F. Supp. 306, 311 (S.D.N.Y. 1991) (awarding attorneys' fees incurred in securing opposing party's compliance with prior order).

We appreciate the Court's consideration and attention to this matter.

Respectfully,

*/s/ Gregory T. Casamento*
Gregory T. Casamento

Enclosures

---

[1] Mr. Saylor's hourly rate is $500.00. Courts have found a rate of $500.00 per hour to be reasonable where an expert, like Mr. Saylor, has significant "expertise, education and training …." *Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021).

[2] Mr. Hawkins explained that he is unavailable until September 16 because is on his honeymoon until that date. We certainly do not intend to impose on Mr. Hawkins' honeymoon. However, he did not explain why Plaintiffs' counsel had not offered to confer—and, in fact, had not responded at all—during the prior three months, or why no one else from his office was available to confer. In light of Mr. Hawkins' unavailability, the Trust Defendants are willing to provide a reasonable time for Plaintiffs to respond to this motion (though, especially given the Court's January 6 Order, the Trust Defendants cannot imagine what possible basis Plaintiffs could have for opposing this request).