UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE SEAMAN, *individually and on behalf of all others similarly situated*, et al.,

        Plaintiffs,

  -against-

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/25
```

18-CV-1781 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Now before the Court is the Trust Defendants' September 10, 2025 letter-motion (Def. Mot.) (Dkt. 509), seeking an order requiring plaintiffs to reimburse their expert witness, Roger "Rusty" Saylor, for his time and reasonable expenses incurred in connection with his February 28, 2025 deposition. Plaintiffs oppose the motion on three grounds: (i) that it is premature, because plaintiffs have moved to preclude Saylor's testimony under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); (ii) that the Trust Defendants' counsel failed to meet and confer with plaintiffs' counsel before filing the motion; and (iii) that Mr. Saylor's bill is inflated. Pl. Opp. (Dkt. 510.) No conference is required. The Trust Defendants' motion will be granted to the extent set forth herein.

    First, the pendency of a *Daubert* motion does not, in my view, override the command of the Federal Rules of Civil Procedure: that a party seeking discovery from an "identified" expert witness "must" pay that witness "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(A), (E)(i). Although the Second Circuit has not expressly addressed this issue, the Ninth Circuit recently explained – persuasively – that the plain text of Rule 26 forecloses the argument that plaintiffs make here:

> [Plaintiffs'] argument that Daugaard's deposition expenses are unrecoverable because her testimony would have been excluded under Federal Rule of Evidence 702 and *Daubert* is at odds with the plain text of Rule 26, which provides that a district court "must require" that a deposing party pay "a reasonable fee for time

> spent in responding to discovery" by "an expert whose opinions *may be presented at trial.*" Fed. R. Civ. P. 26(b)(4)(A), (E) (emphasis added). Thus, [plaintiffs'] objection to the admissibility of Daugaard's opinions does not obviate their obligation to pay Daugaard a reasonable fee under Rule 26.

*Miller v. Sawant*, 114 F.4th 1071, 1075 (9th Cir. 2024); *see also Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 884 (7th Cir. 2020) ("Crabtree also misses the mark in contending that the district court had to rule on his *Daubert* motion to exclude Experian's expert testimony before considering Experian's application for costs under Rule 26(b)(4)(E)."); *Rizzo v. Applied Materials, Inc.*, 2017 WL 4005625, at *20 (N.D.N.Y. Sept. 11, 2017) (granting *Daubert* motion to strike testimony of plaintiff's causation witness Dr. Wang but upholding magistrate judge's order requiring defendants to reimburse Dr. Wang at a reasonable hourly rate for his time spent preparing for and attending his depositions), *aff'd*, 743 F. App'x 484 (2d Cir. 2018).[1]

I note as well that in all of the cases upon which plaintiffs rely, the question was whether the witness was properly characterized as an expert witness, entitled to reimbursement under Rule 26(b)(4)(A) and (E), or a fact witness, entitled only to a per diem under 28 U.S.C. § 1821.[2] That is not the question with respect to Mr. Saylor, who has been disclosed only as an expert witness.

---

[1] In their opposition letter-brief, plaintiffs assert that I made "clear," in my Order dated January 6, 2025 (1/6/25 Order) (Dkt. 477) that expert fees under Rule 26 "cannot be awarded where the opponent has 'moved[d] to preclude [the proposed expert] under *Daubert*." Pl. Opp. at 1 (quoting *Trombetta v. Novocin*, 2023 WL 2575242, at *2 (S.D.N.Y. Mar. 20, 2023)). Plaintiffs are mistaken. The 1/6/25 Order quoted *Trombetta* for an entirely different proposition: that "[t]he district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)[(E)(i)]." 1/6/25 Order at 2 (quoting *Trombetta*, 2023 WL 2575242, at *2) (alterations in original). The Order then set general guidelines for the reimbursement of Mr. Saylor's time and expenses incurred in connection with his then-upcoming deposition, *see id.* at 3 ("[P]laintiffs must pay Mr. Saylor a reasonable fee for his preparation and deposition time."); *id.* at 4 (permitting defendants to seek reimbursement for Saylor's "local travel expenses"), but did not address the question whether a pending *Daubert* motion would require the denial or deferral of a motion seeking reimbursement of otherwise-permissible fees and expenses.

[2] *See Flynn v. Cable News Network, Inc.*, 2023 WL 5051909, at *2 (S.D.N.Y. July 13, 2023) (denying reimbursement motion as premature, without prejudice to renewal "following a determination by the Court whether [the witness] will serve as an expert or a fact witness in this

Second, the Trust Defendants did not violate this Court's "meet-and-confer rule." Pl. Opp. at 1. To the contrary: as the parties' correspondence demonstrates, the Trust Defendants first sent their request for reimbursement of Mr. Saylor's fees and expenses to plaintiffs' counsel June 19, 2025, and followed up, by email, on July 21, 2025, and again on September 2, 2025. Plaintiffs did not reply until September 5, 2025, when Asher Hawkins, one of plaintiffs' attorneys, emailed that he was on his honeymoon and "could not do a call" until September 16, 2025. Def. Mot. Exs. A-B. The Court congratulates attorney Hawkins on his nuptials but notes that plaintiffs are represented by *three* attorneys at Frank LLP, at least one of whom could and should have responded to the Trust Defendants on this issue at some point between June 19 and September 10, 2025. The obligation to meet and confer before filing a discovery motion with the Court is tempered by the corresponding obligation, imposed on the opposing party, to "respond promptly and in good faith." Moses Ind. Prac. § 2(b). In this instance, it is plaintiffs who violated the letter and the spirit of the rule.

As to plaintiffs' third point: the Court agrees that the Trust Defendants' reimbursement request for Mr. Saylor's time is excessive, at least insofar as they request that he be compensated at a rate of $500 per hour.[3] Plaintiffs challenge the requested hourly rate, arguing that since Mr.

---

action.");*Trombetta*, 2023 WL 2575242, at *2 (same); *DeRienzo v. Metro. Transit Auth. & Metro-N. Rail Rd.*, 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (denying reimbursement motion for the time spent by plaintiff's "six physicians" in preparing for and attending their depositions because "[t]he information before the court . . . suggests that they will testify to the facts learned and opinions formed in providing plaintiff medical care[,]" which means that "they are not 'experts' under the auspices of Rule 26 and are therefore limited to the compensation scheme set forth in 18 U.S.C. § 1821.").

[3] The Trust Defendants seek a total of $8,099.05, representing eight hours of Mr. Saylor's time spent preparing for his deposition (at $500 per hour), another eight hours of his time spent in deposition (at $500 per hour), and $99.95 in local travel expenses in New York. *See* Def. Mot. Ex. A. They do *not* seek reimbursement for his deposition preparation time in excess of eight hours, nor for his airfare or hotel expenses. It is thus not clear why plaintiffs take exception to Mr. Saylor's hotel bill at the Marriott in New York. *See* Pl. Opp. at 4 (complaining that Saylor charged the Trust

3

Saylor has "not worked in securitization in nearly twenty years," plaintiffs should pay him "what everyone else in the securitization industry has been paying him lately for structuring securitizations – nothing." Pl. Opp. at 2. However, the Trust Defendants did not retain Mr. Saylor to structure securitizations; they retained him to testify about how securitizations were structured two decades ago, which is when the student loans at issue in this case were securitized. And while it is true that Mr. Saylor lives in North Carolina, where he "no longer pays New York's high living costs," *id*. at 3, I am reluctant to reduce his requested rate for that reason alone, particularly given that I have already disallowed his interstate travel expenses. *See* 1/6/25 Order at 4.

That said, I am also reluctant to require plaintiffs to pay Mr. Saylor $500 per hour simply because that is the rate he charged the Trust Defendants. In the absence of any evidence (from either side) as to the "reasonable rate" for a securitization expert with Mr. Saylor's qualifications, I will set his rate at $375 per hour, which is the blended rate that I approved for Mr. Hawkins and his colleagues at Frank LLP, earlier in this action, when awarding them discovery sanctions. *See* 3/24/23 Order (Dkt. 427) at 14. Plaintiffs' remaining objections to the reimbursement request are at best meritless and, in some instances, disingenuous.[4]

For these reasons, the Trust Defendants' letter-motion is GRANTED to the extent that plaintiffs must, within 30 days from today, reimburse the Trust Defendants' expert witness, Roger Saylor, in the amount of $6,099.95, representing eight hours of deposition preparation at the rate

---

Defendants "nearly triple what a room actually costs," and asserting that the Court "should not condone such bill-padding.").

[4] For example, plaintiffs complain that "Saylor's bill shows he didn't read the documents he claimed to have read," constituting "fraud on the Court." Pl. Opp. at 3. But the "bill" in question (Def. Mot. Ex. A, at ECF p. 4) identifies the documents that Saylor reviewed to prepare for his *deposition*. It does not purport to list all of the documents he reviewed in order to prepare his underlying expert report.

of $375 per hour, eight hours of deposition testimony at the same rate, and $99.95 in local travel expenses. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. 509.

Dated: New York, New York
September 18, 2025                          **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**